United States District Court
Southern District of Texas
FILED

JAN 1 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| | § | COMPLAINT FOR DAMAGES FOR |
| | § | VIOLATIONS OF CIVIL RIGHTS |
| | § | UNDER COLOR OF STATE LAW |
| VS. | § | (42 U.S.C. §§ 1983, 1985, 1988) |
| | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS; | § | |
| BENIGNO REYNA, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY AS | § | |
| CHIEF OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER ANDRE S. TORRES, JR., | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; AND CITY OF | § | |
| BROWNSVILLE POLICE OFFICER | § | |
| ALEX ORTIZ, INDIVIDUALLY AND IN | § | |
| HIS OFFICIAL CAPACITY | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW comes CANDELARIO DE LEON, hereinafter referred to as plaintiff, and files his First Amended Complaint, and brings this action for compensatory and punitive damages against CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CITY OF BROWNSVILLE POLICE OFFICER ANDREW S. TORRES, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; and CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; and for causes of action would respectfully show unto the Court the following:

PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 1

ClibPDF - www.fastio.com

1. This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff also brings claims under state law and invoke the doctrine of pendent jurisdiction.

2. Venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b) and (e). All causes of action asserted herein arose in whole or in part in Brownsville, Texas.

3. Plaintiff, CANDELARIO DE LEON, is a citizen of the United States and a resident of the State of Texas.

4. Defendant, CITY OF BROWNSVILLE, TEXAS (the "CITY") is a municipal corporation situated in Cameron County, Texas, and is a home rule city under the provisions of Article XI, Section 5 of the Constitution of the State of Texas, and operating pursuant to the Constitution and the laws of the State of Texas. The CITY has been served but no answer has been filed.

5. BENIGNO REYNA, CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE, TEXAS, ("CHIEF REYNA") was the Chief of Police for the City of Brownsville at the time of the occurrence complained of. CHIEF BENIGNO REYNA has been served but no answer has been filed.

6. Defendant, CITY OF BROWNSVILLE POLICE OFFICER ANDRE S. TORRES, JR., ("TORRES") is a police officer for the City of Brownsville, Texas. Defendant TORRES has been served but no answer has been filed.

7.      Defendant, CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, ("ORTIZ") is a police officer for the City of Brownsville, Texas. Defendant ORTIZ has been served but no answer has been filed.

8.      Plaintiff, CANDELARIO DE LEON was a victim of Brownsville police procedure, custom and policy that included an authorized series of events that violated the laws of the United States, the laws of the State of Texas and common-law, and caused plaintiff to sustain permanent debilitating injuries and damages.

9.      On or about December 24, 1998, plaintiff, CANDELARIO DE LEON sustained serious spinal cord injuries in an automobile accident. He was transported by EMS to Valley Regional Medical Center, Brownsville, Texas, and met by OFFICERS TORRES and ORTIZ. These officers, acting individually and in their official capacity as police officers for the CITY OF BROWNSVILLE, insisted that CANDELARIO DE LEON had sustained only minor injuries, and was refusing to stand and cooperate because he was intoxicated, despite plaintiff repeatedly advising these officers that he could not stand. Despite his pleas for medical assistance, plaintiff was handcuffed, hands behind his back, forced into a wheelchair and thrown onto the back seat of a police vehicle for transport to the CITY OF BROWNSVILLE jail.

10.     Upon his arrival at the jail, CANDELARIO DE LEON continued to tell officers he could not stand and that he was seriously injured. These officers not only continued to ignore his pleas for medical assistance, but pulled him up by his arms from the wheelchair, threw him on the floor of the jail cell and covered him with a blanket for the night.

11. It was only on December 25, 1998, after checking plaintiff as he continued to plead with the officers for medical assistance that the officers transported CANDELARIO DE LEON back to the Valley Regional Medical Center where his serious spinal cord injuries were diagnosed.

COUNT I: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1983

Paragraphs 1 through 11 are incorporated herein by reference for all purposes.

12. Defendants acting under color of state law deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, specifically those rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

13. By handcuffing plaintiff's hands behind his back, shoving him into a wheelchair, lifting him by his arms from the wheelchair onto the seat of the police vehicle, and then lifting him by his arms back into the wheelchair, lifting him by his arms from that wheelchair once again and then throwing him on the floor of the jail cell, the Officers conduct constituted wanton, reckless, willful and malicious disregard for plaintiff's safety and subjected plaintiff to unreasonable excessive force and great bodily injury. As a direct and proximate result of the unlawful and malicious acts of these defendants, all acts committed under color of their authority as CITY OF BROWNSVILLE POLICE OFFICERS, plaintiff suffers from irreparable spinal cord injuries. The actions of CITY OF BROWNSVILLE POLICE OFFICERS was grossly disproportionate use of force under the circumstances and clearly unreasonable. Defendants' acts violated plaintiff's civil rights, including the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. These very same acts also violated the Fourteenth Amendment of the Constitution of the United States and the civil rights of plaintiff.

PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 4

14. Defendant CITY OF BROWNSVILLE AND BENIGNO REYNA, CITY OF BROWNSVILLE CHIEF OF POLICE failed to provide adequate training and supervision regarding the use of excessive force for the circumstances. This deliberate indifference was a proximate cause of the injuries and damages sustained by plaintiff. The use and methods of arrest and restraint for persons in the custody of CITY OF BROWNSVILLE POLICE OFFICERS is a policy, regulation, and/or decision officially adopted or promulgated by the CITY OF BROWNSVILLE. The failure to provide proper training and supervision regarding use of force with persons requiring medical attention, assistance or aid which are in their custody, amounts to a deliberate indifference and deprivation of the safety and care of the citizens of the CITY OF BROWNSVILLE and plaintiff. All defendants were acting under color of state law.

15. Defendants OFFICERS TORRES and ORTIZ, while acting under the color of state law, violated plaintiff's rights by depriving him of the laws of the Constitution of the United States, including the Fourth, Fifth, Eighth and Fourteenth Amendments, and their rights under the Constitution and the Laws of the State of Texas.

### COUNT II: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1985(3)

Paragraphs 1 through 15 are incorporated herein by reference for all purposes.

16. Defendants, two (2) or more of them conspired for the purpose of:

(a) depriving plaintiff of equal protection of law;

(b) depriving plaintiff of due process of law;

(c) hindering the authorities from giving or securing equal protection and due process of law to all persons, all to plaintiff's damage as alleged herein.

17. Defendant CITY OF BROWNSVILLE and BENIGNO REYNA, POLICE CHIEF FOR CITY OF BROWNSVILLE are directly liable and responsible for the acts of defendants OFFICERS TORRES and ORTIZ because they repeatedly and with deliberate indifference failed to enforce the laws of the State of Texas and the regulation of the CITY OF BROWNSVILLE POLICE DEPARTMENT pertaining to the use of force and deadly force by CITY OF BROWNSVILLE POLICE OFFICERS. The same defendants espouse and condone customs and policies whereby police officers employ excessive and illegal force. Each defendant violated plaintiff's rights by using excessive force paramount to deadly force as condoned by the CITY and BROWNSVILLE POLICE DEPARTMENT, all in contravention of the equal protection laws of the United States.

18. As a proximate result of the conduct of defendants, and each of them as set forth herein, plaintiff suffered mental, physical and emotional pain and suffering, resulting in paralysis, and which he will continue to suffer in the future, and was deprived of his United States Constitutional substantive rights of life, liberty and due process all of which resulted in his damages.

19. The CITY OF BROWNSVILLE, through its policy making officials, was so reckless and wantonly indifferent in its training through its supervision and discipline of police officers that it deliberately demonstrated a reckless disregard toward potential violations of the constitutional rights which were likely to occur from these policies or customs of the CITY. These condoned policies and customs caused the injuries and damages of plaintiff. Plaintiff's injuries and damages incurred as a direct and proximate result of the acts and omissions of CITY OF BROWNSVILLE and all defendants herein.

20.     The conduct of all defendants was willful, wanton, malicious and one with an evil nature and intent and with reckless disregard for the rights and safety of plaintiff as well as the rights of plaintiff, and therefore, warrants the imposition of exemplary and punitive damages.

## COUNT III: RECOVERY OF DAMAGES

Paragraphs 1 through 20 are incorporated by reference for all purposes.

21.     As a result of the acts and negligence of Defendants as described above, plaintiff has suffered severe, debilitating injuries, including quadriplegia. Plaintiff has sustained permanent bodily impairment and disfigurement, loss of earnings and loss of earning capacity, past and in the future. Plaintiff has experienced great physical pain and mental anguish, and will in all reasonable probability, continue to do so in the future by reason of the nature and severity of his injuries.

22.     Plaintiff has incurred reasonable hospital, doctor and medical expenses for treatment related to injuries sustained in this incident and will, in all reasonable probability, continue to sustain these expenses in the future. Plaintiff hereby sues for past and future medical expenses.

23.     The foregoing demonstrates that defendants engaged in an unlawful intentional course of conduct with malice and reckless indifference to the federal and state protected rights of plaintiff. OFFICERS TORRES and ORTIZ acted willfully, intentionally and/or with a reckless and callous indifference to the civil rights of plaintiff. Plaintiff seeks exemplary and punitive damages in an amount to be determined by the trier of fact.

## COUNT IV: ATTORNEYS' FEES

Paragraphs 1 through 23 are incorporated herein for all purposes.

PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 7

24. Pursuant to 42 U.S.C. § 1988, plaintiff requests this court award plaintiff reasonable and necessary attorneys' fees and expenses which plaintiff has incurred and will continue to incur during all trial and appellate court proceedings.

## JURY TRIAL REQUESTED

25. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff requests a trial by jury.

WHEREFORE, plaintiff respectfully prays that defendants be duly cited to appear and answer herein, and that upon final trial of this cause, plaintiff recover a judgment against defendants for:

a. General and specific damages in the amount of $5,000,000, and exemplary damages in the amount of $5,000,000 as set forth herein;

b. Judgment against the defendants for the above-mentioned injuries and damages sustained by the plaintiff as alleged herein in an amount of $5,000,000;

c. Pre-judgment interest and post-judgment interest at the highest rates permitted by law;

d. Reasonable attorneys' fees to the extent recoverable by law;

e. All costs of court expended herein;

f. All other relief, at law or in equity, to which plaintiff may be justly entitled.

PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 8

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place
Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
CAROL P. LOMAX
State Bar No. 12509100
Fed. I.D. # 13464
COUNSEL FOR PLAINTIFF

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 9