10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 6 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CANDELARIO DE LEON § § § | |
| VS. § § | CIVIL ACTION NO. B-00-192 |
| CITY OF BROWNSVILLE, TEXAS; § BENIGNO REYNA, INDIVIDUALLY AND § IN HIS OFFICIAL CAPACITY AS CHIEF § OF POLICE FOR THE CITY OF § BROWNSVILLE; CITY OF BROWNSVILLE § POLICE OFFICER ANDRE S. TORRES, JR. § INDIVIDUALLY AND IN HIS OFFICIAL § CAPACITY; CITY OF BROWNSVILLE § POLICE OFFICER HENRY JUAREZ, § INDIVIDUALLY AND IN HIS OFFICIAL § CAPACITY; AND CITY OF § BROWNSVILLE POLICE OFFICER § ALEX ORTIZ, INDIVIDUALLY AND IN § HIS OFFICIAL CAPACITY § | (JURY REQUESTED) |

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, **CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE; CITY OF BROWNSVILLE POLICE OFFICER ANDRE S. TORRES, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,** Defendants and file this, their answer to Plaintiff's Original Complaint and in response thereto would respectfully show this Honorable Court the following:

# I.
# ANSWER

1. Defendants admit that this court has original jurisdiction as articulated in paragraph 1 of Plaintiff's Original Complaint.

2. Defendants admit that venue is proper in the Souther District of Texas, Brownsville Division as articulated in paragraph 2 of Plaintiff's Original Complaint.

3. Defendants cannot admit or deny factual allegations made in paragraph 3 of Plaintiff's Original Complaint and such is not required under federal rules.

4. Defendants admit that the City of Brownsville is a municipal corporation situated in Cameron County, Texas, is home rule city, and may be served with process by serving Sara M. Reed, City Secretary, as articulated in paragraph 4 of Plaintiff's Original Complaint.

5. Defendants admit facts set forth in paragraph 5 of Plaintiff's Original Petition.

6. Defendants admit facts set forth in paragraph 6 of Plaintiff's Original Petition.

7. Defendants deny facts set forth in paragraph 7 of Plaintiff's Original Petition.

8. Defendants admit facts set forth in paragraph 8 of Plaintiff's Original Petition.

9. Defendants deny Plaintiff Candelario De Leon was a victim of Brownsville police procedure, custom and policy and all other factual allegations in paragraph 9 of Plaintiff's Original Petition.

10. Defendants deny the factual allegations set forth in paragraph 10 of Plaintiff's Original Petition.

11. Defendants deny the factual allegations set forth in paragraph 11 of Plaintiff's Original Petition.

12. Defendants admit the Plaintiff was transported to Valley Regional Medical Center for diagnosis, but deny all other factual allegations in paragraph 12 of Plaintiff's Original Petition.

13. Defendants deny all factual allegations set forth in paragraph 13 of Plaintiff's Original Petition.

14. Defendants deny all factual allegations set forth in paragraph 14 of Plaintiff's Original Petition.

15. Defendants deny all factual allegations set forth in paragraph 15 of Plaintiff's Original Petition.

16. Defendants deny all factual allegations set forth in paragraph 16 of Plaintiff's Original Petition.

17. Defendants deny all factual allegations set forth in paragraph 17 of Plaintiff's Original Petition.

18. Defendants deny all factual allegations set forth in paragraph 18 of Plaintiff's Original Petition.

19. Defendants deny all factual allegations set forth in paragraph 19 of Plaintiff's Original Petition.

20. Defendants deny all factual allegations set forth in paragraph 20 of Plaintiff's Original Petition.

21. Defendants deny all factual allegations set forth in paragraph 21 of Plaintiff's Original Petition.

22. Defendants deny all factual allegations set forth in paragraph 22 of Plaintiff's

Original Petition

23. Defendants deny all factual allegations set forth in paragraph 23 of Plaintiff's Original Petition.

24. Defendants deny all factual allegations set forth in paragraph 24 of Plaintiff's Original Petition.

25. Defendants deny Plaintiff is entitled to attorney fees as articulated in paragraph 25 of Plaintiff's Original Petition as he is not a prevailing party.

26. Defendants are not required to respond to the allegations set forth in paragraph 26 of Plaintiff's Original Petition.

27. Defendants specifically deny that Defendant City of Brownsville may be held liable for any punitive damages as set for in Plaintiff's prayer.

28. Defendants deny Plaintiff is entitled to any damages whatsoever including, compensatory, exemplary, any interest or any court cost as articulated in Plaintiff's prayer. Defendants deny all factual assertions in Plaintiff's prayer.

## II.
## AFFIRMATIVE DEFENSES

1. Defendants would show Plaintiff's alleged injuries and damages were caused in whole or in part, or contributed to, by the negligence or fault or want of care by parties, person(s), or instrumentalities over whom Defendant exercised no control and for whose acts Defendants are not legally responsible.

2. Any loss or damage sustained by Plaintiff at the time and place on the occasion mentioned in Plaintiff's pleading was caused, in whole or in part, or contributed to, by the negligence of Plaintiff and not by any negligence or fault or want of care on

4

the part of Defendants, and Defendants invokes the doctrine of comparative responsibility.

3. Defendant, to the extent that Plaintiffs seek recovery for the alleged negligence of Defendants, or their employees, hereby invokes the defenses of official and/or qualified immunity by and through its employees.

4. Plaintiff is not entitled to punitive damages against Defendant City of Brownsville.

5. Defendants assert sovereign immunity as an affirmative defense to Plaintiff's claims insofar as the Plaintiff has failed to plead a cause of action within the limited waiver of sovereignty immunity provided by the Texas Tort Claims Act.

## III.
## RESERVATIONS

Without waiving the foregoing denials and affirmative defenses but still insisting upon the same or further answer, if any need be necessary, and are separate defenses, Defendant reserves the right to file any and all cross actions, third party actions, counterclaims, motions and discovery as it may deem proper.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, **CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE; CITY OF BROWNSVILLE POLICE OFFICER ANDRE S. TORRES, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY** pray that upon final trial and hearing hereof, Plaintiff takes nothing by his suit, that Defendants recover all costs incurred herein, and that

Defendants have such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Signed on January 25, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Eileen M. Leeds
State Bar No. 00791093
USDC Adm. No. 16799

Ryan Henry
State Bar No. 24007347
USDC Adm. No. 22968

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, has been served on all counsel of record, via certified mail, return receipt requested, on January 25, 2001.

Branton & Hall P. C.
Attn: Carol P. Lomax
737 Travis Park Plaza Building
711 Navarro Street
San Antonio, Texas 78205

_____
Ryan Henry

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this pleading.

_____
Ryan Henry

6