/1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 6 2001

Michael N. Milby
Clerk of Court

| CANDELARIO DE LEON | § | |
| | § | |
| | § | CIVIL ACTION NO. B-00-192 |
| VS. | § | |
| | § | |
| CITY OF BROWNSVILLE, TEXAS; | § | |
| BENIGNO REYNA, INDIVIDUALLY | § | |
| AND IN HIS OFFICIAL CAPACITY AS | § | |
| CHIEF OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE; ANDRE S. TORRES, JR. | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; AND ALEX ORTIZ | § | |
| INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY | § | |

## DEFENDANTS' 12(b)(6) PARTIAL MOTION TO DISMISS

Respectfully submitted,
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Ryan Henry
State Bar No. 24007347
Fed ID. No. 22968

Attorneys for Defendants

# TABLE OF CONTENTS

Table of Contents                                                                    2

Table of Authorities                                                                 3

Statement of the Case                                                                4

Statement of the Issues to be Ruled upon by the Court                                5

Argument                                                                             5

Standard Dismissal Under Rule 12(b)(6)                                               5

Plaintiff has no Fifth Amendment Claims                                              6

Plaintiff has no Eight Amendment Claims                                              6

Plaintiff has not alleged a violation of § 1985                                      7

Plaintiff has not alleged a violation of § 1986                                      8

Conclusion                                                                           9

Certificate of Service                                                              10

Certificate of Conference                                                           10

CutePDF - www.twiss.com

# TABLE OF AUTHORITIES

## CASES

*Bell v. Wolfish*, 441 U.S. 520,  99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)...............................................6

*Clark v. Amoco Prod. Co.*, 794 F.2d 967, (5th Cir. 1986) ..................................................6

*Conley v. Gibson*, 355 U.S. 41, (1957)...............................................................................6

*Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754 (5th Cir.1987)
(citing  *United Brotherhood of Carpenters and Joiners of America,*
*Local 610 v. Scott*, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 3355-57,
77 L.Ed.2d 1049 (1983))...............................................................................................7

*Hamilton v. Chaffin*, 506 F.2d 904 (5th Cir. 1975)..........................................................8

*Jones v City of Jackson*, 203 F.3d 875,(5th Cir. 2000.).......................................................6

*Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, (5th Cir. 1988)............................6

*McLellan v. Mississippi Power & Light Co.*, 545 F.2d 919
(5th Cir. 1977) (en banc).............................................................................................7 & 8

*Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911,
(5th Cir.1952), *cert. denied*, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953)...............................7

*Ortega v. Rowe*, 796 F.2d 765 (5th Cir.1986), *cert. denied*, 481 U.S. 1013,
107 S.Ct. 1887, 95 L.Ed.2d 495 (1987)...........................................................................7

*Scheuer v. Rhodes*, 416 U.S. 232,(1973)...........................................................................6

## STATUTES

42 U.S.C. 1983.......................................................................................................4
42 U.S.C. 1985.....................................................................................4, 5, 7, 8, & 9
42 U.S.C. 1986.........................................................................................4, 5, 8, & 9
42 U.S.C. 1988.......................................................................................................4
U. S. Const. 4th Amd..........................................................................................4, 5, & 9
U. S. Const. 5th Amd.......................................................................................4, 5, 6, & 9
U. S. Const. 8th Amd....................................................................................4, 5, 6, 7, & 9
U. S. Const. 14th Amd....................................................................................4, 5, 7, & 9

## RULES

Rule 12(b)(6) ....................................................................................................4, 5 & 6

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| | § | CIVIL ACTION NO. B-00-192 |
| VS. | § | |
| | § | |
| CITY OF BROWNSVILLE, TEXAS; | § | |
| BENIGNO REYNA, INDIVIDUALLY | § | |
| AND IN HIS OFFICIAL CAPACITY AS | § | |
| CHIEF OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE; ANDRE S. TORRES, JR. | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; AND ALEX ORTIZ | § | |
| INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY | § | |

## DEFENDANTS' 12(b)(6) PARTIAL MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW Defendants, the City of Brownsville and Benigno Reyna, Andre S. Torres, Jr.,

and Alex Ortiz, all in their individually and official capacities, and pursuant to Federal Rule of Civil

Procedure 12(b)(6) file this their Partial Motion to Dismiss and for cause would show as follows:

## I.
## STATEMENT OF THE CASE

On the face of Plaintiff's complaint, Plaintiff Candelario De Leon, brings this claim under 42

U.S.C. § 1983, 1985, 1986, and 1988, alleging Defendants violated his Fourth, Fifth, Eighth, and

Fourteenth Amendment rights guaranteed by the United States Constitution by failing to provide

medical attention to the Plaintiff. Defendants' filed an Original Answer. Defendants now file this

Partial Motion to Dismiss.

4

## II.
## STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

The Plaintiff has brought suit against all Defendants alleging violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights guaranteed by the United States Constitution. Defendants now bring this Partial Motion to Dismiss against all of Plaintiff's claims arising under the Fifth and Eighth Amendments. The Fifth Amendment to the United States Constitution applies only to federal actors. As shown on the face of the Plaintiff's Original Compliant, none of the Defendants are federal actors. Therefore, all Fifth Amendment claims should be dismissed. The Eighth Amendment to the United States Constitution applies only to convicted inmates, not pre-trial detainees. As shown on the face of the Plaintiff's Original Compliant, the Plaintiff was not a convicted inmate and is not entitled to Eighth Amendment protection. As a result, all Eighth Amendment claims should be dismissed.

The Plaintiff has also brought suit under 42 U.S.C. §§1985(3) and 1986. The §1985(3) claim alleges that two or more persons conspired to deprive the Plaintiff of equal protection under the law. The §1986 claim alleges that one or more of the Defendants failed to prevent the conspiracy and subsequent equal protection deprivation. The Plaintiff has not properly plead any cause of action under either section. The Plaintiff failed to allege any facts that a conspiracy existed, let alone one that was motivated by a class-based animus, which is required. Further, the Plaintiff completely failed to allege any facts to support his §1986 claim.

## III.
## ARGUMENTS

A.    **Standard for Dismissal under Rule 12(b)(6).**

Plaintiff has failed to state a claim for which relief can be granted. Accordingly, his claims are ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the Plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th Cir. 1988).

### B.     Plaintiff has no Fifth Amendment Claims.

The Plaintiff has brought suit alleging the Defendants violated his Fifth Amendment rights guaranteed by the United States Constitution. The Fifth Amendment applies only to a violation of constitutional rights by the United States or by a federal actor. *Jones v City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000.) The Plaintiff's complaint correctly alleges the City of Brownsville is a municipal corporation in the State of Texas. It also correctly alleges the individual Defendants are police officers employed by such municipality. On its face, the complaint does not allege any actions by the United States government or a federal actor, only the alleged actions of a Texas municipality and its employees. Accordingly, all of Plaintiff's claims alleging violations of the Fifth Amendment should be dismissed.

### C.  Plaintiff has no Eighth Amendment Claims

The Plaintiff has brought suit against all Defendants alleging violations of his Eighth Amendment rights guaranteed by the United States Constitution. Eighth Amendment protection is given only to convicted inmates. See *Bell v. Wolfish*, 441 U.S. 520, 531, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The Eighth Amendment's prohibition against cruel and unusual punishment is

inapplicable to pre-trial detainees.  See *Ortega v. Rowe*, 796 F.2d 765, 767 (5th Cir.1986), *cert.*

*denied*, 481 U.S. 1013, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987) (explaining that because a detainee's

imprisonment did not result from a conviction the Eighth Amendment is inapplicable). Pretrial

detainees look to the procedural and substantive due process guarantees of the Fourteenth

Amendment to ensure the provisions of basic human needs and not the Eighth Amendment.  As

shown on the face of the Plaintiff's Complaint, he alleges he was arrested, incarcerated, but not

convicted.  As a result, the Eighth Amendment is not applicable to the Plaintiff.  Therefore, all Eighth

Amendment claims against the Defendants should be dismissed.

### D.     Plaintiff has not alleged a violation of §1985

The Plaintiff alleges the Defendants violated 42 U.S.C. § 1985 by conspiring to deprive him

of equal protection under the law.  To state a claim under 42 U.S.C.§ 1985(3), a Plaintiff must allege:

(1) a conspiracy involving two or more persons;  (2) for the purpose of depriving, directly or

indirectly, a person or class of persons of the equal protection of the laws;  and (3) an act in

furtherance of the conspiracy;  (4) which causes injury to a person or property, or a deprivation of any

right or privilege of a citizen of the United States.   *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754,

757 (5th Cir.1987) (citing *United Brotherhood of Carpenters and Joiners of America, Local 610 v.*

*Scott*, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 3355-57, 77 L.Ed.2d 1049 (1983)).  In so doing, the

Plaintiff must show that the conspiracy was motivated by a class-based animus.   *Nelson Radio &*

*Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir.1952), *cert. denied*, 345 U.S. 925, 73 S.Ct.

783, 97 L.Ed. 1356 (1953).  The language requiring intent to deprive of equal protection, or equal

privileges and immunities, means that there must be some racial, or perhaps otherwise class-based,

invidiously discriminatory animus behind the conspirators' action.  *McLellan v. Mississippi Power*

7

*& Light Co.*, 545 F.2d 919, 923, 924-28 (5th Cir. 1977) (en banc).   The key concern of the legislators in enacting this statute was to put force behind the Civil War Amendments by providing an avenue for the redress of injuries suffered by the class of newly emancipated slaves.   *McLellan*, 545 F.2d at 932.   The Plaintiff's complaint does not allege any class-based animus, much less any intent to conspire based on a class-based animus.   As a result, all of Plaintiff's claims regarding 42 U.S.C. §1985(3) should be dismissed.

### E.    Plaintiff has not alleged a violation of §1986

The Plaintiff has not alleged a proper claim under  42 U.S.C. § 1986 as it extends liability in damages to those persons "who, having knowledge that any of the wrongs conspired to be done, and mentioned in  section 1985 ... are about to be committed, and having power to prevent or aid in preventing the commission of the same, (neglect or refuse) so to do ...."     This section on its face requires the existence of a valid claim § 1985.   *Hamilton v. Chaffin*, 506 F.2d 904, 913-14 (5th Cir. 1975).

First, the Plaintiff failed to alleged any facts that support a §1986 claim.   The Plaintiff alleges a §1986 claim is being brought, but does not specify against whom it is brought or any facts to support such a claim.   He does not specify who had knowledge of any conspiracy, or what was not done to prevent it.   Second, since the Plaintiff failed to properly allege a §1985(3) claim, the §1986 claim must fail as a matter of law.   A §1986 claim can only be brought pursuant to a valid §1985 claim.   As a result, all of Plaintiff's claims regarding 42 U.S.C. §1986 should be dismissed against all Defendants.

## IV.
## CONCLUSION

The Plaintiff has brought suit against all Defendants alleging violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights guaranteed by the United States Constitution. As argued above, the Plaintiff has not properly stated any claims under the Fifth or Eighth Amendments to the United States Constitution. The Plaintiff's Fifth and Eighth Amendment claims against all Defendants should be dismiss. Further, the Plaintiff failed to allege facts that support either a claim under 42 U.S.C. §§1985(3) or 1986. As a result, all claims brought under those sections should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants, the City of Brownsville and Benigno Reyna, Andre S. Torres, Jr., and Alex Ortiz, all in their individually and official capacities, pray that upon final trial and hearing hereof, Defendants' Partial Motion to Dismiss be granted, Plaintiff take nothing for his claims under the Fifth and Eighth Amendment, as well as all claims brought under 42 U.S.C. §§1985(3) and 1986, that Defendants recover all costs incurred herein, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on January 26, 2001

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Ryan Henry
State Bar No. 24007347
Fed ID. No. 22968

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, **DEFENDANTS' 12(b)(6) PARTIAL MOTION TO DISMISS** has been served on all counsel of record, via certified mail, return receipt requested, on January 26, 2001.

Ms. Carol P. Lomax
BRANTON & HALL, P.C.
737 Travis Park Plaza Building
711 Navarro Street
San Antonio, Texas 78205

_____
Ryan Henry

## CERTIFICATE OF CONFERENCE

The local rules do not require a certificate of conference for this motion.

_____
Ryan Henry

10