/2-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 6 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CANDELARIO DE LEON § | |
| § | |
| § | CIVIL ACTION NO. B-00-192 |
| VS. § | |
| § | |
| CITY OF BROWNSVILLE, TEXAS; § | |
| BENIGNO REYNA, INDIVIDUALLY § | |
| AND IN HIS OFFICIAL CAPACITY AS § | |
| CHIEF OF POLICE FOR THE CITY OF § | |
| BROWNSVILLE; ANDRE S. TORRES, JR.§ | |
| INDIVIDUALLY AND IN HIS OFFICIAL § | |
| CAPACITY; HENRY JUAREZ, § | |
| INDIVIDUALLY AND IN HIS § | |
| OFFICIAL CAPACITY; AND ALEX § | |
| ORTIZ INDIVIDUALLY AND IN HIS § | |
| OFFICIAL CAPACITY § | |

## DEFENDANTS' MOTION TO COMPEL RULE 7(a) REPLY

Respectfully submitted,
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Ryan Henry
State Bar No. 24007347
Fed ID. No. 22968

Attorneys for Defendants

# **TABLE OF CONTENTS**

| | |
|---|---:|
| Table of Contents | 2 |
| Table of Authorities | 3 |
| Statement of the Nature and State of the Proceeding | 4 |
| Statement of the Issues to be Ruled upon by the Court | 5 |
| Specificity Plea Required to Overcome Qualified Immunity | 5 |
| Conclusion | 6 |
| Certificate of Service | 8 |
| Certificate of Conference | 8 |

# TABLE OF AUTHORITIES

## CASES

*Fee v. Herndon*, 900 F. 2d 804 (5th Cir. 1990)
*cert. denied*, 498 U. S. 908, 111 S. Ct 279(1990)..................................................................6

*Leatherman v.Tarrant County Narcotics Intelligence
& Coordination unit*, 507 U.S. 163, 113 S. Ct. 1160,
122 L.Ed. 517 (1993)..................................................................................................5

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)(en banc)..................................................5 & 6

*Thompson v. Steel*, 709 F. 2d 381 (5th Cir. 1983),
*cert. denied*, 464 U.S. 897 (1983)..................................................................................6

## STATUTES

42 U.S.C. 1983..........................................................................................................4
42 U.S.C. 1985..........................................................................................................4
42 U.S.C. 1986..........................................................................................................4
42 U.S.C. 1988..........................................................................................................4
U. S. Const. 4th Amd..................................................................................................4
U. S. Const. 5th Amd..................................................................................................4
U. S. Const. 8th Amd..................................................................................................4
U. S. Const. 14th Amd................................................................................................4

## RULES

Rule 7(a)..........................................................................................................4, 5 & 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § § § | |
| | § | CIVIL ACTION NO. B-00-192 |
| VS. | § § | |
| CITY OF BROWNSVILLE, TEXAS; | § | |
| BENIGNO REYNA, INDIVIDUALLY | § | |
| AND IN HIS OFFICIAL CAPACITY AS | § | |
| CHIEF OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE; ANDRE S. TORRES, JR. | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; HENRY JUAREZ, | § | |
| INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY; AND ALEX | § | |
| ORTIZ INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY | § | |

**DEFENDANT'S MOTION TO COMPEL RULE 7(a) REPLY**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendants, Benigno Reyna, Andre S. Torres, Jr., and Alex Ortiz, all in their individually capacities and files this their Motion to Compel Rule 7(a) Reply and for cause would show as follows:

**I.**
**STATEMENT OF THE NATURE AND STATE OF THE PROCEEDING**

On the face of Plaintiff's complaint, Plaintiff Candelario De Leon, brings this claim under 42 U.S.C. § 1983, 1985, 1986, and 1988, alleging Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights guaranteed by the United States Constitution by failing to provide medical attention to the Plaintiff. Defendants' filed an Original Answer. The individual Defendants now file this Motion to Compel a Rule 7(a) Reply.

4

# II.
# STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT:

### A.  Specificity Plea Required to Overcome Qualified Immunity

In *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)(en banc) the United States Court of Appeals for the Fifth Circuit considered the continued validity of the heightened pleading requirement previously associated with the qualified immunity defense in this circuit in the aftermath of *Leatherman v. Tarrant County Narcotics Intelligence & Coordination unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L.Ed. 517 (1993). In *Schultea*, Judge Higgenbotham, writing for the court, revived the Federal Rule 7(a) "reply" as a means by which the district court could require a Plaintiff asserting claims against a public official to go beyond mere conclusory allegations and state specific claims which abrogate the qualified immunity defense. As the court stated,

> [w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the Plaintiff to reply to that defense <u>in detail</u>.

*Schultea*, 47 F.3d at 1433 (emphasis added). In fact, the court suggests that the utilization of the Rule 7(a) reply should become normal practice in this federal circuit in future qualified immunity practice. Judge Higgenbotham adds, "[v]indicating the immunity doctrine will ordinarily <u>require</u> such a reply, and a district court's discretion not to do so is <u>narrow</u> indeed when greater detail might assist." *Id.* at 1434 (emphasis added). The Plaintiff here has failed to plead facts which, if true, would overcome the Defendant's right to qualified immunity.

Specifically, with regards to the Chief of Police, Benigno Reyna, the Plaintiff does not allege any individual, personal involvement of Defendant Reyna. He merely states that Defendant Reyna is responsible for the acts of the other officers. The Plaintiff is attempting to hold Defendant Reyna

5

personally liable for the Plaintiff's alleged injuries simply because of his position as Chief of Police. The Fifth Circuit has held that "personal involvement is an essential element in a civil rights cause of action." *Thompson v Steel*, 709 F.2d 381 (5th Cir. 1983), cert. denied, 464 U.S. 897 (1983). A Plaintiff bringing a civil rights cause action must state particular facts specifying the personal involvement of each defendant if the Plaintiff expects her complaint to be sustained. *Fee v. Herndon*, 900 F.2d 804 (5th Cir.1990) cert. denied, 498 U.S. 908, 111 S. Ct 279 (1990). The Plaintiff has not plead with specificity any personal involvement on the part of Defendant Reyna.

Further, with regards to the individual Defendant police officers, Plaintiff fails to allege how each officer was specifically involved. The Plaintiff's allegations do not distinguish between the various different acts of each individual officer. The Plaintiff merely lumps the various Defendants into a group and advances all allegations against all Defendants. This does not meet the specificity requirements of *Schultea*.

Plaintiff's vague and conclusory allegations are not plead with the factual specificity required by *Schultea v Wood*, 47 F.3d 1427 (5th Cir. 1995)(en banc) and do not allege facts that, if proven, would be sufficient to overcome the Defendants' right to qualified immunity. With respect to these claims, the individual Defendants move the court to order Plaintiff to file a Rule 7(a) reply.

## IV.
## CONCLUSION

Each individual Defendant is entitled to Qualified Immunity and moves this Court to compel Plaintiff to replead in conformity with the pleading requirements announced in *Schultea*, or in the alternative, dismiss Plaintiff's claims as to each Defendant, individually.

WHEREFORE, PREMISES CONSIDERED, Defendants prays that this Motion to Compel Rule 7(a) Reply be granted and that Plaintiff be required to reply to said motion. Defendants further

6

pray for such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on January 26, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: /s/ Ryan Henry
Ryan Henry
State Bar No. 24007347
Fed ID. No. 22968

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, has been served on all counsel of record, via certified mail return receipt requested to the following:

Ms. Carol P. Lomax
BRANTON & HALL, P.C.
737 Travis Park Plaza Building
711 Navarro Street
San Antonio, Texas 78205

/s/ Ryan Henry
Ryan Henry

## CERTIFICATE OF CONFERENCE

The undersigned contacted counsel for the Plaintiff regarding this motion. Plaintiff's counsel was unopposed to the filing of this motion.

/s/ Ryan Henry
Ryan Henry

7