18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 07 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DE LEON | § § § § § | COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. §§ 1983, 1985, 1988) |
| VS. | § § § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE; CITY OF BROWNSVILLE POLICE OFFICER ANDRE S. TORRES, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CITY OF BROWNSVILLE POLICE OFFICER HENRY JUAREZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY | § § § § § § § § § § § § § § § | |

**MOTION FOR LEAVE TO
FILE THIRD AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES plaintiff in the above styled and numbered cause of action, and files his Motion for Leave to File Second Amended Complaint, a copy of which is attached hereto as Exhibit "A", and in support thereof would show the Court the following:

1. Plaintiff's First Amended Complaint was filed on January 16, 2001, prior to the expiration of the notice provisions afforded defendant healthcare providers as required by TEX.REV.CIV.STAT.ANN. art 4590i, §4.01 (Vernon Supp. 1995), commonly known as the Texas

PLAINTIFF'S MOTION FOR LEAVE – PAGE 1

Medical Liability and Insurance Improvement Act. Defendants HCA - THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION; COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., INDIVIDUALLY AND D/B/A VALLEY REGIONAL MEDICAL CENTER AND FORMERLY D/B/A COLUMBIA VALLEY REGIONAL MEDICAL CENTER; JOAO DOVALE, M.D.; and STAT PHYSICIANS, P.A. have now been served with notice by certified mail, return receipt requested, as required by said Medical Liability and Insurance Improvement Act. Plaintiff wishes to amend his First Amended Complaint to add these entities and individuals as party defendants. The Second Amended Original Complaint is attached hereto as Exhibit "A".

    2. To date, no other parties are before this Court. Therefore, plaintiff has not conferred with counsel. Subsequent to this filing, Plaintiff has spoken with Ryan Henry, who will represent BROWNSVILLE defendants and Mr. Henry will not oppose this Motion. Further, at the time of filing the Original Motion for Leave to File Second Amended Complaint, and as stated in this Motion and Second Amended Complaint, no appearance had been entered on behalf of any of the defendants. Plaintiff received on February 5, 2001, the BROWNSVILLE defendants Original Answer.

    WHEREFORE, plaintiff prays for leave to file his Second Amended Complaint, as indicated above, and for such other and further relief to which he may show himself entitled.

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place
Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: /s/ Carol P. Lomax
CAROL P. LOMAX
State Bar No. 12509100
Federal I.D. No. 13464

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, has been served on all counsel of record, via certified mail, return receipt requested, on February 5, 2001.

Ryan Henry
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

ATTORNEY FOR BROWNSVILLE DEFENDANTS

_____
CAROL P. LOMAX

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON § § § § § § VS. § § § § CITY OF BROWNSVILLE, TEXAS; § BENIGNO REYNA, INDIVIDUALLY AND § IN HIS OFFICIAL CAPACITY AS § CHIEF OF POLICE FOR THE CITY OF § BROWNSVILLE; CITY OF BROWNSVILLE § POLICE OFFICER ANDRE S. TORRES, JR., § INDIVIDUALLY AND IN HIS OFFICIAL § CAPACITY; AND CITY OF § BROWNSVILLE POLICE OFFICER § ALEX ORTIZ, INDIVIDUALLY AND IN § HIS OFFICIAL CAPACITY § | | COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. §§ 1983, 1985, 1988) CIVIL ACTION NO. CV-B-00-192 |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW comes CANDELARIO DE LEON, hereinafter referred to as plaintiff, and files his Third Amended Complaint, and brings this action for compensatory and punitive damages against CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CITY OF BROWNSVILLE POLICE OFFICER ANDREW S. TORRES, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; HCA-- THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION, COLUMBIA VALLEY

PLAINTIFF'S THIRD AMENDED COMPLAINT – PAGE 1



HEALTHCARE SYSTEM, L.P., INDIVIDUALLY AND D/B/A VALLEY REGIONAL MEDICAL CENTER AND FORMERLY D/B/A COLUMBIA VALLEY REGIONAL MEDICAL CENTER, JOAO DOVALE, M.D., and STAT PHYSICIANS, P.A., for causes of action would respectfully show unto the Court the following:

1. This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff also brings claims under state law and invoke the doctrine of pendent jurisdiction.

2. Plaintiffs have complied with all notice requirements, including the requirements of TEX. REV. CIV. STAT. ANN. art. 4590i, § 4.01 (Vernon Supp. 1995), commonly known as the Texas Medical Liability and Insurance Improvement Act. Defendant, HCA– THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., INDIVIDUALLY AND D/B/A VALLEY REGIONAL MEDICAL CENTER AND FORMERLY D/B/A COLUMBIA VALLEY REGIONAL MEDICAL CENTER; JOAO DOVALE, M.D.; and STAT PHYSICIANS, P.A. were served with notice by certified mail return receipt requested, as required by article 4590i, Section 4.01(a) of the Texas Medical Liability and Insurance Improvement Act.

3. Venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b) and (e). All causes of action asserted herein arose in whole or in part in Brownsville, Texas.

4. Plaintiff, CANDELARIO DE LEON, is a citizen of the United States and a resident of the State of Texas.

PLAINTIFF'S THIRD AMENDED COMPLAINT -- PAGE 2

5. Defendant, CITY OF BROWNSVILLE, TEXAS (the "CITY") is a municipal corporation situated in Cameron County, Texas, and is a home rule city under the provisions of Article XI, Section 5 of the Constitution of the State of Texas, and operating pursuant to the Constitution and the laws of the State of Texas. The CITY has been served and entered an appearance herein.

6. BENIGNO REYNA, CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE, TEXAS, ('CHIEF REYNA") was the Chief of Police for the City of Brownsville at the time of the occurrence complained of. CHIEF BENIGNO REYNA has been served and entered an appearance herein.

7. Defendant, CITY OF BROWNSVILLE POLICE OFFICER ANDRE S. TORRES, JR., ("TORRES") is a police officer for the City of Brownsville, Texas. Defendant TORRES has been served and entered an appearance herein.

8. Defendant, CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, ("ORTIZ") is a police officer for the City of Brownsville, Texas. Defendant ORTIZ has been served and entered an appearance herein.

9. Defendant, HCA–THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION, is a foreign corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee. Defendant HCA–THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION at all times material hereto was doing business in Texas but had not designated or maintained a resident agent for service of process in Texas upon whom service may be had. Therefore, service may be had upon said Defendant pursuant to the

provisions of TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (Vernon 1997), by serving the Secretary of State, its Attorney-in-Fact pursuant to said statute, at the Capitol Building, Austin, Travis County, Texas. Defendant's registered agent for service is Prentice-Hall Corporation System, 2908 Poston Avenue, Nashville, Tennessee 37203.

10. Defendant, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., INDIVIDUALLY AND D/B/A VALLEY REGIONAL MEDICAL CENTER AND FORMERLY COLUMBIA VALLEY REGIONAL MEDICAL CENTER, is a foreign corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee. Defendant HCA--THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION at all times material hereto was doing business in Texas but had not designated or maintained a resident agent for service of process in Texas upon whom service may be had. Therefore, service may be had upon said Defendant pursuant to the provisions of TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (Vernon 1997), by serving the Secretary of State, its Attorney-in-Fact pursuant to said statute, at the Capitol Building, Austin, Travis County, Texas. Defendant's registered agent for service is Prentice-Hall Corporation System, 2908 Poston Avenue, Nashville, Tennessee 37203.

11. Defendant, JOAO DOVALE, M.D. is a resident of McAllen, Hidalgo County, Texas, and may be served with process at 301 West Expressway 83, McAllen, Texas.

12. Defendant, STAT PHYSICIANS, P.A., is a partnership maintaining an office in Austin, Texas, and may be served with process through its registered agent for service, National Registered Agents, Inc., 905 Congress Avenue, Austin, Texas 78701.

13. On or about December 24, 1998, plaintiff, CANDELARIO DE LEON sustained serious spinal cord injuries in an automobile accident. He was transported by EMS to the emergency room of VALLEY REGIONAL MEDICAL CENTER, Brownsville, Texas, and met by Officers TORRES and ORTIZ. These officers, acting individually and in their official capacity as police officers for the CITY OF BROWNSVILLE, insisted that CANDELARIO DE LEON had sustained only minor injuries and was refusing to stand and cooperate because he was intoxicated, despite plaintiff repeatedly advising these officers that he could not stand.

14. While in the emergency room of defendant, COLUMBIA VALLEY REGIONAL MEDICAL CENTER, plaintiff was examined with normal findings documented for the heart, lungs and abdomen. There were no findings recorded for a neurological examination or an examination of his extremeties despite adamant complaints of "numbness from the neck down" by the plaintiff. There were no cervical spine films ordered. He received treatment for a minor forehead laceration and was discharged into the custody of the Officers TORRES and ORTIZ. (See expert's report attached hereto as Exhibit "A.")

15. Despite his pleas for further medical assistance, plaintiff was handcuffed, hands behind his back, forced into a wheelchair and thrown onto the back seat of a police vehicle for transport to the CITY OF BROWNSVILLE jail.

16. Upon his arrival at the jail, CANDELARIO DE LEON continued to tell officers he could not stand and that he was seriously injured. These officers not only ignored his pleas for medical assistance, but pulled him up by his arms from the wheelchair, threw him on the floor of the jail cell and covered him with a blanket for the night.

17.     Plaintiff, CANDELARIO DE LEON was a victim of CITY OF BROWNSVILLE's police procedure, custom and policy that included an unauthorized series of events that violated the laws of the United States, the laws of the State of Texas and common-law, and caused plaintiff to sustain permanent debilitating and disabling injuries and damages.

18.     It was only on December 25, 1998, after checking plaintiff as he continued to plead with the officers for medical assistance that the officers transported CANDELARIO DE LEON to the Brownsville Medical Center emergency room where his serious spinal cord injuries were diagnosed.

COUNT I: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1983

Paragraphs 1 through 18 are incorporated herein by reference for all purposes.

19.     Defendants, CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CITY OF BROWNSVILLE POLICE OFFICER ANDREW S. TORRES, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; and CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, acting under color of state law deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, specifically those rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

20.     By handcuffing plaintiff's hands behind his back, shoving him into a wheelchair, lifting him by his arms from the wheelchair onto the seat of the police vehicle, and then lifting him by his arms back into the wheelchair, lifting him by his arms from that wheelchair once again and then throwing him on the floor of the jail cell, the Officers conduct constituted wanton, reckless, willful

and malicious disregard for plaintiff's safety and subjected plaintiff to unreasonable excessive force and great bodily injury. As a direct and proximate result of the unlawful and malicious acts of these defendants, all acts committed under color of their authority as CITY OF BROWNSVILLE POLICE OFFICERS, plaintiff suffers from irreparable spinal cord injuries. The actions of CITY OF BROWNSVILLE POLICE OFFICERS were a grossly disproportionate use of force under the circumstances and clearly unreasonable. Defendants' acts violated plaintiff's civil rights, including the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. These very same acts also violated the Fourteenth Amendment of the Constitution of the United States and the civil rights of plaintiff.

21. Defendant CITY OF BROWNSVILLE AND BENIGNO REYNA, CITY OF BROWNSVILLE CHIEF OF POLICE failed to provide adequate training and supervision regarding the use of excessive force for the circumstances. This deliberate indifference was a proximate cause of the injuries and damages sustained by plaintiff. The use and methods of arrest and restraint for persons in the custody of CITY OF BROWNSVILLE POLICE OFFICERS is a policy, regulation, and/or decision officially adopted or promulgated by the CITY OF BROWNSVILLE. The failure to provide proper training and supervision regarding use of force with persons requiring medical attention, assistance or aid which are in their custody, amounts to a deliberate indifference and deprivation of the safety and care of the citizens of the CITY OF BROWNSVILLE and plaintiff. All defendants were acting under color of state law.

22. Defendants Officers TORRES and ORTIZ, while acting under the color of state law, violated plaintiff's rights by depriving him of the laws of the Constitution of the United States,

PLAINTIFF'S THIRD AMENDED COMPLAINT – PAGE 7

including the Fourth, Fifth, Eighth and Fourteenth Amendments, and their rights under the Constitution and the Laws of the State of Texas.

## COUNT II: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1985(3)

Paragraphs 1 through 22 are incorporated herein by reference for all purposes.

23. Defendants, two (2) or more of them conspired for the purpose of:

    A. Depriving plaintiff of equal protection of law;

    B. Depriving plaintiff of due process of law;

    C. Hindering the authorities from giving or securing equal protection and due process of law to all persons, all to plaintiff's damage as alleged herein.

24. Defendant CITY OF BROWNSVILLE and BENIGNO REYNA, POLICE CHIEF FOR CITY OF BROWNSVILLE are directly liable and responsible for the acts of defendants OFFICERS TORRES and ORTIZ because they repeatedly and with deliberate indifference failed to enforce the laws of the State of Texas and the regulation of the CITY OF BROWNSVILLE POLICE DEPARTMENT pertaining to the use of force and deadly force by CITY OF BROWNSVILLE POLICE OFFICERS. The same defendants espouse and condone customs and policies whereby police officers employ excessive and illegal force. Each defendant violated plaintiff's rights by using excessive force paramount to deadly force as condoned by the CITY and BROWNSVILLE POLICE DEPARTMENT, all in contravention of the equal protection laws of the United States.

25. As a proximate result of the conduct of defendants, and each of them as set forth herein, plaintiff suffered mental, physical and emotional pain and suffering, resulting in paralysis which he will continue to suffer in the future and was deprived of his United States Constitutional substantive rights of life, liberty and due process, all of which resulted in his damages.

PLAINTIFF'S THIRD AMENDED COMPLAINT – PAGE 8

26. The CITY OF BROWNSVILLE, through its policy making officials, was so reckless and wantonly indifferent in its training through its supervision and discipline of police officers that it deliberately demonstrated a reckless disregard toward potential violations of the constitutional rights which were likely to occur from these policies or customs of the CITY. These condoned policies and customs caused the injuries and damages of plaintiff. Plaintiff's injuries and damages incurred as a direct and proximate result of the acts and omissions of CITY OF BROWNSVILLE and all defendants herein.

27. The foregoing demonstrates that defendants engaged in an unlawful intentional course of conduct with malice and reckless indifference to the federal and state protected rights of plaintiff. OFFICERS TORRES and ORTIZ acted willfully, intentionally and/or with a reckless and callous indifference to the civil rights of plaintiff. Plaintiff seeks exemplary and punitive damages in an amount to be determined by the trier of fact.

## COUNT IV: MEDICAL NEGLIGENCE CLAIMS

Paragraphs 1 through 27 are incorporated by reference for all purposes.

28. At all times material hereto, the defendants, HCA-THE HEALTHCARE COMPANY, formerly d/b/a COLUMBIA/HCA HEALTHCARE CORPORATION, and COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., individually and d/b/a VALLEY REGIONAL MEDICAL CENTER and formerly d/b/a COLUMBIA VALLEY REGIONAL MEDICAL CENTER, held themselves out to the community in general, and to plaintiff as being health care providers having adequate facilities and employing careful, competent staff. The defendant hospital represented that its employees were its agents and thereby caused plaintiff to justifiably rely upon their care and skills. The defendant hospital is subject to liability to plaintiff for the harm caused by the lack of care or skill

PLAINTIFF'S THIRD AMENDED COMPLAINT – PAGE 9

of the employees appearing to be its servants or agents. Plaintiff submitted himself to the care and/or protection of the defendant hospital in response to an invitation from it to enter into such relationship. The defendant hospital created the appearance, if not true in effect, that the employees were agents of the hospital, would provide medical care and that its medical care providers would exercise ordinary care in the treatment of the plaintiff, and were skilled, competent and duly licensed to provide same, thus creating agency by estoppel.

29.  The defendant hospital is vicariously liable for the negligent acts of its employees who were at all pertinent times acting within the course and scope of their employment. The defendant hospital exerted actual control and authority, as well as the right to control the activities of its employees at all pertinent times.

30.  The defendant hospital, by and through its actual and ostensible agents, employees, vice principals, and borrowed servants, failed to use ordinary care in providing treatment for plaintiff, CANDELARIO DE LEON, that a reasonable and prudent hospital of the same or similar level of certification would have employed under the same or similar circumstances, as follows:

    A.    Failure to complete a neurologic examination at the time of initial presentation;

    B.    Failure to follow appropriate policies and procedures with regard to the assessment and treatment of emergency room patients presenting with circumstances and complaints strongly suggestive of the necessity to assess a possible cervical cord injury;

    C.    Failure to provide the appropriate personnel to carry out the policies and procedures of the emergency room; and

    D.    Failure to properly provide adequate care and treatment for Plaintiff.

Each of the foregoing acts or omissions constitutes a proximate cause of the injuries and damages set forth below.

PLAINTIFF'S THIRD AMENDED COMPLAINT – PAGE 10

31. At the time of the incident in question, plaintiff was taken to COLUMBIA VALLEY REGIONAL MEDICAL CENTER emergency room by the City of Brownsville EMS. Plaintiff was seen by defendant, JOAO DOVALE, M.D. Defendant, JOAO DOVALE, M.D. failed to complete any a neurologic examination of plaintiff and provide adequate care and treatment to plaintiff, and simply discharged the plaintiff to the custody of the police, whereupon CANDELARIO DE LEON spent the night in jail. (Please see Exhibit "A".)

32. At the time of the incident in question, defendant, JOAO DOVALE, M.D., was employed by defendant, STAT PHYSICIANS, P.A., as a contract employee for defendant, COLUMBIA VALLEY REGIONAL MEDICAL CENTER.

33. Plaintiff alleges that defendant, JOAO DOVALE, M.D., was in the course and scope of his employment with defendant, STAT PHYSICIANS, P.A., on the occasion in question, and that STAT PHYSICIANS, P.A., is therefore liable for the negligent acts and/or omissions of defendant, JOAO DOVALE, M.D., under the doctrine of *respondeat superior*.

34. At all times material hereto, defendant, JOAO DOVALE, M.D., held himself out to the community in general and to plaintiff as being a medical doctor possessing the ordinary skills of a physician, and owed plaintiff a duty to exercise ordinary care in the diagnosis and treatment of plaintiff's condition.

35. Defendant, JOAO DOVALE, M.D. was negligent in the course of his care and treatment of plaintiff and deviated from the standard of care on the occasion in question, as follows:

    A. Failure to conduct a neurologic examination or at the time of initial presentation;

    B. Failure to conduct an examination of plaintiff's extremities;

    C.    Failure to follow appropriate policies and procedures with regard to the assessment and treatment of emergency room patients presenting with circumstances and complaints strongly suggestive of the necessity to assess a possible cervical cord injury; and

    D.    Failure to provide adequate care and treatment for plaintiff

Each of the foregoing acts or omissions constitutes a proximate cause of the injuries and damages set forth below.

### COUNT III: RECOVERY OF DAMAGES

Paragraphs 1 through 35 are incorporated by reference for all purposes.

36. As a result of the acts and negligence of defendants as described above, plaintiff has suffered severe, debilitating injuries, including quadriplegia. Plaintiff has sustained permanent bodily impairment and disfigurement, loss of earnings and loss of earning capacity, past and in the future. Plaintiff has experienced great physical pain and mental anguish, and will in all reasonable probability, continue to do so in the future by reason of the nature and severity of his injuries.

37. Plaintiff has incurred reasonable hospital, doctor and medical expenses for treatment related to injuries sustained in this incident and will, in all reasonable probability, continue to sustain these expenses in the future. Plaintiff hereby sues for past and future medical expenses.

38. The acts and omissions on the part of the defendant, HCA-THE HEALTHCARE COMPANY, formerly d/b/a COLUMBIA/HCA HEALTHCARE CORPORATION; COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., individually and d/b/a VALLEY REGIONAL MEDICAL CENTER and formerly d/b/a COLUMBIA VALLEY REGIONAL MEDICAL CENTER; JOAO DOVALE, M.D.; and STAT PHYSICIANS, P.A., as set forth above, were more than momentary thoughtlessness, inadvertence, or error of judgment. They constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights,

welfare, or safety of the persons affected by them in the future. Such gross negligence resulted in the injuries of plaintiff set out herein, and it is on the basis of such gross negligence that plaintiff hereby seeks an award of exemplary damages in excess of the minimum jurisdiction limits of the court.

39.     Attached hereto as Exhibit "A" is the expert report of Jeremy D. Slater, M.D., pursuant to TEX. REV. CIV. STAT. art. 4590i, § 13.01(a)(3) (Vernon Supp. 1997).

## COUNT IV: ATTORNEYS' FEES

Paragraphs 1 through 39 are incorporated herein for all purposes.

40.     Pursuant to 42 U.S.C. § 1988, plaintiff requests this court award plaintiff reasonable and necessary attorneys' fees and expenses which plaintiff has incurred and will continue to incur during all trial and appellate court proceedings.

## JURY TRIAL REQUESTED

41.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff requests a trial by jury.

WHEREFORE, plaintiff respectfully prays that defendants be duly cited to appear and answer herein, and that upon final trial of this cause, plaintiff recovers:

- a.   Judgment against defendants for general and specific damages in the amount of $10,000,000.00;
- b.   Exemplary damages in the amount of $5,000,000.00 as set forth herein;
- c.   Pre-judgment interest;
- d.   Post-judgment interest at the highest rates permitted by law;
- e.   Reasonable attorneys' fees to the extent recoverable by law;
- f.   All costs of court expended herein; and
- g.   All other relief, at law or in equity, to which plaintiff may be justly entitled.

PLAINTIFF'S THIRD AMENDED COMPLAINT – PAGE 13

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
CAROL P. LOMAX
State Bar No. 12509100
Federal I.D. No. 13464

COUNSEL FOR PLAINTIFF


PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

G:\WPFILES\FILES.CLT\D\DEL9827\DEL9827.OA2

PLAINTIFF'S 3rd AMENDED COMPLAINT – PAGE 14

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing, has been served on all counsel of record, via certified mail, return receipt requested, on February 5, 2001.

Ryan Henry
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

ATTORNEY FOR BROWNSVILLE DEFENDANTS

_____
CAROL P. LOMAX