19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| CITY OF BROWNSVILLE, TEXAS; | § | COMPLAINT FOR DAMAGES FOR |
| BENIGNO REYNA, INDIVIDUALLY AND | § | VIOLATIONS OF CIVIL RIGHTS |
| IN HIS OFFICIAL CAPACITY AS | § | UNDER COLOR OF STATE LAW |
| CHIEF OF POLICE FOR THE CITY OF | § | (42 U.S.C §§ 1983, 1985, 1986 and 1988) |
| BROWNSVILLE; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER ANDRE S. TORRES, | § | CIVIL ACTION NO.CV- B-00-192 |
| JR., INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER HENRY JUAREZ, | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; AND CITY OF | § | |
| BROWNSVILLE POLICE OFFICER | § | |
| ALEX ORTIZ, INDIVIDUALLY AND IN | § | |
| HIS OFFICIAL CAPACITY | § | |

## MOTION TO RECONSIDER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

      COMES NOW the Plaintiff in the above-styled and numbered cause and files this his Motion

to Reconsider and would show unto the Court as follows:

      1.      This case concerns both a civil rights violation and a medical negligence claim.

Because of the statuatory requirements under the Texas Medical Practices Act, Plaintiff had a brief

window of opportunity to file his medical negligence claims. The statute of limitations in this case

ran on December 24, 2000. Plaintiff met those requirements as to Defendants other than health care

providers in his Original Complaint which was filed against the City of Brownsville and various officers employed by the City of Brownsville. The medical negligence claims against HCA– The Healthcare Company, formerly d/b/a Columbia/HCA Healthcare Corporation, Columbia Valley Healthcare System, L.P., Individually and d/b/a Valley Regional Medical Center and formerly d/b/a Columbia Valley Regional Medical Center, Joao Dovale, M.D., and Stat Physicians, P.A. were abated for 60 days because of Texas statutory requirements.

2.     Plaintiff received the Answer filed by the City of Brownsville on February 5, 2001. A copy of that Answer is attached hereto as Exhibit "A". During the week prior to receipt of that document counsel for the Plaintiff had spoken to Ryan Henry, who had called to advise that he would be filing an Answer along with two other documents and to say that he would be representing the City of Brownsville. During that conversation Plaintiff's counsel advised Mr. Henry that she would be filing medical negligence claims against the various health care providers involved in the care of CANDELARIO DeLEON. Mr. Henry did not oppose this filing and still does not.

3.     Plaintiff filed his Motion for Leave to File First Amended Original Complaint to dismiss Henry Juarez from the lawsuit as Mr. Juarez should not have been included as a party (a copy is attached as Exhibit "B".) That Motion was granted by this Court. That Motion was filed on January 16, 2001. In it plaintiff referenced the fact that no other parties were before the Court. (Please see Paragraph 3 of Plaintiff's Motion).

4.     Plaintiff mailed on January 29, 2001, his Motion for Leave to File his Second Amended Original Complaint to add in the health care providers. A copy of that motion and the transmittal letter are attached as Exhibits "C" & "D". The Motion was filed with this Court on February 1, 2001. At the time the Motion for Leave to File Second Amended Original Complaint was

filed there had been no answer filed.  Plaintiff made the same representations in his Motion to File

Second Amended Complaint as he did in his Motion to File First Amended Original Complaint.

5.    Plaintiff learned on Monday, February 5, 2001, that the Court would be denying his

Motion to File Second Amended Complaint in that there was no certificate of conference.  When the

Motion for Leave to File the Second Amended Original Complaint was filed no one had entered an

appearance.  Plaintiff made reference to this in the Motion for Leave to File the Second Amended

Original Complaint as he had in his earlier Motion to File First Amended Original Complaint.  When

Plaintiff learned on February 5, 2001, of the Court's decision,  he immediately filed a Motion for

Leave to File  Third Amended Original Complaint which included both a certificate of service to Mr.

Ryan Henry in that Mr. Henry's Answer had been received on that same day and a reference to a

conference with  Mr. Henry indicating that he would not oppose this motion.

6.    Plaintiff would apologize to the Court for the confusion in the Motion for Leave to

File the Second Amended Original Complaint.  As the Court had granted our first Motion for Leave

to File the First Amended Original Complaint with the same language, we had no reason to believe

that, as the circumstances were the same when our Motion for Leave to File the Second Amended

Original Complaint, that it to would not be granted and that it was correct as to form.

7.    Plaintiff appears to be a victim of the narrow window of opportunity to file the claims

against the healthcare providers.  Plaintiff has subsequently learned that the Court has specific

requirements as to the placement and language of the certificate of conference and has complied with

this in the Motion to Reconsider.  Plaintiff has also requested copies of this Court's local rules.  We

apologize to the Court and believe that our mistake was ministerial and should not compromise the

ability of the Plaintiff to file suit against these healthcare providers.

8.       We would ask the Court to reconsider its decision with respect to the Motion to File Second Amended Original Complaint and accept our apology and our explanation as to why the language was included in the manner in which it is referenced.  A time line will show that we have made every effort to comply and believe we have done so.  We would be pleased to provide the Court with any further information it might require.

9.       In the alternative, we would ask the Court to grant our Motion to File Third Amended Original Complaint.

WHEREFORE, Plaintiff respectfully requests that the Court grant his Motion to Reconsider the Motion to File Second Amended Original Complaint and order filed the Second Amended Original Complaint, or in the alternative, grant Plaintiff's Motion to File Third Amended Original Complaint and order the Third Amended Original Complaint filed..

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff, Carol P. Lomax, has conferred with Ryan Henry, Counsel for the City of Brownsville Defendants and this Motion to Reconsider is unopposed.

CAROL P. LOMAX

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
        CAROL P. LOMAX
        State Bar No. 12509100
        Federal I.D. No. 13464

COUNSEL FOR PLAINTIFF

G:\WPFILES\FILES.CLT\D\DEL9827\RECONSDR.MOT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this _7th_ day of _February_, 2001, to:

Ryan Henry
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, CITY OF
BROWNSVILLE POLICE OFFICERS

_____
CAROL P. LOMAX

MOTION TO RECONSIDER - PAGE 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-192 |
| | § | |
| CITY OF BROWNSVILLE, TEXAS; | § | (JURY REQUESTED) |
| BENIGNO REYNA, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY AS CHIEF | § | |
| OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER ANDRE S. TORRES, JR. | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER HENRY JUAREZ, | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; AND CITY OF | § | |
| BROWNSVILLE POLICE OFFICER | § | |
| ALEX ORTIZ, INDIVIDUALLY AND IN | § | |
| HIS OFFICIAL CAPACITY | § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, **CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE; CITY OF BROWNSVILLE POLICE OFFICER ANDRE S. TORRES, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY**, Defendants and file this, their answer to Plaintiff's Original Complaint and in response thereto would respectfully show this Honorable Court the following:



PLAINTIFF'S
EXHIBIT
A



FEB - 5 2001

# I.
## ANSWER

1.      Defendants admit that this court has original jurisdiction as articulated in paragraph 1 of Plaintiff's Original Complaint.

2.      Defendants admit that venue is proper in the Souther District of Texas, Brownsville Division as articulated in paragraph 2 of Plaintiff's Original Complaint.

3.      Defendants cannot admit or deny factual allegations made in paragraph 3 of Plaintiff's Original Complaint and such is not required under federal rules.

4.      Defendants admit that the City of Brownsville is a municipal corporation situated in Cameron County, Texas, is home rule city, and may be served with process by serving Sara M. Reed, City Secretary, as articulated in paragraph 4 of Plaintiff's Original Complaint.

5.      Defendants admit facts set forth in paragraph 5 of Plaintiff's Original Petition.

6.      Defendants admit facts set forth in paragraph 6 of Plaintiff's Original Petition.

7.      Defendants deny facts set forth in paragraph 7 of Plaintiff's Original Petition.

8.      Defendants admit facts set forth in paragraph 8 of Plaintiff's Original Petition.

9.      Defendants deny Plaintiff Candelario De Leon was a victim of Brownsville police procedure, custom and policy and all other factual allegations in paragraph 9 of Plaintiff's Original Petition.

10.     Defendants deny the factual allegations set forth in paragraph 10 of Plaintiff's Original Petition.

11.     Defendants deny the factual allegations set forth in paragraph 11 of Plaintiff's Original Petition.

12.     Defendants admit the Plaintiff was transported to Valley Regional Medical Center for diagnosis, but deny all other factual allegations in paragraph 12 of Plaintiff's Original Petition.

13.     Defendants deny all factual allegations set forth in paragraph 13 of Plaintiff's Original Petition.

14.     Defendants deny all factual allegations set forth in paragraph 14 of Plaintiff's Original Petition.

15.     Defendants deny all factual allegations set forth in paragraph 15 of Plaintiff's Original Petition.

16.     Defendants deny all factual allegations set forth in paragraph 16 of Plaintiff's Original Petition.

17.     Defendants deny all factual allegations set forth in paragraph 17 of Plaintiff's Original Petition.

18.     Defendants deny all factual allegations set forth in paragraph 18 of Plaintiff's Original Petition.

19.     Defendants deny all factual allegations set forth in paragraph 19 of Plaintiff's Original Petition.

20.     Defendants deny all factual allegations set forth in paragraph 20 of Plaintiff's Original Petition.

21.     Defendants deny all factual allegations set forth in paragraph 21 of Plaintiff's Original Petition.

22.     Defendants deny all factual allegations set forth in paragraph 22 of Plaintiff's

Original Petition

23.     Defendants deny all factual allegations set forth in paragraph 23 of Plaintiff's Original Petition.

24.     Defendants deny all factual allegations set forth in paragraph 24 of Plaintiff's Original Petition.

25.     Defendants deny Plaintiff is entitled to attorney fees as articulated in paragraph 25 of Plaintiff's Original Petition as he is not a prevailing party.

26.     Defendants are not required to respond to the allegations set forth in paragraph 26 of Plaintiff's Original Petition.

27.     Defendants specifically deny that Defendant City of Brownsville may be held liable for any punitive damages as set for in Plaintiff's prayer.

28.     Defendants deny Plaintiff is entitled to any damages whatsoever including, compensatory, exemplary, any interest or any court cost as articulated in Plaintiff's prayer.  Defendants deny all factual assertions in Plaintiff's prayer.

## II.
## AFFIRMATIVE DEFENSES

1.     Defendants would show Plaintiff's alleged injuries and damages were caused in whole or in part, or contributed to, by the negligence or fault or want of care by parties, person(s), or instrumentalities over whom Defendant exercised no control and for whose acts Defendants are not legally responsible.

2.     Any loss or damage sustained by Plaintiff at the time and place on the occasion mentioned in Plaintiff's pleading was caused, in whole or in part, or contributed to, by the negligence of Plaintiff and not by any negligence or fault or want of care on

4

the part of Defendants, and Defendants invokes the doctrine of comparative responsibility.

3.      Defendant, to the extent that Plaintiffs seek recovery for the alleged negligence of Defendants, or their employees, hereby invokes the defenses of official and/or qualified immunity by and through its employees.

4.      Plaintiff is not entitled to punitive damages against Defendant City of Brownsville.

5.      Defendants assert sovereign immunity as an affirmative defense to Plaintiff's claims insofar as the Plaintiff has failed to plead a cause of action within the limited waiver of sovereignty immunity provided by the Texas Tort Claims Act.

## III.
## RESERVATIONS

Without waiving the foregoing denials and affirmative defenses but still insisting upon the same or further answer, if any need be necessary, and are separate defenses, Defendant reserves the right to file any and all cross actions, third party actions, counterclaims, motions and discovery as it may deem proper.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, **CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE; CITY OF BROWNSVILLE POLICE OFFICER ANDRE S. TORRES, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY** pray that upon final trial and hearing hereof, Plaintiff takes nothing by his suit, that Defendants recover all costs incurred herein, and that

Defendants have such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Signed on January 25, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas  78521
Telephone:  (956) 541-1846
Facsimile:  (956) 541-1893

By:_____
Eileen M. Leeds
State Bar No. 00791093
USDC Adm. No. 16799

Ryan Henry
State Bar No. 24007347
USDC Adm. No. 22968

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing,  has been served on all counsel of record, via certified mail, return receipt requested, on January 25, 2001.

Branton & Hall P. C.
Attn: Carol P. Lomax
737 Travis Park Plaza Building
711 Navarro Street
San Antonio, Texas 78205

_____
Ryan Henry

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this pleading.

_____
Ryan Henry

6

(Y) [?] UR Ab—178

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO De LEON | § | |
| | § | COMPLAINT FOR DAMAGES FOR |
| | § | VIOLATIONS OF CIVIL RIGHTS |
| | § | UNDER COLOR OF STATE LAW |
| VS. | § | (42 U.S.C. §§ 1983, 1985, 1988) |
| | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS; | § | |
| BENIGNO REYNA, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY AS | § | |
| CHIEF OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER ANDRE S. TORRES, JR., | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER HENRY JUAREZ, | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; AND CITY OF | § | |
| BROWNSVILLE POLICE OFFICER | § | |
| ALEX ORTIZ, INDIVIDUALLY AND IN | § | |
| HIS OFFICIAL CAPACITY | § | |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES plaintiff in the above styled and numbered cause of action, and files his Motion for Leave to File First Amended Complaint, a copy of which is attached hereto, and in support thereof would show the Court the following:

1.    Plaintiff's Original Complaint was filed on December 21, 2000, erroneously including HENRY JUAREZ as a defendant.   Plaintiff wishes to amend his Original Complaint to correctly reflect the appropriate parties and dismiss all causes of action as to defendant HENRY JUAREZ only.

PLAINTIFF'S MOTION FOR LEAVE – PAGE 1



PLAINTIFF'S
EXHIBIT
B

2.     Plaintiff is also seeking leave to amend the style of this cause of action to correctly reflect the parties against whom claims are being made.

3.     To date, no other parties are before this Court.  Therefore, plaintiff has not conferred with any other defendants or their counsel.

WHEREFORE, plaintiff prays for leave to file his First Amended Complaint, as indicated above, and for such other and further relief to which he may show himself entitled.

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place
Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
CAROL P. LOMAX
State Bar No. 12509100

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| | § | COMPLAINT FOR DAMAGES FOR |
| | § | VIOLATIONS OF CIVIL RIGHTS |
| | § | UNDER COLOR OF STATE LAW |
| VS. | § | (42 U.S.C. §§ 1983, 1985, 1988) |
| | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS; | § | |
| BENIGNO REYNA, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY AS | § | |
| CHIEF OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER ANDRE S. TORRES, JR., | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; AND CITY OF | § | |
| BROWNSVILLE POLICE OFFICER | § | |
| ALEX ORTIZ, INDIVIDUALLY AND IN | § | |
| HIS OFFICIAL CAPACITY | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW comes CANDELARIO DE LEON, hereinafter referred to as plaintiff, and files his First Amended Complaint, and brings this action for compensatory and punitive damages against CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CITY OF BROWNSVILLE POLICE OFFICER ANDREW S. TORRES, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; and CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; and for causes of action would respectfully show unto the Court the following:

PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 1

1.      This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff also brings claims under state law and invoke the doctrine of pendent jurisdiction.

2.      Venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b)and (e). All causes of action asserted herein arose in whole or in part in Brownsville, Texas.

3.      Plaintiff, CANDELARIO DE LEON, is a citizen of the United States and a resident of the State of Texas.

4.      Defendant, CITY OF BROWNSVILLE, TEXAS (the "CITY") is a municipal corporation situated in Cameron County, Texas, and is a home rule city under the provisions of Article XI, Section 5 of the Constitution of the State of Texas, and operating pursuant to the Constitution and the laws of the State of Texas. The CITY has been served but no answer has been filed.

5.      BENIGNO REYNA, CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE, TEXAS, ('CHIEF REYNA") was the Chief of Police for the City of Brownsville at the time of the occurrence complained of.   CHIEF BENIGNO REYNA has been served but no answer has been filed.

6.      Defendant, CITY OF BROWNSVILLE POLICE OFFICER ANDRE S. TORRES, JR., ("TORRES") is a police officer for the City of Brownsville, Texas. Defendant TORRES has been served but no answer has been filed.

PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 2

7.  Defendant, CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, ("ORTIZ") is a police officer for the City of Brownsville, Texas. Defendant ORTIZ has been served but no answer has been filed.

8.  Plaintiff, CANDELARIO DE LEON was a victim of Brownsville police procedure, custom and policy that included an authorized series of events that violated the laws of the United States, the laws of the State of Texas and common-law, and caused plaintiff to sustain permanent debilitating injuries and damages.

9.  On or about December 24, 1998, plaintiff, CANDELARIO DE LEON sustained serious spinal cord injuries in an automobile accident. He was transported by EMS to Valley Regional Medical Center, Brownsville, Texas, and met by OFFICERS TORRES and ORTIZ. These officers, acting individually and in their official capacity as police officers for the CITY OF BROWNSVILLE, insisted that CANDELARIO DE LEON had sustained only minor injuries, and was refusing to stand and cooperate because he was intoxicated, despite plaintiff repeatedly advising these officers that he could not stand. Despite his pleas for medical assistance, plaintiff was handcuffed, hands behind his back, forced into a wheelchair and thrown onto the back seat of a police vehicle for transport to the CITY OF BROWNSVILLE jail.

10.  Upon his arrival at the jail, CANDELARIO DE LEON continued to tell officers he could not stand and that he was seriously injured. These officers not only continued to ignore his pleas for medical assistance, but pulled him up by his arms from the wheelchair, threw him on the floor of the jail cell and covered him with a blanket for the night.

11.     It was only on December 25, 1998, after checking plaintiff as he continued to plead with the officers for medical assistance that the officers transported CANDELARIO DE LEON back to the Valley Regional Medical Center where his serious spinal cord injuries were diagnosed.

## COUNT I: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1983

Paragraphs 1 through 11 are incorporated herein by reference for all purposes.

12.     Defendants acting under color of state law deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, specifically those rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

13.     By handcuffing plaintiff's hands behind his back, shoving him into a wheelchair, lifting him by his arms from the wheelchair onto the seat of the police vehicle, and then lifting him by his arms back into the wheelchair, lifting him by his arms from that wheelchair once again and then throwing him on the floor of the jail cell, the Officers conduct constituted wanton, reckless, willful and malicious disregard for plaintiff's safety and subjected plaintiff to unreasonable excessive force and great bodily injury.  As a direct and proximate result of the unlawful and malicious acts of these defendants, all acts committed under color of their authority as CITY OF BROWNSVILLE POLICE OFFICERS, plaintiff suffers from irreparable spinal cord injuries.   The actions of CITY OF BROWNSVILLE POLICE OFFICERS was grossly disproportionate use of force under the circumstances and clearly unreasonable.  Defendants' acts violated plaintiff's civil rights, including the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.  These very same acts also violated the Fourteenth Amendment of the Constitution of the United States and the civil rights of plaintiff.

14.     Defendant CITY OF BROWNSVILLE AND BENIGNO REYNA, CITY OF BROWNSVILLE CHIEF OF POLICE failed to provide adequate training and supervision regarding the use of excessive force for the circumstances.  This deliberate indifference was a proximate cause of the injuries and damages sustained by plaintiff.  The use and methods of arrest and restraint for persons in the custody of CITY OF BROWNSVILLE POLICE OFFICERS is a policy, regulation, and/or decision officially adopted or promulgated by the CITY OF BROWNSVILLE.  The failure to provide proper training and supervision regarding use of force with persons requiring medical attention, assistance or aid which are in their custody, amounts to a deliberate indifference and deprivation of the safety and care of the citizens of the CITY OF BROWNSVILLE and plaintiff.  All defendants were acting under color of state law.

15.     Defendants OFFICERS TORRES and ORTIZ, while acting under the color of state law, violated plaintiff's rights by depriving him of the laws of the Constitution of the United States, including the Fourth, Fifth, Eighth and Fourteenth Amendments, and their rights under the Constitution and the Laws of the State of Texas.

### COUNT II: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1985(3)

Paragraphs 1 through 15 are incorporated herein by reference for all purposes.

16.     Defendants, two (2) or more of them conspired for the purpose of:

(a)     depriving plaintiff of equal protection of law;

(b)     depriving plaintiff of due process of law;

(c)     hindering the authorities from giving or securing equal protection and due process of law to all persons, all to plaintiff's damage as alleged herein.

17.     Defendant CITY OF BROWNSVILLE and BENIGNO REYNA, POLICE CHIEF FOR CITY OF BROWNSVILLE are directly liable and responsible for the acts of defendants OFFICERS TORRES and ORTIZ because they repeatedly and with deliberate indifference failed to enforce the laws of the State of Texas and the regulation of the CITY OF BROWNSVILLE POLICE DEPARTMENT pertaining to the use of force and deadly force by CITY OF BROWNSVILLE POLICE OFFICERS.  The same defendants espouse and condone customs and policies whereby police officers employ excessive and illegal force.  Each defendant violated plaintiff's rights by using excessive force paramount to deadly force as condoned by the CITY and BROWNSVILLE POLICE DEPARTMENT, all in contravention of the equal protection laws of the United States.

18.     As a proximate result of the conduct of defendants, and each of them as set forth herein, plaintiff suffered mental, physical and emotional pain and suffering, resulting in paralysis, and which he will continue to suffer in the future, and was deprived of his United States Constitutional substantive rights of life, liberty and due process all of which resulted in his damages.

19.     The CITY OF BROWNSVILLE, through its policy making officials, was so reckless and wantonly indifferent in its training through its supervision and discipline of police officers that it deliberately demonstrated a reckless disregard toward potential violations of the constitutional rights which were likely to occur from these policies or customs of the CITY.  These condoned policies and customs caused the injuries and damages of plaintiff.  Plaintiff's injuries and damages incurred as a direct and proximate result of the acts and omissions of CITY OF BROWNSVILLE and all defendants herein.

20.     The conduct of all defendants was willful, wanton, malicious and one with an evil nature and intent and with reckless disregard for the rights and safety of plaintiff as well as the rights of plaintiff, and therefore, warrants the imposition of exemplary and punitive damages.

## COUNT III: RECOVERY OF DAMAGES

Paragraphs 1 through 20 are incorporated by reference for all purposes.

21.     As a result of the acts and negligence of Defendants as described above, plaintiff has suffered severe, debilitating injuries, including quadriplegia. Plaintiff has sustained permanent bodily impairment and disfigurement, loss of earnings and loss of earning capacity, past and in the future. Plaintiff has experienced great physical pain and mental anguish, and will in all reasonable probability, continue to do so in the future by reason of the nature and severity of his injuries.

22.     Plaintiff has incurred reasonable hospital, doctor and medical expenses for treatment related to injuries sustained in this incident and will, in all reasonable probability, continue to sustain these expenses in the future. Plaintiff hereby sues for past and future medical expenses.

23.     The foregoing demonstrates that defendants engaged in an unlawful intentional course of conduct with malice and reckless indifference to the federal and state protected rights of plaintiff. OFFICERS TORRES and ORTIZ acted willfully, intentionally and/or with a reckless and callous indifference to the civil rights of plaintiff. Plaintiff seeks exemplary and punitive damages in an amount to be determined by the trier of fact.

## COUNT IV: ATTORNEYS' FEES

Paragraphs 1 through 23 are incorporated herein for all purposes.

PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 7

24.     Pursuant to 42 U.S.C. § 1988, plaintiff requests this court award plaintiff reasonable and necessary attorneys' fees and expenses which plaintiff has incurred and will continue to incur during all trial and appellate court proceedings.

JURY TRIAL REQUESTED

25.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff requests a trial by jury.

WHEREFORE, plaintiff respectfully prays that defendants be duly cited to appear and answer herein, and that upon final trial of this cause, plaintiff recover a judgment against defendants for:

a.     General and specific damages in the amount of $5,000,000, and exemplary damages in the amount of $5,000,000 as set forth herein;

b.     Judgment against the defendants for the above-mentioned injuries and damages sustained by the plaintiff as alleged herein in an amount of $5,000,000;

c.     Pre-judgment interest and post-judgment interest at the highest rates permitted by law;

d.     Reasonable attorneys' fees to the extent recoverable by law;

e.     All costs of court expended herein;

f.     All other relief, at law or in equity, to which plaintiff may be justly entitled.

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place
Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
CAROL P. LOMAX
State Bar No. 12509100

COUNSEL FOR PLAINTIFF

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| | § | COMPLAINT FOR DAMAGES FOR |
| | § | VIOLATIONS OF CIVIL RIGHTS |
| | § | UNDER COLOR OF STATE LAW |
| VS. | § | (42 U.S.C. §§ 1983, 1985, 1988) |
| | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS; | § | |
| BENIGNO REYNA, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY AS | § | |
| CHIEF OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER ANDRE S. TORRES, JR., | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER HENRY JUAREZ, | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; AND CITY OF | § | |
| BROWNSVILLE POLICE OFFICER | § | |
| ALEX ORTIZ, INDIVIDUALLY AND IN | § | |
| HIS OFFICIAL CAPACITY | § | |

## MOTION TO DISMISS

Now comes Plaintiff, CANDELARIO DE LEON, and requests leave to dismiss all causes of

action against Defendant, HENRY JUAREZ in the above entitled and numbered cause, and would

respectfully show unto the Court that Plaintiff, CANDELARIO DE LEON, does not desire to pursue

any claims against HENRY JUAREZ only, and this cause should be dismissed without prejudice to

refile same.

PLAINTIFF'S MOTION TO DISMISS – PAGE 1

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place
Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)


By: _____
CAROL P. LOMAX
State Bar No. 12509100

ATTORNEYS FOR PLAINTIFF

2.      Plaintiff is also seeking leave to amend the style of this cause of action to correctly reflect the parties against whom claims are being made.

3.      To date, no other parties are before this Court.  Therefore, plaintiff has not conferred with any other defendants or their counsel.

WHEREFORE, plaintiff prays for leave to file his First Amended Complaint, as indicated above, and for such other and further relief to which he may show himself entitled.

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place
Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
CAROL P. LOMAX
State Bar No. 12509100

ATTORNEYS FOR PLAINTIFF

Fed. I. D. # 13464

Fed #ID#-13464

PLAINTIFF'S MOTION FOR LEAVE – PAGE 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO De LEON | § | |
| | § | |
| | § | COMPLAINT FOR DAMAGES FOR |
| | § | VIOLATIONS OF CIVIL RIGHTS |
| | § | UNDER COLOR OF STATE LAW |
| VS. | § | (42 U.S.C. §§ 1983, 1985, 1988) |
| | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS; | § | |
| BENIGNO REYNA, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY AS | § | |
| CHIEF OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER ANDRE S. TORRES, JR., | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER HENRY JUAREZ, | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; AND CITY OF | § | |
| BROWNSVILLE POLICE OFFICER | § | |
| ALEX ORTIZ, INDIVIDUALLY AND IN | § | |
| HIS OFFICIAL CAPACITY | § | |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES plaintiff in the above styled and numbered cause of action, and files his

Motion for Leave to File Second Amended Complaint, a copy of which is attached hereto as Exhibit

"A", and in support thereof would show the Court the following:

1.      Plaintiff's First Amended Complaint was filed on January 16, 2001, prior to the

expiration of the notice provisions afforded defendant healthcare providers as required by

TEX.REV.CIV.STAT.ANN. art 4590i, §4.01 (Vernon Supp. 1995), commonly known as the Texas

Medical Liability and Insurance Improvement Act.  Defendants HCA - THE HEALTHCARE

PLAINTIFF'S MOTION FOR LEAVE – PAGE 1



COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION; COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., INDIVIDUALLY AND D/B/A VALLEY REGIONAL MEDICAL CENTER AND FORMERLY D/B/A COLUMBIA VALLEY REGIONAL MEDICAL CENTER; JOAO DOVALE, M.D.; and STAT PHYSICIANS, P.A. have now been served with notice by certified mail, return receipt requested, as required by said Medical Liability and Insurance Improvement Act.  Plaintiff wishes to amend his First Amended  Complaint to add these entities and individuals as party defendants.  The Second Amended Original Complaint is attached hereto as Exhibit "A".

      2.     To date, no other parties are before this Court.  Therefore, plaintiff has not conferred with counsel.

      WHEREFORE, plaintiff prays for leave to file his Second Amended Complaint, as indicated above, and for such other and further relief to which he may show himself entitled.

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place
Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
     CAROL P. LOMAX
     State Bar No. 12509100
     Federal I.D. No. 13464

ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S MOTION FOR LEAVE – PAGE 2



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO De LEON | § | |
| | § | |
| | § | COMPLAINT FOR DAMAGES FOR |
| | § | VIOLATIONS OF CIVIL RIGHTS |
| | § | UNDER COLOR OF STATE LAW |
| VS. | § | (42 U.S.C. §§ 1983, 1985, 1988) |
| | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS; | § | |
| BENIGNO REYNA, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY AS | § | |
| CHIEF OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE; CITY OF BROWNSVILLE | § | |
| POLICE OFFICER ANDRE S. TORRES, JR., | § | |
| INDIVIDUALLY AND IN HIS OFFICIAL | § | |
| CAPACITY; AND CITY OF | § | |
| BROWNSVILLE POLICE OFFICER | § | |
| ALEX ORTIZ, INDIVIDUALLY AND IN | § | |
| HIS OFFICIAL CAPACITY | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW comes CANDELARIO De LEON, hereinafter referred to as plaintiff, and files his

Second Amended Complaint, and brings this action for compensatory and punitive damages against

CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, CHIEF OF POLICE FOR THE CITY

OF BROWNSVILLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CITY OF

BROWNSVILLE POLICE OFFICER ANDREW S. TORRES, JR., INDIVIDUALLY AND IN HIS

OFFICIAL CAPACITY; CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ,

INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; HCA– THE HEALTHCARE COMPANY,

FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION, COLUMBIA VALLEY

HEALTHCARE SYSTEM, L.P., INDIVIDUALLY AND D/B/A VALLEY REGIONAL MEDICAL CENTER AND FORMERLY D/B/A COLUMBIA VALLEY REGIONAL MEDICAL CENTER, JOAO DOVALE, M.D., and STAT PHYSICIANS, P.A., for causes of action would respectfully show unto the Court the following:

1.  This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff also brings claims under state law and invoke the doctrine of pendent jurisdiction.

2.  Plaintiffs have complied with all notice requirements, including the requirements of TEX. REV. CIV. STAT. ANN. art. 4590i, § 4.01 (Vernon Supp. 1995), commonly known as the Texas Medical Liability and Insurance Improvement Act.    Defendant, HCA– THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., INDIVIDUALLY AND D/B/A VALLEY REGIONAL MEDICAL CENTER AND FORMERLY D/B/A COLUMBIA VALLEY REGIONAL MEDICAL CENTER; JOAO DOVALE, M.D.; and STAT PHYSICIANS, P.A. were served with notice by certified mail return receipt requested, as required by article 4590i, Section 4.01(a) of the Texas Medical Liability and Insurance Improvement Act.

3.  Venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b)and (e). All causes of action asserted herein arose in whole or in part in Brownsville, Texas.

4.  Plaintiff, CANDELARIO DE LEON, is a citizen of the United States and a resident of the State of Texas.

5.    Defendant, CITY OF BROWNSVILLE, TEXAS (the "CITY") is a municipal corporation situated in Cameron County, Texas, and is a home rule city under the provisions of Article XI, Section 5 of the Constitution of the State of Texas, and operating pursuant to the Constitution and the laws of the State of Texas.  The CITY has been served but no answer has been filed.

6.    BENIGNO REYNA, CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE, TEXAS, ('CHIEF REYNA") was the Chief of Police for the City of Brownsville at the time of the occurrence complained of.   CHIEF BENIGNO REYNA has been served but no answer has been filed.

7.    Defendant, CITY OF BROWNSVILLE POLICE OFFICER ANDRE S. TORRES, JR., ("TORRES") is a police officer for the City of Brownsville, Texas.  Defendant TORRES has been served but no answer has been filed.

8.    Defendant, CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, ("ORTIZ") is a police officer for the City of Brownsville, Texas.  Defendant ORTIZ has been served but no answer has been filed.

9.    Defendant, HCA–THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION, is a foreign corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee.    Defendant HCA–THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION at all times material hereto was doing business in Texas but had not designated or maintained a resident agent for service of process in Texas upon whom service may be had.   Therefore, service may be had upon said Defendant pursuant to the

provisions of TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (Vernon 1997), by serving the Secretary of State, its Attorney-in-Fact pursuant to said statute, at the Capitol Building, Austin, Travis County, Texas. Defendant's registered agent for service is Prentice-Hall Corporation System, 2908 Poston Avenue, Nashville, Tennessee 37203.

   10. Defendant, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., INDIVIDUALLY AND D/B/A VALLEY REGIONAL MEDICAL CENTER AND FORMERLY COLUMBIA VALLEY REGIONAL MEDICAL CENTER, is a foreign corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee. Defendant HCA–THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION at all times material hereto was doing business in Texas but had not designated or maintained a resident agent for service of process in Texas upon whom service may be had. Therefore, service may be had upon said Defendant pursuant to the provisions of TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (Vernon 1997), by serving the Secretary of State, its Attorney-in-Fact pursuant to said statute, at the Capitol Building, Austin, Travis County, Texas. Defendant's registered agent for service is Prentice-Hall Corporation System, 2908 Poston Avenue, Nashville, Tennessee 37203.

   11. Defendant, JOAO DOVALE, M.D. is a resident of McAllen, Hidalgo County, Texas, and may be served with process at 301 West Expressway 83, McAllen, Texas.

   12. Defendant, STAT PHYSICIANS, P.A., is a partnership maintaining an office in Austin, Texas, and may be served with process through its registered agent for service, National Registered Agents, Inc., 905 Congress Avenue, Austin, Texas 78701.

13.     On or about December 24, 1998, plaintiff, CANDELARIO DE LEON sustained serious spinal cord injuries in an automobile accident.  He was transported by EMS to the emergency room of VALLEY REGIONAL MEDICAL CENTER, Brownsville, Texas, and met by Officers TORRES and ORTIZ.  These officers, acting individually and in their official capacity as police officers for the CITY OF BROWNSVILLE, insisted that CANDELARIO DE LEON had sustained only minor injuries and was refusing to stand and cooperate because he was intoxicated, despite plaintiff repeatedly advising these officers that he could not stand.

14.     While in the emergency room of defendant, COLUMBIA VALLEY REGIONAL MEDICAL CENTER, plaintiff was examined with normal findings documented for the heart, lungs and abdomen.  There were no findings recorded for a neurological examination or an examination of his extremeties despite  adamant complaints of "numbness from the neck down" by the plaintiff. There were no cervical spine films ordered. He received treatment for a minor forehead laceration and was discharged into the custody of the Officers TORRES and ORTIZ.  (See expert's report attached hereto as Exhibit "A.")

15.     Despite his pleas for further medical assistance, plaintiff was handcuffed, hands behind his back, forced into a wheelchair and thrown onto the back seat of a police vehicle for transport to the CITY OF BROWNSVILLE jail.

16.     Upon his arrival at the jail, CANDELARIO DE LEON continued to tell officers he could not stand and that he was seriously injured.  These officers not only ignored his pleas for medical assistance, but pulled him up by his arms from the wheelchair, threw him on the floor of the jail cell and covered him with a blanket for the night.

17.    Plaintiff, CANDELARIO DE LEON was a victim of CITY OF BROWNSVILLE's police procedure, custom and policy that included an unauthorized series of events that violated the laws of the United States, the laws of the State of Texas and common-law, and caused plaintiff to sustain permanent debilitating and disabling injuries and damages.

18.    It was only on December 25, 1998, after checking plaintiff as he continued to plead with the officers for medical assistance that the officers transported CANDELARIO DE LEON to the Brownsville Medical Center emergency room where his serious spinal cord injuries were diagnosed.

COUNT I: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1983

Paragraphs 1 through 18 are incorporated herein by reference for all purposes.

19.  Defendants, CITY OF BROWNSVILLE, TEXAS; BENIGNO REYNA, CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; CITY OF BROWNSVILLE POLICE OFFICER ANDREW S. TORRES, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; and CITY OF BROWNSVILLE POLICE OFFICER ALEX ORTIZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, acting under color of state law deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, specifically those rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

20.    By handcuffing plaintiff's hands behind his back, shoving him into a wheelchair, lifting him by his arms from the wheelchair onto the seat of the police vehicle, and then lifting him by his arms back into the wheelchair, lifting him by his arms from that wheelchair once again and then throwing him on the floor of the jail cell, the Officers conduct constituted wanton, reckless, willful

PLAINTIFF'S SECOND AMENDED COMPLAINT – PAGE 6

and malicious disregard for plaintiff's safety and subjected plaintiff to unreasonable excessive force and great bodily injury.  As a direct and proximate result of the unlawful and malicious acts of these defendants, all acts committed under color of their authority as CITY OF BROWNSVILLE POLICE OFFICERS, plaintiff suffers from irreparable spinal cord injuries.  The actions of CITY OF BROWNSVILLE POLICE OFFICERS were a grossly disproportionate use of force under the circumstances and clearly unreasonable.  Defendants' acts violated plaintiff's civil rights, including the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.  These very same acts also violated the Fourteenth Amendment of the Constitution of the United States and the civil rights of plaintiff.

21.    Defendant CITY OF BROWNSVILLE AND BENIGNO REYNA, CITY OF BROWNSVILLE CHIEF OF POLICE failed to provide adequate training and supervision regarding the use of excessive force for the circumstances.  This deliberate indifference was a proximate cause of the injuries and damages sustained by plaintiff.  The use and methods of arrest and restraint for persons in the custody of CITY OF BROWNSVILLE POLICE OFFICERS is a policy, regulation, and/or decision officially adopted or promulgated by the CITY OF BROWNSVILLE.  The failure to provide proper training and supervision regarding use of force with persons requiring medical attention, assistance or aid which are in their custody, amounts to a deliberate indifference and deprivation of the safety and care of the citizens of the CITY OF BROWNSVILLE and plaintiff.  All defendants were acting under color of state law.

22.    Defendants Officers TORRES and ORTIZ, while acting under the color of state law, violated plaintiff's rights by depriving him of the laws of the Constitution of the United States,

PLAINTIFF'S SECOND AMENDED COMPLAINT – PAGE 7

including the Fourth, Fifth, Eighth and Fourteenth Amendments, and their rights under the Constitution and the Laws of the State of Texas.

COUNT II: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1985(3)

Paragraphs 1 through 22 are incorporated herein by reference for all purposes.

23.     Defendants, two (2) or more of them conspired for the purpose of:

     A.     Depriving plaintiff of equal protection of law;

     B.     Depriving plaintiff of due process of law;

     C.     Hindering the authorities from giving or securing equal protection and due process of law to all persons, all to plaintiff's damage as alleged herein.

24.     Defendant CITY OF BROWNSVILLE and BENIGNO REYNA, POLICE CHIEF FOR CITY OF BROWNSVILLE are directly liable and responsible for the acts of defendants OFFICERS TORRES and ORTIZ because they repeatedly and with deliberate indifference failed to enforce the laws of the State of Texas and the regulation of the CITY OF BROWNSVILLE POLICE DEPARTMENT pertaining to the use of force and deadly force by CITY OF BROWNSVILLE POLICE OFFICERS. The same defendants espouse and condone customs and policies whereby police officers employ excessive and illegal force. Each defendant violated plaintiff's rights by using excessive force paramount to deadly force as condoned by the CITY and BROWNSVILLE POLICE DEPARTMENT, all in contravention of the equal protection laws of the United States.

25.     As a proximate result of the conduct of defendants, and each of them as set forth herein, plaintiff suffered mental, physical and emotional pain and suffering, resulting in paralysis which he will continue to suffer in the future and was deprived of his United States Constitutional substantive rights of life, liberty and due process, all of which resulted in his damages.

PLAINTIFF'S SECOND AMENDED COMPLAINT – PAGE 8

26.     The CITY OF BROWNSVILLE, through its policy making officials, was so reckless and wantonly indifferent in its training through its supervision and discipline of police officers that it deliberately demonstrated a reckless disregard toward potential violations of the constitutional rights which were likely to occur from these policies or customs of the CITY.  These condoned policies and customs caused the injuries and damages of plaintiff.  Plaintiff's injuries and damages incurred as a direct and proximate result of the acts and omissions of CITY OF BROWNSVILLE and all defendants herein.

27.     The foregoing demonstrates that defendants engaged in an unlawful intentional course of conduct with malice and reckless indifference to the federal and state protected rights of plaintiff. OFFICERS TORRES and ORTIZ acted willfully, intentionally and/or with a reckless and callous indifference to the civil rights of plaintiff.  Plaintiff seeks exemplary and punitive damages in an amount to be determined by the trier of fact.

### COUNT IV: MEDICAL NEGLIGENCE CLAIMS

Paragraphs 1 through 27 are incorporated by reference for all purposes.

28.     At all times material hereto, the defendants, HCA-THE HEALTHCARE COMPANY, formerly d/b/a COLUMBIA/HCA HEALTHCARE CORPORATION, and COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., individually and d/b/a VALLEY REGIONAL MEDICAL CENTER and formerly d/b/a COLUMBIA VALLEY REGIONAL MEDICAL CENTER, held themselves out to the community in general, and to plaintiff as being health care providers having adequate facilities and employing careful, competent staff.  The defendant hospital represented that its employees were its agents and thereby caused plaintiff to justifiably rely upon their care and skills. The defendant hospital is subject to liability to plaintiff for the harm caused by the lack of care or skill

of the employees appearing to be its servants or agents. Plaintiff submitted himself to the care and/or protection of the defendant hospital in response to an invitation from it to enter into such relationship. The defendant hospital created the appearance, if not true in effect, that the employees were agents of the hospital, would provide medical care and that its medical care providers would exercise ordinary care in the treatment of the plaintiff, and were skilled, competent and duly licensed to provide same, thus creating agency by estoppel.

29.    The defendant hospital is vicariously liable for the negligent acts of its employees who were at all pertinent times acting within the course and scope of their employment. The defendant hospital exerted actual control and authority, as well as the right to control the activities of its employees at all pertinent times.

30.    The defendant hospital, by and through its actual and ostensible agents, employees, vice principals, and borrowed servants, failed to use ordinary care in providing treatment for plaintiff, CANDELARIO DE LEON, that a reasonable and prudent hospital of the same or similar level of certification would have employed under the same or similar circumstances, as follows:

> A.    Failure to complete a neurologic examination at the time of initial presentation;
>
> B.    Failure to follow appropriate policies and procedures with regard to the assessment and treatment of emergency room patients presenting with circumstances and complaints strongly suggestive of the necessity to assess a possible cervical cord injury;
>
> C.    Failure to provide the appropriate personnel to carry out the policies and procedures of the emergency room; and
>
> D.    Failure to properly provide adequate care and treatment for Plaintiff.

Each of the foregoing acts or omissions constitutes a proximate cause of the injuries and damages set forth below.

PLAINTIFF'S SECOND AMENDED COMPLAINT – PAGE 10

31.    At the time of the incident in question, plaintiff was taken to COLUMBIA VALLEY REGIONAL MEDICAL CENTER emergency room by the City of Brownsville EMS. Plaintiff was seen by defendant, JOAO DOVALE, M.D. Defendant, JOAO DOVALE, M.D. failed to complete any a neurologic examination of plaintiff and provide adequate care and treatment to plaintiff, and simply discharged the plaintiff to the custody of the police, whereupon CANDELARIO DE LEON spent the night in jail. (Please see Exhibit "A".)

32.    At the time of the incident in question, defendant, JOAO DOVALE, M.D., was employed by defendant, STAT PHYSICIANS, P.A., as a contract employee for defendant, COLUMBIA VALLEY REGIONAL MEDICAL CENTER.

33.    Plaintiff alleges that defendant, JOAO DOVALE, M.D., was in the course and scope of his employment with defendant, STAT PHYSICIANS, P.A., on the occasion in question, and that STAT PHYSICIANS, P.A., is therefore liable for the negligent acts and/or omissions of defendant, JOAO DOVALE, M.D., under the doctrine of *respondeat superior*.

34.    At all times material hereto, defendant, JOAO DOVALE, M.D., held himself out to the community in general and to plaintiff as being a medical doctor possessing the ordinary skills of a physician, and owed plaintiff a duty to exercise ordinary care in the diagnosis and treatment of plaintiff's condition.

35.    Defendant, JOAO DOVALE, M.D. was negligent in the course of his care and treatment of plaintiff and deviated from the standard of care on the occasion in question, as follows:

      A.    Failure to conduct a neurologic examination or at the time of initial presentation;

      B.    Failure to conduct an examination of plaintiff's extremities;

PLAINTIFF'S SECOND AMENDED COMPLAINT – PAGE 11

C.     Failure to follow appropriate policies and procedures with regard to the assessment and treatment of emergency room patients presenting with circumstances and complaints strongly suggestive of the necessity to assess a possible cervical cord injury; and

D.     Failure to provide adequate care and treatment for plaintiff

Each of the foregoing acts or omissions constitutes a proximate cause of the injuries and damages set forth below.

## COUNT III: RECOVERY OF DAMAGES

Paragraphs 1 through 35 are incorporated by reference for all purposes.

36.     As a result of the acts and negligence of defendants as described above, plaintiff has suffered severe, debilitating injuries, including quadriplegia. Plaintiff has sustained permanent bodily impairment and disfigurement, loss of earnings and loss of earning capacity, past and in the future. Plaintiff has experienced great physical pain and mental anguish, and will in all reasonable probability, continue to do so in the future by reason of the nature and severity of his injuries.

37.     Plaintiff has incurred reasonable hospital, doctor and medical expenses for treatment related to injuries sustained in this incident and will, in all reasonable probability, continue to sustain these expenses in the future. Plaintiff hereby sues for past and future medical expenses.

38.     The acts and omissions on the part of the defendant, HCA-THE HEALTHCARE COMPANY, formerly d/b/a COLUMBIA/HCA HEALTHCARE CORPORATION; COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., individually and d/b/a VALLEY REGIONAL MEDICAL CENTER and formerly d/b/a COLUMBIA VALLEY REGIONAL MEDICAL CENTER; JOAO DOVALE, M.D.; and STAT PHYSICIANS, P.A., as set forth above, were more than momentary thoughtlessness, inadvertence, or error of judgment. They constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights,

PLAINTIFF'S SECOND AMENDED COMPLAINT – PAGE 12

welfare, or safety of the persons affected by them in the future.  Such gross negligence resulted in the

injuries of plaintiff set out herein, and it is on the basis of such gross negligence that plaintiff hereby

seeks an award of exemplary damages in excess of the minimum jurisdiction limits of the court.

39.     Attached hereto as Exhibit "A" is the expert report of Jeremy D. Slater, M.D.,

pursuant to TEX. REV. CIV. STAT. art. 4590i, § 13.01(a)(3) (Vernon Supp. 1997).

## COUNT IV: ATTORNEYS' FEES

Paragraphs 1 through 39 are incorporated herein for all purposes.

40.     Pursuant to 42 U.S.C. § 1988, plaintiff requests this court award plaintiff reasonable

and necessary attorneys' fees and expenses which plaintiff has incurred and will continue to incur

during all trial and appellate court proceedings.

## JURY TRIAL REQUESTED

41.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff requests a trial

by jury.

WHEREFORE, plaintiff respectfully prays that defendants be duly cited to appear and answer

herein, and that upon final trial of this cause, plaintiff recovers:

a.     Judgment against defendants for general and specific damages in the amount of $10,000,000.00;

b.     Exemplary damages in the amount of $5,000,000.00 as set forth herein;

c.     Pre-judgment interest;

d.     Post-judgment interest at the highest rates permitted by law;

e.     Reasonable attorneys' fees to the extent recoverable by law;

f.     All costs of court expended herein; and

g.     All other relief, at law or in equity, to which plaintiff may be justly entitled.

PLAINTIFF'S SECOND AMENDED COMPLAINT – PAGE 13



**Smith-Glynn-Callaway Medical Building**

January 4, 2001

Carol P. Lomax
Branton & Hall
737 Travis Park Building
711 Navarro, Suite 737
San Antonio, Texas 78205-1787

      Re:    Patient: Candelario DeLeon
              File Number: 9827

Dear Ms. Lomax:

I, Jeremy D. Slater, M.D., am a licensed physician, Board Certified in Neurology, Clinical Neurophysiology and Sleep Medicine. I have reviewed the records of Candelario DeLeon. These include the following:

1. Emergency room records from Columbia Valley Regional Medical Center, dated 12/24/98.
2. Hospital records from the Brownsville Medical Center, dated 12/25/98 through 1/7/99.
3. EMS ambulance activity records from the City of Brownsville, dated 12/24/98 through 1/29/99.

**Case Summary**:

Candelario DeLeon is a 58 year old male with an essentially negative past medical history, who was brought to the Columbia Valley Regional Medical Center emergency room on 12/24/98 by the City of Brownsville EMS ambulance after a motor vehicle accident. The patient was found, sitting in the driver's seat, unrestrained. According to the EMS notes, "Pt. Smelled highly of ETOH and stated he had been drinking but unknown what or how much". A cervical collar was placed and the patient was extricated through the driver's door onto a backboard (10 PM). On route, the patient complained of "numbness from the neck down".

Upon arrival in the emergency room (10:05 PM), the ER physician notes document that the patient is "obviously drunk – awake". Normal exam findings are documented for the heart, lungs and abdomen, with no findings recorded for the neurological examination or

3231 South National Avenue • Springfield, Missouri 65807-7396 • 417-883-7422
*A member of the Sisters of Mercy Health System-St. Louis*


**PLAINTIFF'S EXHIBIT**
*A*



## Smith-Glynn-Callaway Medical Building

extremities. Nursing notes document the absence of CSF or blood in the ear canals, and the absence of Battle's sign, or periorbital ecchymoses. The presence of the cervical collar is noted. The patient received one staple to a forehead laceration and was then discharged to the custody of the police. No cervical spine films were ordered – there is no documentation regarding if or when the collar was removed.

The patient then spent the night in the city jail. Waking the next morning, he complained of being unable to move. When the EMS service arrived, he complained of pain in his arms and numbness throughout his body. At that time, no cervical collar was in evidence. The patient was placed on a backboard, secured with straps and transported to the Brownsville Medical Center emergency room.

Upon arrival in the emergency room, the patient was assessed and underwent X-rays of the cervical spine. Once these were completed, because of clinical suspicion of a cord compression, he received high-dose Solumedrol intravenously, 30 mg/kg. A Foley catheter was placed, and 400 cc of urine drained. Spine X-rays were completed including cervical, thoracic and lumbar, all of which were read as normal. A neurology consultation was obtained. The neurologist, on the basis of the clinical examination, suspected a low cervical cord compression, and ordered an MRI of the cervical spine. This was completed, and demonstrated no hematoma, moderate changes of cervical spondylosis with spinal canal stenosis in the mid to lower cervical spine. Neurosurgical consultation was ordered. A subsequent MRI of the thoracic spine was unremarkable, as was a CT scan of the brain.

Through the remaining hospitalization the patient received supportive therapies, and at the time of discharge to a nursing home, the patient remained quadraparetic, with a T8 sensory level.

### Conclusions:

It is my professional opinion that the emergency room physician at Columbia Valley Regional Medical Center deviated from the standard of care by failing to complete a neurologic examination on Mr. DeLeon at the time of his initial presentation. The circumstances of the patient's injury, in addition to his complaints to the EMS personnel of numbness from the neck down, are both strongly compelling reasons to assess for possible cervical cord injury. Had he completed a neurological examination at that time, he might have discovered clinical evidence suggesting the presence of a cord compression. Early treatment with high-dose intravenous steroids could have been initiated, possibly reducing the level of longterm neurologic deficit.


**St.John's**
PHYSICIANS & CLINICS

## Smith-Glynn-Callaway Medical Building

### Deviations:

Based on a reasonable degree of medical certainty, it is my opinion that the physician did not use such care as reasonably prudent healthcare providers practicing in the same field in the same or similar locality would have provided under similar circumstances. It is my opinion that the breach in care caused a lost opportunity for a medical intervention that may have significantly reduced the patient's longterm deficits.

Signed,

Jeremy D. Slater, M.D.

3251 South National Avenue • Springfield, Missouri  65807-7396 • 417-883-7422
*A member of the Sisters of Mercy Health System–St. Louis*

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
      CAROL P. LOMAX
      State Bar No. 12509100
      Federal I.D. No. 13464

COUNSEL FOR PLAINTIFF


PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

G:\WPFILES\FILES.CLT\D\DEL9827\DEL9827.OA2

PLAINTIFF'S SECOND AMENDED COMPLAINT – PAGE 14