Case 1:00-cv-00192   Document 34   Filed in TXSD on 04/30/2001   Page 1 of 8

34

United States District Court
Southern District of Texas
FILED

APR 3 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS; | § | |
| BENIGNO REYNA, | § | |
| IN HIS OFFICIAL CAPACITY AS | § | |
| CHIEF OF POLICE FOR THE CITY OF | § | |
| BROWNSVILLE | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' 12(b)(6) PARTIAL MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, CANDELARIO DE LEON and pursuant to FED. R. CIV. P. 12(b)(6)

files this, his Response to Defendants CITY OF BROWNSVILLE, TEXAS and BENIGNO REYNA,

IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE

Partial Motion to Dismiss and for cause would show the court as follows:

**I.**

**INTRODUCTION**

A motion to dismiss for failure to state a claim upon which relief can be granted tests the

formal sufficiency of the statement of claim for relief in the complaint. *Doe v. Hillsboro ISD*, 81

F.3d 1395, 1401 (5th Cir. 1996). The motion cannot be used to resolve factual issues or the merits

of the case. *Id.* A motion to dismiss under FED. R. CIV. P. 12(b)(6) is not appropriate unless the face

1

of the Plaintiff's pleadings show that the Plaintiff cannot prove any set of facts that would entitle it to relief. *Garrett v. Commonwealth Mtg. Co.*, 938 F.2d 591, 594 (5th Cir. 1991); *see generally*, 5A WRIGHT & MILLER § 1356.

In ruling on a motion to dismiss, the court may not decide disputed fact issues. The court's task is simply to determine whether the Plaintiff's Complaint is legally sufficient to state a claim for relief. *Doe*, 81 F.3d at 1401. In evaluating the motion, the court must view the facts in the Complaint in a light most favorable to the non-moving party. *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996).

## II.

### DISPOSITION OF THE CASE

Plaintiff brings his claim under 42 U.S.C. § 1983, 1985, 1986 and 1988, alleging Defendants' violated his Fourth, Fifth, Eighth and Fourteenth Amendment rights guaranteed by the United States constitution by failing to provide Plaintiff with adequate medical attention. Plaintiff filed an Original Complaint on or about December 21, 2000. Thereafter, Plaintiff filed a First Amended Original Complaint and a Second Amended Original Complaint. Two Defendants have an Original Answer on file. In the interim, Plaintiff has dismissed Alex Ortiz, Individually and in his Official Capacity, Benigno Reyna, Individually, and Andre S. Torres, Jr., Individually.

## III.

### STATEMENT OF THE CASE

Plaintiff was the victim of Brownsville police procedure, custom and policy that included an authorized series of events that violated the laws of the United States, the laws of the State of Texas and common-law, and caused Plaintiff to sustain permanent debilitating injuries and damages.

2

On or about December 24, 1998, Plaintiff sustained serious spinal cord injuries in an automobile accident. He was transported to Valley Regional Center via EMS and upon arrival was met by Officers Torres and Ortiz. These officers, acting individually and in their official capacity as policy officers, insisted that Plaintiff had sustained only minor injuries. Despite Plaintiff's pleas that he could not stand due to his injuries, and his pleas for medical attention, the officers forced Plaintiff's hands behind his back and handcuffed him. Thereafter, the officers forced him into a wheelchair and threw him into the back of the squad car for transport to the City of Brownsville jail. Upon arrival at the jail, the officers continued to ignore Plaintiff's request for medical attention. The officers pulled him up from the wheelchair, threw him on the floor of the jail cell and covered him with a blanket for the night.

It was not until the next day, nearly 24 hours after Plaintiff initially sustained his spinal cord injuries, that the officers transported him back to the Valley Regional Medical Center where his serious spinal cord injuries were diagnosed.

## IV.

### STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

Plaintiff has brought suit against all Defendants alleging violations of his Fourth, Fifth, Eighth and Fourteenth Amendment rights guaranteed by the United States Constitution. Defendants' only contest Plaintiff's ability to state a claim for relief for the following: (1) Fifth Amendment, (2) Eighth Amendment, (3) 42 U.S.C. § 1985, and (4) 42 U.S.C. § 1986. Therefore, only these claims need be ruled upon by the Court.

**As for Plaintiff's allegations of violations of his Fifth and Eighth Amendment rights, Plaintiff voluntarily agrees to dismiss these claims.**

3

Additionally, Plaintiff has alleged sufficient facts to support his allegation that his rights under 42 U.S.C. § 1985 and § 1986 were violated. Therefore, the Court should deny Defendants' motion to dismiss as to these claims.

## V.

### ARGUMENTS AND AUTHORITIES

#### A.   PLAINTIFF'S 42 U.S.C. § 1985 CLAIM

Even if one assumes for the sake of argument that Plaintiff has no claim under Section 1983, he has nevertheless pleaded facts constituting a *prima facie* case under Section 1985(3). In *Griffin v. Breckenridge*, the United States Supreme Court set out the elements of §1985(3). *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L. Ed. 2d 338 (1971). To state a successful cause of action under the statute, a Plaintiff must allege:

      a.     a conspiracy,

      b.     for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law,

      c.     that the conspirators committed some act in furtherance of that conspiracy, and

      d.     the Plaintiff was either injured in his person or property or was deprived of having or exercising any right or privilege of a citizen of the United States.

*Id.* at 102-103, 91 S.Ct. At 1798-1799.

The Defendants and their agents and employees acted in concert when they decided to physically pull Plaintiff up by his arms, throw him into a wheelchair, and proceeded to push Plaintiff into the back seat of their squad car. *Plaintiff's Second Amended Complaint*, ¶ 9-10, p.3. The

4

conspiracy and overt acts did not stop there, however. Upon arrival at the City of Brownsville jail, the Defendants and their agents and employees once again pulled Plaintiff out of the back seat of the squad car, ignoring Plaintiff's pleas for medical attention, and proceeded to throw him on the floor of the jail cell where he spent the night. These actions show explicitly or implicitly that Defendants chose to conspire with each other to deprive Plaintiff of his constitutional rights. Defendants' actions clearly show a "meeting of the minds" sufficient to allege a cause of action under section 1985(3). The law is clear that while an express agreement is not necessary, the participants in the conspiracy must share the general conspiratorial objective. . . . [I]t simply must be shown that there was a single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences.'" Lenard, 699 F.2d at 882- 83 (citations omitted).

As for the fourth element of the claim, Plaintiff has demonstrated that he suffered an injury in his person -- severe spinal cord injuries --caused by Defendants' failure to render medical attention after officers transported Plaintiff to the City of Brownsville jail. *Plaintiff's Second Amended Complaint*, ¶ 9-10, p.3. These facts are sufficient to support a cause of action under section 1985(3). Therefore, Defendants' Partial Motion to Dismiss should be denied as to this claim.

### B.    PLAINTIFF'S 42 U.S.C. § 1986 CLAIM

Plaintiff has sufficiently plead facts to state a claim under section 1986. Defendants knew that a failure to render medical attention to Plaintiff would, either directly or indirectly, deny Plaintiff his privileges and immunities under the laws, specifically Plaintiffs' civil rights guaranteed by the First and Fourteenth Amendments of the United States Constitution. Upon arrival at Valley Medical Center, the Defendants had the power to allow Plaintiff to receive the medical attention he asked for, and needed, but the Defendants neglected or refused to do so. *Plaintiff's Second Amended Complaint*, ¶ 9-11, p. 3-4. Contrary to Defendants' allegations, Plaintiff clearly specifies against

5

whom the section 1986 claim is being brought when Plaintiff refers to "Defendants" in his Original and First and Second Amended Complaints, and to various Defendants specifically, individually and in their official capacities.

Finally, because Plaintiff has alleged sufficient facts to state a cause of action under section 1985(3), Plaintiff's section 1986 claim cannot be dismissed as a matter of law. *Hamilton v. Chaffin*, 506 F.2d 904, 913-914 (5th Cir. 1975).

## VI.

### CONCLUSION

Plaintiff has brought suit against these Defendants alleging violations of his Fourth, Fifth, Eighth and Fourteenth Amendment rights guaranteed by the United States Constitution and 42 U.S.C. § 1985(3) and § 1986. As argued above, Plaintiff has sufficiently alleged facts to support each of these causes of action. Therefore, Defendants' Partial Motion to Dismiss should be denied as a matter of law.

## VII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial and hearing hereof, Defendants' Partial Motion to Dismiss be denied on all counts. In the alternative, Plaintiff prays for leave of court to amend his Complaint to correct any defects in order to plead his causes of action. Plaintiff also prays for such other relief, at law or in equity, to which he may show himself entitled.

6

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record, via United States mail, postage prepaid, on this ___26___ day of ___April___, 2001.

Ryan Henry
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, CITY OF
BROWNSVILLE POLICE OFFICERS

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

CAROL P. LOMAX

8

Respectfully Submitted,

BRANTON & HALL, P.C.
One Riverwalk Place
700 N. St. Mary's, Ste 1700
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
        CAROL P. LOMAX
        STATE BAR NO. 12509100
        FEDERAL ID. NO. 13464

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

The undersigned counsel contacted counsel for Defendants regarding this response. Defendants' counsel was not opposed to the filing of this response.

_____
CAROL P. LOMAX

7