39

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 2 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CANDELARIO DE LEON § | |
| § | |
| VS. § | |
| § | |
| § | |
| CITY OF BROWNSVILLE, § | |
| TEXAS, BENIGNO REYNA, § | CIVIL ACTION NO. CV-B-00-192 |
| INDIVIDUALLY AND IN HIS § | JURY DEMANDED |
| OFFICIAL CAPACITY § | |
| AS CHIEF OF POLICE § | |
| FOR THE CITY OF § | |
| BROWNSVILLE, CITY § | |
| OF BROWNSVILLE § | |
| POLICE OFFICER ANDRE § | |
| S. TORRES, JR., INDIVIDUALLY § | |
| AND IN HIS OFFICIAL CAPACITY; § | |
| AND CITY OF BROWNSVILLE § | |
| POLICE OFFICER ALEX ORTIZ, § | |
| INDIVIDUALLY AND IN HIS OFFICIAL § | |
| CAPACITY § | |

**DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEMS, L.P. d/b/a VALLEY REGIONAL MEDICAL CENTER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center and files this Original Answer to Plaintiff's Second Amended Complaint and would respectfully show this Court the following:

I.

**ANSWER**

1. Defendant denies all of Plaintiff's allegations except to the extent expressly admitted herein.

2. Based on information currently available, Defendant admits to the allegations set forth in paragraph 1 of Plaintiff's Second Amended Complaint.

3. Defendant is without information sufficient to form a belief as to the truth of paragraph 2 of Plaintiff's Second Amended Complaint.

4. Defendant does not challenge the choice of venue.

5. Defendant does not have sufficient information to admit or deny factual allegations made in paragraph 4 of Plaintiff's Second Amended Complaint.

6. Defendant is without sufficient information to form a belief as to the truth of factual allegations stated in paragraphs 5, 6, 7 and 8.

7. Defendant admits that a copy of Plaintiff Second Amended Complaint was served on the Secretary of State of Texas and denies the remainder of paragraph 9 of Plaintiff's Second Amended Complaint.

8. Defendant admits that Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center is the correct name and denies the remaining allegations in paragraph 10 of Plaintiff's Second Amended Complaint.

9. Defendant is without sufficient information to form a belief as to the truth of the factual allegations stated in paragraphs 11 and 12 of Plaintiff's Second Amended Complaint.

10. Defendant admits Plaintiff was involved in an automobile accident on December 24, 1998 and was transported by the EMS to the emergency room of Valley Regional Medical Center. Defendant denies the remainder of paragraph 13 of Plaintiff's Second Amended Complaint.

11. Defendant denies the allegations in paragraph 14 of Plaintiff's Second Amended Complaint.

12. Defendant does not have sufficient information to admit or deny the allegations set forth in paragraph 15-27 of Plaintiff's Second Amended Complaint.

13. Defendant denies the allegations set forth in paragraphs 28-30 of Plaintiff's Second Amended Complaint.

14. Defendant admits that Plaintiff was taken to Valley Regional Medical Center emergency room by the City of Brownsville EMS and was seen by Dr. Dovale. Defendant denies the remainder of paragraph 31 of Plaintiff's Second Amended Complaint.

15. Defendant denies the allegations in paragraph 32 and 33 of Plaintiff's Second Amended Complaint.

16. Defendant admits paragraph 34 of Plaintiff's Second Amended Complaint.

17. Defendant denies the allegations set forth in paragraph 35-38 of Plaintiff's Second Amended Complaint.

18. Defendant admits that a report referenced in paragraph 39 is attached to Plaintiff's Second Amended Complaint, but denies the allegations and opinions in the report, whether the author is an expert and further denies that it complies with the statute cited.

19. Defendant denies that Plaintiff would be entitled to an award of attorney's fees against this Defendant as alleged in paragraph 40 of Plaintiff's Second Amended Complaint.

20. Defendant joins in Plaintiff's request for a trial by jury in paragraph 41 of Plaintiff's Second Amended Complaint.

21. Defendant denies all of the allegations in Plaintiff's prayer.

II.

## AFFIRMATIVE DEFENSES

22. For further answer herein, this Defendant says that Plaintiff had pre-existing injuries and injuries occurring after the incident made the basis of this lawsuit that are wholly unrelated to

Plaintiff's claims in this lawsuit and such pre-existing injuries and post-occurring injuries contributed proximately or solely to the damages and injuries suffered by the Plaintiff.

23. This Defendant will show that Plaintiff was guilty of negligence and negligence per se which negligence was the sole proximate cause of the occurrence in question and all resulting injuries and damages, if any, suffered by Plaintiff, or, in the alternative was a contributing proximate cause of the occurrence in questions and all resulting damages and injuries suffered by Plaintiff.

24. This Defendant will show unto the Court that the occurrence in question and the alleged damages were the result of intervening acts, events and conditions created by persons over whom this Defendant had no control, or the result of a new and independent cause.

25. This Defendant would assert that it is entitled to a reduction, an offset, or a bar to any recovery by Plaintiffs as set out in Section 33.001 et. seq. of the Texas Civil Practice and Remedies Code and other contribution and indemnity plans under the laws of the State of Texas.

26. Defendant would show Plaintiff's alleged injuries and damages were caused in whole or in part, or were contributed to by the negligence or fault of parties, persons, or instrumentalities over whom Defendant exercises no control and for whose acts Defendant is not legally responsible.

27. Defendant invokes the requirements within section 14.01 of Texas Revised Civil Statues and Ann. Art. article 4590i (Vernon supp. 1999).

28. Defendant asserts the limitation set forth in section 16.01 et. seq. of Texas Revised Civil Statues Ann. Art. 4590i (Vernon supp. 1999).

29. This Defendant pleads unto the Court that the co-defendant doctor was neither an agent, ostensible agent, employee, servant, vice principal, borrowed servant, contract employee or related in any other manner to this Defendant as has been alleged by the Plaintiff and this Defendant is not responsible for acts of the co-defendant doctor.

30. Defendant affirmatively asserts that Plaintiff's injuries were proximately caused by some intervening, subsequent, and/or superceding event, injury, condition and or circumstance over which defendant had no relationship or control.

31. Defendant would affirmatively plead the limitations imposed by Sec. 41 of the Texas Civil Practices and Remedies Code with regards to the Plaintiff's recovery of exemplary damages.

32. In Plaintiff's allegations in paragraph 38 of Plaintiff's Second Amended Complaint, Plaintiff has alleged gross negligence. Defendant would show that gross negligence is not an available cause of action to Plaintiff and the legal and factual elements necessary to impute gross negligence to this Defendant do no exist.

33. To the extent that the Plaintiff seeks recovery of exemplary damages from this Defendant, this Defendant would show as follows:

(a) The legal standard used to determine whether or not exemplary damages may be awarded in any particular case is so vague and indefinite as to constitute a denial or equal protection in violation of both the Constitution of the United States and the Constitution of the State of Texas.

(b) The legal standard used to determine whether or not exemplary damages may be awarded is so vague and indefinite as to constitute a denial of due process in violation of both the Constitution of the United States and the Constitution of the State of Texas.

(c) The method by which the amount of exemplary damages, if any, may be determined is so arbitrary and indefinite as to amount to a denial of equal protection and due process in violation of both the Constitution of the United States and the Constitution of the State of Texas.

(d) The method by which the amount of exemplary damages, if any, is determined subjects this Defendant to excessive fines in violation of both the Constitution of the United States and the Constitution of the State of Texas.

34. Further, the Plaintiff's prayer for pre-judgment interest, insofar as it applies to the alleged exemplary damages, is barred by Sec. 41.007 of the Texas Civil Practices & Remedies Code.

35. In addition, the Plaintiff's prayer for pre-judgment interest, insofar as it includes interest on any future damages beyond the time of the verdict, is barred by the Texas Constitution, the due

process clause of the Fourteenth Amendment, and also the excessive fines and penalties clause of the Eighth Amendment to the Constitution of the United States of America, as such prayer allows Plaintiffs to recover interest on unaccured damages during a period of time when such damages are not yet due. Therefore such prayer is arbitrary, unreasonable, and constitutes the imposition of a penalty.

WHEREFORE, PREMISES CONSIDERED, Defendant, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center prays that Plaintiff take nothing by way of this lawsuit and that Defendant recover all taxable court costs expended on his behalf and for such other relief at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
Paul Fourt
Federal I.D. No. 19663
State Bar No. 00785874
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 2nd day of May, 2001.

Ms. Carol Lomax                                 VIA CM#7000 0520 0022 1414 4059
BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Mr. Ryan Henry                                  VIA REGULAR MAIL
Willette & Guerra, L.L.P.
3505 Boca Chica Boulevard
Brownsville, Texas 78521

Mr. Tyler Scheuerman                            VIA REGULAR MAIL
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230

_____
William Gault

DELEON/VRMC: ORG-ANS1
PAGE 7

ClibPDF - www.fastio.com

| | | |
|---|---|---|
| THE STATE | § | |
| | § | **AFFIDAVIT** |
| OF TEXAS | § | |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Dr. Eamon McGlynn, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Dr. Eamon McGlynn. I am the Chief Medical Affairs Officer of Valley Regional Medical Center, am over the age of 18 years and competent and authorized to testify herein."

"I have read the above and foregoing paragraph 29 of Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center's Original Answer and it is true and correct."

Further affiant sayeth not.



_____
Dr. Eamon McGlynn

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 2nd day of May, 2001, to witness my hand and official seal of office.

_____
Notary Public in and for
the State of Texas
Print Name: Minerva Maldonado
My Commission Expires: 6/17/01

DELEON/VRMC: ORG-ANS1
PAGE 8