47

United States District Court
Southern District of Texas
FILED

JUN 0 1 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-192 |
| CITY OF BROWNSVILLE, TEXAS; HCA - THE HEALTHCARE COMPANY, FORMERLY D/B/A COLUMBIA/HCA HEALTHCARE CORPORATION, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., INDIVIDUALLY AND D/B/A VALLEY REGIONAL MEDICAL CENTER AND FORMERLY D/B/A COLUMBIA VALLEY REGIONAL MEDICAL CENTER, JOAO DOVALE, M.D., AND STAT PHYSICIANS, P.A. | § § § § § § § § § § § § § | (JURY REQUESTED) |

## DEFENDANT CITY OF BROWNSVILLE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, Defendant CITY OF BROWNSVILLE and files this, its answer to Plaintiff' Second Amended Complaint and in response thereto would respectfully show this Honorable Court the following:

### I.
### ANSWER

1. Defendant admits that this court has original jurisdiction as articulated in paragraph 1 of Plaintiff's Second Amended Complaint, but denies all other factual allegations.

2. Defendant is not required to respond to paragraph 2 of Plaintiff's Second Amended Complaint.

3. Defendant admits that venue is proper in the Souther District of Texas, Brownsville Division as articulated in paragraph 3 of Plaintiff's Second Amended Complaint.


4. Defendant cannot admit or deny factual allegations made in paragraph 4 of Plaintiff's Second Amended Complaint and such is not required under federal rules.

5. Defendant admits that the City of Brownsville is a municipal corporation situated in Cameron County, Texas, is home rule city, and may be served with process by serving Sara M. Reed, City Secretary, as articulated in paragraph 5 of Plaintiff's Second Amended Complaint

6. Defendant admits that Benigno Reyna was the chief of police for the City of Brownsville at the time of the occurrence complained as alleged in paragraph 6 of Plaintiff's Second Amended Complaint, but Defendant denies all other factual allegations.

7. Defendant admits that Andre Torres was a police officer for the City of Brownsville at the time of the occurrence complained as alleged in paragraph 7 of Plaintiff's Second Amended Complaint, but Defendant denies all other factual allegations.

8. Defendant admits that Alex Ortiz was a police officer for the City of Brownsville at the time of the occurrence complained as alleged in paragraph 8 of Plaintiff's Second Amended Complaint, but Defendant denies all other factual allegations.

9. Defendant cannot admit or deny the factual allegations in paragraph 9 of Plaintiff's Second Amended Complaint.

10. Defendant cannot admit or deny the factual allegations in paragraph 10 of Plaintiff's Second Amended Complaint.

11. Defendant cannot admit or deny the factual allegations in paragraph 11 of Plaintiff's Second Amended Complaint.

12. Defendant cannot admit or deny the factual allegations in paragraph 12 of Plaintiff's Second Amended Complaint.

13. Defendant denies the factual allegations set forth in paragraph 13 of Plaintiff's Second Amended Complaint.

14. Defendant cannot admit or deny the factual allegations in paragraph 14 of Plaintiff's Second Amended Complaint.

15. Defendant admits the plaintiff was transported to the City of Brownsville jail as alleged in paragraph 15 but denies all other factual allegations set forth in paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendant denies the factual allegations set forth in paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendant denies Plaintiff Candelario De Leon was a victim of Brownsville police procedure, custom and policy and all other factual allegations in paragraph 17 of Plaintiff's Original Petition.

18. Defendant admits on December 25, 1998, plaintiff was transported to the Brownsville Medical Center but denies all other factual allegations set forth in paragraph 18 of Plaintiff's Second Amended Petition.

19. Defendant denies the factual allegations set forth in paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendant denies the factual allegations set forth in paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendant denies the factual allegations set forth in paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendant denies the factual allegations set forth in paragraph 22 of Plaintiff's Second Amended Complaint.

23. Defendant denies the factual allegations set forth in paragraph 23 of Plaintiff's Second Amended Complaint.

24. Defendant denies the factual allegations set forth in paragraph 24 of Plaintiff's Second Amended Complaint.

25. Defendant denies the factual allegations set forth in paragraph 25 of Plaintiff's Second Amended Complaint.

26. Defendant denies the factual allegations set forth in paragraph 26 of Plaintiff's Second Amended Complaint.

27. Defendant denies the factual allegations set forth in paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendant cannot admit or deny the factual allegations in paragraph 28 of Plaintiff's Second Amended Complaint.

29. Defendant cannot admit or deny the factual allegations in paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendant cannot admit or deny the factual allegations in paragraph 30 of Plaintiff's Second Amended Complaint.

31. Defendant cannot admit or deny the factual allegations in paragraph 31 of Plaintiff's Second Amended Complaint.

32. Defendant cannot admit or deny the factual allegations in paragraph 32 of Plaintiff's Second Amended Complaint.

33. Defendant cannot admit or deny the factual allegations in paragraph 33 of Plaintiff's Second Amended Complaint.

34. Defendant cannot admit or deny the factual allegations in paragraph 34 of Plaintiff's Second Amended Complaint.

35. Defendant cannot admit or deny the factual allegations in paragraph 35 of Plaintiff's Second Amended Complaint.

36. Defendant denies the factual allegations in paragraph 36 of Plaintiff's Second Amended Complaint.

37. Defendant denies the factual allegations in paragraph 37 of Plaintiff's Second Amended Complaint.

38. Defendant cannot admit or deny the factual allegations in paragraph 38 of Plaintiff's Second Amended Complaint.

39. Defendant is not required to issue a response to paragraph 39 of Plaintiff's Second Amended Complaint.

40. Defendant denies Plaintiff is entitled to attorney fees as articulated in paragraph 40 of Plaintiff's Second Amended Complaint as he is not a prevailing party.

41. Defendant is not required to issue a response to paragraph 41 of Plaintiff's Second Amended Complaint.

42. Defendants specifically deny that Defendant City of Brownsville may be held liable for any punitive damages as set forth in Plaintiff's prayer.

43. Defendants deny Plaintiff is entitled to any damages whatsoever including, compensatory, exemplary, any interest or any court cost as articulated in Plaintiff's prayer. Defendants deny all factual assertions in Plaintiff's prayer.

## II.
## AFFIRMATIVE DEFENSES

44. Defendant would show Plaintiff's alleged injuries and damages were caused in whole or in part, or contributed to, by the negligence or fault or want of care by parties, person(s), or instrumentalities over whom Defendant exercised no control and for whose acts Defendant is not legally responsible.

45. Any loss or damage sustained by Plaintiff at the time and place on the occasion mentioned in Plaintiff's pleading was caused, in whole or in part, or contributed to, by the negligence of Plaintiff and not by any negligence or fault or want of care on the part of Defendant, and Defendant invokes the doctrine of comparative responsibility.

46. Defendant, to the extent that Plaintiff seeks recovery for the alleged negligence of Defendant, or its employees, hereby invokes the defenses of official and/or qualified immunity by and through its employees.

47. Plaintiff is not entitled to punitive damages against Defendant City of Brownsville.

48. Defendants assert sovereign immunity as an affirmative defense to Plaintiff's claims insofar as the Plaintiff has failed to plead a cause of action within the limited waiver of sovereignty immunity provided by the Texas Tort Claims Act.

## III.
## RESERVATIONS

49. Without waiving the foregoing denials and affirmative defenses but still insisting upon the same or further answer, if any need be necessary, and are separate defenses, Defendant reserves the right to file any and all cross actions, third party actions, counterclaims, motions and discovery as it may deem proper.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, City of Brownsville, prays that upon final trial and hearing hereof, Plaintiff takes nothing by his suit, that Defendant recovers all costs incurred herein, and that Defendant has such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Signed on June 1, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Ryan Henry
State Bar No. 24007347
USDC Adm. No. 22968

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, has been served on all counsel of record, via certified mail, return receipt requested, on June 1, 2001.

Carol P. Lomax
Branton & Hall P. C.
One Riverwalk Place, Ste. 1700
700 St. Mary's Street
San Antonio, Texas 78205
*Attorney for Plaintiff Attorney for*

Tyler Scheuerman
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Ste. 208
San Antonio, Texas 78230
*Defendant Stat Physicians, P.A, and Dr. Dovale*

Mr. William Gault
Brin & Brin, P.C.
1325 Palm Blvd., Ste. A
Brownsville, Texas 78520
*Attorney for Defendant Valley Regional Medical Center*

_____
Ryan Henry

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this pleading.

_____
Ryan Henry