55

United States District Court
Southern District of Texas
FILED

JUL 1 2 2001

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWSVILLE DIVISION**

| | | |
|---|---|---|
| **CANDELARIO DELEON** | ' | |
| **VS.** | ' | **CIVIL ACTION NO. CV-B-00-192** |
| | ' | |
| **CITY OF BROWNSVILLE, TEXAS;** | ' | |
| **BENIGNO REYNA, INDIVIDUALLY AND** | ' | |
| **IN HIS OFFICIAL CAPACITY AS** | ' | |
| **CHIEF OF POLICE FOR THE CITY OF** | ' | |
| **BROWNSVILLE, CITY OF BROWNSVILLE** | ' | |
| **POLICE OFFICER ANDRE S. TORRES, JR.,** | ' | |
| **INDIVIDUALLY AND IN HIS OFFICIAL** | ' | |
| **CAPACITY; AND CITY OF BROWNSVILLE** | ' | |
| **POLICE OFFICER ALEX ORTIZ,** | ' | |
| **INDIVIDUALLY AND IN HIS OFFICIAL** | ' | |
| **CAPACITY; HCA – THE HEALTHCARE** | ' | |
| **COMPANY, FORMERLY D/B/A** | ' | |
| **COLUMBIA/HCA HEALTHCARE** | ' | |
| **CORPORATION, COLUMBIA VALLEY** | ' | |
| **HEALTHCARE SYSTEM, L.P.,** | ' | |
| **INDIVIDUALLY AND D/B/A VALLEY** | ' | |
| **REGIONAL MEDICAL CENTER and** | ' | |
| **FORMERLY D/B/A COLUMBIA VALLEY** | ' | |
| **REGIONAL MEDICAL CENTER,** | ' | |
| **JOAO DOVALE, M.D., and** | ' | |
| **STAT PHYSICIANS, P.A.** | ' | |

# DEFENDANTS, JOAO DOVALE, M.D. AND STAT PHYSICIANS, P.A.'S
# 1st SUPPLEMENTAL RULE 26(a) INITIAL DISCLOSURES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, JOAO DOVALE, M.D. and STAT PHYSICIANS, P.A., file this their 1ST

Supplemental Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a):

1

Respectfully submitted,

**UZICK & ONCKEN, P.C.**

By: _____

Tyler Scheuerman
State Bar No. 00791610
Federal No. 19683

Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
(210) 341-7703
(210) 341-1570 facsimile

**ATTORNEYS FOR DEFENDANTS,
JOAO doVALE, M.D. and
STAT PHYSICIANS, P.A.**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been sent in accordance with the Texas Rules of Civil Procedure to the following parties on the 10th day of July 2001:

Carol P. Lomax
Branton & Hall, P.C.
700 N. St. Mary's St., Ste. 1700
San Antonio, Texas 78205

Ryan Henry
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd., Ste. 460
Brownsville, Texas 78521

William Gault
Brin & Brin, P.C.
1325 Palm Blvd., Ste. A
Brownsville, Texas 78521

_____

Tyler Scheuerman

2

# RULE 26(a) INITIAL DISCLOSURES

(D)    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments to satisfy the judgment.

**RESPONSE:**

Will supplement.

**1ST SUPPLEMENTAL RESPONSE (07/10/01):**

See attached.  Policy limits:  $1,000,000

3

Case 1:00-cv-00192  Document 55  Filed in TXSD on 07/12/2001  Page 4 of 22

**MMCO**

Mechanicsburg, PA 17055-0055
Tel 800.382.1378

# HEALTH CARE PROVIDERS
# LIABILITY POLICY

| | |
|---|---|
| **Named Insured and Address:**<br>EMCARE HOLDINGS INC<br>SPECTRUM EMERGENCY CARE INC<br>& STAT HEALTHCARE INC<br>1717 MAIN ST<br>DALLAS   TX   75201 | **Producer Name and Address:**<br>HEALTHCARE INSURANCE SERVICES INC<br>820 GESSNER RD<br>STE 1000<br>HOUSTON   TX   77024 |

| Policy Number: HCL   10256 | Renewal of: HCL   10256   01/01/1999   01/01/2000 |
|---|---|

| Policy Period: From 01/01/2000   To 01/01/2001 | 12:01 a.m. Standard Time at the address<br>of the named insured as stated herein. |
|---|---|

The insurance provided is only with respect to the coverages described below for which premiums are indicated. The limit of Company's liability as respects such coverage shall be as stated below, subject to all relevant terms of this policy.

| COVERAGES | LIMITS OF LIABILITY | | INITIAL EFFECTIVE DATE | ADVANCE PREMIUM |
|---|---|---|---|---|
| | Incident | Aggregate | | |
| CL/PE Coverage (CM) | 1,000,000 | 10,000,000 | | Included |
|   Spectrum Emergency | | | 10/01/1997 | |
|   STAT Healthcare Inc. | | | 12/10/1997 | |
|   EMCARE Holdings Inc. | | | 01/01/1998 | |
| MCO E&O Coverage (CM) | Included | Included | Included | Included |
| PL Coverage (CM) | 1,000,000 | 3,000,000 | See Sched | Included |

| POLICY FORM NUMBER(S): | TOTAL PREMIUM: |
|---|---|
| 1000A (12/96)   1008A (06/99)   1011 (12/96)<br>1021 (12/96) | TOTAL ADVANCE PREMIUM: |

ENDORSEMENTS.

1000 (12/96)   3013 (01/98)   3174 (01/98)   3186 (10/97)   3200 (12/95)
1024 (11/96)   3223 (12/96)

PL Coverage:  see endorsement #0006
PE Coverage:  all professional employees other than physicians and employees
scheduled on endorsement #0006.

This Declarations, with the policy jacket and referenced coverage parts, the Application and endorsements issued to form a part thereof, completes the above numbered Health Care Providers Liability Policy.

*Michael C. Burke*
_____
AUTHORIZED COMPANY REPRESENTATIVE

Issued Date: 07/06/2000

**JUN 1 1 2001**

1021 (07/96)

CMsPDF - www.texiss.com

# IMPORTANT NOTICE TO POLICYHOLDER

_ice describes some characteristics of occurrence and claims-made coverage. It is not a policy or a comprehensive
sis. The policy alone determines the scope and limits of your insurance protection, your rights and your duties. Please
: carefully and contact your agent or broker if you have any questions.

## JRRENCE COVERAGES

overage, Personal Injury and Property Damage Liability, if applicable, provides occurrence coverage for liability
from personal injury or property damage which occurs during the policy period, no matter when a claim is
.

## IS-MADE COVERAGES

_ and CUPE Coverages, Institutional Professional Liability, Physician & Surgeons Professional Liability, and
:sional Corporation Liability, if applicable, provide claims-made coverage for liability arising from bodily injury or
ty damage caused by a medical incident which occurs on or after the Initial Effective Date and before the end of
olicy period if the claim is first made during the policy period.

ors, Officers and Trustees, if applicable, provides claims-made coverage for liability arising from a wrongful act which
: or occurred before the end of the policy period if the claim is first made during the policy period.

Privileges Protection, if applicable, provides claims-made coverage for liability arising from a staff privileges incident
occurs on or after the Initial Effective Date indicated for such coverage and before the end of the policy
' the claim is first made during the policy period.

. .ent Practices Liability, if applicable, provides claims-made coverage for liability arising from employment practices
occur on or after the Initial Effective Date indicated for such coverage and before the end of the policy period
:laim is first made during the policy period.

tial Effective Date is shown on a policy Declarations, endorsement, or schedule of covered physicians, no coverage
ded for injury that occurred before that date, even if a claim is first made during the policy period. A claim is
ered first made when it is first reported to our Claims Department. Refer to the definition of the term "Claim" and
on 1 of your policy for specific provisions.

## FTION FOR CLAIMS-MADE COVERAGE

-made coverage includes an option to assure continuity of coverage. Upon termination of the policy for any reason,
otherwise provided by the policy) an extended reporting period (tail) may be purchased. Election of this option
continuity of coverage if you are offered a replacement policy with a later Initial Effective Date than the one in your
policy. If tail is not purchased within the specified time and a claim is first made after termination of claims-made
ge, you will not have coverage under our policy. Read Condition 4 of your policy regarding availability of, and the time
ment conditions relative to the purchase of, tail coverage.

06)

# PHICO Insurance Company
## One PHICO Drive, P.O. Box 85, Mechanicsburg, PA 17055-0085

; endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless
wise stated herein. All policy provisions and conditions not amended herein remain unchanged. (The information in
heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

**Named Insured and Address:**

EMCARE HOLDINGS INC
SPECTRUM EMERGENCY CARE INC
& STAT HEALTHCARE INC
.717 MAIN ST
DALLAS TX 75201

**Producer Name and Address:**

HEALTHCARE INSURANCE AGENCY INC
820 GESSNER   STE 1000
HOUSTON TX 77024

**Endorsement Number:** 0003

**Policy Number:** HCL 10256

**Endorsement Effective Date:** 01/01/2000

**Policy Period: From** 01/01/2000 **To** 01/01/2001

_____12:01 a.m., standard time at the address of the named insured_____

## SELF-INSURED RETENTION
(Insured's Retention of Indemnity and Defense Costs)

n consideration of reduced premium, PHICO's obligation under PL, CL/PE and Managed Care
&O Coverages to pay damages, and related costs, expenses, charges, legal expenses and
egal fees when due, resulting from each medical incident or E&O claim, shall apply as set
orth in this endorsement. The insured(s) have a self-insured retention of $1,000,000 per
ess event (medical incident or E&O claim), regardless of the number of insureds involved
~ the loss event, and $13,000,000 in the aggregate for the policy year. The self-insured
ention includes, and shall be reduced by payments of, indemnity and expense. The total
nt of indemnity that will be paid on behalf of any insured for any loss event shall be
1,000,000. Coverage under this policy on a loss event basis shall apply after the
exaustion of the self-insured retention by payment of indemnity and/or expense, and
indemnity payment under the policy shall be limited to an amount which, when combined with
~y indemnity payment made under the self-insured retention, does not exceed $1,000,000.

ayment of any amount within the limit of such self-insured retention to satisfy (a) claim
: the time of judgement or settlement and (b) related costs, expenses, charges, legal
penses and legal fees when due shall be the sole responsibility of the named insured.
HICO will not assume any payments for amounts within the limit of the self-insured
etention.

.e terms of the policy, including those with respect to (a) PHICO's rights and duties
.th respect to the defense of **claims** except as it relates to the expense thereof and (b)
.e **insured's** duties to assist and cooperate with PHICO shall apply irrespective of the
plication of the self-insured retention.

r the purpose of this endorsement, "self-insured retention" means the sum stated in the
rst paragraph of this endorsement which the **insured** shall retain as self-insurance with
spect to each **medical** incident or E&O Claim. This amount shall be actually paid or
yable in the settlement or satisfaction of a claim for which the named insured may be
able by adjudication or compromise provided always that coverage is otherwise afforded
such claim under PL, CL/PE and Managed Care E&O coverages. The amount so stated shall
deducted by PHICO from any sums for which the insured may be liable and which would
nerwise be payable under this policy.

_Michael C. Brinker_

**AUTHORIZED COMPANY REPRESENTATIVE**

` (12/96)`

# PHICO Insurance Company

One PHICO Drive P.O. Box 85 Mechanicsburg, PA 17055-0085 (800) 382-1378

- ·ndorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise ·ʋ herein. All policy provisions and conditions not amended herein remain unchanged. (The information in the heading this endorsement is required only when the endorsement is issued subsequent to policy.)

amed Insured and Address:

ᴴCARE HOLDINGS INC
ᴾECTRUM EMERGENCY CARE INC
STAT HEALTHCARE INC
717 MAIN ST
ᴧLLAS        TX  75201

Producer Name and Address:

HEALTHCARE INSURANCE SERVICES INC
820 GESSNER RD
STE 1000
HOUSTON            TX  77024

ndorsement Number: 0007

Policy Number: HCL   10255

ndorsement Effective Date: 01/01/2000

Policy Period: From 01/01/2000 To 01/01/2001
12:01 a.m., standard time at the address of the named insured

consideration of the premium charged, the policy is amended as follows:

·ysicians who have agreed by contract with the named insured to purchase and maintain
·eir own Medical Professional Liability insurance shall not be afforded coverage under
·is policy, however, coverage for the named insured and additional insured shall not be
·nited as respects such physician's acts or omissions in the furnishing of health care
··ices.

*Michael C. Brinker*

AUTHORIZED COMPANY REPRESENTATIVE

# PHICO Insurance Company
One PHICO Drive, P.O. Box 85, Mechanicsburg, PA 17055-0085

: endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless lerwise stated herein. All policy provisions and conditions not amended herein remain unchanged. (The information in the heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

**Named Insured and Address:**

EMCARE HOLDINGS INC
SPECTRUM EMERGENCY CARE INC
& STAT HEALTHCARE INC
1717 MAIN ST
DALLAS   TX   75201

**Producer Name and Address:**

HEALTHCARE INSURANCE AGENCY INC
820 GESSNER    STE 1000
HOUSTON   TX   77024

**Endorsement Number:** 0032

**Policy Number:** HCL 10256

**Endorsement Effective Date:** 01/01/2000

**Policy Period:** From 01/01/2000 To 01/01/2001

12:01 a.m., standard time at the address of the named insured

In consideration of additional premium of $154,286, the policy is amended to provide retroactive reporting period coverage for the following insured physicians for claims arising out of professional activities performed within the scope of their duties for Diskin & Harari, M.D., P.A. D/B/A Emergency Medicine Specialists of the Palm Beaches at St. Mary's Medical Centers:

Insured Physicians:  Schedule of physicians on file with the company.
Initial Effective Date:  7/1/94

Contract Location:  St. Mary's Medical Center
Adult & Pediatric ED
901 48th Street
West Palm Beach, FL  33407

Applicable Limits of Liability:  Per each physician
$1,000,000 each medical incident/$3,000,000 aggregate

Corporation
$1,000,000 each medical incident/$3,000,000 aggregate

*Michael C. Binder*

AUTHORIZED COMPANY REPRESENTATIVE

1000 (12/96)

# Health Care Providers Liability Policy

*for*

The coverages provided by this policy are either claims-made or occurrence, as indicated on each coverage part. Claims-made coverages apply only to claims arising from events which *occur* on or after the Initial Effective Date stated in the Declarations and *reported* to Company while this policy is in force. You may purchase an extended reporting period (tail) for these coverages in accordance with Condition 4, General Provisions, of this policy if the policy is terminated. Occurrence coverages apply only to claims arising from events which *occur* while this policy is in force.

The General Provisions contain defense terms, conditions, definitions, and exclusions common to all coverages. These apply to each coverage part unless amended in that part or by endorsement.

This is a legal contract between you and PHICO Insurance Company ("Company"), a stock insurance Company. Please read and review the entire policy. If you have any questions, please contact your agent or broker or Company.

**IN WITNESS WHEREOF,** Company's President and Corporate Secretary have signed this policy, but it shall not be valid unless completed by a Declarations signed by a duly-authorized Company representative.

_____
Corporate Secretary

_____
President

*Thank you for relying on PHICO Insurance Company for your protection.*

*One PHICO Drive   P.O. Box 85   Mechanicsburg, PA 17055-0085*
*Tel 800.382.1378*

1000A (12/96)          PHICO

# Policy Guide

## Policy Index

This policy consists of the following:

- Declarations

- Coverage Part(s)
  Each coverage part includes:
  Insuring Agreement
  Definitions
  Persons Insured
  Limits of Liability
  Exclusions

- General Provisions
  These include:
  Defense of Claims; Supplemental Payments
  General Conditions
  General Definitions
  General Exclusions

- Endorsements (As shown in the Declarations)

## Policy Assembly

The Declarations, Coverage Part(s), General Provisions, Endorsements, and the Application complete your policy. The Declarations show the coverage(s) and limits you have elected. The Coverage Parts explain and define them.

Words and phrases in **boldface** type (other than headings and subheadings) are defined in this policy unless they apply only to a coverage not elected by the **named insured**. Headings and subheadings are solely for convenience and do not form a part of the terms and conditions of coverage.

# General Provisions

## Defense of Claims; Supplemental Payments

With respect only to insurance afforded by this policy, Company shall have the right and duty to defend any **claim** against the **insured** for damages payable under this policy even if the allegations of the **claim** are groundless, false or fraudulent. However, Company shall not be obligated to pay any **claim** or judgment, or defend any **claim**, unless afforded the opportunity to adequately investigate and prepare a defense. Company may make such investigation and settlement of any **claim** in accordance with Condition 1 of the General Conditions (below).

Company shall have the sole and final authority to select and retain counsel for the defense of any **insured** pursuant to Company's obligations under this policy. Company shall not be obligated to pay for the services of counsel retained without Company's authorization or approval or for counsel retained by any **insured** for the purpose of representing either those interests of the **insured** for which defense or coverage is not provided under this policy or for the purpose of representing the **insured** with respect to any exposure for damages in excess of the limits of liability of this policy.

Except as modified by a specific coverage part, Company agrees to pay, in addition to the applicable limit of liability:

(a) expenses incurred by Company and costs taxed against the **insured** in any **claim** defended by Company;

(b) post-judgment interest, prejudgment interest, or delay damages awarded against the **insured** in any **claim** defended by Company on that portion of the judgment that falls within the coverage provided by this policy and within the applicable limit of Company's liability as stated in the Declarations; however, if Company offers to pay its limit of liability, it will not pay such interest based on the period of time after the offer is made;

(c) premiums on appeal bonds required in any such **claim** and premiums on bonds to release attachments in any **claim** defended by Company, not to exceed the amount to purchase bonds with face value amounts that fall within the applicable limit of Company's liability as stated in the Declarations, but Company shall have no obligation to furnish any such bonds;

(d) reasonable expenses incurred by the **insured** at Company's request in assisting Company in the investigation and defense of any **claim**. Payment for actual loss of earnings shall not exceed $300 per day.

Company shall have no further defense and supplemental payments obligations under this policy (other than those provided under (b) immediately above) after the applicable limit of liability as stated in the Declarations has been exhausted by the payment of judgments or settlements.

Company shall not reimburse:

(a) any costs, charges, legal expenses and legal fees, or other expenses incurred by the **insured** without Company's consent; or

(b) the costs and expenses of any administrative proceeding, hearing or similar process (whether provided for by the articles or bylaws of the **named insured**, or otherwise) other than those included within in the definition of **claim**.

Company may, at its option ar. .pon request, advance on behalf of any   jured hereunder, expenses incurred relating to claims, provided that in the event it is finally established that Company has no liability hereunder, such insured shall repay Company, upon demand, all monies advanced by virtue of this provision.

# General Conditions

1.  **Reporting Requirements; Assistance and Cooperation of Insured.**

    (a)  A **claim** shall be considered made when the **insured** has reported it to Company. A **claim** as defined in paragraph (1) of its definition shall be reported immediately to Company. The **insured** shall immediately forward to Company every demand, notice, summons or other process the **insured** or the **insured's** representative receives. A **claim** as defined in paragraph (2) of its definition shall be reported as soon as practicable to Company.

    The report shall identify the **insured** and contain reasonably obtainable information with respect to the time, place, circumstances and extent of the injury, including the names and addresses of the injured and of available witnesses.

    All **claims** arising from the same **medical incident, occurrence, staff privileges incident, wrongful act or employment practice** shall be considered as having been made at the time the first **claim** is made against any **insured**.

    An event reported by the **insured** to Company as part of risk management or loss control services shall not be considered a report of a **claim**.

    (b)  The **insured** and each of its employees shall cooperate with Company and, upon Company's request, assist in investigations, in making settlements, in the conduct of **claims**, and in enforcing any right of contribution or indemnity against any person or organization that may be liable to the **insured** because of damages with respect to which insurance is afforded under this policy; and the **insured** and any of its members,[1] partners, officers, directors, stockholders, and employees that Company deems necessary shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The **insured** shall not, except at the **insured's** own cost, voluntarily make any payment, assume any obligation or incur any expense.

2.  **Settlement of Claims.** Company will not settle any **claim** without the **insured's** consent. The **insured's** consent shall not be withheld unreasonably and shall not be withheld solely on the basis of the amount of money to be tendered in an offer of settlement. The **insured's** consent will be presumed if the **insured** does not notify Company in writing of its intent to withhold consent within thirty (30) days of receiving notice of Company's intent to settle.

3.  **Other Insurance.** Any insurance afforded by this policy for medical professional liability arising from a **medical incident** is primary insurance. As primary insurance, Company's obligations are not affected unless any other insurance is primary, in which case Company will share with such other insurance by method (a) or (b) below, as applicable.

The insurance afforded by this policy, other than for medical professional liability arising from a **medical incident**, shall apply as excess over any other valid and collectible insurance, including any deductible portion of that insurance, any self-insurance, or any other financial mechanism, whether public or private,

CMPDF - www.foxto.com

insured entitled to participate in such mechanism. As excess insurance, if this insurance and any other insurance are both excess, Company will share with such other insurance by method (a) or (b) below, as applicable.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, Company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, Company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid; with respect to any amount of loss not so paid, the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits.** If any such other insurance does not provide for contribution by equal shares, Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

4. **Extended Reporting Period (Tail) Options.** If any claims-made coverage(s) provided by this policy is (are) canceled or nonrenewed, the **named insured** may purchase, subject to the conditions stated below, an extended reporting period or extended reporting periods, commencing with the effective date of cancellation or nonrenewal, for reporting **claims** otherwise covered by this policy.

The extended reporting period(s) may be purchased by giving written notice to Company within thirty (30) days of the effective date of cancellation or nonrenewal and by paying to Company promptly, when due, such premiums as may be required by Company's rules, rates, and rating plans then in effect.

An extended reporting period does not extend the **policy period** or the scope of coverage provided. Coverage is limited to **claims** reported to Company during the extended reporting period arising from

(a) **medical incidents, staff privileges incidents, or employment practices** which occur on or after the Initial Effective Date as stated in the Declarations and prior to the end of the **policy period**

or

(b) **wrongful acts** which occur prior to the end of the **policy period**.

The terms "cancellation" or "nonrenewal" shall also include renewal or replacement of any claims-made coverage(s) with coverage(s) that:

(a) has (have) an Initial Effective Date later than the date stated in the Declarations of this policy; or

(b) does (do) not apply on a claims-made basis.

5. **Premium.** All premiums for this policy shall be computed on an annual basis in accordance with Company's current rules, rates, rating plans, premiums, and minimum premiums applicable to the insurance afforded herein. The payment of all premiums due hereunder shall be the responsibility of the **named insured**.

CPAPDF · www.fasio.com

Premium designated in the Declarations as "Advance Premium" is a deposit premium only which shall be credited toward the amount of the earned premium due upon expiration of this policy or upon termination during the **policy period** or at the end of each annual **policy period.** If this policy is subject to audit adjustment and earned premium is determined to be more than advance premium paid, Company shall so notify the **named insured** and the additional premium shall become due and payable; if less, Company shall return to the **named insured** the unearned portion, subject to any applicable policy minimum premium.

The **named insured** shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to Company at the end of the **policy period** and at such times during the **policy period** as Company may direct.

6. **Inspection and Audit.** Company shall be permitted but not obligated to inspect the **named insured's** property and operations at any time. Neither Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the **named insured** or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

Company may examine and audit the **named insured's** books and records at any time during the policy **period** and extensions thereof, and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

7. **Declarations and Applications.** By acceptance of this policy, the **named insured** agrees that the statements in the Declarations and Application, and in any subsequent notice relating to this insurance, are its agreements and representations, that this policy is issued and continued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the **named insured** and Company or any of its agents relating to this insurance.

8. **Sole Agent.** The **named insured** shall act on behalf of all **insureds** with respect to giving and receiving notice of termination or any other notice provided for under this policy, accepting any endorsement issued to form a part of this policy, payment of premium due, and receiving return premium, if any, and is charged with the responsibility of notifying Company and all **insureds** of any changes which might affect the insurance provided by this policy.

9. **Participating Provision.** The **named insured** shall participate in earnings of Company to the extent and upon the conditions determined by Company's Board of Directors in accordance with the law and made applicable to this policy, provided no dividend shall be payable hereunder unless the **named insured** has complied with the terms of this policy with respect to payment of premium.

10. **Changes.** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or stop Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by written endorsement issued to form a part of this policy.

11. **Assignment.** The interest hereunder of any **insured** is not assignable. If any **insured** shall die or be adjudged incompetent, the coverage shall thereupon terminate for such **insured** but such insurance as is afforded by this policy shall cover such **insured's** legal representative(s) as the **insured** with respect to liability previously incurred and covered by this policy.

12. **Bankruptcy or Insolvency.** The bankruptcy or insolvency of the named insured or of any insured, or the insolvency of the insured's estate, shall not of itself relieve Company of any of its obligations under this policy.

13. **Subrogation.** In the event of any payment under this policy, Company shall be subrogated to all the insured's rights of recovery therefor against any person or organization, other than the United States of America, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

14. **Action Against Company.** No action shall lie against Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and Company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy.

No person or organization shall have any right under this policy to join Company as a party to any action against the insured to determine the insured's liability nor shall Company be impleaded by the insured or his legal representative.

15. **Cancellation and Nonrenewal.** This policy may be canceled or nonrenewed only in accordance with the terms of the cancellation and nonrenewal endorsement(s) issued to form a part of this policy.

16. **Policy Construction.** This policy is a contract between the policyholder and Company and shall be construed in accordance with the law of the jurisdiction in which it was issued for delivery.

# General Definitions

"**Aircraft**" means any heavier-than-air aircraft designed to transport persons or property.

"**Automobile**" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include **mobile equipment**.

"**Bodily injury**" means injury to the human body, illness or disease sustained by an person, including death at any time resulting therefrom.

"**Claim**" is defined in each specific coverage part.

"**Directors, officers and trustees**" means all persons who were, now are or shall be members of the governing body of the **named insured**, except as excluded by schedule attached to this policy, and shall include the chief executive officer of the **named insured**.

"**Employee**" means a person (I) employed by the **named insured** for wages or salary, or (ii) who is a current or former member of the **named insured's** Board of Directors. **Employee** does not include any independent contractor, any **leased worker** or any **temporary worker**.

"Employment practices" mea.. any of the following practices directed a₉ st any of the named Insured s employees, leased workers, temporary workers, former employees or any applicant for employment by the named insured:

(1)   . Wrongful refusal to employ a qualified applicant for employment;

(2)   Wrongful failure to promote a qualified employee;

(3)   Wrongful demotion, negligent evaluation, negligent reassignment or wrongful discipline;

(4)   Wrongful termination;

(5)   Harassment, coercion, discrimination, or humiliation as a consequence of race, color, creed, national origin, marital status, medical condition, gender, age, physical appearance, physical and/or mental impairments, pregnancy, sexual orientation, or sexual preference;

(6)   Oral or written publication of material that slanders, defames, libels, or violates or invades the privacy of an employee, leased worker, temporary employee, former employee, or applicant for employment by the named insured; or

(7)   Wrongful denial of staff privileges.

"Insured" means any person or organization qualifying as an insured as to each specific coverage part under the Persons Insured provisions of that coverage part.

"Insured's products" means goods or products manufactured, sold, handled or distributed by an insured or by others trading under its name, including any container thereof (other than a vehicle), but insured's products shall not include a vending machine or any property other than such container, rented to or located for use of others, but not sold.

"Leased worker" means a person leased to the named insured by a labor leasing firm under an agreement between the named insured and the labor leasing firm to perform duties related to the conduct of the named insured's business. Leased worker does not include a temporary worker.

"Loading or unloading" means the handling of property after it is moved from the place where it is accepted for movement into or onto an automobile, aircraft or watercraft while it is in or on an automobile, aircraft or watercraft, or while it is being moved from an automobile, aircraft or watercraft to the place where it is finally delivered, but loading or unloading does not include movement of property by means of a mechanical device (other than a hand truck) that is not attached to the automobile, aircraft or watercraft.

"Medical incident" means any act or omission:

(1)   in the furnishing of any professional health care service immediately incident to the care of patients including, but not limited to, the furnishing of food, beverages, medications or appliances in connection with such services and the post-mortem handling of human bodies by the insured, any employee of the insured, or any person acting under the personal direction, control or supervision of the insured; or

(2)   in the teaching of skills relative to, or academic instruction relative to the delivery of, medical, surgical, psychiatric, nursing or similar professional services, by the insured, while acting within the scope of such teaching duties.

Any such act or omission, together with all related acts or omissions in the furnishing of such services to any one person, shall be considered one medical incident.

or not self-propelled, (1) not subject to motor vehicle registration; (2) maintained for use exclusively on premises owned by or rented to the **insured**, including the ways immediately adjoining; (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than mix-in-transit types); graders, scrapers, rollers and other road construction repair equipment; air compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well-servicing equipment.

**"Named insured"** means the person or organization designated as the "Named Insured" in the Declarations.

**"Occurrence"** means:

(1)    an accident (including continuous or repeated exposure to substantially the same general conditions, or the happening of any of the offenses described in the definition of **personal** injury) which results in **personal injury** or **property damage** neither expected nor intended from the standpoint of the **insured**;

(2)    an assault, battery, or assault and battery, not committed by or at the direction of the **insured** which results in **bodily injury** or **property damage**; or

(3)    any action taken by the **insured** in good faith in an emergency for the purpose of preventing injury or damage to the person or property of the **insured** or others, which results in **bodily injury** or **property damage**.

**"Personal injury"** means **bodily injury**; or injury arising from one or more of the following offenses committed in the conduct of the **insured's** business:

(1)    false arrest, detention or imprisonment, or malicious prosecution;

(2)    oral or written publication of material that libels; slanders; defames; infringes upon or misappropriates a copyright, trademark, service mark or trade name, title or slogan; misappropriates an idea; or constitutes an invasion of the right of privacy;

(3)    wrongful entry or eviction, or other invasion of the right of private occupancy.

**"Property damage"** means (1) physical injury to tangible property, including loss of use thereof at any time resulting therefrom; or (2) loss of use of tangible property, other than an **insured's products**, which is not physically damaged.

**"Policy period"** means the "Policy Period" stated in the Declarations.

**"Staff privileges incident"** means any act or omission arising from service by any **insured** as a member of an accreditation or credentialing committee or hearing panel while such **insured** is acting within the scope of his duties as such. Such acts or omissions shall include, but not be limited to, an improper or unlawful denial or restriction of a claimant's staff privileges or a wrongful failure to act upon an application or request for such privileges.

**"Temporary worker"** means a person who is furnished to the **named insured** to substitute for a permanent **employee** on leave or to meet seasonal or short-term workload conditions.

"**Wrongful act**" means any actual or alleged error or misstatement or misleading statement or act or omission or neglect or breach of duty by **directors, officers and trustees** in the discharge of their duties, individually or collectively, or by any person acting on their behalf, or any matter claimed against them solely by reason of their being **directors, officers and trustees** of the **named insured**. Such duties or matters shall not include those which relate to any accreditation or credentialing committee or hearing panel of the **named insured**.

# General Exclusions

This policy does not apply:

(a) to any **claim** arising from the performance of any dishonest, fraudulent, criminal or malicious act, or omission, by or with the knowledge or consent of, or at the direction of, the **insured**;

(b) to any obligation for which the **insured** or its insurer, or self-insurance plan or fund, may be held liable under any workers compensation, unemployment compensation or disability benefits law or under any similar law;

(c) to any liability for civil or criminal fines or penalties, double or treble damages, or any multiple of compensatory damages;

(d) to any **claim** arising from war, whether or not declared, civil war, insurrection, rebellion or revolution, terrorism or any act or condition incident to any of the foregoing;

(e) to any **claim** alleging:

   (1) anti-trust violations, the monopolization of, or the unlawful restraint of, trade, business or profession, or conspiracy to damage another in trade or business, including but not limited to, any such **claim** involving the improper or unlawful denial or restriction of staff privileges or the **insured**'s failure to act upon any application for such privileges;

   (2) harassment, coercion, discrimination, or humiliation as a consequence of race, color, creed, national origin, marital status, medical condition, gender, age, physical appearance, physical and/or mental impairments, pregnancy, sexual orientation or sexual preference;

   (3) violation of the Securities Act of 1933, as amended, the Securities Act of 1934, as amended, any state Blue Sky or securities law or similar state or federal statute, or any regulation or order pursuant to such statutes;

   (4) violation of the Racketeer Influenced and Corrupt Organization Act, any amendments of the Act or any rules or regulations pursuant to the Act or similar state statutes, amendments or regulations;

   (5) violation of the Employee Retirement Income Security Act of 1974, as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 and any subsequent amendments or related local, state or federal statutory law or common law;

   (6) violation of laws prohibiting deceptive or unfair trade or business practices or unfair competition;

   (7) violation of any other federal, state or local law, regulation or ordinance;

(f)  to any claim arising from t.._ acts of another for which the **insured** ha_ assumed responsibility under any contract or agreement, whether written or oral, other than any written contract provision under which the **named insured** agrees to hold a third party harmless for **claims** arising from the conduct of an **insured** under this policy for an event for which coverage is otherwise provided under this policy;

(g)  to any **claim** arising from the process of formation, performance or breach of an actual or alleged contract or agreement, whether written or oral;

(h)  to any **claim** against an **insured**:

  (1)  for which the **insured** is entitled to indemnity and/or payment by reason of having given notice of any circumstance which might give rise to a **claim** under any other policy or policies;

  (2)  arising from any pending or prior litigation or other proceeding as of the inception date of this policy, as well as all **claims** or litigation based upon the pending or prior litigation or derived from the same, or essentially the same, facts (actual or alleged) that gave rise to the prior or pending litigation or proceeding; or

  (3)  arising from a demand, summons or other notice received by the **insured** prior to the effective date of this policy;

(i)  to any **claim** arising from the failure to effect and maintain insurance including policies, bonds or self-insurance;

(j)  to any **claim** arising from the ownership, maintenance, operation, use, **loading or unloading** of:

  (1)  any **automobile or aircraft** owned or operated by, or rented or loaned to, any **insured**, or

  (2)  any other **automobile or aircraft** operated by any person in the course of his employment by the **insured**;

  except that this exclusion does not apply to **claims** involving an **automobile** not owned by, or rented to or loaned to, any **insured** when such **automobile** is being parked upon premises owned by, rented to or controlled by the **named insured** or the ways immediately adjoining such premises, or a rotor-wing **aircraft** not owned in whole or in part by, or leased under any lease agreement or lease optio.. purchase agreement by, any **insured**. Any contract or agreement for rotor-wing **aircraft** services entered into by the **named insured** shall not be considered either a lease or lease agreement;

(k)  to any **claim** against any **insured** as the perpetrator of sexual conduct including, but not limited to, sexual abuse, deviate sexual behavior, sexual assault or child molestation, except that, Company will provide a defense unless, and until such time as, a judgment or other final adjudication thereof adverse to the **insured** shall establish the **insured** as the perpetrator;

(l)  to **bodily injury**, including damages for care and loss of services,

  (1)  to any **employee** of an **insured** arising from and in the course of his employment by such **insured** for which such **insured** may be held liable as an employer or in any other capacity, or

  (2)  sustained by the spouse, child, parent, brother or sister of any **employee** of an **insured** as a consequence of **bodily injury** to such **employee** arising from and in the course of employment by such **insured,** and to any obligation of an **insured** to indemnify or contribute with another because of damages arising from such **bodily injury**; however, this exclusion does not apply to liability for the acts of another assumed by an **insured** under an **incidental contract**;

(m)  to any **claim** arising from **employment practices**;

(n)  to any claim arising from the administration or maintenance of any employee benefits program, plan or trust, including, but not limited to, a claim for any benefit payable pursuant thereto.

1000A (12/96)                                                                                Page 11 of 11

# Physician and Surgeon Professional Liability Coverage Part (PL)
### *This is a Claims-Made Coverage*

## I Insuring Agreement

Company, in consideration of the payment of the premium, in reliance upon the statements in the Declaratio and Application made a part hereof and subject to all the terms of this policy, agrees with the named insur to pay on behalf of the **insured** all sums which the **insured** shall be legally obligated to pay as damag because of

(a)  **bodily injury** or **property damage** to which this insurance applies caused by a **medical incident**; o

(b)  a **staff privileges incident** to which this insurance applies; and

which occurs on or after the Initial Effective Date stated in the Declarations, and for which **claim** is reported Company during the **policy period**, arising from the practice of the **insured's** profession as a **physician**.

A **medical incident** is any act or omission:

(1)  in the furnishing of any professional health care service immediately incident to the care of patien including, but not limited to, the furnishing of food, beverages, medications or appliances connection with such services and the postmortem handling of human bodies by the **insured**, a: employee of the **insured**, or any person acting under the personal direction, control or supervision the **insured**; or

(2)  in the teaching of skills relative to, or academic instruction relative to the delivery of, medical, surgica psychiatric, nursing or similar professional services, by the **insured**, while acting within the scope such teaching duties.

Any act or omission, together with all related acts or omissions in the furnishing of such services to any or person, shall be considered one **medical incident**.

A **staff privileges incident** is any act or omission arising from service by any **insured** as a member of a accreditation or credentialing committee or hearing panel while such **insured** is acting within the scope of hi duties as such.  Such acts or omissions shall include, but not be limited to, an improper or unlawful denial c restriction of a claimant's staff privileges or a wrongful failure to act upon an application or request for suc privileges.

Coverage is afforded under this coverage part for **medical incidents** or **staff privileges incidents** occurrin anywhere in the world provided the original suit for damages is brought within the United States of America its territories or possessions, Puerto Rico, or Canada.

## II. Definitions

The definitions stated in the General Provisions shall apply to this coverage part.  When used in this coverag part (including endorsements forming a part hereof):

"Claim" means:

(1)  an express demand for damages arising from a **medical incident** or a **staff privileges incident** t which this insurance applies; an express demand for damages shall be deemed to include a civ action in which damages to which this insurance applies are alleged and an arbitration proceeding t which the **insured** is required to submit by statute or court rule or to which the **insured** has submitte with Company's consent; or

(2)  an act or omission which the **insured** reasonably believes will result in an express demand fo damages to which this insurance applies.

A report of a **claim** to Company must comply with the requirements of Condition 1 of the General Provisions.

L1 (12/96)

"Physician" means any individual who is licensed or approved by a state, the District of Columbia, or oth competent legal authority within the United States, a territory or possession of the United States, Pue Rico, or Canada to provide health care or professional medical services as a physician or surgec osteopathic physician or surgeon, or podiatrist.

## III. Persons Insured

Any physician for whom such coverage is afforded by this coverage part as indicated in the Declarations an insured.

## IV. Limits of Liability

Regardless of the number of insureds under this coverage part or the number of claims made, Company liability is limited as follows:

Company's total liability for all damages because of all medical incidents or staff privilege incidents to which this coverage part applies shall not exceed the amount stated in the Declaratior as the "aggregate" limit of liability.

Subject to the above provision with respect to "aggregate", Company's total liability for all damage because of one medical incident or staff privileges incident shall not exceed the amount stated the Declarations as the "each incident" limit of liability.

Such limits of liability shall apply separately to each insured.

A claim may fall under only one coverage of this policy. The limits of liability of that coverage and only tha coverage shall be the applicable limits.

## Exclusions

The exclusions stated in the General Provisions, as amended below, apply to this coverage part.

Exclusion (m) is amended to read:

(m) to any claim arising from employment practices other than a wrongful denial of staff privileges.

This coverage part also does not apply:

(a)    to bodily injury or property damage arising from the rendering of or failure to render professiona health care services by any other person for whose  acts or omissions the insured may be held liabl as a member, partner, officer, director or stockholder of any professional corporation, association o partnership.

## VI. Amendments to General Provisions

The conditions stated in the General Provisions, as amended below, apply to this coverage part.

The first paragraph of Condition 4, Extended Reporting Period (Tail) Options, is amended to read:

If this coverage is canceled or nonrenewed, the named insured may purchase, subject to the conditions stated below, an extended reporting period of unlimited duration, commencing with the effective date o cancellation or nonrenewal, for reporting claims otherwise covered by this policy.