69

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | JURY DEMANDED |
| | § | |
| CITY OF BROWNSVILLE, | § | |
| TEXAS, ET AL | § | |
| | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company and makes and files this its reply to Plaintiff's Response to Defendants' Motion to Dismiss and for cause thereof would respectfully show the Court as follows:

I.

Plaintiff has not provided any evidence or any report criticizing HCA-The Healthcare Company. Plaintiff has not mentioned this Defendant in any of its reports or made any allegations against this Defendant. As such, Defendants' Motion to Dismiss should be granted as to this Defendant.

II.

Plaintiff's medical malpractice allegations in this case concern only the emergency room visit of December 24, 1998. Defendants Columbia Valley Healthcare System, L.P. d/b/a Valley Regional

DELEON/VRMC: MOTION-01
PAGE 1

Medical Center and HCA-The Healthcare Company move to dismiss the claims against them because plaintiff has not filed a report that complies with Article 4590i §13.01 V.A.T.S. as plaintiff's expert reports do not set forth the applicable standards of care for nurses or hospital employees, the manner in which the care failed to meet the standard, nor the causal relationship between the failure and the injury claimed. See Article 4590i §13.01(r)(6) attached. Those are the three things that must be covered by these reports. The plaintiff's expert reports address these complaints concerning the co-defendant emergency room doctor, Dr. Dovale. However, none of them address the appropriate standard of care, the breach of the standard of care and the causation aspect for the hospital nurses or technicians or somebody besides the medical doctor.

The Plaintiff's liability experts opinions are summarized as follows:

A.   Dr. Garriott addresses only the intoxication levels of the plaintiff. He does not address standards of care, breach, or the medical causation. Furthermore, he is not a medical doctor or a nurse and is not legally qualified to address these issues.

B.   Dr. Slater addresses only Dr. Dovale's actions. His report refers only to what Dr. Dovale should have done.

C.   Dr. Peters' report on the first page refers only to Dr. Dovale. On the second page only the first conclusion is applicable to the Defendants sued in this case. The conclusion are only related to diagnosis and treatment and his report only refers to Dr. Joao (which is Dr. Dovale).

In his summary, Dr. Peters makes various general statements, but does not mention what the standard of care is for hospital personnel or how it was breached. Throughout his report, Dr. Peters never mentions standard of care for non-physicians or how that standard of care was breached. Dr.

Peters does not refer to any nursing standard of care or hospital technician standard of care throughout his report.

D.  Mr. Ross has a masters of business administration in health care administration. As such, he is not legally qualified to address medical or nursing standards of care and the breach of medical or nursing standards of care. Only medical doctors can testify as to medical causation. On the face of his report, he is legally unqualified to address the issues in 4590i §13.01.

Mr. Ross may be qualified to address hospital administration and policies and procedures. Mr. Ross' report clearly sets forth that he is relying upon the medical doctors designated by the plaintiff as experts as the basis of his opinions. The opinions set out by the medical doctors as stated above address their complaints against Dr. Dovale. Furthermore, other than repeating the medical opinions that he referred to in his statements summarizing the other experts' medical opinions, Mr. Ross' only criticism that he is qualified to testify to is that the hospital did not implement policies and procedures. Even though this is a global complaint, he does not set forth the standard of care of what is required. As stated above, he is disqualified as a matter of law from talking about medical causation or how this would have caused the Plaintiff's injuries. Furthermore, he cannot address nursing or hospital technicians standard of care or how it was breached as he is disqualified as a matter of law.

III.

The plaintiff has characterized these expert reports that they have produced in response to discovery and pursuant to the Court's scheduling orders as 4590i §13.01 reports that comply with the statue. However, Article 4590i§13.01(k) (see attached) states that notwithstanding any other law, an expert report filed under this section (2) shall not be used in the deposition, trial or other proceeding. While they certainly can be used to show the Court that they have been filed with the

Court to defeat a motion to dismiss, clearly, the expert reports that the plaintiff has filed in this case are expert reports that were filed in response to discovery and are intended to be used and the plaintiff intends for these to be referred to in the proceedings and intends for them to be the reports of the designated testifying experts. Clearly these reports are not reports filed as 4590i reports for the basis of keeping the case alive.

### IV.

Plaintiff has not filed any 4590i reports that are intended to keep the case alive so that they will not be dismissed pursuant to section 13.01 of Article 4590i. Furthermore, even the plaintiff's designated expert reports that have been provided pursuant to the Court's scheduling order do not address any of the aspects required by section 13.01 of Article 4590i. They do not address the nursing or technician standards of care (even the hospital administration standard of care is not clearly set forth in the expert's report), the breach of the standard of care, and no expert addresses how the hospital personnel (not the co-defendant emergency room doctor, Dr. Dovale) violation of the standard of care caused the plaintiff's injuries.

WHEREFORE, PREMISES CONSIDERED, these Defendants move that the Court grant its Motion to Dismiss and dismiss both of these Defendants, and for such other and further relief, at law or in equity, to which these Defendants may justly show themselves entitled to receive.

Respectfully submitted,

By: _____
    William Gault
    Federal I.D. No. 14685
    State Bar No. 07765050

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

ATTORNEY FOR DEFENDANTS COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER AND HCA-THE HEALTHCARE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 22nd day of October, 2001.

| | |
|---|---|
| Ms. Carol Lomax<br>Branton & Hall, P.C.<br>One Riverwalk Place, Suite 1700<br>700 N. St. Mary's Street<br>San Antonio, Texas 78205 | VIA CM#7000 0520 0022 1414 4226 |
| Mr. Ryan Henry<br>Willette & Guerra, L.L.P.<br>3505 Boca Chica Boulevard<br>Brownsville, Texas 78521 | VIA REGULAR MAIL |
| Mr. Tyler Scheuerman<br>Uzick & Oncken, P.C.<br>Fountainhead One Building<br>8200 IH-10 West, Suite 208<br>San Antonio, Texas 78230 | VIA REGULAR MAIL |

_____
William Gault

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CANDELARIO DE LEON | § |
| VS. | § CIVIL ACTION NO. CV-B-00-192 |
| | § JURY DEMANDED |
| CITY OF BROWNSVILLE, TEXAS, ET AL | § |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Came on to be considered Defendants Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company's Reply to Plaintiff's Response to Defendants' Motion to Dismiss and it appeared to the Court that the Motion to Dismiss should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company's Motion to Dismiss is hereby granted and the Plaintiff's claims against Defendants Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company are hereby dismissed.

Signed on this _____ day of _____ , 2001.

_____
JUDGE PRESIDING

COPIES TO:
Ms. Carol Lomax, BRANTON & HALL, P.C., One Riverwalk Place, Suite 1700, 700 N. St. Mary's Street, San Antonio, Texas 78205
Mr. William Gault, 1325 Palm Boulevard, Suite A, Brownsville, Texas 78520
Mr. Ryan Henry, Willette & Guerra, L.L.P., 3505 Boca Chica Boulevard, Brownsville, Texas 78521
Mr. Tyler Scheuerman, Uzick & Oncken, P.C., Fountainhead One Building, 8200 IH-10 West, Suite 208, San Antonio, Texas 78230

(k) Notwithstanding any other law, an expert report filed under this section:

(1) is not admissible in evidence by a defendant;

(2) shall not be used in a deposition, trial, or other proceeding; and

(3) shall not be referred to by a defendant during the course of the action for any purpose.

(*l*) A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report in Subsection (r)(6) of this section.

(m) On the claimant's compliance with the requirements of Subsection (d) of this section:

(1) any cost bond filed or cash deposited in an escrow account by the claimant under this section shall be released;

(2) the claimant, the claimant's counsel, and any surety have no liability on the cost bond or cash deposit; and

(3) an execution shall not be issued on the cost bond or cash deposit.

(n) If a claimant nonsuits a health care liability claim against a physician or health care provider before filing a cost bond and seeks to refile the same or a similar health care liability claim against the physician or health care provider, the claimant shall file a $7,500 cost bond for each previously nonsuited physician or health care provider at the time of the filing of the health care liability claim. If the claimant fails to file the $7,500 cost bond for each physician or health care provider, on motion and hearing the court shall order the filing of the cost bond and the claimant shall pay the movant reasonable attorney's fees incurred in obtaining relief under this subsection.

(o) Notwithstanding any other provision of this section, a claimant who is proceeding without an attorney and who is unable to afford a cost bond or cash deposit may, in lieu of a cost bond or cash deposit, file an affidavit in the same form required for an affidavit in lieu of security for costs under the Texas Rules of Civil Procedure.

(p) In the event of a conflict between this section and another law, including a rule of procedure or court rule, this section controls to the extent of the conflict.

(q) Notwithstanding the provisions of Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this section. The district courts and statutory county courts in a county may not adopt local rules in conflict with this section.

(r) In this section:

(1) "Affected parties" means the claimant and the physician or health care provider who are directly affected by an act or agreement required or permitted by this section and does not include other parties to an action who are not directly affected by that particular act or agreement.

(2) "Claim" means a health care liability claim.

(3) "Claimant" means a party who files a pleading asserting a claim. All plaintiffs claiming to have sustained damages as the result of the bodily injury or death of a single person are considered to be a single claimant.

(4) "Defendant" means a physician or health care provider against whom a health care liability claim is asserted. The term includes a third-party defendant, cross-defendant, or counterdefendant.

(5) "Expert" means:

(A) with respect to a person giving opinion testimony regarding whether a physician departed from accepted standards of medical care, an expert qualified to testify under the requirements of Section 14.01(a) of this Act; or

(B) with respect to a person giving opinion testimony about a nonphysician health care provider, an expert who has knowledge of accepted standards of care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim.

(6) "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

581