Case 1:00-cv-00192   Document 72   Filed in TXSD on 11/23/2001   Page 1 of 118

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

NOV 23 2001

| | |
|---|---|
| **CANDELARIO DE LEON** | § |
| | § |
| **VS.** | § |
| | § **CIVIL ACTION NO. CV-B-00-192** |
| | § **JURY DEMANDED** |
| | § |
| **CITY OF BROWNSVILLE,** | § |
| **TEXAS, ET AL** | § |

## DEFENDANTS COLUMBIA VALLEY HEALTHCARE SYSTEMS, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER AND HCA-THE HEALTHCARE COMPANY'S MOTION TO COMPEL PLAINTIFF'S ANSWERS TO DISCOVERY

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Columbia Valley Healthcare Systems, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company, two of the Defendants in the above entitled and numbered cause, and make and file this, their Motion to Compel Plaintiff's Answers to Discovery and would respectfully show the Court as follows:

I.

These Defendants served written interrogatories, requests for admission, initial disclosure requests and three sets of requests for production on the plaintiff by service upon his attorney of record.

Plaintiff improperly objected to or did not answer Defendant HCA-The Healthcare Company's Written Interrogatories Nos. 2,3,4 and 6. Plaintiff improperly objected to or did not answer Defendant HCA-The Healthcare Company and Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center's Interrogatories Nos. 5-9,11-13 and 17. Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center further

requests that Plaintiff be compelled to state a factual basis for his answers to written interrogatories 2 and 3.

Plaintiff has not answered or improperly objected to Defendants' First Request for Production Nos. 4-7, 9, 10, 12-14, 16 and 17 have not been answered. Defendants' Second and Third Requests for Production have been objected to.

Defendants' Requests for Admissions Nos. 2, 3, 5, and 8 have been improperly objected to.

Defendants hereby request this Court to set this Motion for hearing and, upon hearing this matter, to overrule Plaintiff's objections and to order the Plaintiff to fully respond to the discovery within ten days from hearing hereof.

## II.

In addition, Movant would show that counsel has conferred with good faith efforts to resolve the discovery dispute without the necessity of Court intervention and the efforts have failed. Letters to Plaintiff's attorney were sent requesting appropriate responses on July 6, 2001, August 23, 2001 and October 22, 2001.

## III.

Attached as Exhibit "1" are letters requesting Plaintiff's attorney to withdraw objections and respond to discovery. Attached as Exhibit "2" are Plaintiff's responses to discovery from HCA-The Healthcare Company. Attached as Exhibit "3" are Plaintiff's responses to discovery from Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court set this matter for hearing and enter an order for Plaintiff to fully respond to the herein above described discovery within ten days and for such other and further relief, at law or in equity, to which this Defendant may show itself justly entitled to receive.

Respectfully submitted,

By: _____
        William Gault
        Federal I.D. No. 14685
        State Bar No. 07765050
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 2 ͡ day of November, 2001.

Ms. Carol Lomax                          **VIA CM# 7000 1670 0001 2716 0136**
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Mr. Ryan Henry                           **VIA REGULAR MAIL**
Willette & Guerra, L.L.P.
3505 Boca Chica Boulevard
Brownsville, Texas 78521

DELEON/VRMC: COMPEL-M
PAGE 3

VIA REGULAR MAIL

Mr. Tyler Scheuerman
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230

William Gault

LEON/VRMC: COMPEL-M

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| **CANDELARIO DE LEON** | § |
| | § |
| **VS.** | § |
| | § **CIVIL ACTION NO. CV-B-00-192** |
| | § **JURY DEMANDED** |
| | § |
| **CITY OF BROWNSVILLE,** | § |
| **TEXAS, ET AL** | § |

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

On the _____ day of _____, 2001 came on the parties and the Court heard

Defendants Columbia Valley Healthcare Systems, L.P. d/b/a Valley Regional Medical Center and

HCA-The Healthcare Company's Motion to Compel and was of the opinion that the same should

be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff Candelario

De Leon's objections to Defendant HCA-The Healthcare Company's interrogatories 2-4 and 6 and

Defendants Columbia Valley Healthcare Systems, L.P. d/b/a Valley Regional Medical Center and

HCA-The Healthcare Company's interrogatories Nos. 5-9,11-13 and 17 are overruled and Plaintiff

is ordered to answer these interrogatories. It is further ordered that Plaintiff be compelled to state

a factual basis for his answers to Defendants Columbia Valley Healthcare Systems, L.P. d/b/a Valley

Regional Medical Center's interrogatories 2 and 3. It is further ordered that Plaintiff's objections

to Defendants Columbia Valley Healthcare Systems, L.P. d/b/a Valley Regional Medical Center and

HCA-The Healthcare Company's First Request for Production Nos. 4-7, 9, 10, 12-14, 16 and 17 are

overruled and Plaintiff is ordered to answer these Requests for Production. It is further ordered that

Plaintiff's objections to Defendants Columbia Valley Healthcare Systems, L.P. d/b/a Valley Regional

Medical Center and HCA-The Healthcare Company's Second and Third Requests for Production

are overruled and Plaintiff is ordered to answer these Requests for Production. It is further ordered

that Plaintiff's objections to Defendants Columbia Valley Healthcare Systems, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company's Requests for Admissions Nos. 2, 3, 5, and 8 are overruled and Plaintiff is ordered to answer these Requests for Admissions. Plaintiff shall amend his answers to this discovery within _____ days.

SIGNED AND ENTERED, this the _____ day of _____, 2001.

_____

JUDGE PRESIDING

COPIES TO:

Ms. Carol Lomax, Branton & Hall, P.C., One Riverwalk Place, Suite 1700, 700 N. St. Mary's Street, San Antonio, Texas 78205

Mr. William Gault, Brin & Brin, P.C., 1325 Palm Blvd, Suite A, Brownsville, Texas 78521

Mr. Ryan Henry, Willette & Guerra, L.L.P., 3505 Boca Chica Boulevard, Brownsville, Texas 78521

Mr. Tyler Scheuerman, Uzick & Oncken, P.C., Fountainhead One Building, 8200 IH-10 West, Suite 208, San Antonio, Texas 78230

# EXHIBIT 1

# BRIN & BRIN, P.C.
## ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607
bgault@brinandbrin.com

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
FOUNTAINHEAD ONE
8200 I-10 WEST, SUITE 610
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78539
TELEPHONE (956) 381-6602
FAX (956) 381-0725

August 23, 2001

**VIA FAX TRANSMISSION**

Ms. Carol Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Re:   Civil Action No. CV-B-00-192
      Candelario De Leon v. City of Brownsville, Texas, et al
      In the Southern District of Texas, Brownsville Division

Dear Ms. Lomax:

Pursuant to correspondence sent to you on July 6, 2001, we are again requesting that you please review your answers and responses to our Interrogatories, Requests for Production, and Requests for Admissions and provide us with appropriate answers, withdrawing the objections that are unneeded.

Specifically, the Plaintiff's answers to HCA and Valley Regional's Interrogatories 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 17 have either not been answered at all or the answer are incomplete.

Concerning the Requests for Production, the Plaintiff has not answered requests 4-7, 9, 10, 12-14, 16 and 17. Further, a Second Request for Production was propounded on Plaintiff requesting that a social security authorization be executed. Please withdraw your objection and have the Plaintiff execute the authorization as the information requested is clearly discoverable.

Since the correspondence to you on July 6th, Requests for Admissions have been propounded to the Plaintiff and Plaintiff has objected to requests 2, 3, 5, and 8. It is requested that you also withdraw the objections to the Requests for Admissions.

Ms. Carol Lomax
Re:     Civil Action No. CV-B-00-192
        Candelario De Leon v. City of Brownsville, Texas, et al
        In the Southern District of Texas, Brownsville Division
August 23, 2001
Page 2


        Please review the Plaintiff's responses and answers to our discovery, withdrawing the objections, so that this discovery dispute can be resolved without Court intervention.

        Should you have any questions, please do not hesitate to contact me.

                        Sincerely,

                        Becki S. Hunter

                        Becki S. Hunter
                        Paralegal


BSH
LOMAX-32

# FAX TRANSMISSION

## BRIN & BRIN, P.C.

**1325 PALM BLVD., SUITE A**
**BROWNSVILLE, TEXAS 78520**
**(956) 544-7110**
**FAX: (956) 544-0607**

**Date:**       August 23, 2001                          **Pages**: 3, including this cover sheet

**To:**         Ms. Carol Lomax                          **Fax #:** (210) 224-1928

**From:**       Becki S. Hunter, Paralegal

**Subject:**    RE:    Civil Action No. CV-B-00-192
                       Candelario De Leon v. City of Brownsville, Texas, et al
                       In the Southern District of Texas, Brownsville Division

**COMMENTS:**   Please see the attached correspondence.

## CONFIDENTIALITY NOTICE

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE RECIPIENT NAMED ABOVE. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF THE ORIGINAL DOCUMENTS TO US, AND YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED.

IF YOU DO NOT RECEIVE THE ENTIRE DOCUMENT OR IF YOU ENCOUNTER ANY OTHER DIFFICULTY, PLEASE PHONE (956) 544-7110 AS SOON AS POSSIBLE AND ASK FOR  Becki  .

**THANK YOU!**

```
****************** -COMM.JOURNAL          ******************** DATE AUG-2  .001 ***** TIME 15:42 *** P.01


    MODE = TRANSMISSION                         START=AUG-23 15:41        END=AUG-23 15:42

   NO.     COM    SPEED/NTWK   STATION NAME/      PAGES    PRG.NO.    PROGRAM NAME
                                TELEPHONE NO.

   001     OK     ☎           12102241928        003



************************( FAX-950  V2.06)** -               - ***** -                - **********
```

# BRIN & BRIN, P.C.
## ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607
bgault@brinandbrin.com

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
FOUNTAINHEAD ONE
8200 I-10 WEST, SUITE 610
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78539
TELEPHONE (956) 381-6602
FAX (956) 381-0725

July 6, 2001

**VIA FAX TRANSMISSION**

Ms. Carol Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Re:     Civil Action No. CV-B-00-192
        Candelario De Leon v. City of Brownsville, Texas, et al
        In the Southern District of Texas, Brownsville Division

Dear Ms. Lomax:

Thank you for sending me your client's answers to discovery. However, there are many deficiencies in the answers and I would appreciate you reviewing them and providing me appropriate answers and withdrawing the objections that are unneeded. As many of the objections were not proper, I would appreciate you reviewing all of them and telling me which ones you can drop, and amend your answers so that we do not need to have hearings on the objections that do not have a basis.

Concerning your answers to interrogatories from HCA, the answers to interrogatories 2, 3, 4 and 6 are referring to the hospital and the answers are nonsensical in the way that they refer to HCA. I believe that this even makes it clear that HCA should be nonsuited. I have forwarded to you a proposed order of nonsuit and I would appreciate your review of that.

The Plaintiff's answers to HCA and Valley Regional's interrogatories 5 and 6 have not been answered and I would appreciate you providing me answers to those interrogatories. The answer to both of these Defendants' interrogatories 7 and 8 should have their objections withdrawn. Furthermore, Plaintiff has not listed any healthcare that had provided healthcare before the incident made the basis of this lawsuit and the answer is obviously deficient.

Ms. Carol Lomax
Re:    Civil Action No. CV-B-00-192
       Candelario De Leon v. City of Brownsville, Texas, et al
       In the Southern District of Texas, Brownsville Division
July 6, 2001
Page 2

The Plaintiff's answers to HCA and Valley Regional's interrogatory 9 needs the name, address and telephone number of all of his employers and his average weekly wage. There are no listings for the employers you named. Answers to both Defendants' interrogatory 11 has been unanswered. The Plaintiff's answers to both Defendants' interrogatory 12 asks for statements from the Defendants. We are clearly entitled to this and I would appreciate you amending the answer to the interrogatory. The answer to both Defendants' interrogatory 13 is asking for his expenses. It would certainly be helpful if you provided his information. The answers to both Defendant's interrogatory 17 has not been answered at all.

Plaintiff's answers to Valley Regional interrogatories 2 and 3 has listed no factual basis.

Concerning the requests for production, the plaintiff has not answered request for production 4-7, 9, 10, 12-14, 16 and 17. The questions are fairly self explanatory and I believe that information is clearly discoverable. The Plaintiff also has not signed the social security authorization in our second set of Requests for Production.

I would appreciate your advising immediately whether or not you will revisit the objections and the lack of answers and letting me know whether or not you can withdraw the objections to the discoverable items and provide appropriate responses. Furthermore, someone in your staff has editorialized the questions adding (sic) whenever that person deemed appropriate. In looking at the questions that were sent to you, this did not appear in the questions. Your staff added (sic) whenever that person deemed appropriate. As you know, the questions are controlled by the one asking them and I would appreciate it if the editorial comments were taken out of the questions. Certainly if you have some objection to the questions, that should be provided I the response.

Sincerely yours,

William Gault

WRG/ss
LOMAX-12

Case 1:00-cv-00192   Document 72   Filed in TXSD on 11/23/2001   Page 14 of 118

MODE = TRANSMISSION                    START=JUL-06 17:00      END=JUL-06 17:02

| NO. | COM | SPEED/NTWK | STATION NAME/ TELEPHONE NO. | PAGES | PRG.NO. | PROGRAM NAME |
|-----|-----|------------|-----------------------------|-------|---------|--------------|
| 001 | OK  | ☎          | 12102241928                 | 003   |         |              |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*( FAX-950  V2.06)\*\* -          - \*\*\*\*\* -          - \*\*\*\*\*\*\*\*\*

# FAX TRANSMISSION

## BRIN & BRIN, P.C.

### 1325 PALM BLVD., SUITE A
### BROWNSVILLE, TEXAS 78520
### (956) 544-7110
### FAX: (956) 544-0607

**Date:** July 6, 2001                    **Pages:** 3, including this cover sheet

**To:**   **Carol Lomax**              **Fax #:** (210) 224-1928

**From:** William Gault

**Subject:**    RE:    Civil Action No. CV-B-00-192
                      Candelario De Leon v. City of Brownsville, Texas, et al
                      In the Southern District of Texas, Brownsville Division

## COMMENTS:

Please see the attached letter.

### CONFIDENTIALITY NOTICE

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE RECIPIENT NAMED ABOVE. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF THE ORIGINAL DOCUMENTS TO US, AND YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED.

IF YOU DO NOT RECEIVE THE ENTIRE DOCUMENT OR IF YOU ENCOUNTER ANY OTHER DIFFICULTY, PLEASE PHONE (956) 544-7110 AS SOON AS POSSIBLE AND ASK FOR SYLVIA.
                      **THANK YOU!**

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON, | § | COMPLAINT FOR DAMAGES FOR VIOLATIONS |
| | § | OF CIVIL RIGHTS UNDER COLOR OF STATE |
| Plaintiff, | § | LAW (42 U.S.C. §§ 1983) |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S OBJECTIONS TO WRITTEN INTERROGATORIES OF DEFENDANT, HCA-THE HEALTHCARE COMPANY

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW comes Plaintiff, CANDELARIO DeLEON, and files these objections to Written Interrogatories propounded by Defendant, HCA-THE HEALTHCARE COMPANY, and in support thereof, would show the Court as follows:

1.      Plaintiff objects to Interrogatory No. 2 to the extent that this interrogatory asks the Plaintiff to express legal conclusions and contentions.

2.      Plaintiff objects to Interrogatory No. 3 to the extent that this interrogatory asks the Plaintiff to express legal conclusions and contentions.

3.      Plaintiff objects to Interrogatory No. 4 to the extent that this interrogatory asks the Plaintiff to express legal conclusions and contentions.

4.      Plaintiff objects to Interrogatory No. 5 to the extent that this interrogatory asks the Plaintiff to express legal conclusions and contentions.

5.      Plaintiff objects to Interrogatory No. 6 to the extent that it asks him to express medical opinions which are contained in his medical records.

6.     Plaintiff objects to Interrogatory No. 7 in that it is overly broad, burdensome and global.  Plaintiff will provide to Defendant the names of those health care providers whom he has seen in the past five (5) years with respect to the injuries suffered in the accident made the basis of this lawsuit.

7.     Plaintiff objects to Interrogatory No. 8 in that it is overly broad, global and burdensome.  Plaintiff will provide to the Defendant the names of the health care providers for past hospitalizations which are related to the injuries suffered in the accident made the basis of this lawsuit.

8.     Plaintiff objects to Interrogatory No. 11 to the extent that it requires him to make a statement in terms of dollars and cents as to the amount sued for on general damages and to itemize that.  With respect to the amount of general damages, Plaintiff would refer the Defendant to Plaintiff's Original Complaint.

9.     Plaintiff objects to Interrogatory No. 17 to the extent that this interrogatory asks the Plaintiff to express legal conclusions and contentions.

Respectfully submitted,

By: _____

CAROL P. LOMAX
State Bar No. 12509100
Federal I.D. No. 13464
BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this _____ 21 _____ day of _____ June _____, 2001, to:

Ryan Henry
Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, TEXAS AND
BENIGNO REYNA IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE
FOR THE CITY OF BROWNSVILLE

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

_____
CAROL P. LOMAX

G:\WPFILES\FILES.CLT\D\DEL9827\DISC\HCA-ROG.OBJ

3

# PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT HCA - THE HEALTHCARE COMPANY'S INTERROGATORIES

TO:   HCA- THE HEALTH CARE COMPANY, by and through their attorneys of record, William Gault and Paul Fourt, BRIN & BRIN, P.C., 1235Palm Blvd., Suite A, Brownsville, Texas 78520

COMES NOW Plaintiff CANDELARIO DE LEON and  pursuant to FED. R. CIV. P. 33, serves the following Answers to Interrogatories propounded by Defendant, HCA- THE HEALTH CARE COMPANY

Respectfully submitted,

By: _____
CAROL P. LOMAX
State Bar No. 12509100
Federal I.D. No. 13464
BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

**REGULAR MAIL**

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

**CERTIFIED MAIL**

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

2

... ... ...or Nursing Home
901 Wild Rose Lane
Brownsville, Texas 78520

| | |
|---|---|
| Phone: | (956) 546-4568 |
| DOB: | June 15, 1941 |
| SS#: | 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 |
| TDL#: | 11804985 – issued by State of Texas, now expired |

## INTERROGATORY NO. 2:

State your specific legal contentions as to how this Defendant is liable to Plaintiff and the factual basis for those claims.

## ANSWER:

Plaintiff objects to Interrogatory No. 2 to the extent that this interrogatory asks the Plaintiff to express legal conclusions and contentions. Without waiving this objection, Defendant held itself out to the community in general, and to Plaintiff to have competent healthcare providers and adequate facilities. Defendant hospital represented that its employees were its agents and thereby caused Plaintiff to justifiably rely upon their care and skills. Defendant is liable to Plaintiff for the harm caused by the lack of care or skill of its employees appearing to be servants or agents. Defendant hospital created the appearance that the employees were agents of the hospital and would provide medical care. Defendant represented that its medical care providers were skilled, competent and duly licensed to provide medical care, creating agency by estoppel.

Defendant hospital is vicariously liable for the negligent acts of its employees who were acting in the course and scope of their employment at the time of subject incident. Defendant exerted actual control and authority as well as the right to control the activities of its employees.

Defendant, by and through its actual and ostensible agents, employees, vice principals and borrowed servants and independent contractors, failed to provide the care that a prudent hospital of the same

3

......................... of emergency room patients presenting with circumstances and complaints strongly suggestive of the necessity to assess a possible spinal cord injury. Defendant, by and through its agents, employees and borrowed servants, failed to provide appropriate personnel to carry out the policies and procedures of the emergency room. Defendant failed to provide adequate care and treatment to Plaintiff, causing him to sustain serious, debilitating injuries, resulting in Plaintiff remaining a quadriplegic for the remainder of his lifetime.

Please also refer to Plaintiff's pleadings on file herein.

## INTERROGATORY NO. 3:

State the specific legal contentions as to how this Defendant claimed liability proximately caused any injuries and the factual basis for those claims.

## ANSWER:

See objection and Answer to Interrogatory No.2 which are incorporated by reference.

## INTERROGATORY NO. 4:

State your specific legal contentions as to how you claim this Defendant is liable for the acts of the co-defendants and the factual basis for those claims.

## ANSWER:

See objection and Answer to Interrogatory No. 2 which are incorporated by reference. Further, Defendant hired Dr. Dovale, M.D., as a contract employee for the medical center where the treatment was rendered without adequate reference checks and evaluating of his ability to serve as an Emergency Room physician..

## INTERROGATORY NO. 5:

State your specific legal contentions as to how Co-Defendants are liable to Plaintiff and the factual basis for those claims.

4

**ANSWER:**

Please refer to objection and Answer to Interrogatory No. 2 which are incorporated by reference.

## INTERROGATORY NO. 6:

If you are contending that this Defendant is liable to Plaintiff with regards to the treatment provided in connection with the incident made the basis of this suit, describe in what way the treatment was deficient, specify the source or authority for any written standard of care which was allegedly violated, and state how you contend this Defendant varied from the customary standard of care in connection with the medical treatment provided.

**ANSWER:**

Plaintiff objects to Interrogatory No. 6 to the extent that it asks him to express medical opinions which are contained in his medical records. Please also refer to objection and Answer to Interrogatory No. 2 which are incorporated by reference.

## INTERROGATORY NO. 7:

For the past (10) years, state the name, address, and telephone number of each doctor, chiropractor, psychologist, psychiatrist, counselor or clergyman or other healer who has examined or treated you for any injury, sickness or stress, mental or physical, and also state the nature of each injury and the sickness treated by each doctor, chiropractor, psychologist psychiatrist, counselor or clergyman, or other healer.

**ANSWER:**

Plaintiff objects to Interrogatory No. 7 in that it is overly broad, burdensome and global. Subject to that objection and without waiving same, Plaintiff will provide Defendant the names of those healthcare providers whom he has seen in the past five (5) years with respect to injuries suffered in the accident made the basis of this lawsuit.

As a result of injuries sustained in subject incident, plaintiff has been treated by the following healthcare providers:

1.      Jose Luis Ayola, M.D.
        500 Paredes Line Road, Suite 4
        Brownsville, Texas 78520
        (956) 456-4119

2.    Brownsville Medical Center
1048 West Jefferson Street
Brownsville, Texas 78520
(956) 544-1400

3.    City of Brownsville E.M.S.
954 East Madison Street
Brownsville, Texas 78520
(956) 541-9491

4.    Joao Dovale, M.D.
1102 West Trenton Road
Edinburg, Texas

5.    Luis Gayton, M.D.
2137 East 22nd Street
Brownsville, Texas 78520
(956) 548-7400

6.    Victor Leal, M.D.
30 North Park Place
Brownsville, Texas 78520
(956) 542-9118

7.    Nagarjun Narra, M.D.
Brownsville Medical Center
1048 West Jefferson Street
Brownsville, Texas 78528
(956) 544-1400

8.    Philip Onghai, M.D.
Brownsville Medical Center
1048 West Jefferson Street
Brownsville, Texas 78520
(956) 544-1400
Homayon Sidiq, M.D.
2137 East 22nd Street
Brownsville, Texas 78521
(956) 548-7400

6

9.      Khalid R. Solija, M.D.
        109 East Price Road
        Brownsville, Texas 78520

10.     Maria C. Uribe, M.D.
        Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78528
        (956) 544-1400

11.     Anant Utturkar, M.D.
        Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78528
        (956) 544-1400

12.     Valley Grande Manor Nursing Home
        901 Wild Rose Lane
        Brownsville, Texas 78520
        (956) 546-4568

13.     Jose Luis Villalobos, M.D.
        864 Central Boulevard
        Brownsville, Texas 78520
        (956) 546-3595

## INTERROGATORY NO. 8:

State the hospital name, address and telephone number, date of admission and reason for each of your past hospitalizations, if any.

## ANSWER:

Plaintiff objects to Interrogatory No. 8 in that it is overly broad, global and burdensome. Subject to this objection and without waiving same, Plaintiff will and has provided in Answer to Interrogatory No. 7 the names of healthcare providers and hospitals which are related to the injuries suffered in the accident made the basis of this lawsuit.

## INTERROGATORY NO. 9:

Regarding your employment for the last 7 years at any time, please state the name, complete address and telephone number of your employer or past employers, your rate of pay and average weekly wage and the length of time and dates employed.

## ANSWER:

Plaintiff has been unemployed since December 25, 1998, as a result of injuries he sustained in subject incident. Plaintiff was doing piece work as a welder earning $80.00 per day for Pete Hurley prior to this incident. Prior to working for Mr. Hurley, Plaintiff was employed by Gulf Port Services in Brownsville and Mexico, earning $6.40 per hour, working approximately 50-60 hours per week. Plaintiff earned time and a half for hours over 40. He was employed by Gulf Port Services for the time period of 1994-1997. Plaintiff was employed from 1976-1994 for Itapsco earning $750.00 per week. During this time period, Itapsco was formerly referred to Dixixub, Kimling, Stote, and then Itapsco. This company was out of Brownsville.

## INTERROGATORY NO. 10:

If, with any entity you have entered into any type of settlement agreement, loan agreement, agreement (or conducting of trail herein), which affects or limits the financial liability or entitlements of any party in this case, please describe such agreement in detail. NOTE: The Term "party" includes the liability or indemnity insurance carrier for any named party to this cause.

## ANSWER:

None.

## INTERROGATORY NO. 11:

As to each element of damages which you are claiming or expect to claim in this case, state the amount of money which you contend it would take, if paid in case [sic], to reasonably and fairly compensate each plaintiff.

## ANSWER:

Plaintiff objects to Interrogatory No. 11 to the extent it requires him to make a statement in terms of dollars and cents as to the amount sued for on general damages and to itemize that. Subject to an objection and without waiving same, with respect to the amount of general damages, Plaintiff would refer Defendant to Plaintiff's Original Complaint.

8

**INTERROGATORY NO. 12:**

Please state completely and fully all statements, declarations or admissions allegedly made by the party propounding these interrogatories, or any purported agent, servant or employee of such party, which you might attempt to make known to the judge or jury in the trial of this lawsuit, the location or locations where the statement or statements were made, the name, address and telephone number of the person or persons in whose presence such statement or statements were made and whether you or anyone acting on your behalf obtained statements in any form from any person who claims to be able to testify to the statement or statements made.

**ANSWER:**

Plaintiff objects to the overly broad and burdensome nature of this interrogatory in that it is more appropriate subject matter for deposition. Without waiving this objection, discovery is in its infancy and this will be supplemented by either providing this information by supplementation this Interrogatory, or by deposition testimony.

**INTERROGATORY NO. 13:**

Please list every expense which you have or will incurred [sic] which is based on the claims in this suit.

**ANSWER:**

Plaintiff objects to this Interrogatory to the extent he is not required to itemize elements of special damages. Without waiving this objection, Plaintiff has incurred extensive medical and nursing home expenses as a result of subject incident. Plaintiff currently resides in Valley Grande Manor Nursing Home in Brownsville, Texas, and continues to see numerous physicians on a regular basis. His expenses are ongoing.

**INTERROGATORY NO. 14:**

Excluding the instant suit, if you have been a party to a lawsuit or criminal complaint or information or have ever filed a claim before, please state the Court the suit was filed and the cause number and style of this suit the nature of the case.

**ANSWER:**

None prior to this lawsuit.

9

## INTERROGATORY NO. 13:

Please list every expense which you have or will incurred [sic] which is based on the claims in this suit.

## ANSWER:

Plaintiff objects to this Interrogatory to the extent he is not required to itemize elements of special damages. Without waiving this objection, Plaintiff has incurred extensive medical and nursing home expenses as a result of subject incident. Plaintiff currently resides in Valley Grande Manor Nursing Home in Brownsville, Texas, and continues to see numerous physicians on a regular basis. His expenses are ongoing.

## INTERROGATORY NO. 14:

Excluding the instant suit, if you have been a party to a lawsuit or criminal complaint or information or have ever filed a claim before, please state the Court the suit was filed and the cause number and style of this suit the nature of the case.

## ANSWER:

None prior to this lawsuit.

9

Medicare and Medicaid are assisting Plaintiff with his medical and nursing home needs.  These expenses are ongoing.

## INTERROGATORY NO. 16:

Please state any and all input you or anyone acting on your behalf had in the decision to transport you to Valley Regional Medical Center on December 24, 1998 after your automobile accident.  If you did not have any input, please state who did.

## ANSWER:

None.

## INTERROGATORY NO. 17:

Please state your legal and factual basis for claiming that this Defendant is grossly negligent or liable for punitive damages.

## ANSWER:

Plaintiff objects to Interrogatory No. 17 to the extent that this Interrogatory asks Plaintiff to express legal conclusions and contentions.  Without waiving these objections, please refer to Plaintiff's pleadings on file herein.

10

...testifying expert witness whose work has been reviewed by a testifying expert, provide the name, address and telephone number of such expert, what opinions related to this case, such expert has communicated to your testifying experts and the expert's qualifications.

## ANSWER:

The healthcare providers as disclosed in Answer to Interrogatory No. 7 may be considered consulting experts. The Answer to Interrogatory No. 7 is incorporated by reference. The only opinion they have expressed to testifying experts would be contained in their medical records.

11

STATE OF TEXAS          §

COUNTY OF BEXAR          §

BEFORE ME, the undersigned authority, on this day personally appeared CANDELARIO

*and Mario de Leon*

DE LEON, who, after having been duly sworn, stated that the above and foregoing answers to

interrogatories are true and correct.

X _Mario P. De Leon_

CANDELARIO DE LEON

SWORN TO AND SUBSCRIBED before me by the said CANDELARIO DE LEON on this *Mario de Leon*

2nd day of _June_, 2001, to certify which, witness my hand and seal of office.

_Phyllis A. Burke_

NOTARY PUBLIC, STATE OF TEXAS

PHYLLIS A. BURKE
MY COMMISSION EXPIRES
September 8, 2002

My commission expires: _____

* _Candelario De Leon Signed by "X". Mario De Leon then Signed for him._

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CANDELARIO DE LEON,                    §
                                       §   COMPLAINT FOR DAMAGES FOR VIOLATIONS
                      Plaintiff,       §   OF CIVIL RIGHTS UNDER COLOR OF STATE
                                       §   LAW (42 U.S.C. §§ 1983)
VS.                                    §
                                       §        CIVIL ACTION NO. CV-B-00-192
CITY OF BROWNSVILLE, TEXAS, ET AL.,    §
                                       §
                      Defendants.      §

## PLAINTIFF'S OBJECTIONS TO REQUESTS FOR PRODUCTION OF DEFENDANT, HCA-THE HEALTHCARE COMPANY

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW comes Plaintiff, CANDELARIO DeLEON, and files these objections to Requests for Production propounded by Defendant, HCA-THE HEALTHCARE COMPANY, and in support thereof, would show the Court as follows:

1.      Plaintiff objects to Request for Production No. 2 in that this request is unintelligible as written. The request asks for all electronic or magnetic data relevant to this case. This request is overly broad, burdensome, and not contemplated within the Federal Rules of Civil Procedure. A request must be specific in terms of the date for which it asks.

2.      Plaintiff objects to Request for Production No. 4 in that it asks Plaintiff to execute Form 4506 to obtain tax records. Plaintiff will be pleased to produce for the Defendant any tax records for a given period of time not to exceed five (5) years.

3.      Plaintiff objects to Request for Production No. 5 in that there is no rule under the Federal Rules of Civil Procedure which indicates that the party must sign an attached medical authorization. Plaintiff will provide to the Defendant medical authorizations for designated health care providers.

5.      Plaintiff objects to Request for Production No. 7 to the extent that this is merely a fishing expedition and does not adequately identify the documents which are required to be produced. The Defendant needs to identify what public documents and records, what official publications, and what newspaper periodical articles to which it is referring.

6.      Plaintiff objects to Request for Production No. 9 in that it is overly broad, burdensome and global. It does not specifically identify the kind of documentation that is asked to be produced. Plaintiff further objects to this Request for Production to the extent that it calls for the production of materials which are protected by the attorney/client privilege and the work product exemption to discovery.

7.      Plaintiff objects to Request for Production No. 10 in that it is overly broad, burdensome and global. It does not specifically identify the kind of documentation that is asked to be produced. Plaintiff further objects to this Request for Production to the extent that it calls for the production of materials which are protected by the attorney/client privilege and the work product exemption to discovery.

8.      Plaintiff objects to Request for Production No. 12 in that it is overly broad, burdensome and oppressive and would more appropriately be addressed by way of deposition.

9.      Plaintiff objects to Request for Production No. 13 to the extent that this request asks for the production of materials which are subject to the attorney/client privilege and work product

2

10.     Plaintiff objects to Request for Production No. 19 to the extent that this request asks for the production of materials which are subject to the attorney/client privilege and work product exemption to discovery found in the Federal Rules of Civil Procedure.

Respectfully submitted,

By: _____
      CAROL P. LOMAX
      State Bar No. 12509100
      Federal I.D. No. 13464
      BRANTON & HALL, P.C.
      One Riverwalk Place, Suite 1700
      700 North St. Mary's Street
      San Antonio, Texas 78205
      (210) 224-4474
      (210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this ___21___ day of ___June___, 2001, to:

Ryan Henry
Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, TEXAS AND
BENIGNO REYNA IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE
FOR THE CITY OF BROWNSVILLE

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON, | § | |
| | § | COMPLAINT FOR DAMAGES FOR VIOLATIONS |
| Plaintiff, | § | OF CIVIL RIGHTS UNDER COLOR OF STATE |
| | § | LAW (42 U.S.C. §§ 1983) |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT HCA - THE HEALTHCARE COMPANY'S REQUEST FOR PRODUCTION

TO:  HCA- THE HEALTH CARE COMPANY, by and through their attorneys of record, William Gault and Paul Fourt, BRIN & BRIN, P.C., 1235Palm Blvd., Suite A, Brownsville, Texas 78520

COMES NOW Plaintiff CANDELARIO DE LEON and  pursuant to FED. R. CIV. P. 33,

serves the following Answers to Interrogatories propounded by Defendant, HCA- THE HEALTH

CARE COMPANY

Respectfully submitted,

By:_____
CAROL P. LOMAX
State Bar No. 12509100
Federal I.D. No. 13464
BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this _22nd_ day of _June_____, 2001, to:

**REGULAR MAIL**       Ryan Henry
                       WILLETTE & GUERRA, L.L.P.
                       International Plaza, Suite 460
                       Brownsville, Texas 78521

                       ATTORNEYS FOR DEFENDANTS,
                       CITY OF BROWNSVILLE AND
                       CHIEF OF POLICE, BENINGO REYNA

**REGULAR MAIL**       Tyler Scheuerman
                       UZICK & ONCKEN, P.C.
                       8200 IH 10 West, Suite 208
                       San Antonio, Texas 78230

                       ATTORNEYS FOR DEFENDANTS,
                       STAT PHYSICIANS, P.A. and
                       JOAO DOVALE, M.D.

**CERTIFIED MAIL**     William Gault
                       Paul Fourt
                       BRIN & BRIN, P.C.
                       1325 Palm Blvd., Suite A
                       Brownsville, Texas 78520

                       ATTORNEYS FOR DEFENDANTS
                       COLUMBIA VALLEY HEALTHCARE
                       SYSTEM, L.P. D/B/A VALLEY
                       REGIONAL MEDICAL CENTER AND
                       HCA-THE HEALTHCARE COMPANY

                       CAROL P. LOMAX

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Please produce reproductions of all photographs, video tapes, motion pictures and audio tapes relevant to this suit.

## RESPONSE:

None in Plaintiff's possession at this time.

## REQUEST FOR PRODUCTION NO. 2:

Please produce reproductions of all electronic or magnetic data relevant to this case.

## RESPONSE:

Plaintiff objects to Request for Production No. 2 in that it is unintelligible as written. This Request is overly broad, burdensome, and not contemplated within the Federal Rules of Civil Procedure. A request must be specific in terms of the data for which it asks.

## REQUEST FOR PRODUCTION NO. 3:

Please produce copies of all bills reflecting damages you are claiming in this lawsuit.

## RESPONSE:

Complete itemized statements for medical treatment and nursing home services have been ordered by deposition by written question and will be made available to Defendant.

## REQUEST FOR PRODUCTION NO. 4:

Please execute and return the attached Form 4506

## RESPONSE:

Plaintiff objects to Request for Production No. 4 in that it asks Plaintiff to execute Form 4506 to obtain tax records. Subject to this objection Plaintiff is in the process of obtaining tax records for the past five years as they relate to Candelario De Leon.

-3-

## REQUEST FOR PRODUCTION NO. 5:

Please execute and return the attached medical authorization.

## RESPONSE:

Plaintiff objects to Request for Production No. 5 in that there is no rule under the Federal Rules of Civil Procedure which indicates that the party must sign an attached medical authorization. Plaintiff also objects to signing the authorization as attached which would allow for ex parte communications between Defendant and Plaintiff's healthcare providers. Further, Plaintiff and/or Defendants have ordered medical and billing records by Deposition by Written Question and these will be made available to Defendant.

## REQUEST FOR PRODUCTION NO. 6:

Please execute the attached wage and employment authorization.

## RESPONSE:

Plaintiff objects to this Request in that it asks Plaintiff to execute the attached Wage and Employment Authorization. Such request is not contemplated by the Federal Rules of Civil Procedure. Further, Plaintiff objects to this Request in that it conceivably violates privacy rights of the Plaintiff which are found in the United States Constitution and the Texas Constitution.

## REQUEST FOR PRODUCTION NO. 7:

Please produce copies of all of the following documents which are relevant to the incident made the basis of this suit or your alleged damages:

        a.      Public documents and records;

        b.      Official publication; and

        c.      Any portions of any newspaper or periodical.

## RESPONSE:

Plaintiff objects to Request for Production No. 7 to the extent that this is merely a fishing expedition and does not adequately identify the documents which are required to be produced. The Defendant needs to identify what public documents and records, which official publications, and what newspaper periodical articles to which it is referring.

-4-

## REQUEST FOR PRODUCTION NO. 8:

Please produce copies of all statements, documents and tape recordings, reflecting communications obtained from Defendant, its employees, agents or servants.

## RESPONSE:

None, other than those contained in the medical records which are in Defendant's possession or constructive possession.

## REQUEST FOR PRODUCTION NO. 9:

Please produce copies of any and all non-medical documentation relevant to the damages you claim to have sustained in this suit.

## RESPONSE:

Plaintiff objects to this Request in that it is overly broad, burdensome and global. It does not specifically identify the kind of documentation that is asked to be produced. Plaintiff further objects to this Request to the extent that it calls for the production of materials which are protected by the attorney/client privilege and the work product exemption to discovery.

## REQUEST FOR PRODUCTION NO. 10:

Please produce copies of reports or statements, made by anyone, in your possession to or for the attention of any Federal or State department, commission, authority, or governmental or regulatory body in any way related to either the incident made the basis of this lawsuit.

## RESPONSE:

Plaintiff objects to Request for Production No. 10 in that it is overly broad, burdensome and global. It does not specifically identify the kind of documentation that is asked to be produced. Plaintiff further objects to this Request to the extent that it calls for the production of material which are protected by the attorney/client privilege and the work product exemption to discovery.

## REQUEST FOR PRODUCTION NO. 11:

Please produce all reports and materials of consulting expert that has been reviewed by testifying experts.

**RESPONSE:**

A copy of the accident report is attached. The reports of Dr. Nick Peters and Dr. Jeremy Slater are also attached. Medical records have been ordered by written deposition and will be made available to Defendant. The reports of Dr. Alex Willingham and Zeff Ross will be forthcoming as will the identification and report of our retained enforcement officer.

**REQUEST FOR PRODUCTION NO. 12:**

With respect to each expert witness, please produce the following:

      a.      Copies of all expert reports of your experts which presently exist, and any and all reports which your expert can prepare as now requested by recording or reducing to tangible form[sic] their factual observations, tests, supporting data, calculations, photographs, or opinions;

      b.      Copies of all materials sent to the expert by Plaintiff or Plaintiff's counsel with regards to the incident made the basis of this suit;

      c.      Copies of all materials used, consulted or reviewed by the expert with regards to his opinions concerning the incident made by the basis of this suit;

      d.      Copies of all materials setting forth the compensation agreement between the Plaintiff and the expert in this suit;

      e.      Copies of all materials that have been or will be shown to the expert prior to trial testimony in this case, and;

      f.      Copies of all materials, including a current curriculum vitae, used to establish the experts' qualifications for trial purposes in this cause.

NOTE:      The term "expert" as used in these requests does not include experts whom you affirmatively now aver to be experts for consultation purposes only.

**RESPONSE:**

Plaintiff objects to this Request in that it is overly broad, burdensome, oppressive and would more appropriately be addressed by way of deposition.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce copies of all statements, declarations or admissions whether reduced to writing or otherwise recorded, obtained from any individual with purported knowledge of facts relevant to this lawsuit.

**RESPONSE:**

Plaintiff objects to Request for Production No. 13 to the extent that this request asks for the production of materials which are subject to the attorney/client privilege and work product exemption to discovery found in the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce your wage statements, W-2, tax records or any other documents showing your income for the last 7 years.

**RESPONSE:**

Plaintiff objects to this Request to the extent that it requests production of materials which are subject to attorney/client privilege and work product exemption to discovery found in the Federal Rules of Civil Procedure. Plaintiff further objects in that the Internal Revenue Service only requires an individual to retain such records for a period of three years.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documentation reflecting any settlement and the terms of the settlement.

**RESPONSE:**

None at this time.

**REQUEST FOR PRODUCTION NO. 16:**

Copies of all claims made or forms submitted to all insurance carriers in connection with claims for benefits pertaining to the event made the basis of this lawsuit.

**RESPONSE:**

None at this time other than Medicare/Medicare records.

## REQUEST FOR PRODUCTION NO. 17:

Copies of any written customs, instructions, practices, regulations or other rules in effect at the time and place of the incident made the basis of this lawsuit which pertain to the occurrence or performance of any of the events relevant to your claims concerning the incident made the basis of this suit.

## RESPONSE:

Plaintiff objects to this Request in that it is merely a fishing expedition and does not adequately identify the documents which are required to be produced. The Defendant needs to identify what customs, instructions, practices, regulations or other rules to which it is referring. Plaintiff further objects to the overly broad, burdensome, and global nature of this Request. Plaintiff objects to the extent that it calls for the production of materials which are protected by attorney/client privilege and the work product exemption to discovery.

## REQUEST FOR PRODUCTION NO. 18:

Copies of all witness statements.

## RESPONSE:

None other than written statements by the police officer in the Accident Report being provided. The only other statements of which Plaintiff is aware would be those contained in the medical and nursing home records relating to Plaintiff. These records have been ordered by Deposition by Written Question and available to all parties.

## REQUEST FOR PRODUCTION NO. 19:

Copies of reproductions of blueprints, plans, chalks, charts, diagrams, drawing, maps, models, mockups or other visual reproduction of any of the persons, matter, places, equipment or things involved in this action or that will be used in trial.

## RESPONSE:

Plaintiff objects to this Request to the extent that this request asks for the production of materials which are subject to attorney/client privilege and work product exemption to discovery found in the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 20:

Please provide us with a copy of the notification that you sent to Defendants in accordance with Article 4590i of the Texas Revised Civil Statutes.

-8-

**RESPONSE:**  Notice letters are attached.


**REQUEST FOR PRODUCTION NO. 21:**

Please provide the written opinion that you have received from the experts.

**RESPONSE:**

Reports of Nick Peters, M.D. and Jeremy Slater, M.D. are attached.  The remaining reports will be forthcoming.



## Smith-Glynn-Callaway Medical Building

January 4, 2001

Carol P. Lomax
Branton & Hall
737 Travis Park Building
711 Navarro, Suite 737
San Antonio, Texas 78205-1787

> Re:   Patient: Candelario DeLeon
>        File Number: 9827

Dear Ms. Lomax:

I, Jeremy D. Slater, M.D., am a licensed physician, Board Certified in Neurology, Clinical Neurophysiology and Sleep Medicine. I have reviewed the records of Candelario DeLeon. These include the following:

1. Emergency room records from Columbia Valley Regional Medical Center, dated 12/24/98.
2. Hospital records from the Brownsville Medical Center, dated 12/25/98 through 1/7/99.
3. EMS ambulance activity records from the City of Brownsville, dated 12/24/98 through 1/29/99.

**Case Summary:**

Candelario DeLeon is a 58 year old male with an essentially negative past medical history, who was brought to the Columbia Valley Regional Medical Center emergency room on 12/24/98 by the City of Brownsville EMS ambulance after a motor vehicle accident. The patient was found, sitting in the driver's seat, unrestrained. According to the EMS notes, "Pt. Smelled highly of ETOH and stated he had been drinking but unknown what or how much". A cervical collar was placed and the patient was extricated through the driver's door onto a backboard (10 PM). On route, the patient complained of "numbness from the neck down".

Upon arrival in the emergency room (10:05 PM), the ER physician notes document that the patient is "obviously drunk – awake". Normal exam findings are documented for the heart, lungs and abdomen, with no findings recorded for the neurological examination or



extremities. Nursing notes document the absence of CSF or blood in the ear canals, and the absence of Battle's sign, or periorbital ecchymoses. The presence of the cervical collar is noted. The patient received one staple to a forehead laceration and was then discharged to the custody of the police. No cervical spine films were ordered – there is no documentation regarding if or when the collar was removed.

The patient then spent the night in the city jail. Waking the next morning, he complained of being unable to move. When the EMS service arrived, he complained of pain in his arms and numbness throughout his body. At that time, no cervical collar was in evidence. The patient was placed on a backboard, secured with straps and transported to the Brownsville Medical Center emergency room.

Upon arrival in the emergency room, the patient was assessed and underwent X-rays of the cervical spine. Once these were completed, because of clinical suspicion of a cord compression, he received high-dose Solumedrol intravenously, 30 mg/kg. A Foley catheter was placed, and 400 cc of urine drained. Spine X-rays were completed including cervical, thoracic and lumbar, all of which were read as normal. A neurology consultation was obtained. The neurologist, on the basis of the clinical examination, suspected a low cervical cord compression, and ordered an MRI of the cervical spine. This was completed, and demonstrated no hematoma, moderate changes of cervical spondylosis with spinal canal stenosis in the mid to lower cervical spine. Neurosurgical consultation was ordered. A subsequent MRI of the thoracic spine was unremarkable, as was a CT scan of the brain.

Through the remaining hospitalization the patient received supportive therapies, and at the time of discharge to a nursing home, the patient remained quadraparetic, with a T8 sensory level.

## Conclusions:

It is my professional opinion that the emergency room physician at Columbia Valley Regional Medical Center deviated from the standard of care by failing to complete a neurologic examination on Mr. DeLeon at the time of his initial presentation. The circumstances of the patient's injury, in addition to his complaints to the EMS personnel of numbness from the neck down, are both strongly compelling reasons to assess for possible cervical cord injury. Had he completed a neurological examination at that time, he might have discovered clinical evidence suggesting the presence of a cord compression. Early treatment with high-dose intravenous steroids could have been initiated, possibly reducing the level of longterm neurologic deficit.

## Smith-Glynn-Callaway Medical Building

**Deviations:**

Based on a reasonable degree of medical certainty, it is my opinion that the physician did not use such care as reasonably prudent healthcare providers practicing in the same field in the same or similar locality would have provided under similar circumstances. It is my opinion that the breach in care caused a lost opportunity for a medical intervention that may have significantly reduced the patient's longterm deficits.

Signed,

Jeremy D. Slater, M.D.

### Nick Peters, MD
### 2300 Marie Curie Rd
### Garland, Texas 75042
### (972) 562-8541

November 10, 2000

Carol Lomax
Branton & Hall
737 Travis Park Plaza Building
711 Navarro, Suite 737
San Antonio, Texas 78205

Re: Candelario DeLeon  9827

Dear Ms Lomax,

I, Nick Peters am a licensed physician Board Certified in Emergency Medicine. I have
reviewed the medical records sent from your office relating to the care of Mr. DeLeon.
Specifically, I have reviewed the records of two different emergency department visits
with paramedic transportation records for December 24, 1998 and December 25,
1998. Also, I was provided the inpatient hospital records for his admission from his
December 25, 1998 arrival to his discharge on January 6, 1999. Mr. DeLeon was
brought back for other medical problems on January 8 and was discharged on
January 29, 1999.

As you know, Mr. DeLeon was a 57 year old male involved in a motor vehicle collision
in the evening of December 24, 1998. Paramedics found him unable to get out of the
car. The paramedics placed him in spinal precautions including a cervical spine
collar, head immobilization and strapped to a back board. On arrival to the emergency
department at Columbia Valley Regional Medical Center it was reported the patient
complained of numbness from the neck down. Dr. Dovale Joao examined the patient
and stapled a facial laceration. The patient was cleared from spinal precautions and
Dr. Joao noted the patient was "obviously drunk". The patient was discharged from the
emergency department to police custody to go to jail after approximately 30 minutes at
2030.

On December 25, 1998 Mr. DeLeon was brought to Brownsville Medical Center
emergency department with" back pain", "numbness in body" and "can't move legs".
Paramedics brought him from the jail to the hospital on a backboard without a cervical
spine collar. Dr. Nagarjun Narra  applied a C-collar but when the patient returned from
x-ray the collar had been removed.  Later the cervical collar was replaced.  After



Carol Lomas
Re: DeLeon
Nov. 10, 2000
page 2

multiple x-rays were performed including cervical, dorsal and lumber spine, CT and MRI a diagnosis of acute spinal cord injury, cervical cord compression was made. The patient was admitted for further care and evaluation of his quadriplegia.

He was discharged from the hospital for supportive care and therapy, to be brought back 2 days later on January 8, 1999 for an infection and was later discharged again on January 29, 1999.

After my review of the records available, I believe several times the medical care rendered to Mr. DeLeon fell below expected standards. The incidences and reasons for my opinion are as follows:

1.      On the first emergency department encounter the patient was removed from spinal precautions prematurely. To safely remove a patient from such precautions, he must be awake, alert with no distracting injuries and no mind altering substances substances in the patient's system. Then the physician can access spinal stability after a careful normal neurological and spinal exam. Often needed are x-rays and occasionally special studies or consulting opinions . Dr. Joao did not document a neurological examination, or a spinal exam. The patient had a mind altering substance in his system as noted by the physician as "obviously drunk". No x-rays where done to even attempt to find the cause of the patient's compliant of numbness. In my opinion this gross negligence was a major contributing cause of Mr. DeLeon's spinal cord injury.

2.      When the paramedics arrived to care for Mr. DeLeon at the jail on December 25, 1999, they put him on a back board, but no cervical collar. With his cervical spine unstabilized he was at high risk of further unnecessary injury while being transported. This deviation from the standards of care was a contributing cause of Mr. DeLeon's quadriplegia.

3.      When the patient arrived to emergency on December 25, 1999 Dr. Narra appropriately placed a cervical collar on Mr. DeLeon. Unfortunately when he returned from having his x-rays done the collar was off. Later it was put back on. Even with normal cervical spine x-rays, the spinal precautions must not be removed if their is evidence of a neurological deficit. At this time Mr. DeLeon had obvious signs of injury with decreased motor and sensory function. The removal of the collar at this point was a departure from acceptable medical standards demonstrating negligence and could have contributed to his ultimate spinal injury.

Carol Lomas
Re: DeLeon
Nov. 10, 2000
page 3

In summery, it is my professional opinion the care for Mr. DeLeon fell substantially below standards of care several times by various caretakers. Reasonable care would have protected the spine from further injury. As a result of these breeches in the standard of medical care Mr. DeLeon did not have the opportunity to minimize or even possibly eliminate any long term paralysis, and other sequela.

Please do not hesitate to contact me if there are additional records for review or if there are additional questions which need to be addressed.


Sincerely,

Nick Peters, MD



Nick Peters, MD

ARRY L. MUNSINGER

DIANA CASARE2 MINELLA

November 21, 2000

*VIA CERTIFIED MAIL/RRR*

Homayon Sidiq, M.D.
3005 Old Alice Road, #500C
Brownsville, Texas 78521

Re:   Patient: Candelario DeLeon
       DOI:   12-24-1998
       SSN:   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
       DOB:   06-15-1941
       Our File No.: 9827

Dear Dr. Sidiq:

We represent Candelario DeLeon, who is asserting a health care liability claim against you for negligence which occurred on or about December 25, 2000, due to your failure to render the proper treatment during his emergency room visits.

This notice is given pursuant to the requirements of Article 4590i, Texas Revised Civil Statutes. Pursuant to that statute, you are requested to provide the undersigned with complete and unaltered copies of your medical records concerning Candelario DeLeon within ten (10) days from your receipt of this notice. An authorization signed by our client is enclosed.

You are invited to have your liability carrier contact me regarding this claim.

Sincerely,

CAROL P. LOMAX

Enclosure

**Z 302 174 498**

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

Sent to

Homayon Sidiq, M.D.
3005 Old Alice Road, #500C
Brownsville, Texas 78521

| | |
|---|---|
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | 11 - 21 - ω |

PS Form 3800, April 1995

---

SENDER COMP...

- Complete items 1... ...
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Homayon Sidiq, M.D.
3005 Old Alice Road, #500C
Brownsville, Texas 78521

C. Signature
X _Bill Sul_

Agent
Addressee

Print Clearly | B. Date of Delivery  2/16/01

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number *(Copy from service label)*   Z 302 174 498

PS Form 3811, July 1999         Domestic Return Receipt         102595-00-M-0952

JAMES A. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization
Of Counsel
HARRY L. MUNSINGER

CAROL NELKIN VACA
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

STEVE A. KULAWIK

DIANA CASAREZ MINELLA

November 21, 2000

*VIA CERTIFIED MAIL/RRR*

HCA - The Healthcare Company,
formerly d/b/a Columbia/HCA
Healthcare Corporation
One Park Plaza
Nashville, Tennessee 37203

Attention: Jack Bovender, President

HCA - The Healthcare Company,
formerly d/b/a Columbia/HCA
Healthcare Corporation
P.O. Box 750
Nashville, Tennessee 37203

Attention: Columbia/HCA Legal Department

Columbia Valley Regional Medical Center
P.O. Box 3710
Brownsville, Texas 78520

Attention: Pete Delgado, Chief Executive Officer

Columbia Valley Healthcare System, L.P.
One Park Plaza
Nashville, Tennessee 37203

Attention: Richard Bracken, President

Brownsville-Valley Regional Medical Center
P.O. Box 3710
Brownsville, Texas 78520

Attention: Pete Delgado, Chief Executive Officer

Re:    Patient: Candelario DeLeon
       DOI:    12-24-1998
       SSN:    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
       DOB:    06-15-1941
       Our File No.: 9827

Gentlemen:

We represent Candelario DeLeon, who is asserting a health care liability claim against you for the negligent treatment and failure to render the proper treatment during his emergency room visits of December 24, 2000, and December 25, 2000.

Healthcare Providers
November 21, 2000
Page 2


 This notice is given pursuant to the requirements of Article 4590i, Texas Revised Civil Statutes.  Pursuant to that statute, you are requested to provide the undersigned with complete and unaltered copies of your medical records concerning Candelario DeLeon within ten (10) days from your receipt of this notice.  An atithorization signed by our client is enclosed.

 You are invited to have your liability carrier contact me regarding this claim.

     Sincerely,

     CAROL P. LOMAX

Enclosure

## Receipt 1 (upper left)

SENDER: COM...

- Complete item...
- Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Columbia Valley Healthcare System, L.P.
One Park Plaza
Nashville, Tennessee 37203

Attention: Richard Bracken, President

2. Article Number (Copy from service label)
362174 46

PS Form 3811, July 1999      Domestic Return Receipt

THIS SECTION ON DELIVERY

C. Signature
X  J Redman

B. Date of Delivery
11-27-200...

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?
If YES, enter delivery address below:  ☐ Yes ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595-00-M-0952

## Receipt 2 (upper right)

SENDER: COMPL...

- Complete items...
- Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Columbia Valley...
P.O. Box 2—
Browns... PRENTICE HALL / C.S.C.
NEW MAILING ADDRESS IS:
800 BRAZOS ST., SUITE 750
AUSTIN, TX 78701

Attention: ..., Chief Executive Officer

2. Article Number (Copy from service label)
Z 302 174 413

PS Form 3811, July 1999      Domestic Return Receipt

...TION ON DELIVERY

C. Signature
X  Maxine Howard

B. Date of Delivery
DEC 11

☐ Agent
☐ Addressee

D. delivery address different from item 1?
...ES, enter delivery address...

3. Service Type
☐ Certified... ...red Mail   ☐ Express Mail
                ☐ Return Receipt for Merchandise
                ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595-00-M-0952

## Receipt 3 (bottom, inverted)

SENDE...

- Complete item...
- Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece.

HCA – The Healthcare Company,
formerly d/b/a Columbia/HCA
Healthcare Corporation
One Park Plaza
Nashville, Tennessee 37203

Attention: Jack Bovender, President

2. Article Number (Copy from service label)
Z 302 174 412

PS Form 3811, July 1999      Domestic Return Receipt

THIS SECTION ON DELIVERY

C. Signature
X  J Redman

B. Date of Delivery
11-27-200...

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?
If YES, enter delivery address below:  ☐ Yes ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

**First card (left):**

SENDER: COMPL...

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

the right of the return address.

ON ON DELIVERY

...Print Clearly)   B. Date of Delivery

C. Signature
X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Brownsville-Valley Regional Medical Center
P.O. Box 3710
Bro   PRENTICE HALL / C. S. C.
      NEW MAILING ADDRESS IS:

Att  800 BRAZOS ST, SUITE 750
     AUSTIN TX 78701

Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)   Z 302 174 444

PS Form 3811, July 1999   Domestic Return Receipt   102595-00-M-0952

**Second card (right):**

SENDER: COM...

- Complete items...
- Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

the right of the return address.

TION ON DELIVERY

...Print Clearly)   B. Date of Delivery

C. Signature
X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

NOV. 27 2000

1. Article Addressed to:

HCA - The Healthcare Company,
formerly d/b/a Columbia/HCA
Healthcare Corporation
P.O. Box 750
Nashville, Tennessee 37203

Attention: Columbia/HCA Legal Department

Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)   Z 302 174 445

PS Form 3811, July 1999   Domestic Return Receipt   102595-00-M-0952



**JAMES L. BRANTON**
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

**JAMES A. HALL**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization
Of Counsel
**HARRY L. MUNSINGER**

**BRANTON & HALL**
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

**CAROL P. LOMAX**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

**THOMAS A. CROSLEY**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

**STEVE A. KULAWIK**

**DIANA CASAREZ MINELLA**

November 21, 2000

*VIA CERTIFIED MAIL/RRR*

Stat Physicians, P.A.
P.O. Box 4346, Dept. 487
Houston, Texas 77210-4346

Stat Physicians, P.A.
c/o National Registered Agents, Inc.
905 Congress Avenue
Austin, Texas 78701

Attention: President/C.E.O.

Re:    Patient: Candelario DeLeon
       DOI:   12-24-1998
       SSN:   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
       DOB:  06-15-1941
       Our File No.: 9827

Dear President/C.E.O. and Registered Agent:

We represent Candelario DeLeon, who is asserting a health care liability claim against you for negligence and the negligence of Joao Dovale, M.D., and your failure to ensure he was rendered the proper treatment during his emergency room visits of December 24, 2000 and December 25, 2000.

This notice is given pursuant to the requirements of Article 4590i, Texas Revised Civil Statutes. Pursuant to that statute, you are requested to provide the undersigned with complete and unaltered copies of your medical records concerning Candelario DeLeon within ten (10) days from your receipt of this notice. An authorization signed by our client is enclosed.

You are invited to have your liability carrier contact me regarding this claim.

Sincerely,

CAROL P. LOMAX

Enclosure

OFFICER'S ACCIDENT REPORT    ST-3 (Eff. 1/1/96)    MAIL TO: ACCIDENT RECORDS, TEXAS DEPARTMENT OF PUBLIC SAFETY, PO BOX 4087, AUSTIN TX 78773-0001

LOC. NO. **98-3066620**    OPS NO. _____

CURRED **CAMERON**    CITY OR TOWN **BROWNSVILLE**    SHOW ONLY IF INSIDE CITY L

WAS OUTSIDE CITY LIMITS.
TANCE FROM NEAREST TOWN _____ MILES    NORTH S E W OF _____    CITY OR TOWN

DO NOT WRITE
IN THIS SPACE

LOC. _____

ICH CURRED **4600** BLOCK NUMBER   FIRST STREET OR ROAD NAME **FM-802**    ROUTE NUMBER OR STREET CODE    CONSTR. ☐ YES ☒ NO ZONE    SPEED LIMIT **55**

CODE _____

G STREET NUMBER **2600** BLOCK NUMBER   STREET OR ROAD NAME **CENTRAL AVE.**    ROUTE NUMBER OR ROAD CODE    CONSTR. ☐ YES ☒ NO ZONE    SPEED LIMIT **35**

SEVERITY _____

RSECTION _____ ☐ FT. ☐☐☐☐ OF ☐ MI. N S E W    SHOW MILEPOST OR NEAREST INTERSECTING NUMBERED HIGHWAY IF NONE, SHOW NEAREST INTERSECTING STREET OR REFERENCE POINT.

FAT. REC. _____

DR. REC. _____

**12/24** 19 **98** DAY OF WEEK **THURSDAY**    HOUR **19:25** ☐ A.M. IF EXACTLY NOON ☒ P.M. OR MIDNIGHT, SO STATE

OR VEHICLE _____    VEH IDENT NO **1FAPP59SLT108368**    IF BODY STYLE = VAN OR BUS, INDICATE SEATING CAPACITY _____

**789** COLOR & MAKE **RED/FORD**    MODEL NAME **ESCORT LX**    BODY STYLE **4DR.**    LICENSE PLATE **99 TX THR-75H** YEAR STATE NUMBER    PHONE NUMBER **-NONE-**

**LEON CANDELARIO** 140 E. 10th ST. BROWNSVILLE TX 78520

LAST **TX** STATE    **11804985** NUMBER    MIDDLE **C** CLASS/TYPE    DOB **06/15/41** MO DAY YEAR    RACE **H**    SEX **M**    OCCUPATION _____

AKEN (ALCOHOL/DRUG ANALYSIS)
-BLOOD 3-OTHER 4-NONE 5-REFUSED    ALCOHOL/DRUG ANALYSIS RESULT _____    PEACE OFFICER, EMS DRIVER, FIRE FIGHTER ON EMERGENCY? ☐ YES ☐ NO

**-SAME AS OPERATOR-**
NAME (ALWAYS SHOW LESSEE IF LEASED, OTHERWISE SHOW OWNER)    ADDRESS (STREET, CITY, STATE, ZIP)

☐ YES ☒ NO _____    INSURANCE COMPANY NAME    POLICY NUMBER    VEHICLE DAMAGE RATING **FR-3**

OR VEHICLE-☒ TRAIN ☐ PEDALCYCLIST ☐ ☐ PEDESTRIAN ☐ OTHER ☐    VEH IDENT NO **1MEBP95FIFZ615312**    IF BODY STYLE = VAN OR BUS, INDICATE SEATING CAPACITY _____

**85** COLOR & MAKE **BLACK/GREY/MERCURY**    MODEL NAME **GRAND MARQUIS**    BODY STYLE **4DR.**    LICENSE PLATE **99 TX JBW-07D** YEAR STATE NUMBER    PHONE NUMBER **546-3824**

**LORES LUIS URBINA** 4045 CoffeePORT Ro. BROWNSVILLE, TX 78521

**TX** STATE    **06587363** NUMBER    MIDDLE **C** CLASS/TYPE    DOB **04/29/71** MO DAY YEAR    RACE **H**    SEX **M**    OCCUPATION _____

AKEN (ALCOHOL/DRUG ANALYSIS)
-BLOOD 3-OTHER 4-NONE 5-REFUSED ☐    ALCOHOL/DRUG ANALYSIS RESULT _____    PEACE OFFICER, EMS DRIVER, FIRE FIGHTER ON EMERGENCY? ☐ YES ☐ NO

**-SAME AS OPERATOR-**
NAME (ALWAYS SHOW LESSEE IF LEASED, OTHERWISE SHOW OWNER)    ADDRESS (STREET, CITY, STATE, ZIP)

☐ NO **DAIRY LAND COUNTY MUTUAL** INSURANCE COMPANY NAME    **TX 411662922** POLICY NUMBER    VEHICLE DAMAGE RATING **BL-3**

PROPERTY OTHER THAN VEHICLES
_____    NAME AND ADDRESS (STREET, CITY, STATE, ZIP) OF OWNER    FEET FROM CURB _____ S _____    DAMAGE ESTIMATE

| **4** | WEATHER | | **1** | SURFACE CONDITION | | TYPE ROAD SURFACE | **1** | DESCRIBE ROAD CONDITIONS (INVESTIGATOR'S OPINION) |
|---|---|---|---|---|---|---|---|---|
| | 1-CLEAR/CLOUDY | 6-SMOKE | | 1-DRY | | 1-BLACKTOP | | **-N/A-** |
| | 2-RAINING | 7-SLEETING | | 2-WET | | 2-CONCRETE | | |
| LIGHTED | 3-SNOWING | 8-HIGH WINDS | | 3-MUDDY | | 3-GRAVEL | | ___ |
| ED | 4-FOG | 9-OTHER | | 4-SNOWY/ICY | | 4-SHELL | | |
| | 5-BLOWING DUST | | | 5-OTHER | | 5-DIRT | | |
| | | | | | | 6-OTHER | | |

PINION, DID THIS ACCIDENT RESULT IN AT LEAST $500.00 DAMAGE TO ANY ONE PERSON'S PROPERTY? ☒ YES ☐ NO

D
NDELARIO DE LEON    CHARGE **DWI (BTR)**    CITATION NUMBER **JAILED**

DELARIO DE LEON    CHARGE **1. NO LIABILITY INS. E. FAILURE TO CONTROL SPEED**    CITATION NUMBER **900159**

**12/24/98** DATE    **19:30P** HOUR M HOW **DISPATCHED**    TIME ARRIVED AT SCENE OF ACCIDENT **12/24/98** DATE    **19:40P** HOUR M

TED NAME OF INVESTIGATOR **ANDRES S. TORRES JR**    DATE REPORT MADE **12/24/98** IS REPORT COMPLETE ☒ YES ☐ NO

_____ 2577    DEPARTMENT **BPD**    DIST/AREA **12**

98-3066620

| SOLICITATION (SOL) | EJECTE | CODE FOR TYPE RESTRAINT USED | AIRBAG CODE | HELME | CODE FOR INJURY SEVERITY | ALCOHOL/DRUG ANALYSIS (COMPLETE IF CASUALTIES NOT IN MOTOR VEHICLE) |
|---|---|---|---|---|---|---|
| S PERSON'S DESIRE TO RECEIVE CONTACT FROM PERSONS PROFESSIONAL EMPLOYMENT AS/FOR AN ATTORNEY, ACTOR, PHYSICIAN, SURGEON, PRIVATE INVESTIGATOR, OR ER PERSON REGISTERED OR LICENSED BY A HEALTH CARE ORY AGENCY. –O.K. TO SOLICIT   N—NO SOLICITATION | A - NOT APPLI Y - YES N - NO P - PARTIALLY U - UNK | A - SEATBELT & SHOULDER STRAP B - SEATBELT & MI SHOULDER STRAP C - CHILD RESTRAINT E - SHOULDER STRAP ONLY N - NONE | Y - DEPLOYED N - NO DEPLOYMENT U - UNK IF DEPLOYED | 1 - WORN-DAM 2 - WORN-NOT 3 - WORN-UNK 4 - NOT WORN 9 - UNK IF WO | ED –AGED | K - KILLED A - INCAPACITATING INJURY B - NON INCAPACITATING C - POSSIBLE INJURY N - NOT INJURED | 2 - BREATH 2 - BLOOD 3 - OTHER 4 - NONE 9 - REFUSED |

| O. 1 | TOWED DUE TO DAMAGE | VEHICLE REMOVED TO |
|---|---|---|
| E | FR-3 | ☑YES ☐ NO | 1591 OLD PORT ISABEL RD. by EXPRESS TOWING |

| ANT'S ION | COMPLETE ALL DATA ON ALL OCCUPANTS' NAMES, POSITIONS, RESTRAINTS USED, ETC.; HOWEVER, IT IS NOT NECESSARY TO SHOW ADDRESSES UNLESS KILLED OR INJURED. NAME (LAST NAME FIRST)  /  ADDRESS (STREET, CITY, STATE, ZIP) | SOL | EJECTED | TYPE RESTRAINT USED | AIRBAG | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
| ER | SEE FRONT | — | — | N | — | — | 57 | M | B |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

| O. 2 (COMPLETE ONLY IF UNIT NO 2 WAS A MOTOR VEHICLE) SE | BL-3 | TOWED DUE TO DAMAGE ☐ YES ☑ NO | VEHICLE REMOVED TO |
|---|---|---|---|

| ANT'S ION | COMPLETE ALL DATA ON ALL OCCUPANTS' NAMES, POSITIONS, RESTRAINTS USED, ETC.; HOWEVER, IT IS NOT NECESSARY TO SHOW ADDRESSES UNLESS KILLED OR INJURED. NAME (LAST NAME FIRST)  /  ADDRESS (STREET, CITY, STATE, ZIP) | SOL | EJECTED | TYPE RESTRAINT USED | AIRBAG | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
| VER | SEE FRONT | — | — | A | — | — | 27 | M | N |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

ETE IF CASUALTIES NOT IN MOTOR VEHICLE

| PETRIAN, CYCLIST | CASUALTY NAME (LAST NAME FIRST) | CASUALTY ADDRESS (STREET, CITY, STATE, ZIP) | SOL | TYPE SPECIMEN TAKEN | RESULT | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  | — | — |  |

OSITION OF KILLED AND INJURED — IF AMBULANCE USED, SHOW

| NUMBERS | TAKEN TO | BY | TIME NOTIFIED | TIME ARRIVED AT SCENE | NO. ATTENDANTS INC. DRIVER |
|---|---|---|---|---|---|
| 1 | VALLEY REGIONAL HOSPITAL | EMS MEDIC #2 | A:30P | A:38P | 2 |

ETE THIS SECTION IF PERSON KILLED

| EM NUMBER | DATE OF DEATH | TIME OF DEATH | ITEM NUMBER | DATE OF DEATH | TIME OF DEATH | ITEM NUMBER | DATE OF DEATH | TIME OF DEATH |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |

STIGATOR'S NARRATIVE OPINION OF WHAT HAPPENED (ATTACH ADDITIONAL SHEETS IF NECESSARY)

UNIT #1 AND UNIT #2 WERE TRAVELING WEST ON FM-802 PROACHING THE INTERSECTION OF CENTRAL AVE. UNIT #2 SLOWED DOWN TO MAKE A LEFT TURN ONTO ENTRAL AVE AND UNIT #1 FAILED TO SLOW DOWN O STRUCK UNIT #2 FROM BEHIND.

DIAGRAM ☐ ONE WAY ☑ TWO WAY ☐ DIVIDED
(↑) INDICATE NORTH

2600 CENTRAL AVE.

4600 FM 802

ORS AND CONDITIONS LISTED ARE THE INVESTIGATOR'S OPINION

| ACTORS/CONDITIONS CONTRIBUTING | OTHER FACTORS/CONDITIONS MAY OR MAY NOT HAVE CONTRIBUTED | TRAFFIC CONTROL |
|---|---|---|
| UNIT 1  22  —  — | UNIT 1  —  — | 0-NO CONTROL OR INOPERATIVE   10-NO PASSING ZONE |
| UNIT 2  —  — | UNIT 2  —  — | 1-OFFICER OR FLAGMAN   9-WARNING SIGN   2-STOP AND GO SIGNAL   7-RR GATES OR SIGNALS   3-STOP SIGN   8-YIELD SIGN   4-FLASHING RED LIGHT   9-CENTER STRIPE OR DIVIDER |

Traffic control code box: **3**

1 ANIMAL ON ROAD – DOMESTIC
2. ANIMAL ON ROAD – WILD
3. BACKED WITHOUT SAFETY
4. CHANGED LANE WHEN UNSAFE
5. DEFECTIVE OR NO HEADLAMPS
6. DEFECTIVE OR NO STOP LAMPS
7. DEFECTIVE OR NO TAIL LAMPS
8. DEFECTIVE OR NO TURN SIGNAL LAMPS
9. DEFECTIVE OR NO TRAILER BRAKES
0. DEFECTIVE OR NO VEHICLE BRAKES
1. DEFECTIVE STEERING MECHANISM
2. DEFECTIVE OR SLICK TIRES
3. DEFECTIVE TRAILER HITCH
4. DISABLED IN TRAFFIC LANE
5. DISREGARD STOP AND GO SIGNAL
6. DISREGARD STOP SIGN OR LIGHT

19. DISTRACTION IN VEHICLE
70. DRIVER INATTENTION
71. DROVE WITHOUT HEADLIGHTS
72. FAILED TO CONTROL SPEED
73. FAILED TO DRIVE IN SINGLE LANE
24. FAILED TO GIVE HALF OF ROADWAY
25. FAILED TO HEED WARNING SIGN
26. FAILED TO PASS TO LEFT SAFELY
27. FAILED TO PASS TO RIGHT SAFELY
28. FAILED TO SIGNAL OR GAVE WRONG SIGNAL
29. FAILED TO STOP AT PROPER PLACE
30. FAILED TO STOP FOR SCHOOL BUS
35. FAILED TO STOP FOR TRAIN
32. FAILED TO YIELD ROW – EMERGENCY VEHICLE
33 FAILED TO YIELD ROW – OPEN INTERSECTION
34 FAILED TO YIELD ROW – PRIVATE DRIVE
35 FAILED TO YIELD ROW – STOP SIGN

37. FAILED TO YIELD ROW – TURNING LEFT
38. FAILED TO YIELD ROW – TURN ON RED
39. FAILED TO YIELD ROW – YIELD SIGN
40. FATIGUED OR ASLEEP
41. FAULTY EVASIVE ACTION
42. FIRE IN VEHICLE
43. FLEEING OR EVADING POLICE
44. FOLLOWED TOO CLOSELY
45. HAD BEEN DRINKING
46. HANDICAPPED DRIVER (EXPLAIN IN NARRATIVE)
47. ILL (EXPLAIN IN NARRATIVE)
48. IMPAIRED VISIBILITY (EXPLAIN IN NARRATIVE)
49 IMPROPER START FROM PARKED POSITION
50. LOAD NOT SECURED
51. OPENED DOOR INTO TRAFFIC LANE
52 OVERSIZE VEHICLE OR LOAD
53 OVERTAKE AND PASS INSUFFICIENT CLEARANCE
54 PARKED AND FAILED TO SET BRAKES

54. PARKED WITHOUT LIGHTS
55. PASSED IN NO PASSING ZONE
56. PASSED ON RIGHT SHOULDER
58. PEDESTRIAN FAILED TO YIELD ROW TO VEHICLE
60. SPEEDING – UNSAFE (UNDER LIMIT)
61. SPEEDING – OVER LIMIT
62. TAKING MEDICATION (EXPLAIN IN NARRATIVE)
63. TURNED IMPROPERLY – CUT CORNER ON LEFT
64. TURNED IMPROPERLY – WRONG RIGHT
65. TURNED IMPROPERLY – WRONG LANE
66. TURNED WHEN UNSAFE
67. UNDER INFLUENCE – ALCOHOL
68. UNDER INFLUENCE – DRUG
69. WRONG SIDE – APPROACH OR IN INTERSECTION
70. WRONG SIDE – NOT PASSING
71. WRONG WAY – ONE WAY ROAD
72 OTHER FACTOR (WRITE IN ON LINE BELOW)

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON, | § | |
| | § | COMPLAINT FOR DAMAGES FOR VIOLATIONS |
| Plaintiff, | § | OF CIVIL RIGHTS UNDER COLOR OF STATE |
| | § | LAW (42 U.S.C. §§ 1983, 1985, 1988) |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## CANDELARIO DE LEON'S RESPONSES AND OBJECTIONS TO REQUEST FOR ADMISSIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff in the above and styled numbered cause and files this his

Responses and Objections to Request for Admissions, and would show unto the Court as follows:

## REQUEST FOR ADMISSION NO. 1

Admit that you were arrested for driving while intoxicated on December 24, 1998.

## RESPONSE:

Plaintiff admits that he was arrested on December 24, 1998, but denies that he was intoxicated.

## REQUEST FOR ADMISSION NO. 2

Admit that December 24, 1998, while driving under the influence of alcohol, you rear-ended the vehicle of Luis Flores.

## RESPONSE

Plaintiff admits that he rear ended the vehicle of Luis Flores on December 24, 1998, but denies the remaining allegations in the paragraph. F.R.C.P. 8(b); see *Mann v. Smith*, 796 F. 2d 79, 86 (5th Cir. 1986, denied).

1

## REQUEST FOR ADMISSION NO. 3

Admit that you are alleging that the acts described in your complaint are paramount to deadly force.

## RESPONSE:

This Request for Admission as written asks Plaintiff to speculate as to what deadly force is. Further, this Request for Admission is vague and global. Plaintiff, therefore denies this request.

## REQUEST FOR ADMISSION NO. 4

Admit that on December 24, 1998, you were driving without liability insurance when you rear-ended Luis Flores.

## RESPONSE:

Admit.

## REQUEST FOR ADMISSION NO. 5

Admit that on December 24, 1998, you failed to control your speed and impacted Luis Flores from behind, while he was stopped at the intersection of FM 802 and Central Avenue.

## RESPONSE:

Plaintiff admits that he struck the vehicle of Luis Flores on December 24, 1998, but denies the remaining allegations in the Request for Admission No. 5. F.R.C.P. 8(b); see *Mann v. Smith*, 796 F. 2d 79, 86 (5th Cir. 1986, denied).

## REQUEST FOR ADMISSION NO. 6

Admit that on December 24, 1998, you were injured in the accident where you rear-ended Luis Flores.

## RESPONSE:

Admit.

## REQUEST FOR ADMISSION NO. 7

Admit that on December 24, 1998, after your release from Valley Regional Medical Center, you were transferred by Officers Ortiz and Torres from a wheelchair into the police unit by the Officers.

2

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 8**

Admit that during your transfer from a wheelchair to the police unit, Officers Torres and Ortiz threw you into the police vehicle.

**RESPONSE:**

Plaintiff admits a wheelchair was used.  In addition a gurney was also used.

**REQUEST FOR ADMISSION NO. 9**

Admit that once Officers Torres and Ortiz took you to the City of Brownsville jail, you were taken to your cell by a jailer, not the Officer.

**RESPONSE:**

Plaintiff can neither admit nor deny this request in that he cannot remember who took him to the cell. Therefore, plaintiff denies this request.

Respectfully submitted,

By: _____
CAROL P. LOMAX
State Bar No. 12509100
Federal I.D. No. 13464
BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, TEXAS and
BENIGNO REYNA IN HIS OFFICIAL CAPACITY
AS CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

G:\WPFILES\FILES CLT\C\CLE9858\LETTERS\OBJ-COL.RFA

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO De LEON, | § | COMPLAINT FOR DAMAGES FOR VIOLATIONS |
| | § | OF CIVIL RIGHTS UNDER COLOR OF STATE |
| Plaintiff, | § | LAW (42 U.S.C. §§ 1983) |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF, CANDELARIO DELEON'S, SUPPLEMENTAL RESPONSES AND OBJECTIONS TO FIRST REQUEST FOR ADMISSIONS

TO:    COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER, by and through their attorneys of record, William Gault and Paul Fourt, BRIN & BRIN, P.C., 1325 Palm Blvd., Suite A, Brownsville, Texas 78520

COMES now the Plaintiff in the above-styled and numbered cause and files this his

Supplemental Responses and Objections to Requests for Admissions and would show unto the Court

as follows:

## REQUEST FOR ADMISSIONS NO. 8:

Admit that during your transfer from a wheelchair to the police unit, Officers Torres and Ortiz threw you into the police vehicle.

## RESPONSE:

Plaintiff admits a wheelchair was used. In addition, a gurney was also used. As Plaintiff had difficulty moving, and as Officers Torres and Ortiz were assured by Dr. Dovale and other health care providers that Plaintiff was not injured, the officers were rough in placing him in the police vehicle. Subject to these objections and without waiving same, Plaintiff would point out that the City of Brownsville Defendants have been dismissed from the case, pursuant to Commander Rodriguez' report. Plaintiff, therefore, denies the language as used in this admission.

Respectfully submitted,

By: _____
    CAROL P. LOMAX
    State Bar No. 12509100
    Federal I.D. No. 13464
    BRANTON & HALL, P.C.
    One Riverwalk Place, Suite 1700
    700 North St. Mary's Street
    San Antonio, Texas 78205
    (210) 224-4474
    (210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this _____ day of _____, 2001, to:

Ryan Henry
Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, TEXAS and
BENIGNO REYNA IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE
FOR THE CITY OF BROWNSVILLE

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CANDELARIO DE LEON,       §
                               §    COMPLAINT FOR DAMAGES FOR VIOLATIONS
           Plaintiff,       §    OF CIVIL RIGHTS UNDER COLOR OF STATE
                               §    LAW (42 U.S.C. §§ 1983)
VS.                        §
                               §         CIVIL ACTION NO. CV-B-00-192
CITY OF BROWNSVILLE, TEXAS, ET AL., §
                               §
           Defendants.       §

## PLAINTIFF'S OBJECTIONS TO WRITTEN INTERROGATORIES OF DEFENDANT, COLUMBIA VALLEY HEALTHCARE SYSTEMS, L.P. d/b/a VALLEY REGIONAL MEDICAL CENTER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW comes Plaintiff, CANDELARIO DeLEON, and files these objections to Written

Interrogatories propounded by Defendant, COLUMBIA VALLEY HEALTHCARE SYSTEMS, L.P.

d/b/a VALLEY REGIONAL MEDICAL CENTER, and in support thereof, would show the Court

as follows:

1.       Plaintiff objects to Interrogatory No. 2 to the extent that this interrogatory asks the

Plaintiff to express legal conclusions and contentions.

2.       Plaintiff objects to Interrogatory No. 3 to the extent that this interrogatory asks the

Plaintiff to express legal conclusions and contentions.

3.       Plaintiff objects to Interrogatory No. 4 to the extent that this interrogatory asks the

Plaintiff to express legal conclusions and contentions.

4.       Plaintiff objects to Interrogatory No. 5 to the extent that this interrogatory asks the

Plaintiff to express legal conclusions and contentions.

5.       Plaintiff objects to Interrogatory No. 6 to the extent that it asks him to express

medical opinions which are contained in his medical records.

6.      Plaintiff objects to Interrogatory No. 7 in that it is overly broad, burdensome and global.   Plaintiff will provide to Defendant the names of those health care providers whom he has seen in the past five (5) years with respect to the injuries suffered in the accident made the basis of this lawsuit.

7.      Plaintiff objects to Interrogatory No. 8 in that it is overly broad, global and burdensome.  Plaintiff will provide to the Defendant the names of the health care providers for past hospitalizations which are related to the injuries suffered in the accident made the basis of this lawsuit.

8.      Plaintiff objects to Interrogatory No. 11 to the extent that it requires him to make a statement in terms of dollars and cents as to the amount sued for on general damages and to itemize that amount.  With respect to the amount of general damages, Plaintiff would refer the Defendant to Plaintiff's Original Complaint.

9.      Plaintiff objects to Interrogatory No. 17 to the extent that this interrogatory asks the Plaintiff to express legal conclusions and contentions.

Respectfully submitted,

By: _____
CAROL P. LOMAX
State Bar No. 12509100
Federal I.D. No. 13464
BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this _____ day of _____, 2001, to:

Ryan Henry
Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, TEXAS AND
BENIGNO REYNA  IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE
FOR THE CITY OF BROWNSVILLE

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

G:\WPFILES\FILES.CLT\D\DEL9827\DISC\COL-ROG.OBJ

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON, | § | COMPLAINT FOR DAMAGES FOR VIOLATIONS |
| | § | OF CIVIL RIGHTS UNDER COLOR OF STATE |
| Plaintiff, | § | LAW (42 U.S.C. §§ 1983) |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | |
| CITY OF BROWNSVILLE, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER'S INTERROGATORIES

TO:    COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL
       MEDICAL CENTER, by and through their attorneys of record, William Gault and Paul
       Fourt, BRIN & BRIN, P.C., 1235Palm Blvd., Suite A, Brownsville, Texas 78520

       COMES NOW Plaintiff CANDELARIO DE LEON and  pursuant to FED. R. CIV. P. 33,

serves the following Answers to Interrogatories propounded by Defendant, COLUMBIA VALLEY

HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER.

Respectfully submitted,

By: _____
    CAROL P. LOMAX
    State Bar No. 12509100
    Federal I.D. No. 13464
    BRANTON & HALL, P.C.
    One Riverwalk Place, Suite 1700
    700 North St. Mary's Street
    San Antonio, Texas 78205
    (210) 224-4474
    (210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this __22nd__ day of __June_____, 2001, to:

**REGULAR MAIL**           Ryan Henry
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE AND
CHIEF OF POLICE, BENINGO REYNA

**REGULAR MAIL**           Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

**CERTIFIED MAIL**         William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

G:\WPFILES\FILES CLT\D\DEL9827\DISC\CVHSANS ROG

**LAINTIFF'S OBJECTIONS AND ANSWERS TO INTERROGATORIES**

**:OGATORY NO. 1:**

ie your name, address, phone number, date of birth, social security number, drivers license
nd state of issuance.

**R:**

       Candelario Valentin De Leon
       Valley Grande Manor Nursing Home
       901 Wild Rose Lane
       Brownsville, Texas 78520
       (956) 546-4568
       June 15, 1941
       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
       11804985 - issued by State of Texas, now expired

**OGATORY NO. 2:**

specific legal contentions as to how this Defendant is liable to Plaintiff and the factual
10se claims.

**:**

bjects to Interrogatory No. 2 to the extent that this interrogatory asks the Plaintiff to
:al conclusions and contentions. Without waiving this objection, Defendant held itself out
munity in general, and to Plaintiff to have competent healthcare providers and adequate
Defendant hospital represented that its employees were its agents and thereby caused
justifiably rely upon their care and skills. Defendant is liable to Plaintiff for the harm
:he lack of care or skill of its employees appearing to be servants or agents. Defendant
:ated the appearance that the employees were agents of the hospital and would provide
re. Defendant represented that its medical care providers were skilled, competent and
:d to provide medical care, creating agency by estoppel.

hospital is vicariously liable for the negligent acts of its employees who were acting in
ind scope of their employment at the time of subject incident. Defendant exerted actual
authority as well as the right to control the activities of its employees.

by and through its actual and ostensible agents, employees, vice principals and borrowed
l independent contractors, failed to provide the care that a prudent hospital of the same
:evel would provide. Defendant failed to ensure a neurological examination was
n Candelario De Leon at the time of his arrival to the hospital, despite his informing the
at he could not feel his arms and legs and could not stand. Defendant, by and through

-3-

its employees and borrowed servants, failed to follow appropriate policies and procedures with regard to the assessment and treatment of emergency room patients presenting with circumstances and complaints strongly suggestive of the necessity to assess a possible spinal cord injury. Defendant, by and through its agents, employees and borrowed servants, failed to provide appropriate personnel to carry out the policies and procedures of the emergency room. Defendant failed to provide adequate care and treatment to Plaintiff, causing him to sustain serious, debilitating injuries, resulting in Plaintiff remaining a quadriplegic for the remainder of his lifetime.

Please also refer to Plaintiff's pleadings on file herein.

## INTERROGATORY NO. 3:

State the specific legal contentions as to how this Defendant claimed liability proximately caused any injuries and the factual basis for those claims.

## ANSWER:

See objection and Answer to Interrogatory No.2 which are incorporated by reference.

## INTERROGATORY NO. 4:

State your specific legal contentions as to how you claim this Defendant is liable for the acts of the co-defendants and the factual basis for those claims.

## ANSWER:

See objection and Answer to Interrogatory No. 2 which are incorporated by reference. Further, Defendant hired Dr. Dovale, M.D., as a contract employee for the medical center where the treatment was rendered without adequate reference checks and evaluating of his ability to serve as an Emergency Room physician..

## INTERROGATORY NO. 5:

State your specific legal contentions as to how Co-Defendants are liable to Plaintiff and the factual basis for those claims.

## ANSWER:

Please refer to objection and Answer to Interrogatory No. 2 which are  incorporated by reference.

## INTERROGATORY NO. 6:

If you are contending that this Defendant is liable to Plaintiff with regards to the treatment provided in connection with the incident made the basis of this suit, describe in what way the treatment was deficient, specify the source or authority for any written standard of care which was allegedly violated, and state how you contend this Defendant varied from the customary standard of care in connection with the medical treatment provided.

## ANSWER:

Plaintiff objects to Interrogatory No. 6 to the extent that it asks him to express medical opinions which are contained in his medical records. Please also refer to objection and Answer to Interrogatory No. 2 which are incorporated by reference.

## INTERROGATORY NO. 7:

For the past (10) years, state the name, address, and telephone number of each doctor, chiropractor, psychologist, psychiatrist, counselor or clergyman or other healer who has examined or treated you for any injury, sickness or stress, mental or physical, and also state the nature of each injury and the sickness treated by each doctor, chiropractor, psychologist psychiatrist, counselor or clergyman, or other healer.

## ANSWER:

Plaintiff objects to Interrogatory No. 7 in that it is overly broad, burdensome and global. Subject to that objection and without waiving same, Plaintiff will provide Defendant the names of those healthcare providers whom he has seen in the past five (5) years with respect to injuries suffered in the accident made the basis of this lawsuit.

As a result of injuries sustained in subject incident, plaintiff has been treated by the following healthcare providers:

1.      Jose Luis Ayola, M.D.
        500 Paredes Line Road, Suite 4
        Brownsville, Texas 78520
        (956) 456-4119


2.      Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78520
        (956) 544-1400

3.    City of Brownsville E.M.S.
      954 East Madison Street
      Brownsville, Texas 78520
      (956) 541-9491

4.    Joao Dovale, M.D.
      1102 West Trenton Road
      Edinburg, Texas

5.    Luis Gayton, M.D.
      2137 East 22nd Street
      Brownsville, Texas 78520
      (956) 548-7400

6.    Victor Leal, M.D.
      30 North Park Place
      Brownsville, Texas 78520
      (956) 542-9118

7.    Nagarjun Narra, M.D.
      Brownsville Medical Center
      1048 West Jefferson Street
      Brownsville, Texas 78528
      (956) 544-1400

8.    Philip Onghai, M.D.
      Brownsville Medical Center
      1048 West Jefferson Street
      Brownsville, Texas 78520
      (956) 544-1400
      Homayon Sidiq, M.D.
      2137 East 22nd Street
      Brownsville, Texas 78521
      (956) 548-7400

9.    Khalid R. Solija, M.D.
      109 East Price Road
      Brownsville, Texas 78520
      (956) 546-5237

10.     Maria C. Uribe, M.D.
        Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78528
        (956) 544-1400

11.     Anant Utturkar, M.D.
        Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78528
        (956) 544-1400

12.     Valley Grande Manor Nursing Home
        901 Wild Rose Lane
        Brownsville, Texas 78520
        (956) 546-4568

13.     Jose Luis Villalobos, M.D.
        864 Central Boulevard
        Brownsville, Texas 78520
        (956) 546-3595

## INTERROGATORY NO. 8:

State the hospital name, address and telephone number, date of admission and reason for each of your past hospitalizations, if any.

## ANSWER:

Plaintiff objects to Interrogatory No. 8 in that it is overly broad, global and burdensome. Subject to this objection and without waiving same, Plaintiff will and has provided in Answer to Interrogatory No. 7 the names of healthcare providers and hospitals which are related to the injuries suffered in the accident made the basis of this lawsuit.

## INTERROGATORY NO. 9:

Regarding your employment for the last 7 years at any time, please state the name, complete address and telephone number of your employer or past employers, your rate of pay and average weekly wage and the length of time and dates employed.

## ANSWER:

Plaintiff has been unemployed since December 25, 1998, as a result of injuries he sustained in

subject incident. Plaintiff was doing piece work as a welder earning $80.00 per day for Pete Hurley prior to this incident. Prior to working for Mr. Hurley, Plaintiff was employed by Gulf Port Services in Brownsville and Mexico, earning $6.40 per hour, working approximately 50-60 hours per week. Plaintiff earned time and a half for hours over 40. He was employed by Gulf Port Services for the time period of 1994-1997. Plaintiff was employed from 1976-1994 for Itapsco earning $750.00 per week. During this time period, Itapsco was formerly referred to Dixixub, Kimling, Stote, and then Itapsco. This company was out of Brownsville.

## INTERROGATORY NO. 10:

If, with any entity you have entered into any type of settlement agreement, loan agreement, agreement (or conducting of trail herein), which affects or limits the financial liability or entitlements of any party in this case, please describe such agreement in detail. NOTE: The Term "party" includes the liability or indemnity insurance carrier for any named party to this cause.

## ANSWER:

None.

## INTERROGATORY NO. 11:

As to each element of damages which you are claiming or expect to claim in this case, state the amount of money which you contend it would take, if paid in case [sic], to reasonably and fairly compensate each plaintiff.

## ANSWER:

Plaintiff objects to Interrogatory No. 11 to the extent it requires him to make a statement in terms of dollars and cents as to the amount sued for on general damages and to itemize that. Subject to an objection and without waiving same, with respect to the amount of general damages, Plaintiff would refer Defendant to Plaintiff's Original Complaint.

## INTERROGATORY NO. 12:

Please state completely and fully all statements, declarations or admissions allegedly made by the party propounding these interrogatories, or any purported agent, servant or employee of such party, which you might attempt to make known to the judge or jury in the trial of this lawsuit, the location or locations where the statement or statements were made, the name, address and telephone number of the person or persons in whose presence such statement or statements were made and whether you or anyone acting on your behalf obtained statements in any form from any person who claims to be able to testify to the statement or statements made.

-8-

**ANSWER:**

Plaintiff objects to the overly broad and burdensome nature of this interrogatory in that it is more appropriate subject matter for deposition. Without waiving this objection, discovery is in its infancy and this will be supplemented by either providing this information by supplementation this Interrogatory, or by deposition testimony.

**INTERROGATORY NO. 13:**

Please list every expense which you have or will incurred [sic] which is based on the claims in this suit.

**ANSWER:**

Plaintiff objects to this Interrogatory to the extent he is not required to itemize elements of special damages. Without waiving this objection, Plaintiff has incurred extensive medical and nursing home expenses as a result of subject incident. Plaintiff currently resides in Valley Grande Manor Nursing Home in Brownsville, Texas, and continues to see numerous physicians on a regular basis. His expenses are ongoing.

**INTERROGATORY NO. 14:**

Excluding the instant suit, if you have been a party to a lawsuit or criminal complaint or information or have ever filed a claim before, please state the Court the suit was filed and the cause number and style of this suit the nature of the case.

**ANSWER:**

None prior to this lawsuit.

**INTERROGATORY NO. 15:**

Identify any and all liens or subrogation interest filed, presented or known to Plaintiff or Plaintiff's agents or attorneys arising from or concerning any health care, medical care, nursing care, or hospital care afforded to Plaintiff that is related to the occurrence made the basis of this suit. In answer this interrogatory, please identify the name and address of each lienholder or the person or entity claiming a subrogation interest, together with the monetary amount claimed and if filed or record, the office and county of recording. Your answer to this interrogatory should identify all lienholders and subrogation claimants together with all local, state and federal governmental agencies asserting subrogation status, including medicare or medicaid and any hospital liens and the amount of those liens.

**ANSWER:**

Medicare and Medicaid are assisting Plaintiff with his medical and nursing home needs. These expenses are ongoing.

**INTERROGATORY NO. 16:**

Please state any and all input you or anyone acting on your behalf had in the decision to transport you to Valley Regional Medical Center on December 24, 1998 after your automobile accident. If you did not have any input, please state who did.

**ANSWER:**

None.

**INTERROGATORY NO. 17:**

Please state your legal and factual basis for claiming that this Defendant is grossly negligent or liable for punitive damages.

**ANSWER:**

Plaintiff objects to Interrogatory No. 17 to the extent that this Interrogatory asks Plaintiff to express legal conclusions and contentions. Without waiving these objections, please refer to Plaintiff's pleadings on file herein.

**INTERROGATORY NO. 18:**

As to each consulting expert witness whose work has been reviewed by a testifying expert, provide the name, address and telephone number of such expert, what opinions related to this case, such expert has communicated to your testifying experts and the expert's qualifications.

**ANSWER:**

The healthcare providers as disclosed in Answer to Interrogatory No. 7 may be considered consulting experts. The Answer to Interrogatory No. 7 is incorporated by reference. The only opinion they have expressed to testifying experts would be contained in their medical records.

STATE OF TEXAS §

COUNTY OF BEXAR §

BEFORE ME, the undersigned authority, on this day personally appeared CANDELARIO

*and Maria De Leon*

DE LEON, who, after having been duly sworn, stated that the above and foregoing answers to

interrogatories are true and correct.

X X Maria B. De Leon

CANDELARIO DE LEON

*and Maria De Leon*

SWORN TO AND SUBSCRIBED before me by the said CANDELARIO DE LEON on this

22nd day of June , 2001, to certify which, witness my hand and seal of office.

Phyllis A Burke

NOTARY PUBLIC, STATE OF TEXAS

PHYLLLIS A. BURKE
MY COMMISSION EXPIRES
September 8, 2002

My commission expires: _____



* Candelario De Leon signed by "X". Maria De Leon then signed for him.

PHYLLLIS A. BURKE
MY COMMISSION EXPIRES
September 8, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CANDELARIO De LEON,                  §
                                     §   COMPLAINT FOR DAMAGES FOR VIOLATIONS
                    Plaintiff,       §   OF CIVIL RIGHTS UNDER COLOR OF STATE
                                     §   LAW (42 U.S.C. §§ 1983)
VS.                                  §
                                     §        CIVIL ACTION NO. CV-B-00-192
CITY OF BROWNSVILLE, TEXAS, ET AL.,  §
                                     §
                    Defendants.      §

## PLAINTIFF'S OBJECTIONS TO REQUESTS FOR PRODUCTION OF DEFENDANT, COLUMBIA VALLEY HEALTHCARE SYSTEMS, L.P. d/b/a VALLEY REGIONAL MEDICAL CENTER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW comes Plaintiff, CANDELARIO DeLEON, and files these objections to Requests for Production propounded by Defendant, COLUMBIA VALLEY HEALTHCARE SYSTEMS, L.P. d/b/a VALLEY REGIONAL MEDICAL CENTER, and in support thereof, would show the Court as follows:

1.     Plaintiff objects to Request for Production No. 2 in that this request is unintelligible as written. The request asks for all electronic or magnetic data relevant to this case. This request is overly broad, burdensome, and not contemplated within the Federal Rules of Civil Procedure. A request must be specific in terms of the date for which it asks.

2.     Plaintiff objects to Request for Production No. 4 in that it asks Plaintiff to execute Form 4506 to obtain tax records. Plaintiff will be pleased to produce for the Defendant any tax records for a given period of time not to exceed five (5) years.

3.     Plaintiff objects to Request for Production No. 5 in that there is no rule under the Federal Rules of Civil Procedure which indicates that the party must sign an attached medical

authorization. Plaintiff will provide to the Defendant medical authorizations for designated health care providers.

4.      Plaintiff objects to Request for Production No. 6 in that it asks Plaintiff to execute the attached Wage and Employment Authorization. Such request is not contemplated by the Federal Rules of Civil Procedure. Further, Plaintiff objects to this request in that it conceivably violates privacy rights of the Plaintiff which are found in the United States Constitution and the Texas Constitution.

5.      Plaintiff objects to Request for Production No. 7 to the extent that this is merely a fishing expedition and does not adequately identify the documents which are required to be produced. The Defendant needs to identify what public documents and records, what official publications, and what newspaper periodical articles to which it is referring.

6.      Plaintiff objects to Request for Production No. 9 in that it is overly broad, burdensome and global. It does not specifically identify the kind of documentation that is asked to be produced. Plaintiff further objects to this Request for Production to the extent that it calls for the production of materials which are protected by the attorney/client privilege and the work product exemption to discovery.

7.      Plaintiff objects to Request for Production No. 10 in that it is overly broad, burdensome and global. It does not specifically identify the kind of documentation that is asked to be produced. Plaintiff further objects to this Request for Production to the extent that it calls for the production of materials which are protected by the attorney/client privilege and the work product exemption to discovery.

8.      Plaintiff objects to Request for Production No. 12 in that it is overly broad, burdensome and oppressive and would more appropriately be addressed by way of deposition.

2

9.      Plaintiff objects to Request for Production No. 13 to the extent that this request asks

for the production of materials which are subject to the attorney/client privilege and work product

exemption to discovery found in the Federal Rules of Civil Procedure.

10.     Plaintiff objects to Request for Production No. 19 to the extent that this request asks

for the production of materials which are subject to the attorney/client privilege and work product

exemption to discovery found in the Federal Rules of Civil Procedure.

Respectfully submitted,

By: _____

CAROL P. LOMAX
State Bar No. 12509100
Federal I.D. No. 13464
BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this ___21___ day of _____June_____, 2001, to:

Ryan Henry
Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, TEXAS AND
BENIGNO REYNA IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE
FOR THE CITY OF BROWNSVILLE

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

G:\WPFILES\FILES CLT\D\DEL9827\DISC\COL-RFP.OBJ

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO De LEON, | § | |
| | § | COMPLAINT FOR DAMAGES FOR VIOLATIONS |
| Plaintiff, | § | OF CIVIL RIGHTS UNDER COLOR OF STATE |
| | § | LAW (42 U.S.C. §§ 1983) |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER REQUESTS FOR PRODUCTION

TO:   COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER, by and through their attorneys of record. William Gault and Paul Fourt, BRIN & BRIN, P.C., 1325 Palm Blvd., Suite A, Brownsville, Texas 78520

COMES NOW Plaintiff CANDELARIO DE LEON and pursuant to FED.R.CIV.P. 34, and

serves the following Objections and Responses to Requests for Production propounded by

Defendant, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL

MEDICAL CENTER.

Respectfully submitted.

By: _____
CAROL P. LOMAX
State Bar No. 12509100
Federal I.D. No. 13464
BRANTON & HALL. P.C.
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this _22nd_ day of _June_ , 2001, to:

**REGULAR MAIL**  Ryan Henry
       WILLETTE & GUERRA, L.L.P.
       International Plaza, Suite 460
       Brownsville, Texas 78521

       ATTORNEYS FOR DEFENDANTS,
       CITY OF BROWNSVILLE AND
       CHIEF OF POLICE, BENINGO REYNA

**REGULAR MAIL**  Tyler Scheuerman
       UZICK & ONCKEN, P.C.
       8200 IH 10 West, Suite 208
       San Antonio, Texas 78230

       ATTORNEYS FOR DEFENDANTS,
       STAT PHYSICIANS, P.A. and
       JOAO DOVALE, M.D.

**CERTIFIED MAIL**  William Gault
       Paul Fourt
       BRIN & BRIN, P.C.
       1325 Palm Blvd., Suite A
       Brownsville, Texas 78520

       ATTORNEYS FOR DEFENDANTS
       COLUMBIA VALLEY HEALTHCARE
       SYSTEM, L.P. D/B/A VALLEY
       REGIONAL MEDICAL CENTER AND
       HCA-THE HEALTHCARE COMPANY

       CAROL P. LOMAX

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce reproductions of all photographs, video tapes, motion pictures and audio tapes relevant to this suit.

### RESPONSE:

None in Plaintiff's possession at this time.

### REQUEST FOR PRODUCTION NO. 2:

Please produce reproductions of all electronic or magnetic data relevant to this case.

### RESPONSE:

Plaintiff objects to Request for Production No. 2 in that it is unintelligible as written. This Request is overly broad, burdensome, and not contemplated within the Federal Rules of Civil Procedure. A request must be specific in terms of the data for which it asks.

### REQUEST FOR PRODUCTION NO. 3:

Please produce copies of all bills reflecting damages you are claiming in this lawsuit.

### RESPONSE:

Complete itemized statements for medical treatment and nursing home services have been ordered by deposition by written question and will be made available to Defendant.

### REQUEST FOR PRODUCTION NO. 4:

Please execute and return the attached Form 4506

### RESPONSE:

Plaintiff objects to Request for Production No. 4 in that it asks Plaintiff to execute Form 4506 to obtain tax records. Subject to this objection Plaintiff is in the process of obtaining tax records for the past five years as they relate to Candelario De Leon.

## REQUEST FOR PRODUCTION NO. 5:

Please execute and return the attached medical authorization.

## RESPONSE:

Plaintiff objects to Request for Production No. 5 in that there is no rule under the Federal Rules of Civil Procedure which indicates that the party must sign an attached medical authorization. Plaintiff also objects to signing the authorization as attached which would allow for ex parte communications between Defendant and Plaintiff's healthcare providers. Further, Plaintiff and/or Defendants have ordered medical and billing records by Deposition by Written Question and these will be made available to Defendant.

## REQUEST FOR PRODUCTION NO. 6:

Please execute the attached wage and employment authorization.

## RESPONSE:

Plaintiff objects to this Request in that it asks Plaintiff to execute the attached Wage and Employment Authorization. Such request is not contemplated by the Federal Rules of Civil Procedure. Further, Plaintiff objects to this Request in that it conceivably violates privacy rights of the Plaintiff which are found in the United States Constitution and the Texas Constitution.

## REQUEST FOR PRODUCTION NO. 7:

Please produce copies of all of the following documents which are relevant to the incident made the basis of this suit or your alleged damages:

      a.     Public documents and records;

      b.     Official publication; and

      c.     Any portions of any newspaper or periodical.

## RESPONSE:

Plaintiff objects to Request for Production No. 7 to the extent that this is merely a fishing expedition and does not adequately identify the documents which are required to be produced. The Defendant needs to identify what public documents and records, which official publications, and what newspaper periodical articles to which it is referring.

## REQUEST FOR PRODUCTION NO. 8:

Please produce copies of all statements, documents and tape recordings, reflecting communications obtained from Defendant, its employees, agents or servants.

## RESPONSE:

None, other than those contained in the medical records which are in Defendant's possession or constructive possession.

## REQUEST FOR PRODUCTION NO. 9:

Please produce copies of any and all non-medical documentation relevant to the damages you claim to have sustained in this suit.

## RESPONSE:

Plaintiff objects to this Request in that it is overly broad, burdensome and global. It does not specifically identify the kind of documentation that is asked to be produced. Plaintiff further objects to this Request to the extent that it calls for the production of materials which are protected by the attorney/client privilege and the work product exemption to discovery.

## REQUEST FOR PRODUCTION NO. 10:

Please produce copies of reports or statements, made by anyone, in your possession to or for the attention of any Federal or State department, commission, authority, or governmental or regulatory body in any way related to either the incident made the basis of this lawsuit.

## RESPONSE:

Plaintiff objects to Request for Production No. 10 in that it is overly broad, burdensome and global. It does not specifically identify the kind of documentation that is asked to be produced. Plaintiff further objects to this Request to the extent that it calls for the production of material which are protected by the attorney/client privilege and the work product exemption to discovery.

## REQUEST FOR PRODUCTION NO. 11:

Please produce all reports and materials of consulting expert that has been reviewed by testifying experts.

## RESPONSE:

A copy of the accident report is attached. The reports of Dr. Nick Peters and Dr. Jeremy Slater are also attached. Medical records have been ordered by written deposition and will be made available to Defendant. The reports of Dr. Alex Willingham and Zeff Ross will be forthcoming as will the identification and report of our retained enforcement officer.

## REQUEST FOR PRODUCTION NO. 12:

With respect to each expert witness, please produce the following:

a. Copies of all expert reports of your experts which presently exist, and any and all reports which your expert can prepare as now requested by recording or reducing to tangible form[sic] their factual observations, tests, supporting data, calculations, photographs, or opinions;

b. Copies of all materials sent to the expert by Plaintiff or Plaintiff's counsel with regards to the incident made the basis of this suit;

c. Copies of all materials used, consulted or reviewed by the expert with regards to his opinions concerning the incident made by the basis of this suit;

d. Copies of all materials setting forth the compensation agreement between the Plaintiff and the expert in this suit;

e. Copies of all materials that have been or will be shown to the expert prior to trial testimony in this case, and;

f. Copies of all materials, including a current curriculum vitae, used to establish the experts' qualifications for trial purposes in this cause.

NOTE: The term "expert" as used in these requests does not include experts whom you affirmatively now aver to be experts for consultation purposes only.

## RESPONSE:

Plaintiff objects to this Request in that it is overly broad, burdensome, oppressive and would more appropriately be addressed by way of deposition.

## REQUEST FOR PRODUCTION NO. 13:

Please produce copies of all statements, declarations or admissions whether reduced to writing or otherwise recorded, obtained from any individual with purported knowledge of facts relevant to this lawsuit.

## RESPONSE:

Plaintiff objects to Request for Production No. 13 to the extent that this request asks for the production of materials which are subject to the attorney/client privilege and work product exemption to discovery found in the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 14:

Please produce your wage statements, W-2, tax records or any other documents showing your income for the last 7 years.

## RESPONSE:

Plaintiff objects to this Request to the extent that it requests production of materials which are subject to attorney/client privilege and work product exemption to discovery found in the Federal Rules of Civil Procedure. Plaintiff further objects in that the Internal Revenue Service only requires an individual to retain such records for a period of three years.

## REQUEST FOR PRODUCTION NO. 15:

Please produce all documentation reflecting any settlement and the terms of the settlement.

## RESPONSE:

None at this time.

## REQUEST FOR PRODUCTION NO. 16:

Copies of all claims made or forms submitted to all insurance carriers in connection with claims for benefits pertaining to the event made the basis of this lawsuit.

## RESPONSE:

None at this time other than Medicare/Medicare records.

## FOR PRODUCTION NO. 17:

ꞏ written customs, instructions, practices, regulations or other rules in effect at the time
ꞏ the incident made the basis of this lawsuit which pertain to the occurrence or
of any of the events relevant to your claims concerning the incident made the basis of

ꞏꞏ

ꞏcts to this Request in that it is merely a fishing expedition and does not adequately
locuments which are required to be produced. The Defendant needs to identify what
tructions, practices, regulations or other rules to which it is referring. Plaintiff further
ꞏ overly broad, burdensome, and global nature of this Request. Plaintiff objects to the
calls for the production of materials which are protected by attorney/client privilege and
ꞏduct exemption to discovery.

## FOR PRODUCTION NO. 18:

l witness statements.

ꞏꞏ

han written statements by the police officer in the Accident Report being provided. The
statements of which Plaintiff is aware would be those contained in the medical and
ꞏe records relating to Plaintiff. These records have been ordered by Deposition by
ꞏstion and available to all parties.

## ꞏ FOR PRODUCTION NO. 19:

eproductions of blueprints, plans, chalks, charts, diagrams, drawing, maps, models,
ꞏ other visual reproduction of any of the persons, matter, places, equipment or things
this action or that will be used in trial.

## E:

jects to this Request to the extent that this request asks for the production of materials
ubject to attorney/client privilege and work product exemption to discovery found in the
les of Civil Procedure.

## ꞏ FOR PRODUCTION NO. 20:

ꞏide us with a copy of the notification that you sent to Defendants in accordance with
0i of the Texas Revised Civil Statutes.

**RESPONSE**:  Notice letters are attached.


**REQUEST FOR PRODUCTION NO. 21**:

Please provide the written opinion that you have received from the experts.

**RESPONSE**:

Reports of Nick Peters, M.D. and Jeremy Slater, M.D. are attached.  The remaining reports will be forthcoming.



## Smith-Glynn-Callaway Medical Building

January 4, 2001

Carol P. Lomax
Branton & Hall
737 Travis Park Building
711 Navarro, Suite 737
San Antonio, Texas 78205-1787

       Re:    Patient: Candelario DeLeon
              File Number: 9827

Dear Ms. Lomax:

I, Jeremy D. Slater, M.D., am a licensed physician, Board Certified in Neurology,
Clinical Neurophysiology and Sleep Medicine. I have reviewed the records of Candelario
DeLeon. These include the following:
1. Emergency room records from Columbia Valley Regional Medical Center, dated
   12/24/98.
2. Hospital records from the Brownsville Medical Center, dated 12/25/98 through
   1/7/99.
3. EMS ambulance activity records from the City of Brownsville, dated 12/24/98
   through 1/29/99.

**Case Summary**:

Candelario DeLeon is a 58 year old male with an essentially negative past medical
history, who was brought to the Columbia Valley Regional Medical Center emergency
room on 12/24/98 by the City of Brownsville EMS ambulance after a motor vehicle
accident. The patient was found, sitting in the driver's seat, unrestrained. According to
the EMS notes, "Pt. Smelled highly of ETOH and stated he had been drinking but
unknown what or how much". A cervical collar was placed and the patient was extricated
through the driver's door onto a backboard (10 PM). On route, the patient complained of
"numbness from the neck down".

Upon arrival in the emergency room (10:05 PM), the ER physician notes document that
the patient is "obviously drunk – awake". Normal exam findings are documented for the
heart, lungs and abdomen, with no findings recorded for the neurological examination or



# Smith-Glynn-Callaway Medical Building

extremities. Nursing notes document the absence of CSF or blood in the ear canals, and the absence of Battle's sign, or periorbital ecchymoses. The presence of the cervical collar is noted. The patient received one staple to a forehead laceration and was then discharged to the custody of the police. No cervical spine films were ordered – there is no documentation regarding if or when the collar was removed.

The patient then spent the night in the city jail. Waking the next morning, he complained of being unable to move. When the EMS service arrived, he complained of pain in his arms and numbness throughout his body. At that time, no cervical collar was in evidence. The patient was placed on a backboard, secured with straps and transported to the Brownsville Medical Center emergency room.

Upon arrival in the emergency room, the patient was assessed and underwent X-rays of the cervical spine. Once these were completed, because of clinical suspicion of a cord compression, he received high-dose Solumedrol intravenously, 30 mg/kg. A Foley catheter was placed, and 400 cc of urine drained. Spine X-rays were completed including cervical, thoracic and lumbar, all of which were read as normal. A neurology consultation was obtained. The neurologist, on the basis of the clinical examination, suspected a low cervical cord compression, and ordered an MRI of the cervical spine. This was completed, and demonstrated no hematoma, moderate changes of cervical spondylosis with spinal canal stenosis in the mid to lower cervical spine. Neurosurgical consultation was ordered. A subsequent MRI of the thoracic spine was unremarkable, as was a CT scan of the brain.

Through the remaining hospitalization the patient received supportive therapies, and at the time of discharge to a nursing home, the patient remained quadraparetic, with a T8 sensory level.

## Conclusions:

It is my professional opinion that the emergency room physician at Columbia Valley Regional Medical Center deviated from the standard of care by failing to complete a neurologic examination on Mr. DeLeon at the time of his initial presentation. The circumstances of the patient's injury, in addition to his complaints to the EMS personnel of numbness from the neck down, are both strongly compelling reasons to assess for possible cervical cord injury. Had he completed a neurological examination at that time, he might have discovered clinical evidence suggesting the presence of a cord compression. Early treatment with high-dose intravenous steroids could have been initiated, possibly reducing the level of longterm neurologic deficit.



## Smith-Glynn-Callaway Medical Building

**Deviations:**

Based on a reasonable degree of medical certainty, it is my opinion that the physician did not use such care as reasonably prudent healthcare providers practicing in the same field in the same or similar locality would have provided under similar circumstances. It is my opinion that the breach in care caused a lost opportunity for a medical intervention that may have significantly reduced the patient's longterm deficits.

Signed,

Jeremy D. Slater, M.D.

**Nick Peters, MD**
**2300 Marie Curie Rd**
**Garland, Texas 75042**
**(972) 562-8541**

November 10, 2000

Carol Lomax
Branton & Hall
737 Travis Park Plaza Building
711 Navarro, Suite 737
San Antonio, Texas 78205

Re: Candelario DeLeon  9827

Dear Ms Lomax,

I, Nick Peters am a licensed physician Board Certified in Emergency Medicine. I have
reviewed the medical records sent from your office relating to the care of Mr. DeLeon.
Specifically, I have reviewed the records of two different emergency department visits
with paramedic transportation records for December 24, 1998 and December 25,
1998. Also, I was provided the inpatient hospital  records for his admission from his
December 25, 1998 arrival to his discharge on January 6, 1999. Mr. DeLeon was
brought back for other medical problems on January 8 and was discharged on
January 29, 1999.

As you know, Mr. DeLeon was a 57 year old male involved in a motor vehicle collision
in the evening of December 24, 1998.  Paramedics found him unable to get out of the
car.  The paramedics placed him in spinal precautions including a cervical spine
collar, head immobilization and strapped to a back board.  On arrival to the emergency
department at Columbia Valley Regional Medical Center it was reported the patient
complained of numbness from the neck down.  Dr. Dovale Joao examined the patient
and stapled a facial laceration.  The patient was cleared from spinal precautions and
Dr. Joao noted the patient was "obviously drunk". The patient was discharged from the
emergency department to police custody to go to jail after approximately 30 minutes at
2030.

On December 25, 1998 Mr. DeLeon was brought to Brownsville Medical Center
emergency department with" back pain",  "numbness in body" and "can't move legs".
Paramedics brought him from the jail to the hospital on a backboard without a cervical
spine collar. Dr. Nagarjun Narra  applied a C-collar but when the patient returned from
x-ray the collar had been removed.  Later the cervical collar was replaced. After

Carol Lomas
Re: DeLeon
Nov. 10, 2000
page 2

multiple x-rays were performed including cervical, dorsal and lumber spine, CT and MRI a diagnosis of acute spinal cord injury, cervical cord compression was made. The patient was admitted for further care and evaluation of his quadriplegia.

He was discharged from the hospital for supportive care and therapy, to be brought back 2 days later on January 8, 1999 for an infection and was later discharged again on January 29, 1999.

After my review of the records available, I believe several times the medical care rendered to Mr. DeLeon fell below expected standards. The incidences and reasons for my opinion are as follows:

1.    On the first emergency department encounter the patient was removed from spinal precautions prematurely. To safely remove a patient from such precautions, he must be awake, alert with no distracting injuries and no mind altering substances substances in the patient's system. Then the physician can access spinal stability after a careful normal neurological and spinal exam. Often needed are x-rays and occasionally special studies or consulting opinions . Dr. Joao did not document a neurological examination, or a spinal exam. The patient had a mind altering substance in his system as noted by the physician as "obviously drunk". No x-rays where done to even attempt to find the cause of the patient's compliant of numbness. In my opinion this gross negligence was a major contributing cause of Mr. DeLeon's spinal cord injury.

2.    When the paramedics arrived to care for Mr. DeLeon at the jail on December 25, 1999, they put him on a back board, but no cervical collar. With his cervical spine unstabilized he was at high risk of further unnecessary injury while being transported. This deviation from the standards of care was a contributing cause of Mr. DeLeon's quadriplegia.

3.    When the patient arrived to emergency on December 25, 1999 Dr. Narra appropriately placed a cervical collar on Mr. DeLeon. Unfortunately when he returned from having his x-rays done the collar was off. Later it was put back on. Even with normal cervical spine x-rays, the spinal precautions must not be removed if their is evidence of a neurological deficit. At this time Mr. DeLeon had obvious signs of injury with decreased motor and sensory function. The removal of the collar at this point was a departure from acceptable medical standards demonstrating negligence and could have contributed to his ultimate spinal injury.

Carol Lomas
Re: DeLeon
Nov. 10, 2000
page 3

In summary, it is my professional opinion the care for Mr. DeLeon fell substantially below standards of care several times by various caretakers. Reasonable care would have protected the spine from further injury. As a result of these breeches in the standard of medical care Mr. DeLeon did not have the opportunity to minimize or even possibly eliminate any long term paralysis, and other sequela.

Please do not hesitate to contact me if there are additional records for review or if there are additional questions which need to be addressed.

Sincerely,

Nick Peters, MD



JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization
Of Counsel
HARRY L. MUNSINGER

**BRANTON & HALL**
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

CAROL P. LOMAX
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

STEVE A. KULAWIK

DIANA CASAREZ MINELLA

November 21, 2000

*VIA CERTIFIED MAIL/RRR*

Homayon Sidiq, M.D.
3005 Old Alice Road, #500C
Brownsville, Texas 78521

Re:     Patient: Candelario DeLeon
DOI:   12-24-1998
SSN:   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
DOB:   06-15-1941
Our File No.: 9827

Dear Dr. Sidiq:

We represent Candelario DeLeon, who is asserting a health care liability claim against you for negligence which occurred on or about December 25, 2000, due to your failure to render the proper treatment during his emergency room visits.

This notice is given pursuant to the requirements of Article 4590i, Texas Revised Civil Statutes. Pursuant to that statute, you are requested to provide the undersigned with complete and unaltered copies of your medical records concerning Candelario DeLeon within ten (10) days from your receipt of this notice. An authorization signed by our client is enclosed.

You are invited to have your liability carrier contact me regarding this claim.

Sincerely,

CAROL P. LOMAX

Enclosure

## PS Form 3800, April 1995

**Postmark or Date**

11-21-0

| | |
|---|---|
| TOTAL Postage & Fees | $ |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| Return Receipt Showing to Whom & Date Delivered | |
| Restricted Delivery Fee | |
| Special Delivery Fee | |
| Certified Fee | |

Homayon Sidiq, M.D.
3005 Old Alice Road, #500C
Brownsville, Texas 78521

**Sent to**

Do not use for International Mail (See reverse)
No Insurance Coverage Provided.

# Receipt for Certified Mail

US Postal Service

Z 302 174 498

---

**SENDER: COMPLETE THIS SECTION ON DELIVERY**

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Homayon Sidiq, M.D.
3005 Old Alice Road, #500C
Brownsville, Texas 78521

2. Article Number (Copy from service label)

Z 302 174 498

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

C. Signature (Print Clearly)

X _____

B. Date of Delivery  2/1/61

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?
If YES, enter delivery address below:    ☐ Yes    ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes



**JAMES L. BRANTON**
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

**JAMES A. HALL**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization
Of Counsel
**HARRY L. MUNSINGER**

**BRANTON & HALL**
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

**CAROL P. LOMAX**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

**THOMAS A. CROSLEY**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

**STEVE A. KULAWIK**

**DIANA CASAREZ MINELLA**

November 21, 2000

*VIA CERTIFIED MAIL/RRR*

HCA - The Healthcare Company,
formerly d/b/a Columbia/HCA
Healthcare Corporation
One Park Plaza
Nashville, Tennessee 37203

Attention: Jack Bovender, President

Columbia Valley Regional Medical Center
P.O. Box 3710
Brownsville, Texas 78520

Attention: Pete Delgado, Chief Executive Officer

Brownsville-Valley Regional Medical Center
P.O. Box 3710
Brownsville, Texas 78520

Attention: Pete Delgado, Chief Executive Officer

HCA - The Healthcare Company,
formerly d/b/a Columbia/HCA
Healthcare Corporation
P.O. Box 750
Nashville, Tennessee 37203

Attention: Columbia/HCA Legal Department

Columbia Valley Healthcare System, L.P.
One Park Plaza
Nashville, Tennessee 37203

Attention: Richard Bracken, President

    Re:    Patient: Candelario DeLeon
             DOI:  12-24-1998
             SSN:  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
             DOB:  06-15-1941
             Our File No.: 9827

Gentlemen:

    We represent Candelario DeLeon, who is asserting a health care liability claim against you
for the negligent treatment and failure to render the proper treatment during his emergency room
visits of December 24, 2000, and December 25, 2000.

Healthcare Providers
November 21, 2000
Page 2


This notice is given pursuant to the requirements of Article 4590i, Texas Revised Civil Statutes. Pursuant to that statute, you are requested to provide the undersigned with complete and unaltered copies of your medical records concerning Candelario DeLeon within ten (10) days from your receipt of this notice. An atífhorization signed by our client is enclosed.

You are invited to have your liability carrier contact me regarding this claim.

Sincerely,

CAROL P. LOMAX

Enclosure

**SENDER** ~~THIS SECTION ON DELIVERY~~

- Complete items 1, 2, ~~and~~ ~~3. Also complete~~ by (Please Print Clearly) | B. Date of Delivery
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,

_Redmo_  | 11-27-2000

C. Signature

X _Redmo_  ☐ Agent  ☐ Addressee

HCA - The Healthcare Company,
formerly d/b/a Columbia/HCA
Healthcare Corporation
One Park Plaza
Nashville, Tennessee 37203

Attention: Jack Bovender, President

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
  ☒ Certified Mail  ☐ Express Mail
  ☐ Registered  ☐ Return Receipt for Merchandise
  ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Copy from service label)  2 302 174 412

PS Form 3811, July 1999     Domestic Return Receipt     102595-00-M-0952

---

**SENDER.COM**

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Columbia Valley Healthcare System, L.P.
One Park Plaza
Nashville, Tennessee 37203

Attention: Richard Bracken, President

2. Article Number (Copy from service label)  302174 46

PS Form 3811, July 1999     Domestic Return Receipt

C. Signature

X _Redmo_  ☐ Agent  ☐ Addressee

Please Print Clearly  B. Date of Delivery  11-27-200

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Service Type
  ☐ Certified Mail  ☐ Express Mail
  ☐ Registered  ☐ Return Receipt for Merchandise
  ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

102595-00-M-0952

---

**SENDER** complete

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Columbia Valley Healthcare Hall / C.S.C.
P.O. Box 2—
Browns' PRENTICE HALL / C.S.C.
NEW MAILING ADDRESS IS:
800 BRAZOS ST., SUITE 750
AUSTIN TX 78701

Attention: Chief Executive Officer

2. Article Number (Copy from service label)  2 302 174 413

PS Form 3811, July 1999     Domestic Return Receipt

C. Signature

_Marilee Howard_

B. Date of Delivery  DEC 11

Service Type
  ☒ Certified Mail  ☐ Express Mail
  ☐ Registered  ☐ Return Receipt for Merchandise
  ☐ Insured Mail  ☐ C.O.D.

Restricted Delivery? (Extra Fee)  ☐ Yes

delivery address different from item 1? ☐ Yes
ES, enter delivery address below: ☐ No

☐ Agent  ☐ Addressee

102595-00-M-0952

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Brownsville-Valley Regional Medical Center
P.O. Box 2710
NEW MAILING ADDRESS IS:
Att    800 BRAZOS ST, SUITE 750
        AUSTIN TX 78701

2. Article Number (Copy from service label)

Z 302 174 YY

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

**COMPLETE THIS SECTION ON DELIVERY**

C. Signature
X                                          ☐ Agent
                                           ☐ Addressee

B. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HCA - The Healthcare Company,
formerly d/b/a Columbia/HCA
Healthcare Corporation
P.O. Box 750
Nashville, Tennessee 37203

Attention: Columbia/HCA Legal Department

2. Article Number (Copy from service label)

Z 302 174 445

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

**COMPLETE THIS SECTION ON DELIVERY**

C. Signature
X                                          ☐ Agent
                                           ☐ Addressee

B. Date of Delivery
NOV 27 2000

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes



**JAMES L. BRANTON**
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

**JAMES A. HALL**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization
Of Counsel
**HARRY L. MUNSINGER**

# BRANTON & HALL
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

**CAROL P. LOMAX**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

**THOMAS A. CROSLEY**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

**STEVE A. KULAWIK**

**DIANA CASAREZ MINELLA**

November 21, 2000

*VIA CERTIFIED MAIL/RRR*

Stat Physicians, P.A.
P.O. Box 4346, Dept. 487
Houston, Texas 77210-4346

Stat Physicians, P.A.
c/o National Registered Agents, Inc.
905 Congress Avenue
Austin, Texas 78701

Attention: President/C.E.O.

Re:   Patient: Candelario DeLeon
      DOI:   12-24-1998
      SSN:   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
      DOB:   06-15-1941
      Our File No.: 9827

Dear President/C.E.O. and Registered Agent:

We represent Candelario DeLeon, who is asserting a health care liability claim against you for negligence and the negligence of Joao Dovale, M.D., and your failure to ensure he was rendered the proper treatment during his emergency room visits of December 24, 2000 and December 25, 2000.

This notice is given pursuant to the requirements of Article 4590i, Texas Revised Civil Statutes. Pursuant to that statute, you are requested to provide the undersigned with complete and unaltered copies of your medical records concerning Candelario DeLeon within ten (10) days from your receipt of this notice. An authorization signed by our client is enclosed.

You are invited to have your liability carrier contact me regarding this claim.

Sincerely,

CAROL P. LOMAX

Enclosure

F OFFICER'S ACCIDENT REPORT    ST-3 (Eff. 1/1/96)    MAIL TO: ACCIDENT RECORDS, TEXAS DEPARTMENT OF PUBLIC SAFETY, PO BOX 4087, AUSTIN TX 78773-0001

LOC. NO. **98-3066620**

ERE OCCURRED **Cameron**    CITY OR TOWN **Brownsville**    SHOW ONLY IF INSIDE CITY LIMITS

T WAS OUTSIDE CITY LIMITS,
STANCE FROM NEAREST TOWN _____ MILES   NORTH S E W OF ___ CITY OR TOWN

| | DO NOT WRITE IN THIS SPACE | OPS NO. |
|---|---|---|
| WHICH OCCURRED **4600** BLOCK NUMBER   **FM-802** STREET OR ROAD NAME   ROUTE NUMBER OR STREET CODE   CONSTR. ☐ YES ☑ NO SPEED LIMIT **55** ZONE | LOC. | |
| NG NUMBER **2600** BLOCK NUMBER   **CENTRAL AVE.** STREET OR ROAD NAME   ROUTE NUMBER OR STREET CODE   CONSTR. ☐ YES ☑ NO SPEED LIMIT **35** ZONE | CODE | |
| TERSECTION ☐ FT. ☐☐☐☐ OF ☐ MI. N S E W   SHOW MILEPOST OR NEAREST INTERSECTING NUMBERED HIGHWAY. IF NONE, SHOW NEAREST INTERSECTING STREET OR REFERENCE POINT. | SEVERITY | |
| | FAT. REC. | |

**12/24** 19 **98**   DAY OF WEEK **THURSDAY**   HOUR **19:25** ☐ A.M. IF EXACTLY NOON ☑ P.M. OR MIDNIGHT, SO STATE

DR. REC.

IOTOR VEHICLE   VEH IDENT NO **1FAPP59SLT108368**   IF BODY STYLE = VAN OR BUS, INDICATE SEATING CAPACITY

| **1989** COLOR & MAKE **RED/FORD**   MODEL NAME **ESCORT LX**   BODY STYLE **4DR.**   LICENSE PLATE **99 TX THR-75H** YEAR STATE NUMBER |
|---|

**DELEON CANDELARIO** 140 E. 10th ST. BROWNSVILLE, TX 78520   PHONE NUMBER **-NONE-**

**TX** **11804985** **C** STATE NUMBER CLASS/TYPE   DOB **06/15/41** MO DAY YEAR   RACE **H** SEX **M** OCCUPATION ___

N TAKEN (ALCOHOL/DRUG ANALYSIS)   1- 2-BLOOD 3-OTHER 4-NONE 5-REFUSED   ALCOHOL/DRUG ANALYSIS RESULT ___   PEACE OFFICER, EMS DRIVER, FIRE FIGHTER ON EMERGENCY? ☐ YES ☐ NO

**-SAME AS OPERATOR-**   NAME (ALWAYS SHOW LESSEE IF LEASED, OTHERWISE SHOW OWNER)   ADDRESS (STREET, CITY, STATE, ZIP)

☐ YES CE ☐ NO   INSURANCE COMPANY NAME   POLICY NUMBER   VEHICLE DAMAGE RATING **FR-3**

IOTOR VEHICLE ☒ TRAIN ☐ PEDALCYCLIST ☐ OWED ☐ PEDESTRIAN ☐ OTHER ☐   VEH IDENT NO **1MEBP95FIFZ615312**   IF BODY STYLE = VAN OR BUS, INDICATE SEATING CAPACITY

**1985** COLOR & MAKE **BLACK/GREY/Mercury**   MODEL NAME **GRAND MARQUIS**   BODY STYLE **4DR.**   LICENSE PLATE **99 TX JBW-07D** YEAR STATE NUMBER

**FLORES LUIS URBINA** 4045 CoffeePort Rd. Brownsville, TX 78521   PHONE NUMBER **546-3824**

**TX** **06587363** **C** STATE NUMBER CLASS/TYPE   DOB **04/29/71** MO DAY YEAR   RACE **H** SEX **M** OCCUPATION ___

N TAKEN (ALCOHOL/DRUG ANALYSIS)   1- 2-BLOOD 3-OTHER 4-NONE 5-REFUSED ☐   ALCOHOL/DRUG ANALYSIS RESULT ___   PEACE OFFICER, EMS DRIVER, FIRE FIGHTER ON EMERGENCY? ☐ YES ☐ NO

**-SAME AS OPERATOR-**   NAME (ALWAYS SHOW LESSEE IF LEASED, OTHERWISE SHOW OWNER)   ADDRESS (STREET, CITY, STATE, ZIP)

☐ YES CE ☐ NO **DAIRYLAND COUNTY MUTUAL**   INSURANCE COMPANY NAME   **TX 411662922** POLICY NUMBER   VEHICLE DAMAGE RATING **BL-3**

TO PROPERTY OTHER THAN VEHICLES
N/A ___
CT ___   NAME AND ADDRESS (STREET, CITY, STATE, ZIP) OF OWNER   FEET FROM CURB   $ ___ DAMAGE ESTIMATE

| N **4** | WEATHER | [1] | SURFACE CONDITION | [1] | TYPE ROAD SURFACE | [1] | DESCRIBE ROAD CONDITIONS (INVESTIGATOR'S OPINION) |
|---|---|---|---|---|---|---|---|
| HT OT LIGHTED GHTED | 1-CLEAR/CLOUDY 2-RAINING 3-SNOWING 4-FOG 5-BLOWING DUST   6-SMOKE 7-SLEETING 8-HIGH WINDS 9-OTHER | | 1-DRY 2-WET 3-MUDDY 4-SNOWY/ICY 5-OTHER | | 1-BLACKTOP 2-CONCRETE 3-GRAVEL 4-SHELL 5-DIRT 6-OTHER | | **N/A** |

OPINION, DID THIS ACCIDENT RESULT IN AT LEAST $500.00 DAMAGE TO ANY ONE PERSON'S PROPERTY? ☒ YES ☐ NO

FILED **CANDELARIO DE LEON**   CHARGE **DWI (6TH)**   CITATION NUMBER **JAILED**

**ANDELARIO DE LEON**   CHARGE **1. NO LIABILITY INS. 2. FAILURE TO CONTROL SPEED**   CITATION NUMBER **900159**

IFIED ENT **12/24/98**   **19:30P** M HOUR   HOW **DISPATCHED**   TIME ARRIVED AT SCENE OF ACCIDENT **12/24/98**   **19:40** P M HOUR

PRINTED NAME OF INVESTIGATOR **ANDRES S. TORRES JR**   DATE REPORT MADE **12/24/98** DATE   IS REPORT COMPLETE ☒ YES ☐ NO

**7522** DEPARTMENT **BPD**   DIST/AREA **12**

(right margin, vertical) **998-3066620**

| SOLICITATION (SOL) | EJECTED | CODE FOR TYPE RESTRAINT USED | AIRBAG CODE | HELMET USE | CODE FOR INJURY SEVERITY | ALCOHOL/DRUG ANALYSIS (COMPLETE IF CASUALTIES NOT IN MOTOR VEHICLE) |
|---|---|---|---|---|---|---|
| CATES PERSON'S DESIRE TO RECEIVE CONTACT FROM PERSONS ING PROFESSIONAL EMPLOYMENT AS/FOR AN ATTORNEY, OPRACTOR, PHYSICIAN, SURGEON, PRIVATE INVESTIGATOR, OR OTHER PERSON REGISTERED OR LICENSED BY A HEALTH CARE TLATORY AGENCY.  Y—O.K. TO SOLICIT     N—NO SOLICITATION | A - NOT APPLICABLE Y - YES N - NO P - PARTIALLY U - UNK | A - SEATBELT & SHOULDER STRAP B - SEATBELT & NO SHOULDER STRAP C - CHILD RESTRAINT E - SHOULDER STRAP ONLY N - NONE | Y - DEPLOYED N - NO DEPLOYMENT U - UNK IF DEPLOYED | 1 - WORN-DAMAGED 2 - WORN-NOT DAMAGED 3 - WORN-UNK IF DAMAGED 4 - NOT WORN 9 - UNK IF WORN | K - KILLED A - INCAPACITATING INJURY B - NON INCAPACITATING C - POSSIBLE INJURY N - NOT INJURED | 2 - BREATH 3 - BLOOD 2 - OTHER 4 - URINE 5 - REFUSED |

---

| | TOWED DUE TO DAMAGE | VEHICLE |
|---|---|---|
| T NO. 1  AGE  ING  **FR-3** | ☑ YES ☐ NO | REMOVED TO  **2551 OLD PORT ISABEL LD.**  BY  **EXPRESS TOWING** |

| COMPLETE ALL DATA ON ALL OCCUPANTS' NAMES, POSITIONS, RESTRAINTS USED, ETC.; HOWEVER, IT IS NOT NECESSARY TO SHOW ADDRESSES UNLESS KILLED OR INJURED.  NAME (LAST NAME FIRST) | ADDRESS (STREET, CITY, STATE, ZIP) | SOL | EJECTED | TYPE RESTRAINT USED | AIRBAG | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
| **RIVER**  SEE FRONT | | — | — | N | — | — | 57 | M | B |
| | | | | | | | | ' | |

---

| | TOWED DUE TO DAMAGE | VEHICLE |
|---|---|---|
| IT NO. 2 (COMPLETE ONLY IF UNIT NO. 2 WAS A MOTOR VEHICLE)  AGE  ING  **BL-3** | ☐ YES ☒ NO | REMOVED TO _____  BY _____ |

| COMPLETE ALL DATA ON ALL OCCUPANTS' NAMES, POSITIONS, RESTRAINTS USED, ETC.; HOWEVER, IT IS NOT NECESSARY TO SHOW ADDRESSES UNLESS KILLED OR INJURED.  NAME (LAST NAME FIRST) | ADDRESS (STREET, CITY, STATE, ZIP) | SOL | EJECTED | TYPE RESTRAINT USED | AIRBAG | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
| **DRIVER**  SEE FRONT | | — | — | A | — | — | 27 | M | N |

---

MPLETE IF CASUALTIES NOT IN MOTOR VEHICLE

| PEDESTRIAN, OALCYCLIST | CASUALTY NAME (LAST NAME FIRST) | CASUALTY ADDRESS (STREET, CITY, STATE, ZIP) | SOL | TYPE SPECIMEN TAKEN | RESULT | HELMET | AGE | SEX | INJURY CODE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | – – | |

---

SPOSITION OF KILLED AND INJURED

| | | | IF AMBULANCE USED, SHOW | | |
|---|---|---|---|---|---|
| M NUMBERS | TAKEN TO | BY | TIME NOTIFIED | TIME ARRIVED AT SCENE | NO. ATTENDANTS INC. DRIVER |
| | **VALLEY REGIONAL HOSPITAL** | **EMS MEDIC 2** | **A:30P** | **A:38P** | **2** |

---

MPLETE THIS SECTION IF PERSON KILLED

| ITEM NUMBER | DATE OF DEATH | TIME OF DEATH | ITEM NUMBER | DATE OF DEATH | TIME OF DEATH | ITEM NUMBER | DATE OF DEATH | TIME OF DEATH |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

---

VESTIGATOR'S NARRATIVE OPINION OF WHAT HAPPENED (ATTACH ADDITIONAL SHEETS IF NECESSARY)

UNIT #1 AND UNIT #2 WERE TRAVELING WEST ON FM-802 APPROACHING THE INTERSECTION OF CENTRAL AVE. UNIT #2 SLOWED DOWN TO MAKE A LEFT TURN INTO CENTRAL AVE AND UNIT #1 FAILED TO SLOW DOWN WHO STRUCK UNIT #2 FROM BEHIND.

DIAGRAM ☐ ONE WAY ☒ TWO WAY ☐ DIVIDED  INDICATE NORTH

2600 CENTRAL AVE.

4600 FM 802

---

CTORS AND CONDITIONS LISTED ARE THE INVESTIGATOR'S OPINION

| FACTORS/CONDITIONS CONTRIBUTING | | OTHER FACTORS/CONDITIONS MAY OR MAY NOT HAVE CONTRIBUTED | | TRAFFIC CONTROL | |
|---|---|---|---|---|---|
| UNIT 1 | 1  **22**   2 —   3 — | UNIT 1 | 1   2 | 0-NO CONTROL OR INOPERATIVE  1-OFFICER OR FLAGMAN  2-STOP AND GO SIGNAL  3-STOP SIGN  4-FLASHING RED LIGHT | 5-TURN MARKS  6-WARNING SIGN  7-RR GATES OR SIGNALS  8-YIELD SIGN  9-CENTER STRIPE OR DIVIDER | 10-NO PASSING ZONE  11-OTHER CONTROL   **3** |
| UNIT 2 | 1 —   2 —   3 — | UNIT 2 | 1   2 | | | |

1. ANIMAL ON ROAD — DOMESTIC
2. ANIMAL ON ROAD — WILD
3. BACKED WITHOUT SAFETY
4. CHANGED LANE WHEN UNSAFE
5. DEFECTIVE OR NO HEADLAMPS
6. DEFECTIVE OR NO STOP LAMPS
7. DEFECTIVE OR NO TAIL LAMPS
8. DEFECTIVE OR NO TURN SIGNAL LAMPS
9. DEFECTIVE OR NO TRAILER BRAKES
10. DEFECTIVE OR NO VEHICLE BRAKES
11. DEFECTIVE STEERING MECHANISM
12. DEFECTIVE OR SLICK TIRES
13. DEFECTIVE TRAILER HITCH
14. DISABLED IN TRAFFIC LANE
15. DISREGARD STOP AND GO SIGNAL
16. DISREGARD STOP SIGN OR LIGHT

19. DISTRACTION IN VEHICLE
20. DRIVER INATTENTION
21. DROVE WITHOUT HEADLIGHTS
22. FAILED TO CONTROL SPEED
23. FAILED TO DRIVE IN SINGLE LANE
24. FAILED TO GIVE HALF OF ROADWAY
25. FAILED TO HEED WARNING SIGN
26. FAILED TO PASS TO LEFT SAFELY
27. FAILED TO PASS TO RIGHT SAFELY
28. FAILED TO SIGNAL OR GAVE WRONG SIGNAL
29. FAILED TO STOP AT PROPER PLACE
30. FAILED TO STOP FOR SCHOOL BUS
31. FAILED TO STOP FOR TRAIN
32. FAILED TO YIELD ROW — EMERGENCY VEHICLE
33. FAILED TO YIELD ROW — OPEN INTERSECTION
34. FAILED TO YIELD ROW — PRIVATE DRIVE
35. FAILED TO YIELD ROW — STOP SIGN

37. FAILED TO YIELD ROW — TURNING LEFT
38. FAILED TO YIELD ROW — TURN ON RED
39. FAILED TO YIELD ROW — YIELD SIGN
40. FATIGUED OR ASLEEP
41. FAULTY EVASIVE ACTION
42. FIRE IN VEHICLE
43. FLEEING OR EVADING POLICE
44. FOLLOWED TOO CLOSELY
45. HAD BEEN DRINKING
46. HANDICAPPED DRIVER (EXPLAIN IN NARRATIVE)
47. ILL (EXPLAIN IN NARRATIVE)
48. IMPAIRED VISIBILITY (EXPLAIN IN NARRATIVE)
49. IMPROPER START FROM PARKED POSITION
50. LOAD NOT SECURED
51. OPENED DOOR INTO TRAFFIC LANE
52. OVERSIZE VEHICLE OR LOAD
53. OVERTAKE AND PASS INSUFFICIENT CLEARANCE
54. PARKED AND FAILED TO SET BRAKES

55. PARKED WITHOUT LIGHTS
56. PASSED IN NO PASSING ZONE
57. PASSED ON RIGHT SHOULDER
58. PEDESTRIAN FAILED TO YIELD ROW TO VEHICLE
60. SPEEDING — UNSAFE (UNDER LIMIT)
61. SPEEDING — OVER LIMIT
62. TAKING MEDICATION (EXPLAIN IN NARRATIVE)
63. TURNED IMPROPERLY — CUT CORNER ON LEFT
64. TURNED IMPROPERLY — WIDE RIGHT
65. TURNED IMPROPERLY — WRONG LANE
66. TURNED WHEN UNSAFE
67. UNDER INFLUENCE — ALCOHOL
68. UNDER INFLUENCE — DRUG
69. WRONG SIDE — APPROACH OR IN INTERSECTION
70. WRONG SIDE — NOT PASSING
71. WRONG WAY — ONE WAY ROAD
77. OTHER FACTOR (WRITE IN ON LINE BELOW)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON, | § | |
| | § | COMPLAINT FOR DAMAGES FOR VIOLATIONS |
| Plaintiff, | § | OF CIVIL RIGHTS UNDER COLOR OF STATE |
| | § | LAW (42 U.S.C. §§ 1983, 1985, 1988) |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## OBJECTION TO SECOND REQUEST FOR PRODUCTION TO PLAINTIFF CANDELARIO DE LEON

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff in the above and styled numbered cause and files this his Objection to Second Request for Production, and would show unto the Court as follows:

I.

Plaintiff objects to the Request for Production No. 1 in that the information in the Social Security file may contain certain privacy considerations which are protected by the Unites States Constitution and the Texas Constitution. Furthermore, there is no rule under either the F.R.C.P. or the T.R.C.P. which authorizes Plaintiff to sign the required release. Plaintiff will be glad to order the Social Security records of Mr. De Leon and to review them with respect to any privacy considerations. Following that review, Plaintiff will, if counsel requests, submit those portions to which he has objection to the court for Judge Tagle's review.

Respectfully submitted,

By: _____

    CAROL P. LOMAX
    State Bar No. 12509100
    Federal I.D. No. 13464
    BRANTON & HALL, P.C.
    One Riverwalk Place, Suite 1700
    700 North St. Mary's Street
    San Antonio, Texas 78205
    (210) 224-4474
    (210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this _18_ day of _June_, 2001, to:

Ryan Henry
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, TEXAS and
BENIGNO REYNA IN HIS OFFICIAL CAPACITY
AS CHIEF OF POLICE FOR THE CITY OF BROWNSVILLE

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

G:\WPFILES\FILES.CLT\D\DEL9827\PLEAD\CD-OBJ2.RFP

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CANDELARIO DE LEON,                    §
                                       §    COMPLAINT FOR DAMAGES FOR VIOLATIONS
                    Plaintiff,         §    OF CIVIL RIGHTS UNDER COLOR OF STATE
                                       §    LAW (42 U.S.C. §§ 1983)
VS.                                    §
                                       §        CIVIL ACTION NO. CV-B-00-192
CITY OF BROWNSVILLE, TEXAS, ET AL.,    §
                                       §
                    Defendants.        §

## PLAINTIFF'S OBJECTION AND RESPONSE TO
## DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P.
## D/B/A VALLEY REGIONAL MEDICAL CENTER
## THIRD REQUEST FOR PRODUCTION

TO:   COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL
      MEDICAL CENTER, by and through their attorneys of record, William Gault and Paul
      Fourt, BRIN & BRIN, P.C., 1325 Palm Blvd., Suite A, Brownsville, Texas 78520

      Comes now Plaintiff CANDELARIO DE LEON and pursuant to FED.R.CIV.P. 34, and

serves the following Objection and Response to the Third Request for Production propounded by

Defendant, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL

MEDICAL CENTER.

                                       Respectfully submitted,

                                       By: _____
                                           CAROL P. LOMAX
                                           State Bar No. 12509100
                                           Federal I.D. No. 13464
                                           BRANTON & HALL, P.C.
                                           One Riverwalk Place, Suite 1700
                                           700 North St. Mary's Street
                                           San Antonio, Texas 78205
                                           (210) 224-4474
                                           (210) 224-1928 (Fax)

                                       COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this ___/7___ day of ___October___ , 2001, to:

**REGULAR MAIL**

Ryan Henry
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE AND
CHIEF OF POLICE, BENINGO REYNA

**REGULAR MAIL**

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

**CERTIFIED MAIL**

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

## PLAINTIFF'S OBJECTION AND RESPONSE TO
## THIRD REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please execute the attached Authorization for Release of Social Security Records..

### RESPONSE:

Plaintiff objects to Request for Production No. 1 in that there are no rules under the Texas Rules of Civil Procedure that require Plaintiff to sign an authorization for release of social security records. Plaintiff will obtain those social security records and review them. Plaintiff further objects to this Request in that the information contained in those social security records could conceivably violate various privacy considerations which are protected by the United States Constitution and the Constitution of the State of Texas. If the Defendants would identify those documents which it is seeking, Plaintiff will review them. Otherwise, Plaintiff will retrieve from the social security records those documents which it believes are protected and will submit those to the Court for an in camera inspection.