IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 6 2001

Michael N. Milby
Clerk of Court

CANDELARIO De LEON,                    §
                                       §
                    Plaintiff,         §
                                       §
VS.                                    §
                                       §          CIVIL ACTION NO. CV-B-00-192
CITY OF BROWNSVILLE, TEXAS, ET AL.,    §
                                       §
                    Defendants.        §

**RESPONSE TO DEFENDANTS COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A/ VALLEY REGIONAL MEDICAL CENTER AND HCA - THE HEALTHCARE COMPANY'S MOTION TO COMPEL PLAINTIFF'S ANSWERS TO DISCOVERY**

TO THE HONORABLE HILDA TAGLE UNITED STATES DISTRICT COURT:

COMES NOW, CANDELARIO DE LEON, Plaintiff, and files this his Response to Defendants COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER AND HCA - THE HEALTHCARE COMPANY'S Motion to Compel Plaintiff's Answers to Discovery and would show unto the Court as follows:

**I.**

Plaintiff has correctly and appropriately responded to all of Defendants' discovery requests. To file a Motion to Compel is an abuse of the discovery process. Plaintiff has attached as Exhibit "A" the correspondence between William Gault and Carol Lomax with respect to these issues. Plaintiff attaches as Exhibit "B" those discovery requests which the Defendants believe were incorrectly answered and Plaintiff's comments on each. Plaintiff has formatted these in a chart for ease of the Court's reference.

1

WHEREFORE, Plaintiff respectfully requests that the Court DENY Defendants COLUMBIA HEALTHCARE SYSTEMS, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER AND HCA - THE HEALTHCARE COMPANY'S Motion to Compel Plaintiff's Answers to Discovery in its entity.

Respectfully submitted,

By: _____

CAROL P. LOMAX
State Bar No. 12509100
Federal I.D. No. 13464
BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this _____ day of _____, 2001, to:

Ryan Henry
Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE, TEXAS and
BENIGNO REYNA IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE
FOR THE CITY OF BROWNSVILLE

Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

3

PB 1 ? 2 / 4 9 2 7

# BRIN & BRIN, P.C.
## ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607
bgault@brinandbrin.com

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
FOUNTAINHEAD ONE
8200 I-10 WEST, SUITE 610
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78539
TELEPHONE (956) 381-6602
FAX (956) 381-0725

July 6, 2001

**VIA FAX TRANSMISSION**

Ms. Carol Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Re:     Civil Action No. CV-B-00-192
        Candelario De Leon v. City of Brownsville, Texas, et al
        In the Southern District of Texas, Brownsville Division

Dear Ms. Lomax:

Thank you for sending me your client's answers to discovery. However, there are many deficiencies in the answers and I would appreciate you reviewing them and providing me appropriate answers and withdrawing the objections that are unneeded. As many of the objections were not proper, I would appreciate you reviewing all of them and telling me which ones you can drop, and amend your answers so that we do not need to have hearings on the objections that do not have a basis.

Concerning your answers to interrogatories from HCA, the answers to interrogatories 2, 3, 4 and 6 are referring to the hospital and the answers are nonsensical in the way that they refer to HCA. I believe that this even makes it clear that HCA should be nonsuited. I have forwarded to you a proposed order of nonsuit and I would appreciate your review of that.

The Plaintiff's answers to HCA and Valley Regional's interrogatories 5 and 6 have not been answered and I would appreciate you providing me answers to those interrogatories. The answer to both of these Defendants' interrogatories 7 and 8 should have their objections withdrawn. Furthermore, Plaintiff has not listed any healthcare that had provided healthcare before the incident made the basis of this lawsuit and the answer is obviously deficient.

Ms. Carol Lomax
Re:     Civil Action No. CV-B-00-192
        Candelario De Leon v. City of Brownsville, Texas, et al
        In the Southern District of Texas, Brownsville Division
July 6, 2001
Page 2

The Plaintiff's answers to HCA and Valley Regional's interrogatory 9 needs the name, address and telephone number of all of his employers and his average weekly wage. There are no listings for the employers you named. Answers to both Defendants' interrogatory 11 has been unanswered. The Plaintiff's answers to both Defendants' interrogatory 12 asks for statements from the Defendants. We are clearly entitled to this and I would appreciate you amending the answer to the interrogatory. The answer to both Defendants' interrogatory 13 is asking for his expenses. It would certainly be helpful if you provided his information. The answers to both Defendant's interrogatory 17 has not been answered at all.

Plaintiff's answers to Valley Regional interrogatories 2 and 3 has listed no factual basis.

Concerning the requests for production, the plaintiff has not answered request for production 4-7, 9, 10, 12-14, 16 and 17. The questions are fairly self explanatory and I believe that information is clearly discoverable. The Plaintiff also has not signed the social security authorization in our second set of Requests for Production.

I would appreciate your advising immediately whether or not you will revisit the objections and the lack of answers and letting me know whether or not you can withdraw the objections to the discoverable items and provide appropriate responses. Furthermore, someone in your staff has editorialized the questions adding (sic) whenever that person deemed appropriate. In looking at the questions that were sent to you, this did not appear in the questions. Your staff added (sic) whenever that person deemed appropriate. As you know, the questions are controlled by the one asking them and I would appreciate it if the editorial comments were taken out of the questions. Certainly if you have some objection to the questions, that should be provided I the response.

                                          Sincerely yours,

                                          William Gault

WRG/ss
LOMAX-12

# FAX TRANSMISSION

## BRIN & BRIN, P.C.

### 1325 PALM BLVD., SUITE A
### BROWNSVILLE, TEXAS 78520
### (956) 544-7110
### FAX: (956) 544-0607

**Date:** July 6, 2001                              **Pages:** 3, including this cover sheet

**To:**   **Carol Lomax**                           **Fax #:** (210) 224-1928

**From:** William Gault

**Subject:**      **RE:**      Civil Action No. CV-B-00-192
                              Candelario De Leon v. City of Brownsville, Texas, et al
                              In the Southern District of Texas, Brownsville Division

## COMMENTS:

        Please see the attached letter.

### CONFIDENTIALITY NOTICE

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL
INFORMATION WHICH IS LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE
USE OF THE RECIPIENT NAMED ABOVE. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF THE ORIGINAL DOCUMENTS
TO US, AND YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE
TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS
STRICTLY PROHIBITED.

IF YOU DO NOT RECEIVE THE ENTIRE DOCUMENT OR IF YOU ENCOUNTER ANY OTHER DIFFICULTY,
PLEASE PHONE (956) 544-7110 AS SOON AS POSSIBLE AND ASK FOR <u>SYLVIA.</u>
                              **THANK YOU!**

**BRIN & BRIN, P.C.**
ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607
bgault@brinandbrin.com

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
FOUNTAINHEAD ONE
8200 I-10 WEST, SUITE 610
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78539
TELEPHONE (956) 381-6602
FAX (956) 381-0725

October 22, 2001

**VIA FAX TRANSMISSION**

Ms. Carol Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Re:   Civil Action No. CV-B-00-192
      Candelario De Leon v. City of Brownsville, Texas, et al
      In the Southern District of Texas, Brownsville Division

Dear Ms. Lomax:

    We are in receipt of Plaintiff's Objection to our Third Request for Production. We request that you please withdraw the objection and have the Plaintiff execute the social security authorization so that this discovery dispute can be resolved without Court intervention.

    Should you have any questions, please do not hesitate to contact me.

                    Sincerely,

                    William Gault

WRG/ls
LOMAX-33

# FAX TRANSMISSION

## BRIN & BRIN, P.C.

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
(956) 544-7110
FAX: (956) 544-0607

**Date:** October 22, 2001    **Pages:** 2, including this cover sheet

**To:** **Carol Lomax**     **Fax #:** (210) 224-1928

**From:** William Gault

**Subject:** **RE:** Civil Action No. CV-B-00-192
      Candelario De Leon v. City of Brownsville, Texas, et al
      In the Southern District of Texas, Brownsville Division

**COMMENTS:**

    Please see the attached letter.

### CONFIDENTIALITY NOTICE

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION WHICH IS LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE RECIPIENT NAMED ABOVE. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF THE ORIGINAL DOCUMENTS TO US, AND YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED.

IF YOU DO NOT RECEIVE THE ENTIRE DOCUMENT OR IF YOU ENCOUNTER ANY OTHER DIFFICULTY, PLEASE PHONE (956) 544-7110 AS SOON AS POSSIBLE AND ASK FOR LUCI.
      THANK YOU!



**JAMES L. BRANTON**
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

**CAROL P. LOMAX**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

**JASON P. HOELSCHER**

**BRANTON & HALL**
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

**JAMES A. HALL**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

**THOMAS A. CROSLEY**
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

**SONIA M. RODRIGUEZ**
Of Counsel
**HARRY L. MUNSINGER**

October 25, 2001

**VIA FACSIMILE & REGULAR MAIL**

Mr. William Gault
BRIN & BRIN, P.C.
Attorneys at Law
1325 Palm Blvd.
Brownsville, Texas 78520

RE: *Candelario DeLeon v. City of Brownsville, Texas,* Civil Action No. CV-V-00-192,
United States District Court for the Southern District of Texas, Brownsville Division
Our File No. 9827

Dear Bill:

I am in receipt of your letter of October 22, 2001. I understand your desire to look at Mr. DeLeon's Social Security Records. As outlined in my objection, my only concern is some privacy issues that may be there for matters which are clearly not discoverable. I have worked with other attorneys regarding this issue in the past. We found that the most expeditious way to handle this is to have a Court Reporter get the records, bates stamp them and then send them to me for review before they are sent to you. If there are any documents to which I believe privacy consideration should apply, I will identify them by bates number and submit them to the court for in-camera inspection.

This plan has worked quite successfully in the past. Please give me a call so that we may discuss it.

Sincerely,

CAROL P. LOMAX

CPL:sf

# FAX TRANSMISSION

### BRANTON & HALL

One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, TX 78205
210-224-4474
Fax:210- 224-1928

| | | | |
|---|---|---|---|
| **TO:** | William Gault<br>Brin & Brin, P.C. | **DATE:** | October 25, 2001 |
| **FAX #:** | (956) 544-0607 | **PAGES:** | 2,  including this cover sheet. |

**PHONE:**

**FROM:**    CAROL P. LOMAX
        Beth

**RE:**    Re:   *Candelario De Leon v. City of Brownsville, Texas et al. United States*
        *District Court, Southern District of Texas*
        Cause No.: B-00-192

    Our File No. 9827
COMMENTS:

    Letter of October 25, 2001.

---

THIS FACSIMILE IS A PRIVILEGED AND CONFIDENTIAL COMMUNICATION AND IS
TRANSMITTED FOR THE EXCLUSIVE USE OF THE ADDRESSEE. PERSONS RESPONSIBLE FOR
DELIVERING THIS FAX TO THE ADDRESSEE ARE ADMONISHED THAT THIS COMMUNICATION
MAY NOT BE COPIED OR DISSEMINATED EXCEPT AS DIRECTED BY THE ADDRESSEE. IF YOU
RECEIVE THIS FAX IN ERROR OR IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL BACK AS
SOON AS POSSIBLE.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL BACK AS SOON AS POSSIBLE TO (210) 224-
4474 OR FAX TO (210) 224-1928.

Case 1:00-cv-00192   Document 73   Filed in TXSD on 12/06/2001   Page 12 of 27

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                   P. 0:    X
X               ●    TRANSACTION REPORT          ●                           X
X                    _____              OCT-25-2001 THU 09:20 AM  X
X                                                                            X
X   FOR:                                                                     X
X                                                                            X
X   DATE  START    RECEIVER          TX TIME   PAGES TYPE      NOTE      M#  DP X
X───────────────────────────────────────────────────────────────────────────X
X   OCT-25 09:18 AM 1956440607✱9827#    1′25″     2  SEND       OK      400   X
X───────────────────────────────────────────────────────────────────────────X
X                                                                            X
X                                        TOTAL :   1M 25S  PAGES:   2         X
X                                                                            X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# FAX TRANSMISSION

**BRANTON & HALL**
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, TX 78205
210-224-4474
Fax:210- 224-1928

**TO:**   William Gault          **DATE:**   October 25, 2001
          Brin & Brin, P.C.

**FAX #:**   (956) 544-0607       **PAGES:**   2,  including this cover sheet.

**PHONE:**

**FROM:**   CAROL P. LOMAX
            Beth

**RE:**   Re:   *Candelario De Leon v. City of Brownsville, Texas et al. United States District Court, Southern District of Texas*

*11 ...*

## BRIN & BRIN, P.C.
### ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607
bgault@brinandbrin.com

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
FOUNTAINHEAD ONE
8200 I-10 WEST, SUITE 610
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78539
TELEPHONE (956) 381-6602
FAX (956) 381-0725

November 7, 2001

Ms. Carol Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Re:   Civil Action No. CV-B-00-192
      Candelario De Leon v. City of Brownsville, Texas, et al
      In the Southern District of Texas, Brownsville Division

Dear Ms. Lomax:

I am in receipt of your letter dated October 25th. It is my understanding from your objections to discovery that you were going to obtain the Plaintiff's social security records and take out any privileged information. Much time has passed and that has not occurred. Therefore, please provide the authorization to me and let me obtain the social security records and any information that you think is private we can either agree upon that or you can ask that the court to keep us from referring to that information. I do not believe that a court reporter can even obtain these records without an authorization. We have gone full circle on this issue.

Also, on August 15, 2001, your office and Tyler Scheuerman's office were going to obtain agreeable dates for both of your offices to get the Plaintiff's deposition along with the depositions of the Plaintiffs experts. We have been waiting patiently for these depositions and as you know, we cannot proceed further in this case without them. We are waiting to get these depositions before we can designate experts. I would appreciate you working this out as soon as possible, so that we can proceed with the discovery in this case.

Sincerely yours,

William Gault

RECEIVED
NOV - 9 2001

WG/bc
LOMAX-37

Ms. Carol Lomax
Re:     Civil Action No. CV-B-00-192
        Candelario De Leon v. City of Brownsville, Texas, et al
        In the Southern District of Texas, Brownsville Division
November 7, 2001
Page 2


xc:     Mr. Tyler Scheuerman
        Uzick & Oncken, P.C.
        Fountainhead One Building
        8200 IH-10 West, Suite 208
        San Antonio, Texas 78230

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT HCA - THE HEALTHCARE COMPANY'S INTERROGATORIES

**INTERROGATORY NO. 2** - State the legal contentions as to how this Defendant is liable to Plaintiff and the factual basis for those claims.

**ANSWER** - Plaintiff objects to Interrogatory No. 2 to the extent that this Interrogatory asks the Plaintiff to express legal conclusions and contentions. Without waiving this objection, Defendant held itself out to the community in general and to Plaintiff to have competent healthcare providers and adequate facilities. Defendant hospital represented that its employees were its agents and thereby caused Plaintiff to justifiably rely upon their care and skills. Defendant is liable to Plaintiff for the harm caused by the lack of care or skill of its employees appearing to be servants or agents. Defendant hospital created the appearance that the employees were agents of the hospital and would provide medical care. Defendant represented that its medical care providers were skilled, competent and duly licensed to provide medical care, creating agency by estoppel.

Defendant hospital is vicariously liable for the negligent acts of its employees who were acting in the course and scope of their employment at the time of subject incident. Defendant exerted actual control and authority as well as the right to control the activities of its employees.

Defendant, by and through its actual and ostensible agents, employees, vice principals and borrowed servants and independent contractors, failed to provide the care that a prudent hospital of the same or similar level would provide. Defendant failed to ensure a neurological examination was performed on Candelario De Leon at the time of his arrival to the hospital, despite his informing the physician that he could not feel his arms and legs and could not stand. Defendant, by and through its employees and borrowed servants, failed to follow appropriate policies and procedures with regard to the assessment and treatment of emergency room patients presenting with circumstances and complaints strongly suggestive of the necessity to assess a possible spinal cord injury. Defendant, by and through its agents, employees and borrowed servants, failed to provide appropriate personnel to carry out the policies and procedures of the emergency room. Defendant failed to provide adequate care and treatment to Plaintiff, causing him to sustain serious, debilitating injuries, resulting in Plaintiff remaining a quadriplegic for the remainder of his lifetime.

Please also refer to Plaintiff's pleadings on file herein.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

---

**INTERROGATORY NO. 3** - State the specific legal contentions as to how this Defendant claimed liability proximately caused any injuries and the factual basis for those claims.

**ANSWER** - See objection and Answer to Interrogatory No. 2 which are incorporated by reference.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

**EXHIBIT "B"**

B-1

**INTERROGATORY NO. 4** - State your specific legal contentions as to how you claim this Defendant is liable for the acts of the co-defendants and the factual basis for those claims.

**ANSWER** - See objection and Answer to Interrogatory No. 2 which are incorporated by reference. Further, Defendant hired Dr. Dovale, M.D., as a contract employee for the medical center where the treatment was rendered without adequate reference checks and evaluating of his ability to serve as an Emergency Room physician.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

---

**INTERROGATORY NO. 6** - If you are contending that this Defendant is liable to Plaintiff with regards to the treatment provided in connection with the incident made the basis of this suit, describe in what way the treatment was deficient, specify the source or authority for any written standard of care which was allegedly violated, and state how you contend this Defendant varied from the customary standard of care in connection with the medical treatment provided.

**ANSWER** - Plaintiff objects to Interrogatory No. 6 to the extent that it asks him to express medical opinions which are contained in his medical records. Please also refer to objection and Answer to Interrogatory No 2 which are incorporated by reference.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

---

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER'S INTERROGATORIES

**INTERROGATORY NO. 5** - State your specific legal contentions as to how Co-Defendants are liable to Plaintiff and the factual basis for those claims.

**ANSWER** - Please refer to Objection and Answer to Interrogatory No. 2 which are incorporated by reference.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

B-2

**INTERROGATORY NO. 6** - If you are contending that this Defendant is liable to Plaintiff with regards to the treatment provided in connection with the incident made the basis of this suit, describe in what way the treatment was deficient, specify the source or authority for any written standard care which was allegedly violated, and state how you contend this Defendant varied from the customary standard of care in connection with the medical treatment provided.

**ANSWER** - Plaintiff objects to Interrogatory No. 6 to the extent that it asks him to express medical opinions which are contained in his medical records.  Please also refer to objection and Answer to Interrogatory No. 2 which are incorporated by reference.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

---

**INTERROGATORY NO. 7** - For the past (10) years, state the name, address, and telephone number of each doctor, chiropractor, psychologist, psychiatrist, counselor or clergyman or other healer who has examined or treated you for any injury, sickness or stress, mental or physical, and also state the nature of each injury and the sickness treated by each doctor, chiropractor, psychologist psychiatrist, counselor or clergyman, or other healer.

**ANSWER** - Plaintiff objects to Interrogatory No. 7 in that it is overly broad, burdensome and global.  Subject to that objection and without waiving same, Plaintiff will provide Defendant the names of those healthcare providers whom he has seen in the past five (5) years with respect in injuries suffered in the accident made the basis of this lawsuit.

As a result of injuries sustained in subject incident, Plaintiff has been treated by the following healthcare providers:

1.  Jose Luis Ayola, M.D.
    500 Paredes Line Road, Suite 4
    Brownsville, Texas 78520
    (956) 456-4119

2.  Brownsville Medical Center
    1048 West Jefferson Street
    Brownsville, Texas 78520
    (956) 544-1400

3.  City of Brownsville E.M.S.
    954 East Madison Street
    Brownsville, Texas 78520
    (956) 541-9491

4.  Joao Dovale, M.D.
    1102 West Trenton Road
    Edinburg, Texas

5.      Luis Gayton, M.D.
        2137 East 22nd Street
        Brownsville, Texas 78520
        (956) 548-7400

6.      Victor Leal, M.D.
        30 North Park Place
        Brownsville, Texas 78520
        (956) 542-9118

7.      Nagarjun Narra, M.D.
        Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78528
        (956) 544-1400

8.      Philip Onghai, M.D.
        Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78520
        (956) 544-1400
        Homayon Sidiq, M.D.
        2137 East 22nd Street
        Brownsville, Texas 78521
        (956) 548-7400

9.      Khalid R. Solija, M.D.
        109 East Price Road
        Brownsville, Texas 78520
        (956) 546-5237

10.     Maria C. Uribe, M.D.
        Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78528
        (956) 544-1400

11.     Anant Utturkar, M.D.
        Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78528
        (956) 544-1400

B-5

12.    Valley Grande Manor Nursing Home
       901 Wild Rose Lane
       Brownsville, Texas 78520
       (956) 546-4568

13.    Jose Luis Villalobos, M.D.
       864 Central Boulevard
       Brownsville, Texas 78520
       (956) 546-3595

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

---

**INTERROGATORY NO. 8** - State the hospital name, address and telephone number, date of admission and reason for each of your past hospitalizations, if any.

**ANSWER** - Plaintiff objects to Interrogatory No. in that it is overly broad global and burdensome. Subject to this objection and without waiving same, Plaintiff will and has provided in Answer to Interrogatory No. 7 the names of healthcare providers and hospitals which are related to the injuries suffered in the accident made the basis of this lawsuit.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

---

**INTERROGATORY NO. 9** - Regarding your employment for the last 7 years at any time, please state the name, complete address and telephone number of your employer or past employers, your rate of pay and average weekly wage and the length of time and dates employed

**ANSWER** - Plaintiff has been unemployed since December 25, 1998, as a result of injuries he sustained in subject accident. Plaintiff was doing piece work as a welder earning $80.00 per day for Pete Hurley prior to this incident. Prior to working for Mr. Hurley, Plaintiff was employed by Gulf Port Services in Brownsville and Mexico, earning $6.40 per hour, working approximately 50-60 hours per week. Plaintiff earned time and a half for hours over 40. He was employed by Gulf Port Services for the time period of 1994-1997. Plaintiff was employed from 1976-1994 for Itapsco earning $750.00 per week. During this time period, Itapsco was formerly referred to Dixixub, Kimling, Stote, and then Itapsco. This company was out of Brownsville.

**COMMENT - This Interrogatory has been properly answered and answered to the best of Plaintiff's ability. Plaintiff has made a good faith effort to locate the companies to provide additional information and those companies are no longer in business.**

**INTERROGATORY NO. 11** - As to each element of damages which you are claiming or expert in this case, state the amount of money which you contend it would take, if paid in case [sic], to reasonably and fairly compensate each plaintiff.

**ANSWER** - Plaintiff objects to Interrogatory No. 11 to the extent it requires him to make a statement in terms of dollars and cents as to the amount sued for on general damages and to itemize that. Subject to an objection and without waiving same, with respect to the amount of general damages, Plaintiff would refer Defendant to Plaintiff's Original Complaint.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

---

**INTERROGATORY NO. 12** - Please state completely and fully all statements, declarations or admissions allegedly made by the party propounding these Interrogatories, or any purported agent, servant or employee of such party, which you might attempt to make known to the judge or jury in the trial of this lawsuit, the location or locations where the statement or statements were made, the name, address and telephone number of the person or persons in whose presence such statement or statements were made and whether you or anyone acting on your behalf obtained statements in any form from any person who claims to be able to testify to the statement or statements made.

**ANSWER** - Plaintiff objects to the overly broad and burdensome nature of this Interrogatory in that it is more appropriate subject matter for deposition. Without waiving this objection, discovery is in its infancy and this will be supplemented by either providing this information by supplementing this Interrogatory or by deposition testimony.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

---

**INTERROGATORY NO. 13** - Please list every expense which you have or will incurred [sic] which is based on the claims in this suit.

**ANSWER** - Plaintiff objects to this Interrogatory to the extent he is not required to itemize elements of special damages. Without waiving this objection, Plaintiff has incurred extensive medical and nursing home expenses as a result of subject incident. Plaintiff currently resides in Valley Grande Manor Nursing Home in Brownsville, Texas, and continues to see numerous physicians on a regular basis. His expenses are ongoing.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper. Plaintiff has ordered by deposition by written questions that information and it either is available to Defendants or will be made available when it arrives.**

B-7

**INTERROGATORY NO. 17** - Please state your legal and factual basis for claiming that this Defendant is grossly negligent or liable for punitive damages.

**ANSWER** - Plaintiff objects to Interrogatory No. 17 to the extent that this Interrogatory asks Plaintiff to express legal conclusions and contentions. Without waiving these objections, please refer to Plaintiff's pleadings on file herein. The acts and omissions on the part of the Defendants HCA-THE HEALTHCARE COMPANY, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. d/b/a VALLEY REGIONAL MEDICAL CENTER, JOAO DOVALE, M.D. and STAT PHYSICIANS, P.A., as set forth above, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff, and of which they had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff. Such malice resulted in Plaintiff's injuries set out herein, and it is on the basis of such malice that Plaintiff hereby seeks an award of exemplary damages in an amount of at least $5,000,000.00.

**COMMENT - This Interrogatory has been completely and fully answered and the objection is proper.**

---

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT HCA - THE HEALTHCARE COMPANY'S REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 4** - Please execute and return the attached Form 4506.

**RESPONSE** - Plaintiff objects to Request for Production No. 4 in that it asks Plaintiff to execute Form 4506 to obtain tax records. Subject to this objection, Plaintiff is in the process of obtaining tax records for the past five years as they relate to Candelario De Leon.

**COMMENT - Plaintiff is obtaining those tax records and will provide them to the Defendants.**

---

**REQUEST FOR PRODUCTION NO. 7** - Please produce copies of all of the following documents which are relevant to the incident made the basis of this suit or your alleged damages:

    a.     Public documents and records;

    b.     Official publication; and

    c.     Any portions of any newspaper or periodical.

**RESPONSE** - Plaintiff objects to Request for Production No. 7 to the extent that this is merely a fishing expedition and does not adequately identify the documents which are required to be

B-8

produced. The Defendant needs to identify what public documents and records, which official publications, and what newspaper periodical articles to which it is referring.

**COMMENT - This Request has been completely and fully answered and the objection is proper.**

---

**REQUEST FOR PRODUCTION NO. 9** - Please produce copies of any and all non-medical documentation relevant to the damages you claim to have sustained in this suit.

**RESPONSE** - Plaintiff objects to this Request in that it is overly broad, burdensome and global. It does not specifically identify the kind of documentation that is asked to be produced. Plaintiff further objects to this Request to the extent that it calls for the production of materials which are protected by the attorney/client privilege and the work product exemption to discovery.

**COMMENT - This Request has been completely and fully answered and the objection is proper**

---

**REQUEST FOR PRODUCTION NO. 10** - Please produce copies of reports or statements, made by anyone, in your possession to or for the attention of any Federal or State department, commission, authority, or governmental or regulatory body in any way related to either the incident made the basis of this lawsuit.

**RESPONSE** - Plaintiff objects to Request for Production No. 10 in that it is overly broad, burdensome and global. It does not specifically identify the kind of documentation that is asked to be produced. Plaintiff further objects to this Request to the extent that it calls for the production of material which is protected by the attorney/client privilege and the work product exemption to discovery.

**COMMENT - This Request has been completely and fully answered and the objection is proper**

---

**REQUEST FOR PRODUCTION NO. 12** - With respect to each expert witness, please produce the following:

    a.    Copies of all expert reports of your experts which presently exist, and any and all reports which your expert can prepare as now requested by recording or reducing to tangible form [sic] their factual observations, tests, supporting data, calculations, photographs, or opinions;

    b.    Copies of all materials sent to the expert by Plaintiff or Plaintiff's counsel with

regards to the incident made the basis of this suit;

c.   Copies of all materials used, consulted or reviewed by the expert with regards to his opinions concerning the incident made by the basis of this suit;

d.   Copies of all materials setting forth the compensation agreement between the Plaintiff and the expert in this suit;

e.   Copies of all materials that have been or will be shown to the expert prior to trial testimony in this case, and;

f.   Copies of all materials, including a current curriculum vitae, used to establish the experts' qualifications for trial purposes in this cause.

NOTE:   The term "expert" as used in these requests does not include experts whom you affirmatively now aver to be experts for consultation purposes only.

**RESPONSE** - Plaintiff objects to this Request in that it is overly broad, burdensome, oppressive and would more appropriately be addressed by way of deposition.

**COMMENT - This Request has been completely and fully answered and the objection is proper. Much of the information requested has been produced in expert designation, reports and supplementation of discovery.**

---

**REQUEST FOR PRODUCTION NO. 13: -** Please produce copies of all statements, declarations or admissions whether reduced to writing or otherwise recorded, obtained from any individual with purported knowledge of facts relevant to this lawsuit.

**RESPONSE** - Plaintiff objects to Request for Production No. 13 to the extent that this request asks for the production of materials which are subject to the attorney/client privilege and work product exemption to discovery found in the Federal Rules of Civil Procedure.

**COMMENT - We have no information other than those contained in the medical records and incident reports which Defendant already has in its possession. These have been produced. They have also been produced through expert reports.**

---

**REQUEST FOR PRODUCTION NO. 14** - Please produce your wage statements, W-2, tax records or any other documents showing your income for the last 7 years.

**RESPONSE** - Plaintiff objects to this Request to the extent that it requests production of materials which are subject to attorney/client privilege and work product exemption to discovery found in the Federal Rules of Civil Procedure. Plaintiff further objects in that the Internal Revenue Service only

requires an individual to retain such records for a period of three years.

**COMMENT - Plaintiff has produced all those records that are in his possession and is in the process of obtaining additional documentation.**

---

**REQUEST FOR PRODUCTION NO. 16** - Copies of all claims made or forms submitted to all insurance carriers in connection with claims for benefits pertaining to the event made the basis of this lawsuit.

**RESPONSE** - None at this time.

**COMMENT - Plaintiff does not have in his possession Medicare or Medicaid records.**

---

**REQUEST FOR PRODUCTION NO. 17** - Copies of any written customs, instructions, practices, regulations or other rules in effect at the time and place of the incident made the basis of this lawsuit which pertain to the occurrence or performance of any of the events relevant to your claims concerning the incident made the basis of this suit.

**RESPONSE** - Plaintiff objects to this Request in that it is merely a fishing expedition and does not adequately identify the documents which are required to be produced.   The Defendant needs to identify what customs, instructions, practices, regulations or other rules to which it is referring. Plaintiff further objects to the overly broad, burdensome, and global nature of this Request.  Plaintiff objects to the extent that it calls for the production of materials which are protected by attorney/client privilege and the work product exemption to discovery.

**COMMENT - This Request has been completely and fully answered and the objection is proper.**

---

## CANDELARIO DE LEON'S RESPONSES AND OBJECTIONS TO REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 2** - Admit that December 24, 1998, while driving under the influence of alcohol, you rear-ended the vehicle of Luis Flores.

**RESPONSE** - Plaintiff admits that he rear ended the vehicle of Luis Flores on December 24, 1998, but denies the remaining allegations in the paragraph. F.R.C.P. 8(b); see *Mann v. Smith*, 796 F. 2d 79, 86 (5th Cir. 1986, denied).

**COMMENT -  This Request has been completely and fully answered and the objection is proper.**

---

**REQUEST FOR ADMISSION NO. 3** - Admit that you are alleging that the acts described in your complaint are paramount to deadly force.

**RESPONSE** - This Request for Admission as written asks Plaintiff to speculate as to what deadly force is.  Further, this Request for Admission is vague and global.  Plaintiff, therefore denies this request.

**COMMENT -  This Request has been completely and fully answered and the objection is proper.**

**REQUEST FOR ADMISSION NO. 5** - Admit that on December 24, 1998, you failed to control your speed and impacted Luis Flores from behind, while he was stopped at the intersection of FM 802 and Central Avenue.

**RESPONSE** - Plaintiff admits that he struck the vehicle of Luis Flores on December 24, 1998, but denies the remaining allegations in the Request for Admission No. 5.  F.R.C.P. 8(b); see *Mann v. Smith*, 796 F. 2d 79, 86 (5th Cir. 1986, denied).

**COMMENT -  This Request has been completely and fully answered and the objection is proper.**

---

**REQUEST FOR ADMISSION NO. 8** - Admit that during your transfer from a wheelchair to the police unit, Officers Torres and Ortiz threw you into the police vehicle.

**RESPONSE**  - Plaintiff admits a wheelchair was used.  In addition a gurney was also used.

**COMMENT - This is a complete response and the objection is proper.  Plaintiff would further add that a supplemental response was added for Admission No. 8 which is attached hereto.**

---

## PLAINTIFF, CANDELARIO DE LEON'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO FIRST REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 8** - Admit that during your transfer from a wheelchair to the police unit, Officers Torres and Ortiz threw you into the police vehicle.

**RESPONSE**  - Plaintiff admits a wheelchair was used.  In addition, a gurney as also used.  As Plaintiff had difficulty moving, and as Officers Torres and Ortiz were assured by Dr. Dovale and other health care providers that Plaintiff was not injured, the officers were rough in placing him in

the police vehicle.  Subject to these objections and without waiving same, Plaintiff would point out that the City of Brownsville Defendants have been dismissed from the case pursuant to Commander Rodriguez' report.  Plaintiff, therefore, denies the language as used in this admission.

**COMMENT - This Request has been completely and fully answered and the objection is proper.**

**EXHIBIT "B"**

B-12