81

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CANDELARIO DE LEON | § |
| | § |
| VS. | § |
| | § CIVIL ACTION NO. CV-B-00-192 |
| | § JURY DEMANDED |
| | § |
| CITY OF BROWNSVILLE, | § |
| TEXAS, ET AL | § |
| | § |

### DEFENDANTS COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER and HCA-THE HEALTHCARE COMPANY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company and file this Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and respectfully move this Court to grant them a Summary Judgment pursuant to Federal Rules of Civil Procedure 56 and would respectfully show the Court as follows:

I.

### ADDITIONAL SUMMARY JUDGMENT EVIDENCE

The plaintiff has objected to Defendants' exhibits attached to its motion for summary judgment because defendants failed to file an affidavit verifying three of plaintiff's discovery responses. Plaintiff did not object that defendants incorrectly produced them or left out portions of plaintiff's responses, only that they were not verified as true and correct documents from the plaintiff himself. These defendants attach hereto and incorporate herein for all purposes and move that the Court incorporate the attached affidavit into its motion for summary judgment as evidence to be

considered:

1.  The affidavit of William Gault swearing to the authenticity of Exhibits 1, 2 and 3 to Defendants Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company's Motion for Summary Judgment.

II.

## SUMMARY

The plaintiff's only additional legal evidence that has been produced in its Response to Defendants' Motion for Summary Judgment to support his claims are in Tabs B and C of plaintiff's response. Tab B is the affidavit of Nick Peters which is basically identical to his report that was produced by these Defendants. Dr. Peters still does not set forth the specific standard of care for the nursing staff of Valley Regional Medical Center, how the nursing standard of care was breached and how that proximately caused the plaintiff's injuries. This will be discussed below.

Also, the plaintiff produced Tab C in its response which is the affidavit of Zeff Ross. Mr. Ross testifies as to doctors and nurses standard of care and what it caused medically. According to his own resume, Mr. Ross has a Bachelor of Science degree in Psychology and a Master of Business of Administration degree in Healthcare Administration. By his own evidence, Mr. Ross is not a licensed nurse or medical doctor and therefore is not permitted by law to give testimony as to the legal standard of care for nursing practice or medical practice. Also, he is not permitted to give testimony as to medical causation which falls exclusively within the practice of medicine. Furthermore, his attempt to testify in these matters is barred by statute. This will be discussed below.

Plaintiff's claims against these two defendants do not rise to the level needed to sustain a medical negligence case against them. Also, the plaintiff still has not produced any specific evidence as to Defendant HCA-The Healthcare Company.

DELEON/VRMC: MSJ-RSP
PAGE 2

III.

## DR. PETERS' AFFIDAVIT PROVIDES NO EVIDENCE AGAINST THESE DEFENDANTS

Plaintiff produced Dr. Peters' report as Tab E to his response to Defendants' Motion for Summary Judgment which had already been produced by Defendants in their motion for summary judgment. Additionally, plaintiffs produced Tab B to their response which is an affidavit of Dr. Peters and it basically sets forth the same opinions found in his report.

Specifically, opinion No.1 of Dr. Peters' numbered opinions in his affidavit does not state specifically who he is criticizing other that Dr. "Joao". Furthermore, the removal of a patient from a backboard or neck brace is done after a doctor medically clears the patient. Nowhere in opinion No.1 does Dr. Peters criticize the nursing care.

In opinion No. 2 of Dr. Peters' numbered opinions in his affidavit, the patient's discharge is done by the medical doctor. The plaintiff does not level any specific criticisms at the hospital staff. Opinions nos. 3 and 4 criticize persons who are not parties to this lawsuit. In his last paragraph, Dr. Peters makes a global allegation.

Nowhere in the affidavit of Dr. Peters does he state what is required of a nurse or medical doctor whether or not he is knowledgeable of the accepted standards of medical care for the diagnosis, care or treatment of the illness, injury or condition involved in the claim and that he is qualified on the basis of training or experience to offer an expert opinion regarding those standards of care. This is required under Article 4590i Section 14.01 VATS. He does not set out what the standard of care is and he does not state how these defendants conduct has fallen below the standard of care. Furthermore, he does not offer any evidence that the conduct of these defendants caused the plaintiff's injury.

Concerning the causation issue, Dr. Peters states his opinions in terms of "contributing cause"

and that the plaintiff "did not have the opportunity to minimize or even possibly eliminate any long term paralysis, and other sequela". Nowhere does Dr. Peters state in his opinions what is required under Texas law, proximate cause.

IV.

## MR. ROSS CANNOT TESTIFY AS A NURSE OR DOCTOR

In Tab C to plaintiff's responses is an affidavit of Mr. Ross. In the third, fourth, fifth and sixth paragraphs of Mr. Ross' affidavit, he states opinions as to what the nurses and doctors standard of care is and in the third and sixth paragraphs of Mr. Ross' affidavit he gives opinions as to medical causation as to what acts or omissions caused the plaintiff's injuries. By his own resume, Mr. Ross has a Bachelor of Science degree in Psychology and a Master of Business Administration degree in Healthcare Administration. Neither Mr. Ross' affidavit nor his resume states that he is a licensed nurse or licensed medical doctor and he does not hold out that he has those credentials. These Defendants object to such testimony as it is clearly beyond the legal scope for him to testify in these respects.

### A. NURSING STANDARDS

In Section 105.001 of the Texas Occupations Code, it identifies a "healthcare provider" as a person who furnishes services under a license, certificate, registration or other authority issued by the state or another state to diagnose, prevent, alleviate or cure a human illness or injury. In section 301.002 of the Texas Occupations Code, it defines "professional nursing" as the performance for compensation of an act that requires substantial specialized judgment and skill, the proper performance of which is based on knowledge and application of the principles of biological, physical and social science as acquired by a completed course in an approved school of professional nursing. The term does not include medical diagnosis or prescription of therapeutic corrective

measures.

The board of nurse examiners is given the authority under Texas law to regulate the practice of professional nursing. Section 301.151 (2) Texas Occupations Code. Texas law clearly states that a person may not practice or offer to practice professional nursing in this state unless the person is licensed as provided by this chapter. Section 301.251 (a) Texas Occupations Code. In fact, Section 301.553 provides for civil penalties that shall be assessed against persons who practice professional nursing without a license and Section 301.554 provides for criminal penalties for persons who practice nursing without a license.

Clearly, Mr. Ross' opinions as to what the standard of care is for nurses in the state of Texas and whether or not the standard of care was breached is something that is regulated by state law in the state of Texas and his opinions fall squarely within Section 301.002 (2) of the Texas Occupations Code. Texas law does not allow persons without a nursing license to pass judgment as to the standard of care and whether or not it was breached for licensed nursing personnel. Mr. Ross' opinions are directly in contravention of state law regarding the practice of nursing.

## B. MEDICAL DOCTOR STANDARDS

In the third paragraph of the affidavit of Mr. Ross, he states what the doctor should have done and his failure to do that was a breach of the doctor's standard of care and also that the doctor's inaction was a proximate cause of the plaintiff's condition. In the sixth paragraph Mr. Ross also discusses the proximate cause of the plaintiff's injuries.

Clearly, when Mr. Ross testifies as to a medical doctor's standard of care, the breach of the standard of care and what actions by either a doctor or nurse caused an injury, this is the practice of medicine in the state of Texas. Section 152.001 of the Texas Occupations Code states that the Texas State Board of Medical Examiners is an agency of the executive branch of state government with the

DELEON/VRMC: MSJ-RSP
PAGE 5

power to regulate the practice of medicine. Section 155.001 states that a person may not practice medicine in this state unless the person holds a license issued under this subtitle. Section 165.156 of the Texas Occupations Code states that anyone who indicates that they are entitled to practice medicine and is not licensed commits an offense. Section 165.159 discusses that is is an offense to practice of medicine without complying with the registration requirements. Section 165.101 of the Texas Occupations Code provides for civil penalties and section 165.152 provides for criminal penalties.

Clearly, Mr. Ross' sworn affidavit as it applies to what a doctor should do, the doctor's standard of care, the breach of the standard of care and all of his testimony as to medical causation are regulated by the state of Texas by the Texas Occupations Code. The state of Texas only allows licensed doctors to provide this type of testimony. Mr. Ross by his own admission is not a licensed doctor, nor does he have the training to provide this type of testimony.

## C. CONCLUSION

As such, these defendants move that Mr. Ross' affidavit and his report be stricken from the Court's consideration and furthermore that he be stricken as a witness in this case for attempting to testify as a licensed nurse and a licensed doctor and giving medical testimony as to medical causation.

## V.

## AUTHORITY FOR MEDICAL CAUSATION EVIDENCE

In a medical malpractice case, the plaintiff must prove by competent testimony that the defendant's negligence proximately caused the plaintiff's injury. *Duff vs. Yelin, 751 SW 2d 175, 176 (Tex.1988)*. In a medical negligence action, proximate cause is an element that ordinarily must be proven by expert testimony. Medical conclusions of lay witnesses are not competent evidence for

purposes of controverting expert opinion evidence. *Garza vs. Levin, 769 SW 2d 644, 646 (Tex. App.-Corpus Christi, 1989 writ denied)*. *Tilotta vs. Goodall, 752 SW 2d 160, 163 (Tex. App.-Houston) [1st]-writ denied)*. It is essential that the evidence show that at least a reasonable medical probability of the injury was caused by the defendant's negligence. *Id at 164*. In a medical malpractice suit, negligence and proximate cause must be proven as a general rule, by expert medical testimony. The trial court is barred from giving any weight to lay testimony. *Kieswetter vs. Central Pavilion Hospital, 662 SW 2d 24, 27 (Tex. App.-Houston [1st] no writ)*. In regard to the alleged acts of malpractice relating to testing, diagnosis and treatment, the affidavit of a layman is incompetent evidence. *Gandara vs. Novasad, 752 SW 2d 740, 743 (Tex. App.-Corpus Christi, 1988 no writ)*.

It is not sufficient for an expert to simply state that he knew the standard of care and conclude that it was met. The expert must state what the standard of care is and how the defendant's acts met it (or failed to do so). *Hall vs. Tomball Nursing Center, Inc., 926 SW 2d 617, 620 (Tex. App.-Houston [14th] 1996 no writ)*. Conclusory statements on expert are not sufficient to support or defeat summary judgment. The expert must explain the basis of his statement to link the conclusions to the facts. *Blan v. Ali, 7 SW 3d 741, 748 (Tex. App.-Houston [14] 1999)*.

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court grant their Motion for Summary Judgment dismiss all of Plaintiff's claims against them and assessing costs of court against Plaintiff and for such other and further relief, at law or in equity, to which they may show themselves justly entitled to receive., at law or in equity, to which this Defendant may show itself justly entitled to receive.

Respectfully submitted,

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:

Brin & Brin, P.C.

1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 18th day of January, 2002.

Ms. Carol Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

VIA CM# 7099 3220 0000 1380 0495

Mr. Tyler Scheuerman
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230

VIA REGULAR MAIL

_____
William Gault

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| CANDELARIO DE LEON | § § § |
| VS. | § § CIVIL ACTION NO. CV-B-00-192 § JURY DEMANDED § |
| CITY OF BROWNSVILLE, TEXAS, ET AL | § § § § |

| | |
|---|---|
| THE STATE | § |
| | §  **AFFIDAVIT OF WILLIAM GAULT** |
| OF TEXAS | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared William Gault, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is William Gault. I am an attorney licensed to practice law in the state of Texas, am over the age of 18 years, am of sound mind, capable of making this affidavit, competent to testify herein and have personal knowledge of the matters stated herein."

"Attached to Defendants Columbia Valley Healthcare Systems, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company's Motion for Summary Judgment as Exhibit 1 is a true and correct copy of Plaintiff's Designation of Expert Witnesses. Attached as Exhibit 2 is a true and correct copy of Plaintiff's Supplemental Designation of Expert Witnesses and attached as Exhibit 3 is a true and correct copy of Plaintiff's Objections and Answers to Defendant Columbia Valley Healthcare Systems, L.P. d/b/a Valley Regional Medical Center's Interrogatories."

Further affiant sayeth not.

_____
William Gault

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 18th day of January, 2002, to witness my hand and official seal of office.

BALVINA CAMPOS
MY COMMISSION EXPIRES
September 15, 2005

_____
Notary Public in and for
the State of Texas
Print Name: Balvina Campos

My Commission Expires: 9/15/05

DELEON/VRMC: AFF-GAUL
SOLO PAGE