*87*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DELEON | ' | |
| | ' | |
| v. | ' | CIVIL ACTION NO. CV-B-00-192 |
| | ' | |
| CITY OF BROWNSVILLE, TEXAS; | ' | |
| BENIGNO REYNA, INDIVIDUALLY AND | ' | |
| IN HIS OFFICIAL CAPACITY AS | ' | |
| CHIEF OF POLICE FOR THE CITY OF | ' | |
| BROWNSVILLE, CITY OF BROWNSVILLE | ' | |
| POLICE OFFICER ANDRE S. TORRES, JR., | ' | |
| INDIVIDUALLY AND IN HIS OFFICIAL | ' | |
| CAPACITY; AND CITY OF BROWNSVILLE | ' | |
| POLICE OFFICER ALEX ORTIZ, | ' | |
| INDIVIDUALLY AND IN HIS OFFICIAL | ' | |
| CAPACITY; HCA – THE HEALTHCARE | ' | |
| COMPANY, FORMERLY D/B/A | ' | |
| COLUMBIA/HCA HEALTHCARE | ' | |
| CORPORATION, COLUMBIA VALLEY | ' | |
| HEALTHCARE SYSTEM, L.P., | ' | |
| INDIVIDUALLY AND D/B/A VALLEY | ' | |
| REGIONAL MEDICAL CENTER and | ' | |
| FORMERLY D/B/A COLUMBIA VALLEY | ' | |
| REGIONAL MEDICAL CENTER, | ' | |
| JOAO DOVALE, M.D., and | ' | |
| STAT PHYSICIANS, P.A. | ' | |

## NOTICE OF LIQUIDATION OF PHICO INSURANCE COMPANY AND ORDER
## STAYING FURTHER DISCOVERY AND PROCEEDINGS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, **Joao DoVale, M.D.** and **STAT Physicians, P.A.** (hereinafter,
"Defendants") file this NOTICE OF LIQUIDATION OF PHICO INSURANCE COMPANY
AND ORDER STAYING FURTHER DISCOVERY AND PROCEEDINGS, and would
respectfully show the court as follows:

1

I.

Defendants are insured by PHICO Insurance Company of Mechanicsburg, Pennsylvania.

II.

On August 16, 2001, the Insurance Commissioner of the Commonwealth of Pennsylvania obtained an Order placing Defendants' professional liability insurance carrier, PHICO Insurance Company, into Rehabilitation in accordance with provisions of Article V of the Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, *as amended*, 40 P.S. §§221.1-221.63. A true and correct copy of the Order of Rehabilitation is attached as Exhibit "A" and incorporated by reference. Defendants' counsel advised all parties of this development shortly after receiving the information from PHICO Insurance Company's representatives.

III.

On February 1, 2002, the Insurance Commissioner of the Commonwealth of Pennsylvania obtained an Order of Liquidation terminating PHICO Insurance Company's rehabilitation and finding PHICO Insurance Company to be insolvent. The assets of PHICO Insurance Company are now under the control of the Insurance Commissioner of the Commonwealth of Pennsylvania. The Insurance Commissioner of the Commonwealth of Pennsylvania has ordered that all actions asserted against PHICO insureds are stayed indefinitely. A true and correct copy of the Order of Liquidation is attached as Exhibit "B" and incorporated by reference. A copy of the Official Statement by Pennsylvania Insurance Commissioner M. Diane Koken is attached as Exhibit "C" and incorporated by

reference. A copy of a press release from the Pennsylvania Insurance Department is attached as Exhibit "D" and incorporated by reference.

## IV.

This matter is set for jury trial on March 11, 2002. Multiple depositions have been scheduled, many of which will require interstate travel. Defendants' counsel has been ordered not to proceed with the defense of PHICO insureds until the Texas Guaranty Fund assumes the obligations of PHICO Insurance Company for Texas healthcare providers. Defendants therefore advise this Honorable Court and all parties involved of the stay of further discovery and trial proceedings involving Dr. Dovale and STAT Physicians, P.A.

PREMISES CONSIDERED, Defendant prays that this Court take notice of the attached Exhibits, honor the Order staying further proceedings in this matter, and award Defendants such further relief to which they may show themselves justly entitled.

Respectfully submitted,

**UZICK & ONCKEN, P.C.**

By: _____

Tyler Scheuerman
State Bar No. 00791610
Federal ID No. 19683

Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
(210) 341-7703
(210) 341-1570 facsimile

**ATTORNEYS FOR DEFENDANTS,
JOAO DOVALE, M.D. AND
STAT PHYSICIANS, P.A.**

3

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been sent in accordance with the Federal Rules of Civil Procedure to the following parties on the ☒ day of February 2002:

5th

Carol P. Lomax
Branton & Hall, P.C.
700 N. St. Mary's St., Ste. 1700
San Antonio, Texas 78205

Ryan Henry
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd., Ste. 460
Brownsville, Texas 78521

William Gault
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78521

Tyler Scheuerman

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken,                                   :
Insurance Commissioner of the                     :
Commonwealth of Pennsylvania,                     :
                                                  :
                    Plaintiff                     :
                                                  :
         v.                                       :
                                                  :
PHICO Insurance Company                           :
One PHICO Drive                                   :
P.O. Box 85                                       :  Docket No. _427 m02004_
Mechanicsburg, PA 17055-0085,                     :
                                                  :
                    Defendant

ORDER


         AND NOW, this 16th day of August, 2001, upon consideration of the Petition for

Rehabilitation ("Petition") filed by the Insurance Commissioner of the Commonwealth of

Pennsylvania ("Commissioner"), the Court hereby finds that it is in the best interest of

PHICO Insurance Company ("PHICO"), its policyholders, creditors, and the public, that

PHICO be placed into Rehabilitation in accordance with provisions of Article V of the

Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, as amended, 40 P.S.

§§221.1-221.63, and that sufficient grounds exist for the entry of an Order of

Rehabilitation ("Order"), based on PHICO's consent to rehabilitation under 40 P.S.

§221.14(12).  NOW, therefore, it is hereby ORDERED, ADJUDGED AND DECREED

that:

OCT 1 5 2001


     1.    The Petition for Rehabilitation filed by the Commissioner is granted.


**EXHIBIT A**

2.      PHICO is hereby placed in rehabilitation pursuant to the provisions of Article V of the Insurance Department Act, supra.

3.      M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, is, and her successors in office are, hereby appointed Rehabilitator of PHICO, directed to take immediate possession of its property, business and affairs as Rehabilitator pursuant to the provisions of Article V of the Insurance Department Act, supra, and to take such action as the nature of this case and the interests of the policyholders, creditors, or the public may require.

4.      The Rehabilitator shall have full powers and authority given the Rehabilitator under Article V of the Insurance Department Act, supra, and under provisions of all other applicable laws, as are reasonable and necessary to fulfill the duties and responsibilities of the Rehabilitator under Article V of the Insurance Department Act, supra, and under this Order.

## ASSETS OF THE ESTATE

5.      As provided in Section 515(c) of Article V of the Insurance Department Act, supra, as Rehabilitator, the Commissioner is hereby directed to take possession of the assets, contracts and rights of action of PHICO, of whatever nature and wherever located, whether held directly or indirectly.  According to Section 515(c), supra, "the

2

filing or recording of this Order with the clerk of the Commonwealth Court or recorder of deeds of the county in which the principal business of PHICO is conducted, or the county in which its principal office or place of business is located, shall impart the same notice as a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds would have imparted."

6. All banks, investment bankers, or other companies, entities, or persons having in their possession assets which are, or may be, the property of PHICO are hereby ordered to advise the Rehabilitator, and any agents and attorneys for the Rehabilitator (collectively, the "Rehabilitator") immediately of such assets and to identify such assets for the Rehabilitator, and are further ordered not to disburse, convey, transfer, pledge, assign, hypothecate, encumber or in any manner dispose of such assets without the prior written consent of, or unless directed in writing by, the Rehabilitator. Any checks or other payments which have, as of the date of this Order, been actually mailed or actually delivered to the payee will, provided same are otherwise proper and in compliance with relevant law, be honored without prejudice to the rights of the Rehabilitator regarding recoupment from the recipient. Such persons and entities, and all other persons and entities, are enjoined from disposing of or destroying any records pertaining to any business transactions between PHICO and banks, brokerage houses or other persons or companies having done business with PHICO or having in their possession assets, which are, or were, the property of PHICO.

3

7.      All insurance agents, brokers or other persons having sold policies of insurance and/or collected premiums on behalf of PHICO shall account for all earned premiums and commissions and shall account for and pay all premiums and commissions unearned due to policies canceled in the normal course of business, directly to the Rehabilitator at the offices of PHICO within 30 days of the date of this Order, or the date of receipt, whichever is later, or appear before this Court to show good cause as to why they should not be required to account to the Rehabilitator.  No insurance agent, broker, or other person shall use premium monies owed to PHICO for any purpose other than payment to the Rehabilitator.  Such insurance agents, brokers or other persons may be held in contempt of Court for violation of the provisions of this Order.

8.      At the request of the Rehabilitator, all attorneys employed or retained by PHICO as of the date of this Order shall, within 30 days of such request, report to the Rehabilitator the name, company claim number, if applicable, and status of each case or matter they are handling on behalf of PHICO.

9.      At the request of the Rehabilitator, any company providing telephone service to PHICO shall provide new telephone numbers and refer calls from the numbers presently assigned to PHICO to any such new numbers and perform any other changes necessary to the conduct of the Rehabilitation of PHICO.

4

10.     Any premium finance company which has entered into a contract to finance a policy which has been issued by PHICO shall pay the premium owed to PHICO directly to the Rehabilitator at the Offices of PHICO.

11.     The United States Postal Service is requested to provide any information requested regarding PHICO and to handle future deliveries of PHICO mail, as directed by the Rehabilitator.

12.     Any entity furnishing water, electric, sewage, garbage or trash removal services to PHICO shall maintain such services and transfer any such accounts to the Rehabilitator as of the date of this Order, unless instructed to the contrary by the Rehabilitator.

13.     Any entity furnishing claims processing or data processing services to PHICO shall maintain such services and transfer any such accounts to the Rehabilitator as of the date of this Order, unless instructed to the contrary by the Rehabilitator.

14.     Any entity which has custody or control of any data processing information and records including, but not limited to, source documents, all types of electronically stored information, master tapes or any other recorded information relating to PHICO, shall transfer, at the request of the Rehabilitator, custody and control of such records to the Rehabilitator.  Any such entity may be held in contempt of Court for violation of the provisions of this Order.

15.     At the request of the Rehabilitator, PHICO, its officers, directors, trustees, employees, agents and attorneys are hereby ordered to deliver to the Rehabilitator keys or access codes to the premises where PHICO conducts its business and to any safe deposit boxes, and to advise the Rehabilitator of the combinations or access codes of any safes or safe keeping devices of PHICO.

16.     PHICO, its officers, directors, trustees, employees, agents and attorneys are hereby ordered to identify for the Rehabilitator all of the assets, books, records, files, credit cards, or other property of PHICO, to tender or make readily available to the Rehabilitator, at the Rehabilitator's request, all of the foregoing, and to advise and cooperate with the Rehabilitator in identifying and locating any of PHICO's assets.

17.     Except for policies or contracts of insurance, the Rehabilitator, in her discretion, may affirm or disavow any executory contracts to which PHICO is a party. The entry of this Order of Rehabilitation shall not constitute an anticipatory breach of any such contracts.

## EXPENSES, POLICYHOLDER AND CERTIFICATE CLAIMS, OTHER PAYMENTS AND LAWSUITS

18.     The Rehabilitator may, in her discretion, pay expenses incurred in the ordinary course of PHICO's business in rehabilitation and may, in her discretion, pay the actual, reasonable, and necessary costs of preserving or recovering the assets of PHICO and the costs of goods and services provided to PHICO's estate.  Such costs shall include

but not be limited to: (a) reasonable professional fees for accountants, actuaries, attorneys and consultants with other expertise retained by the Commonwealth of Pennsylvania Insurance Department ("Department"), the Commissioner or the Rehabilitator to perform services relating to the Rehabilitation of PHICO or the preparation, implementation, or operation of a rehabilitation plan; (b) compensation and other costs related to representatives and employees of PHICO; and (c) a reasonable allocation of costs and expenses associated with time spent by Department personnel in connection with the rehabilitation of PHICO.

19.     In the event that this Court issues an order appointing the Insurance Commissioner of the Commonwealth of Pennsylvania as liquidator of PHICO, actual, reasonable and necessary costs of preserving or recovering assets of PHICO and the costs of goods or services provided to and approved by PHICO Insurance Company (In Rehabilitation), under paragraph 18 of this Order, during the period of Rehabilitation will be treated as "costs and expenses of administration," pursuant to 40 P.S. §221.44.

20.     The Rehabilitator may, in her discretion, pay claims for losses, in whole or in part, under policies and contracts of insurance and loss adjustment expenses as identified in Section 544(b) of the Insurance Department Act, supra, 40 P.S. §221.44(b). Such discretion of the Rehabilitator shall include the discretion not to pay bad faith claims or claims for extra-contractual charges or damages.

21.     No payments of any type shall be made to any claimants of PHICO as identified in Section 544(c) through (i) of the Insurance Department Act of 1921, supra, 40 P.S. §221.44(c) through (i), except in the discretion of the Rehabilitator.

22.     All persons, in the Commonwealth or elsewhere, are enjoined and restrained from: (a) instituting or further prosecuting any action in law or equity against PHICO or the Rehabilitator; (b) obtaining preferences, judgments, attachments, garnishments or liens, including obtaining collateral in any litigation, mediation, or arbitration involving PHICO, the Rehabilitator, or PHICO's assets and property; (c) levying any execution process against PHICO, the Rehabilitator or PHICO's assets and property in the Commonwealth of Pennsylvania or elsewhere; and (d) making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to PHICO.

23.     Pursuant to Section 221.15(c) of the Insurance Department Act of 1921, supra, the Rehabilitator is specifically authorized, in her sole discretion, to enter into agreements to and otherwise take possession of the statutory deposits held by any state or territory and to do all things necessary to manage and apply the deposits in accordance with any such agreements.  PHICO shall not post additional statutory security deposits in any state or territory.

24.     All actions currently pending against PHICO in the Courts of the Commonwealth or elsewhere are hereby stayed.  The Rehabilitator, in her sole discretion,

may petition this Court to enter a stay of any pending or future actions against PHICO's policyholders, in the Courts of the Commonwealth of Pennsylvania or elsewhere, where the interests of PHICO's estate in rehabilitation so require.

25.     No judgment or order against PHICO or an insured of PHICO entered after the date of filing of the Petition for Rehabilitation and no judgment or order against PHICO or an insured of PHICO entered at any time by default or by collusion need be considered as evidence of liability or quantum of damages by the Rehabilitator.

<u>REINSURANCE</u>

26.     The amounts recoverable by the Rehabilitator from any reinsurer of PHICO shall not be reduced as a result of this rehabilitation proceeding or by reason of any partial payment or distribution on a reinsured policy, contract or claim, and each such reinsurer of PHICO is without first obtaining leave of Court, hereby enjoined and restrained from terminating, canceling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy or contract with PHICO. The Rehabilitator may terminate or rescind any contract with a reinsurer or reinsurers that is contrary to the best interests of the estate in rehabilitation.

## NEW OR RENEWAL BUSINESS

27.     The Rehabilitator is authorized to accept or reject new, existing, or renewal business.  In implementing this paragraph, the Rehabilitator shall have the discretion to, inter alia, accept or reject new, existing  or renewal business, write renewal business for time periods less than one year, write contractually required tail coverage for time periods less than one year, and cancel existing business or contractually required tail coverage upon reasonable notice.

## INJUNCTION AGAINST INTERFERING WITH REHABILITATION

28.     Until further order of this Court, all persons, corporations, partnerships, associations, counsel, custodians, and all other entities, wherever located, are hereby enjoined and restrained from interfering in any manner with the Rehabilitator's possession and rights to the assets and property of PHICO and from interfering in any manner with the conduct of the rehabilitation of PHICO.  Those persons, corporations, partnerships, associations, counsel, custodians, and all other entities are hereby enjoined and restrained from wasting, transferring, selling, concealing, terminating, canceling, destroying, disbursing, disposing of, or assigning any assets, contracts, causes of action, funds, records, investigative materials, or other property of any nature of PHICO.

## INJUNCTION AGAINST ACTIONS BY SECURED CREDITORS

29.     All secured creditors or parties, pledgees, lienholders, collateral holders or other persons claiming secured, priority or preferred interests in any property or assets of PHICO are hereby enjoined from taking any steps whatsoever to transfer, sell, assign, encumber, attach, dispose of, or exercise, purported rights in or against any property or assets of PHICO.

## NOT A DECLARATION OF INSOLVENCY

30.     This Order shall not be deemed a finding or declaration of insolvency such as would activate the provisions of the Pennsylvania Property and Casualty Insurance Guaranty Act, 40 P.S. §§991.1801-9911.1820, or the provisions of similar acts of any other state or territory.

## JURISDICTION

31.     This Court shall retain jurisdiction for all purposes necessary to effectuate and enforce this Order.

BY THE COURT,

Certified from the Rec
AUG 1 6 2001
and Order Exit

11

FEB 01 '02 13:38 FR WBSAS 7 SOUTH        215 977 2684 TO 1201#1559899#1717 P.02/13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Diane Koken, Insurance        :
Commissioner of the Commonwealth :
of Pennsylvania                  :
                    Plaintiff    :
                                 :
              v.                 :     No. 427 M.D. 2001
                                 :
PHICO Insurance Company          :
One PHICO Drive                  :
P.O. Box 85                      :
Mechanicsburg, PA 17055-0085     :
                    Defendant    :

## ORDER OF LIQUIDATION

AND NOW, this 1st day of February, 2002, upon consideration of the Petition for Liquidation (Petition), filed by Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner), in her capacity as Statutory Rehabilitator of PHICO Insurance Company (PHICO), in accordance with Article V of the Insurance Department Act (Act), Act of 1921, as amended, 40 P.S. §§211-221.63, and the Consent thereto, it is hereby **ORDERED** and **DECREED** that said Petition is **GRANTED**.

It is further ordered and decreed that:

1.    The rehabilitation of PHICO commenced under this court's order of August 16, 2001 is hereby terminated.

# EXHIBIT B

Case 1:00-cv-00192  Document 97  Filed in TXSD on 02/07/2002  Page 17 of 31

2.    PHICO is hereby found to be and is declared to be insolvent, as
that term is defined in 40 P.S. §221.3 and as provided in 40 P.S. §§221.14(1) and
221.19.

3.    The Commissioner (including her successors in office) is
hereby appointed Liquidator of PHICO. The Liquidator (including her successors
and designees) is directed to take possession of PHICO's property, business and
affairs as Liquidator, to liquidate PHICO in accordance with Article V of the Act
and to take such action as the Liquidator deems to be in the interest of
policyholders, creditors or the public.

4.    The Liquidator is hereby vested with all the powers, rights and
duties authorized under the Act and other applicable law and regulation.

## ASSETS OF THE ESTATE

5.    The Commissioner, as Liquidator, is vested with title to all
property, assets, contracts and rights of action (assets) of PHICO, of whatever
nature and wherever located, whether held directly or indirectly, as of the date of
the filing of the Petition. All assets of PHICO are hereby found to be in custodia
legis of this court; and this court specifically asserts, to the fullest extent of its
authority, (a) in rem jurisdiction over all assets of PHICO wherever they may be
located and regardless of whether they are held in the name of PHICO or any other
name; (b) exclusive jurisdiction over all determinations of the validity and amount
of claims against PHICO; and (c) exclusive jurisdiction over the determination of
the distribution priority of all claims against PHICO.

2

Case 1:00-cv-00192 Document 87 Filed in TXSD on 02/07/2002 Page 18 of 31

6. The filing or recording of the Order with the clerk of the Commonwealth Court or with the recorder of deeds of the county in which its principal office is located (Cumberland County, PA) shall impart the same notice as a deed, bill of sale or other evidence of title duly filed or recorded with that recorder of deeds would have imparted.

7. All banks, investment banks, or other companies, other entities or other persons having in their possession assets which are, or may be, the property of PHICO, shall, unless otherwise instructed by the Liquidator, deliver the possession of the same immediately to the Liquidator, and shall not disburse, convey, transfer, pledge, assign, hypothecate, encumber or in any manner dispose of the same without prior written consent of, or unless directed in writing by, the Liquidator.

8 All persons and entities, including but not limited to accountants, auditors, bankers, trustees and actuaries, are enjoined from disposing of or destroying any documents, correspondence or records, regardless of how maintained (i.e. email, electronic, magnetic, etc.) pertaining or relating to, whether directly or indirectly, PHICO, or its subsidiaries and affiliates, including but not limited to documents pertaining or relating to any transactions between PHICO, its subsidiaries and affiliates and any party.

9. The amount recoverable by the Liquidator from any reinsurer shall not be reduced as a result of the Order of Liquidation, regardless of any

3

Case 1:00-cv-00192 Document 87 Filed in TXSD on 02/07/2002 Page 19 of 31

provision in a reinsurance contract or other agreement. Payment made directly by a reinsurer to an insured or creditor of PHICO shall not diminish the reinsurer's obligation to PHICO, except to the extent provided by law.

10. All agents, brokers or other persons having sold policies of insurance issued by PHICO shall account for and pay all uneamed commissions and all premiums, collected and uncollected, for the benefit of PHICO directly to the Liquidator, within thirty (30) days of notice of this Order. No agent, broker, reinsurance intermediary or other person shall disburse or use monies which come into their possession and are owed to, or are claimed by, PHICO for any purpose other than payment to the Liquidator.

11. Upon specific written instruction by the Liquidator, all attorneys retained by PHICO or performing legal services for PHICO shall, within thirty (30) days of such request, report to the Liquidator the name, company claim number (if applicable) and status of each matter they are handling on behalf of PHICO. Said report shall include an accounting of any funds received from or on behalf of PHICO for any purpose and in any capacity.

12. Upon instruction by the Liquidator, any entity furnishing telephone, water, electric, sewage, garbage, trash removal, or utility services to PHICO shall maintain such service and create a new account for the Liquidator as of the effective date of this Order.

4

Case 1:00-cv-00192 Document 87 Filed in TXSD on 02/07/2002 Page 20 of 31

13. Unless otherwise instructed by the Liquidator, any persons or entity having custody or control of any data processing information and records (including but not limited to source documents, all types of electronically stored documents and information, master tapes or any other recorded information) relating to PHICO or its subsidiaries or affiliates, shall transfer custody and control of such records, in a form readable by the Liquidator, to the Liquidator.

14. Unless instructed otherwise by the Liquidator, all persons and entities furnishing claims processing or data processing services to PHICO shall maintain such services and transfer any such accounts to the Liquidator as of the effective date of this Order.

15 PHICO, each of its subsidiaries and affiliates, and their respective present and former officers, directors, trustees, employees, consultants, agents and attorneys, and any and all other persons, shall: (a) surrender peacefully to the Liquidator the premises where PHICO conducts its business; (b) deliver all keys or access codes thereto and to any safe deposit boxes, and advise the Liquidator of the combinations or access codes of any safe or safekeeping devices of PHICO or any password or authorization code or access code required for access to data processing equipment; (c) deliver and surrender peacefully to the Liquidator, all of the assets, books, records, files, credit cards, or other property of PHICO in their possession or control, wherever located; and (d) otherwise advise and cooperate with the Liquidator in identifying and locating any and all of the foregoing.

5

Case 1:00-cv-00192  Document 87  Filed in TXSD on 02/07/2002  Page 21 of 31

16.   Except for contracts of insurance and for reinsurance, all executory contracts to which PHICO is a party as of the effective date of this Order are hereby disavowed, and will stand as disavowed, unless specifically affirmed by the Liquidator within 120 days of the effective date of this Order. Any disavowal under this provision shall not be an anticipatory breach of any such contract. All indemnification agreements entered into by PHICO during the rehabilitation are hereby affirmed, and the Liquidator is hereby indemnified by the estate of PHICO, as an administrative expense, to the fullest extent permitted by law.

## CONTINUATION AND CANCELLATION OF COVERAGE

17.   All policies and contracts of insurance issued by PHICO are cancelled and terminated for all purposes upon the earliest of the following dates: (a) thirty days from the effective date of this Order; (b) until the expiration of the policy or contract; (c) until the insured has replaced the insurance coverage with equivalent insurance with another insurer or otherwise terminated the policy; or (d) until the Liquidator has effected a transfer of the policy obligation pursuant to section 221.23(8) of the Act.

## WORKERS' COMPENSATION CLAIMS

18.   For a period not to exceed 90 days from the effective date of this Order, the Liquidator is authorized but not obligated, in her sole discretion, to make arrangements for the continued payment in full of the claims under policies of workers' compensation by making the facilities, computer systems, books, records and arrangements with third party administrators (to the extent possible) of PHICO available for the processing and payment of such claims, to any affected

6

guaranty association (or other entity that is the functional equivalent) and to states and state officials holding statutory deposits for the benefit of such workers' compensation claimants, provided, however, that such guaranty associations, states or state officials shall provide or make available the funds to make the actual payment of such claims. In circumstances where a guaranty association certifies in writing to the Liquidator that it does not have the immediate ability to fund the payment of workers' compensation claims that are its obligation by law, the Liquidator is authorized to advance the funds, if available, from PHICO to pay such claims on a temporary basis for a period not to exceed 90 days, provided that the guaranty association enters into a written agreement that such advances shall be treated as a distribution pursuant to 40 P.S. §221.36. The Liquidator shall have the discretion to accept such interim assurances as she deems adequate in lieu of a formal agreement.

## NOTICE AND PROCEDURE FOR FILING CLAIMS

19.     The Liquidator shall use good faith efforts to give notice by first-class mail to all entities or persons which or who may have claims against PHICO, contingent or otherwise, as disclosed by its books and records, and advising claimants to file with the Liquidator their claims together with proper proofs thereof on or before April 1, 2003. The Liquidator shall also cause a notice to be published in newspapers of general circulation where PHICO has its principal place of business, as well as in the national edition of the Wall Street Journal, (a) specifying the last day for the filing of claims; (b) advising all persons of the procedure by which all persons may present their claims to the Liquidator; (c) advising all persons of the address to which they may send their claim; and (d)

7

Case 1:00-cv-00192   Document 87   Filed in TXSD on 02/07/2002   Page 23 of 31

advising all such persons of their right to present their claim or claims to the
Liquidator. Any and all persons, firms or corporations having or claiming to have
any accounts, debts, claims or demands against PHICO, contingent or otherwise, or
claiming any right, title or interest in any funds or property in the possession of the
Liquidator are required to file with the Liquidator at the location designated in the
above-described notices, on or before the date specified by the Liquidator as the
last date upon which to file a claim, a properly completed proof of claim or be
thereafter barred as claimants against any assets in the possession of the
Liquidator, unless a late filing is permitting under 40 P.S. §221.37. No person or
entity shall be eligible to participate in any distribution of the assets of PHICO
unless such claims are filed or presented in accordance with and within the time
limit and procedures established by the Liquidator, subject to the provisions for the
late filing of claims at 40 P.S. §221.37.

## EXPENSES, PAYMENTS AND LAWSUITS

20.   Without filing a petition for distribution, the Liquidator shall
have the discretion to pay as costs and expenses of administration pursuant to 40
P.S. §221.44, the actual, reasonable and necessary costs of preserving or
recovering assets of PHICO and the costs of goods or services provided to and
duly approved by PHICO (In Rehabilitation) during the period of Rehabilitation
and that are unpaid as of the effective date of this Order. The rights and liabilities
of PHICO and of its creditors, policyholders, trustees, shareholders, members and
all other persons interested in this estate determined in accordance with the Act as
of the date of filing of the Petition for Liquidation.

8

Case 1:00-cv-00192   Document 97   Filed in TXSD on 02/07/2002   Page 24 of 31

21. PHICO, its subsidiaries and affiliates, and their respective directors, officers, trustees, employees, attorneys, brokers, consultants, agents, policyholders, and creditors, and any other persons, wherever located, except at the direction of the Liquidator, are enjoined from: (a) the transaction of further business on behalf of or for PHICO, (b) the transferring, selling, terminating, canceling, disbursing, disposing of or assigning any assets, funds or other property of PHICO, (c) the institution or further prosecution of any actions in law or equity on behalf of or against PHICO, (d) attempting to collect unpaid premiums, deductibles or self-insured retentions from PHICO's insureds, and (e) taking any other action which might or would lessen the value of PHICO's assets or property, prejudice the rights and interests of PHICO's policyholders and creditors, or interfere in the administration of the liquidation proceeding.

22. PHICO, its subsidiaries and affiliates, and their respective directors, officers, trustees, employees, attorneys, brokers, consultants, agents, policyholders, and creditors, and any other persons, wherever located, are enjoined from: (a) concealing or destroying any assets, funds or other property of PHICO, (b) any interference, in any manner, with the Commissioner or her designees in liquidating PHICO's business and affairs, (c) any waste of PHICO's assets or property, (d) the dissipation or transfer of PHICO's bank accounts and negotiable instruments, (e) the obtaining of preferences, judgments, attachments, garnishments or liens against PHICO's assets, property and policyholders, (f) the levy of execution process against PHICO and its assets, property and policyholders, (g) the negotiation or execution of any agreement of sale or deed conveying personal or real property of PHICO for nonpayment of taxes or

9

Case 1:00-cv-00192  Document 87  Filed in TXSD on 02/07/2002  Page 25 of 31

assessments or for any other purpose, (h) withholding from the Liquidator or removing, concealing, transferring or destroying books, accounts, documents, policies or policy-related documents or other records relating to PHICO's business, and (i) making any assessments or indirectly collecting such assessments by setting them off against amounts otherwise payable to PHICO.

          23.    No action at law or equity, including but not limited to arbitrations and mediations, shall be brought against PHICO, the Liquidator, or the Commissioner in her capacity as Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be maintained or further prosecuted after the effective date of this Order. All actions, including arbitrations and mediations, currently pending against PHICO in the courts of the Commonwealth of Pennsylvania or elsewhere, are hereby stayed indefinitely. All actions, arbitrations and mediations against PHICO, the Liquidator, or the Commissioner in her capacity as Rehabilitator or Liquidator, shall be submitted and considered as claims in a liquidation proceeding. Only in the event that a party claims that the Liquidator, or the Commissioner in her capacity as Rehabilitator or Liquidator, has acted outside her statutory authority or in a manner contrary to law, may that party file a petition for review seeking relief in this court.

          24.    Unless waived or otherwise agreed by all of the parties thereto and the relevant guaranty association, all actions in which PHICO is or may be obligated to defend a party in any court are stayed to the extent provided by applicable law, subject to further order of the court. The Liquidator may

10

Case 1:00-cv-00192  Document 87  Filed in TXSD on 02/07/2002  Page 26 of 31

cooperate, upon request of a guaranty association, in seeking a stay of any action, as authorized under applicable law.

25.    No verdict, judgment or order against PHICO or its insureds entered after the date of filing of the Petition for Liquidation, and no verdict, judgment or order against PHICO entered at any time by default or by collusion, need be considered as evidence or proof of liability or quantum of damages by the Liquidator.

26.    No action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in this Commonwealth or elsewhere against PHICO, the Liquidator, or the Commissioner in her capacity as Liquidator, or their assets.

27.    All secured creditors or parties, pledgees, lienholders, collateral holders or other persons claiming secured, priority or preferred interests in any property or assets of PHICO are hereby enjoined from taking any steps whatsoever to transfer, sell, assign, encumber, attach, dispose of, or exercise, purported rights in or against any property or assets of PHICO, except as provided in 40 P.S. §221.43.

28.    The Liquidator is authorized, in her discretion, to identify, seek and recover PHICO assets held by (a) the Supplemental Retirement Income Plan Trust; (b) the Directors' Deferred Compensation Plan Trust; or (c) any rabbi or other trusts or plans with respect to benefits or other value or remuneration to be

11

provided to members or former members of management or highly compensated employees of PHICO or any of its subsidiaries or affiliates.

29.   This Order shall be effective on February 1, 2002 and supersedes this court's order of August 16, 2001.

30.   The Liquidator, through her counsel, is hereby directed to serve a copy of this Order upon all parties of record. The Liquidator, through her counsel, is directed to file with the court in the Office of the Prothonotary, 9th Floor, Widener Building, 1339 Chestnut Street, Philadelphia, PA 19107, an affidavit that such service has been effectuated.

31.   Any correspondence to the Liquidator (as opposed to counsel to the Liquidator) shall be directed as follows:  Statutory Liquidator, PHICO Insurance Company (In Liquidation), P.O. Box 2025, Mechanicsburg, PA 17055.

ROCHELLE S. FRIEDMAN, Judge

12

**PHICO Insurance Company Liquidation**
**Official Statement by Pennsylvania Insurance Commissioner**
**M. Diane Koken**

After five months of diligent effort focused on determining the viability of a possible rehabilitation of PHICO, I have determined that the rehabilitation of PHICO is not financially possible. Accordingly, today I petitioned the Commonwealth Court for an Order of Liquidation of PHICO Insurance.

Despite our intensive efforts to stabilize PHICO's operations, reduce costs, and maximize cash flow, an independent actuarial analysis of loss and loss adjustment expense reserves completed this week established that further attempts to rehabilitate PHICO would substantially increase the risk of loss for policyholders, claimants and creditors, and would not be in the public interest.

Indeed, PHICO's financial condition, as determined by this independent analysis, is significantly worse than was previously known. Specifically, on August 15, 2001, the company filed unaudited financial statements showing that PHICO's surplus had precipitously declined from $127 million as of year end 2000 to only $6 million as of June 30, 2001. Our recently concluded independent analysis shows the company actually to have been (on a pro forma basis) in a negative surplus position of over $250 million as of June 30, 2001. Thus, we have now learned that PHICO was insolvent as of that date, if not earlier.

Upon entry of the order of liquidation, the process of the payment by state guaranty associations of policyholder claims will commence. Such coverage is subject to certain limitations as provided by the laws of each state. To avoid delays in workers compensation claim payments during this transition period, I asked the Court to approve the continuation of the timely payment of workers compensation claims.

**EXHIBIT C**

I wish to thank the PHICO Insurance Company employees who have worked so diligently during the rehabilitation phase, as well as my rehabilitation team. I anticipate the transition into liquidation to be handled in the same professional and attentive manner. In liquidation, our role will be to focus on aggressively marshaling the assets of the estate and distributing them equitably to persons having claims against PHICO's insureds as well as other claimants and creditors.

In addition, the Insurance Department is continuing its evaluation of what went wrong at PHICO and who bears the responsibility for the company's failure. I am committed to take any and all steps necessary to protect and recover the assets of the PHICO Insurance Company for the benefit of all policyholders, and hold all culpable parties responsible for their actions.

Case 1:00-cv-00192  Document 97  Filed in TXSD on 02/07/2002  Page 30 of 31



*PA Insurance Department*

## Mark Schweiker, Governor
## Diane Koken, Insurance Commissioner



Commonwealth News Bureau
Room 308, Main Capitol
Harrisburg, PA 17120

Contact: Rosanne Placey
Melissa Fox
(717) 787-3289

### COURT GRANTS PETITION OF PA INSURANCE DEPARTMENT TO PLACE PHICO INSURANCE COMPANY IN LIQUIDATION
*Department takes action to protect policyholders*

HARRISBURG (Feb. 1) -- Pennsylvania Insurance Commissioner M. Diane Koken today announced that the Commonwealth Court has granted her petition to enter an Order of Liquidation for PHICO Insurance Company of Mechanicsburg, Cumberland County. The company will be in liquidation effective immediately.

PHICO's primary business was writing medical-malpractice insurance for health systems, hospitals and physicians. In addition, PHICO wrote workers' compensation insurance.

"An accurate financial picture of PHICO has shown us that further attempts to rehabilitate the company would be futile," Koken said. "We had no choice but to liquidate PHICO in order to avoid further risk of loss to PHICO's policyholders, claimants and creditors.



**Search the Site**



"Our responsibility now is to take the necessary steps to orderly liquidate the company. The court's liquidation order triggers the state guaranty associations to pay policyholder claims to the maximum levels allowed by law."

In August 2001, PHICO filed a quarterly statement that reflected a surplus of only $6.8 million -- a substantial and alarming decrease from its year-end 2000 surplus of more than $127 million. This diminished level of surplus placed PHICO Insurance Company at mandatory control level under Pennsylvania's Risk Based Capital (RBC). As a result, the Insurance Department assumed control of PHICO to stabilize the company and determine whether a plan of rehabilitation would be viable.

"As part of the rehabilitation process, we engaged independent actuarial consultants to perform a thorough financial analysis focused on the company's loss and loss adjustment expense reserves," Koken said. "This analysis concluded that the company's previous estimates of loss reserves were substantially understated. In fact, this recent analysis showed that a reserve deficiency exceeding $250 million existed as of June 30, 2001.

"Insurance companies must establish reserves sufficient to pay claims. PHICO Insurance Company did not establish adequate reserves, nor does the company have the assets available to cover the shortfall. This gap between assets and liabilities renders the company insolvent."

With headquarters in Mechanicsburg, PHICO Insurance Company was licensed to write insurance in 50 states, the District of Columbia and Puerto Rico. In 2000, the company's direct written Premiums were in excess of $242 million. The states with the largest number of policyholders include Pennsylvania, Texas, Florida, Indiana and New Jersey.

State law requires that all remaining in force PHICO policies be cancelled in 30 days. Questions from policyholders concerning claims or policy matters may call toll-free 1-800-382-1378, locally (717) 766-1122 or log on to www.PHICO.com. A copy of the Order of Liquidation can be obtained through the Insurance Department's website via the PA PowerPort at www.state.pa.us or directly at www.insurance.state.pa.us.

Commissioner Koken's written statement regarding PHICO Insurance Company also is available on the Insurance Department's website. Individuals without Internet capability may call (717) 787-3289 to request a copy.

# # #

2002

Copyright ©2002 PA Insurance Department, All Rights Reserved.