IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
APR 0 7 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| CANDELARIO DE LEON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | NO. B-00-192 |
| | § | |
| CITY OF BROWNSVILLE, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on April 6, 2004, the Court **notified** the parties that the Court believes it no longer possesses subject matter jurisdiction over the state law medical negligence claims in this case.

### I. Procedural Background

This case has a long procedural history, which includes a stay that extended for close to two years. Recently, the Court held a status conference after the stay was lifted. Although subject matter jurisdiction was not discussed at the status conference, the only claims that remain are state law medical malpractice claims. The Court entered an amended scheduling order on March 16, 2004. Discovery will not be completed for nearly three months, and docket call for this case is scheduled for October 5, 2004. Given the procedural posture of this case, the Court believes it would be an abuse of discretion to continue its exercise of supplemental jurisdiction over the remaining state law claims.

### II. Legal Analysis

Judicial economy, convenience, fairness to litigants, federalism, and comity are all factors the district court must consider in determining whether it should exercise

supplemental jurisdiction over remaining state claims. See Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 584 (5th Cir. 1992) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n. 7 (1988) (citations omitted). Dismissing state claims after federal claims are dismissed is the general rule. See id. at 585.

In Parker & Parsley Petroleum Co. v. Dresser Indus., the Fifth Circuit held a district court abused its discretion when it dismissed federal Rico claims, but refused to surrender jurisdiction over supplemental state claims. 972 F.2d 580 (5th Cir. 1992). There, the district court reasoned that "dismissal would be a tremendous financial drain to all the parties as well as a waste of judicial resources." Id. at 584. Despite substantial development in the case, the district court's ruling on a number of discovery matters, and a trial that was only weeks away, the Fifth Circuit determined the district court should not have exercised supplemental jurisdiction because discovery had not been completed, they were not on the eve of trial, and the parties were not ready for trial. Parker & Parsley Petroleum Co., 972 F.2d at 587. The Fifth Circuit noted that "when the single federal-law claim is eliminated at an 'early stage' of the litigation, the district court has a 'powerful reason to choose not to continue to exercise jurisdiction.'" Parker & Parsley Petroleum Co., 972 F.2d at 585 (citing Carnegie-Mellon, 484 U.S. at 351).

In Newport Ltd. v. Sears, Roebuck, and Co., the Fifth Circuit determined a district court abused its discretion in not retaining jurisdiction after the federal Rico claims were dismissed. In that case, "after four years of litigation produced 23 volumes and thousands of pages of record, the preparation of a pretrial order exceeding 200 pages, over a hundred depositions, and according to counsel nearly two hundred thousand pages of discovery production, the declining to hear [that] case on the eve of trial constituted an abuse of discretion." 941 F.2d 302, 307-08 (5th Cir. 1991).

The present case was filed on December 21, 2000, and has been pending for just over three years and three months. The case was stayed from February 2002 until November 2003 —nearly 2 years. Discovery is months away from completion and the trial date is six months away. Similarly, the dispositive motion deadline is also months

away. As a result, this case only recently became active again with the lifting of the stay and a status conference on March 16, 2004. This Court has not spent a substantial amount of time on the state law claim, nor can it say it has yet developed substantial familiarity with the state law claims, such that judicial resources would be wasted if the Court dismissed the state claims at this juncture. The Court has not issued any substantial orders that required a large amount of the Court's time.

Although the parties have certainly expended some energy litigating this case in federal court, after the recent status conference in which the parties indicated the need for further discovery, dismissing this claim without prejudice to refiling in state court would not create a great deal of financial drain; little new legal research need be conducted; and any discovery conducted thus far can be applied to the case if it is refiled in state court. Parker & Parsley Petroleum Co., 972 F.2d at 588. Additionally, few procedural motions have yet been ruled on concerning the remaining parties, and thus few initial matters will need to be redone at the state court level. The fact that the case has been pending for over three years is not alone reason to exercise supplemental jurisdiction.

Concerns of federalism and comity would be upheld if the Court dismissed the state claims in this case because discovery is not complete and trial is six months away. The Court views the present case to be more similar to the facts presented in Parker & Parsley Petroleum, than to those presented in Newport. As the Fifth Circuit stated in Parker & Parsley Petroleum Co., "[i]n short, the parties [are] not ready for trial." 972 F.2d at 587. As a result, the Court is inclined to dismiss without prejudice the state claims.

### III. Conclusion

Because the Court did not discuss dismissal with the parties at the recent status conference, it will give the parties an opportunity to present the Court with any information that would be relevant to the Court's exercise of its discretion in this matter. The parties are advised that the Court is *not seeking* legal argument from the parties, unless they have authority involving facts nearly identical to the facts in the present case. Rather, should the parties believe they will experience prejudice, *other than the general inconvenience* attendant with dismissing this case at this point in the litigation, they are granted leave to apprise the Court of such. **The parties must present any information they wish the Court to consider no later than 4:00 p.m. on April 13, 2004.**

DONE this 6th day of April 2004, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge