IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO De LEON | § | |
| | § | COMPLAINT FOR DAMAGES FOR |
| Plaintiff, | § | VIOLATIONS OF CIVIL RIGHTS UNDER |
| | § | COLOR OF STATE LAW (42 U.S.C. § 1983) |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| CITY OF BROWNSVILLE, TEXAS, ET AL. | § | |
| | § | JURY REQUESTED |
| Defendants. | § | |

## PLAINTIFF'S ADVISORY TO THE
## COURT REGARDING DISMISSAL OF STATE CLAIMS

TO THE HONORABLE HILDA TAGLE, UNITED STATES DISTRICT JUDGE:

Plaintiff Candelario De Leon files this his advisory to the Court regarding the Court's

proposed dismissal of his state law claims.

### I. INTRODUCTION

As a general proposition, Plaintiff would not be opposed to this Court declining to exercise

its supplemental and pendant jurisdiction to hear Plaintiff's state law claims, so long as Plaintiff

could refile the case in Texas State District Court, and that the law to be applied to the case would

not change due to refiling. However, Plaintiff is concerned that Defendants will attempt to assert

a limitations defense, and to apply the tort "reform" provisions of the Texas House Bill Four if this

case is dismissed and re-filed in Texas State District Court.

### II. LIMITATIONS ISSUES

In most cases, when a Federal Court declines to exercise jurisdiction over a case, Texas Civil

Practice and Remedies Code Section 16.064 tolls limitations to allow a Plaintiff to refile in State

Court within 60 days. *Vale v. Ryan*, 809 S.W.2d 324, 326-27 (Tex. App.–Austin 1991, no writ).

However, Plaintiff is concerned that Defendants will argue that Section 16.064 does not

apply in medical negligence cases. The statute of limitations for medical negligence cases is set out

in Texas Revised Civil Statutes, article 4590i, section 10.01 and Texas Civil Pracitce and Remedies

Code 74.251(a). These statutes (which are identical) provide:

> ***Notwithstanding any other law***, no health care liability claim may be commenced
> unless the action is filed within two years from the occurrence of the breach or tort
> or from the date the medical or health care treatment that is the subject of the claim
> or the hospitalization for which the claim is made is completed. . . .

(emphasis added). The Texas Supreme Court has interpreted the phrase "notwithstanding any other

law" to mean that the only tolling provisions applicable in a medical negligence matter are those

actually set out in article 4590i. *Hill v. Milan*, 686 S.W.2d 610, 611 (Tex. 1985). As a result, some

tolling provisions have been held to be inapplicable in medical malpractice cases. *See Campos v.*

*Yselta General Hosp., Inc.*, 879 S.W.2d 67, 73 (Tex. App.–El Paso 1994, writ denied) (CPRC

Section 16.062, which tolls limitations for one year in the event of a party's death, held not to apply

to medical negligence actions); *Hill*, 686 S.W.2d at 611 (CPRC Section 16.063, which tolls

limitations during a defendant's absence from the state, does not apply to medical negligence

actions). Therefore, Plaintiff is concerned that if the Court dismisses Plaintiff's case, Defendants

will contend that the 60-day tolling provision of Section 16.064 is inapplicable, and that the case is

barred by limitations. Plaintiff believes that such a result would be manifestly unjust.

### III. H.B. 4 ISSUES

In 2003, the Texas Legislature enacted a tort "reform" measure, House Bill 4 ("H.B. 4").

H.B. 4 created a new Chapter 74 to the Texas Civil Practice and Remedies Code, which applies to

cases filed after September 1, 2003. Chapter 74 contains provisions that would limit Plaintiff's

rights under Texas law, including a cap on noneconomic damages. *See* TEX. CIV. PRAC. & REM.

CODE § 74.301. Plaintiff is concerned that, even though he filed this action years ago, Defendants would argue that the refiled state court action would be an action filed after September 1, 2003, and that the damage caps and other tort "reform" limitations would apply.

## IV. CONCLUSION

Plaintiff understands why the Court might desire to clear its docket of claims that are normally (and properly) heard in state court. However, it would be unjust to have Plaintiff's claims barred by limitations, or capped by tort "reform," because of this Court's dismissal. Therefore, Plaintiff suggests that if the Court is going to dismiss the case, that the Court require as a condition of dismissal that the Defendants enter into a written stipulation that they not assert a defense of limitations or seek to apply the tort "reform" provisions of H.B. 4 if this case is refiled in Texas State District Court within 60 days of dismissal. Such stipulations or conditional dismissals are common in forum *non conveniens* dismissals. *See, e.g., Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv*, 711 F.2d 1231, 1241 n.31 (5th Cir. 1983). Without such a stipulation or conditional dismissal, Plaintiff would be at risk to having his case barred by limitations or capped by tort "reform" measures that are currently inapplicable to the case.

Respectfully submitted,

**BRANTON & HALL, P.C.**
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)
THOMAS A. CROSLEY
State Bar No. 00783902
S. Dist. Texas No. 15434
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No.20163

And

Law Offices of Cowen & Bodden
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981


BY: _____
        MICHAEL COWEN
        State Bar No. 00795306
        S. Dist. Texas No. 19967

## ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Advisory has been served, First Class United States Mail, on this 19th day of April, 2004, to:

Steven Matthew Gonzalez
Mr. Gerald E. Castillo
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, TX 78503

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

_____
Michael Cowen

E:\Clients\De Leon, Candelario\Advisory re HB4.wpd