115

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern Dis'  't of Texas

MAY 0 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. <u>CV-B-00-192</u> |
| | § | (JURY REQUESTED) |
| | § | |
| CITY OF BROWNSVILLE, | § | |
| TEXAS, ET AL | § | |

<u>DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A
VALLEY REGIONAL MEDICAL CENTER'S MOTION FOR SANCTIONS,
TO DISMISS AND FOR SUMMARY JUDGMENT</u>

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical
Center, one of the Defendants in the above entitled and numbered cause, and makes and files this, its
Motion for Sanctions, to Dismiss and Motion for Summary Judgment and would respectfully show
the Court as follows:

I.

<u>MOTION FOR SANCTIONS</u>

On March 16, 2004, this Defendant sent out the deposition notices of Plaintiff's experts Dr.
Peters and Dr. Slater for May 4 and May 5, 2004 which were dates agreeable to Plaintiff. See
Exhibit 1. On March 25, 2004, Plaintiff confirmed the depositions and adjusted the time and place
to accommodate themselves. See Exhibit 2. This was the fifth deposition date for each of these
witnesses. Dr. Peters was previously noticed for deposition on 2/7/02, 3/1/02, 1/27/04 and 3/22/04.
Dr. Slater was previously noticed for deposition on 2/13/02, 2/28/02, 2/12/04 and 3/24/04. See
Exhibit 3. Defendants have requested these depositions for an inordinate period of time. See
Exhibit 4.

On May 3, 2004, one day before the beginning of Dr. Peters' deposition and two days before Dr. Slater's deposition, Plaintiff filed a Motion to Quash these depositions. See Court's Docket Entry 111. On May 3, 2004 at 5:30 p.m., the Court's staff called counsel and notified them that the Plaintiff's Motion to Quash was denied. Both Defendants' counsel traveled to Houston to attend the depositions. No counsel for Plaintiff appeared. Shortly before 10:00 a.m. (the agreed starting time), Plaintiff's local counsel Conrad Bodden contacted the undersigned and said that the depositions were not taking place. Plaintiff's counsel faxed a letter to the Court Reporter's office notifying Defendants that they were not producing their experts. See Exhibit 5.

Plaintiff has continually tried to condition the depositions of their experts upon the completion of the deposition of Co-Defendant Dr. Dovale which was unacceptable to this Defendant. See Exhibit 4. This Defendant had already notified Plaintiff's counsel on April 21, 2004 that the Plaintiff experts' depositions are not conditioned on any other depositions taking place and Plaintiff must seek relief from the Court. See Exhibit 4, 4/21/04 letter from the undersigned.

On December 10, 2003 the parties filed an Amended Joint Discovery/Case Management Plan. Section 10 H indicates that the Defendants will depose all remaining experts listed by Plaintiff within 60 days. At the status conference on this case on March 16, 2004, which was more than 60 days after the Amended Joint Discovery/Case Management Plan was filed, the undersigned counsel notified the Court that the parties have had some problems obtaining some discovery, but hopefully they were worked out and hopefully the Court would not need to intervene. The problem was that the Plaintiff did not want to produce his experts Dr. Peters and Dr. Slater for depositions the following week and had been able to keep these experts from having been deposed throughout the life of this case.

There are deadlines in this case that are looming. Discovery must be completed by June 21, 2004 which will require the Plaintiff's experts' depositions to be completed and then the

Defendants will need to designate their experts and present them for deposition. Dispositive motions need to be filed by July 21, 2004. This Defendant has dispositive motions that need to be filed and has waited doing so until completion of the Plaintiff's experts' depositions.

Today, Plaintiffs noticed Dr. Peters and Dr. Slater's depositions for May 26, 2004. See Exhibit 6. That means that under the Court's Scheduling Order, the Defendants can designate their experts on June 25, 2004, however the deadline to complete discovery is June 21, 2004.

This Defendant hereby request that the Court either order the dismissal of the Plaintiff's claims against this Defendant or that the Court strike any opinions that Dr. Peters or Dr. Slater has as to this Defendant for Plaintiff's repeated refusal to present them for deposition. Based upon the Defendant's constant attempts to obtain these depositions, this Defendant believes that the Court should act accordingly. Furthermore, Defendant moves the Court to award it $1,750.00 in attorney's fees and $255.00 in expenses for appearing for the deposition on May 4, 2004 that did not take place. See Exhibit 7.

II.

**MOTION TO DISMISS**

On March 2, 2001, the Court granted Plaintiff's Motion for Leave to file its Second Amended Complaint. See Docket Entry 22. This was a medical malpractice claim that was filed pursuant to V.A.T.C.S. Article 4590i the Medical Liability and Insurance Improvement Act. (This has been repealed for claims filed on or after September 1, 2003 and the new statutory provisions are Chapter 74 of the Texas Civil Practice and Remedies Code. Chapter 74 does not apply to this case because this case was filed in 2001). Article 4590i was enacted in 1977 because there was a flood of medical malpractice claims that caused a medical malpractice crisis in Texas. The Texas Legislature set our statutory provisions of law under which a claimant must proceed in Article 4590i, (except for certain claims that are not relevant to this case). See Article 4590i §1.02 attached.

One of the requirements of Article 4590i state that in 90 days of filing the suit, the Plaintiff must file either a $5,000 cost bond for each healthcare Defendant or file an expert report. Article 4590i §13.01(a) attached. Not later than 180 days after the case is filed, the Plaintiff must furnish a report and curriculum vitae for experts critical of each Defendant or voluntarily non-suit them. Article 4590i §13.01 (d). (The deadline can be extended under Article 4590i §13.01(f) and (g) under circumstances not applicable to this case because no extension has been timely requested.) The expert report(s) must provide a fair summary of the expert's opinions applicable to standards of care, the manner in which the care rendered by the physician or healthcare provider failed to meet the standards and the causal relationship between that failure and the injury, harm or damages claimed. Article 4590i §13.01(r)(6). The expert report is not admissible in evidence by a Defendant and <u>shall not</u> be used in a deposition, trial or other proceeding. Article 4590i §13.01(k). Plaintiffs counsel commonly file these with the Court notifying all parties that they are the confidential Article 4590i reports or mark them as such. When Plaintiff fails to provide these reports, the statute states that the Court <u>shall</u> enter an order dismissing the action against that party with prejudice and awarding reasonable and necessary attorneys fees to the Defendant. Article 4590i §13.01(e).

Plaintiff has produced expert reports in discovery required by the Court pursuant to the Court's Scheduling Order. However, the Plaintiff has not produced any report pursuant to Article 4590i §13.01 as is required in medical malpractice litigation. Plaintiff's expert reports produced in discovery to comply with discovery procedure are intended to be used in depositions, trial etc. This is not the type of report contemplated in Article 4590i §13.01 that must be filed to show that the case has a legitimate basis.

Even if the Court were to review the Plaintiff's discovery reports (which do not comply with Article 45901 §13.01) to determine if they would suffice, they do not. Plaintiff has designated only two medical witnesses that discuss liability and causation issues, Dr. Peters and Dr. Slater. Each

have given two reports. See Exhibit 6. Dr. Slater only addresses Co-Defendant Dr. Dovale's liability. Dr. Peters' reports address the care given at the hospital, but in substance only state criticism of the medical care (Dr. Dovale). It is a medical (doctor's) responsibility for each of the items Dr. Peters complains of. Even in a generous reading of the four non-Article 4590i reports, a statement of a nurses standard of care or of a technician's (phlebotomy, radiology, etc.) or other employee or agent's standard of care appears nowhere. Nor is there any statement of how the standard of care was breached or how the nurse, technician or other hospital employee's breach caused damages to Plaintiff. Dr. Dovale is an independent contractor and is not an employee or agent of the hospital. See Defendant's Answer to Plaintiff's Second Amended Complaint, paragraph 29 which is verified by the affidavit of Dr. McGlynn which is located at Court's Docket Entry 39.

Furthermore, an expert report is defined by statute and case authority. Article 4590i defines an expert report as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the casual relationship between the failure and the injury, harm or damages claimed." V.A.T.C.S. art 4590i § 13.01(r)(6).

In order to qualify as a 4590i expert report, the report must include all of the elements listed in the statute. *American Transitional Care Centers of Texas, Inc. v. Palacios*, 46 S.W.3d 873 (Tex. 2001); *see also Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48 (Tex. 2002). A report need not marshall all the Plaintiff's proof, but it must include the expert's opinion on each of the elements identified in the statute. *Id.* at 878. In setting out the expert's opinion on each of those elements "the report must provide enough information to fulfill two purposes if it is to constitute a good-faith effort. First, the report must inform the Defendant of the specific conduct the Plaintiff criticizes. Second and equally important, the report must provide a basis for the trial court to conclude that the

claims have merit. A report that merely states the expert's conclusions about the standard of care, breach and causation does not fulfill these two purposes. Nor can a report meet these purposes and thus constitute a good-faith effort if it omits any of the statutory requirements." *Id.* at 879.

On September 24, 2001, this Defendant filed a Motion to Dismiss. See Court's Docket Entry 66. On February 11, 2002, this Court entered an order staying all proceedings as to Co-Defendant Dr. Dovale and STAT Physicians, P.A. pursuant to the Order of the Commonwealth Court of Pennsylvania because their insurance carrier was insolvent. See Court's Docket Entry 88. On February 15, 2002, this Court further ordered that proceedings against all non-bankrupt Defendants were also stayed because judgment against any of the Defendants in this case would act as a judgment against the bankrupt Defendants which would violated the stay imposed by the Pennsylvania Court. See Court's Docket Entry 89. Then on November 17, 2003, this Court vacated and lifted the stay of proceedings in this case. See Court's Docket Entry 97. As a result of this Court's orders staying proceeding, this Defendant's Motion to Dismiss was not ruled upon by the Court before the stay was implemented.

This Defendant attempted to depose Dr. Peter before refiling this motion. His deposition was set for 1/27/04 and 3/22/04. Plaintiff's counsel unilaterally cancelled those depositions. It was reset for 5/4/04 and Plaintiff's attempt to quash it was denied. Plaintiff did not produce the witness. See Exhibits 1, 3 and 5. Defendant has not waived this motion and has continued to pursue it or discovery of these two experts.

Defendant moves for the Court to grant this motion to dismiss and dismiss Plaintiff's claims pursuant to Article 4590i §13.01 (e). Defendant moves that the Court grant it attorney fees of $35,000.00 and all taxable court costs. See Exhibit 8.

III.

## MOTION FOR SUMMARY JUDGMENT

### A. Summary Of Issues To Be Ruled on By Court

Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center is entitled to a summary judgment pursuant to FRCP 56 as a matter of law because :

1) Plaintiff has produced no competent evidence as to this Defendant's negligence or that its negligence has proximately caused Plaintiff's injuries; and

2) The acts of Co-Defendant Dr. Dovale are not and cannot be attributable to this Defendant as he is an independent contractor.

Plaintiff has alleged medical negligence against Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center. Plaintiff's experts reports that have been produced do not contain a report from a licensed medical doctor or nurse that addresses any violation of the standard of care of Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center. One expert that addresses this is a hospital administrator expert that has a Masters of Business Administration degree. He is not qualified to testify as to whether or not any of the care given proximately caused any of the Plaintiff's injuries. The other expert is Dr. Peters, an ER doctor who globally addresses criticisms, but they are in actuality a medical doctor's responsibility.

Plaintiff's claims against this Defendant do not rise to the level needed to sustain a medical negligence case.

### B. Summary Judgment Evidence

These Defendants would rely upon and incorporate herein the following summary judgment evidence:

1)    Plaintiff's Third Amended Petition which is on file with the Court as Docket Entry 18;

2)   Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center's Answer to Plaintiff's Second Amended Complaint which is on file with the Court as Docket Entry 39;

3)   Defendant incorporates Defendants Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company's Motion for Summary Judgment with attached exhibits which is Court's Docket Entry 75;

4)   Defendant incorporates Defendants Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center and HCA-The Healthcare Company's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment with attached exhibits which is Court's Docket Entry 81.

### C.   Summary of Facts

On December 24, 1998 Plaintiff was driving a car and rear-ended the vehicle in front of him. Because of the circumstances of the accident and the smell of alcohol on his breath, Plaintiff was arrested for driving while intoxicated. Since he requested medical assistance, he was taken by Emergency Medical Services to Valley Regional Medical Center, the nearest hospital to the scene of the accident. At the hospital, the Plaintiff was seen by a nurse and Dr. Joao Dovale (one of the Defendants in this case). The Plaintiff's only injury was a one-half centimeter cut to his forehead which took one staple to suture. The Plaintiff was released to the custody of the Brownsville Police Department and two of its officers. Later the Plaintiff developed swelling in his spinal canal which caused his nerve injuries.

The Plaintiff has designated expert witnesses in the case. Of the seven expert witnesses that the Plaintiff has designated, four of them do not address healthcare liability issues. Mr. Bagwell has been designated. Dr. Willingham is a damage expert only. Dr. Garriott is a toxicologist that speaks of the alcohol that was consumed by the Plaintiff and its physiological effects on his behavior. He

does not have any opinions concerning the standard of care of the healthcare providers. Mr. Rodriguez is the Plaintiff's expert that states that the City of Brownsville and its officers acted reasonably.

The three remaining experts discuss healthcare liability. Dr. Peters discusses Co-Defendant Dr. Dovale's conduct and also criticizes the conduct of follow-up medical providers that have not been sued. Dr. Peters sets out a number of criticisms, but they are criticisms of medical (doctor) responsibility. Dr. Slater only makes statements in his report that the ER doctor (Dr. Dovale) deviated from the standard of care.

The one remaining Plaintiff's expert is Mr. Ross, a hospital administrator whose highest education is a Masters of Business Administration degree. His report discusses whether or not trauma policies and procedures were followed in treating Mr. De Leon who presented with a cut to his forehead that was 1/5 of an inch long. Mr. Ross' report also discusses whether or not the possibility of early treatment would have decreased the Plaintiff's long term deficit. However, Mr. Ross stated in his deposition is not qualified to discuss the propriety of medical or nursing treatment that should be given to the Plaintiff or whether or not it caused the outcome of this case.

The allegations against Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center should be dismissed.

### D. Summary Of Argument

1)      SUMMARY JUDGMENT STANDARD

Summary Judgment evidence is viewed in the light most favorable to the nonmovant. *Eastman Kodak Co. v. Image Technical Servs.*, 504 U.S. 451, 456-58 (1992). Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C). An alleged factual dispute will not defeat a motion unless it is genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass v. United Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). Once the movant establishes the absence of a factual dispute, the burden shifts to the nonmovant to show that summary judgment is inappropriate.

The nonmoving party may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256. Instead, the nonmovant must "make a showing sufficient to establish the existence of each essential element of its case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This evidence must do more than create a metaphysical doubt. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Anderson*, 477 U.S. at 256.

2)      MEDICAL MALPRACTICE BURDEN OF PROOF

In a medical malpractice case, negligence and proximate cause must be proven, as a general rule, by expert medical testimony. The trial court is barred from giving any weight to lay testimony. Courts and juries are not supposed to be conversant with what is peculiar with the science and practice of the profession of medicine and surgery. *Kieswetter v. Central Pavilion Hospital*, 662 S.W.2d 24, 27 (Tex.App.-Houston [1[st] Dist.] 1983, no writ). Liability cannot turn upon speculation or conjecture and it is essential that the evidence show at least a reasonable probability that the Plaintiff's complications were caused by the Defendant's negligence. *Lenger v. Physicians General Hospital*, 455 S.W.2d 703, 706 (Tex. 1970). The Plaintiff must show at least a reasonable probability that his complications were caused by such negligence. *Kieswetter, supra.*, p.29. It is not enough for the Plaintiff to show that he is injured, but he is required to show that his injuries were caused by the hospital's negligence. *Hilzendager v. Methodist Hospital*, 596 S.W.2d 284, 287 (Tex.Civ.App.-Houston [1[st]Dist.] 1980, no writ).

3)    OSTENSIBLE AGENCY CLAIMS

Plaintiff has made a claim that the hospital is liable because Dr. Dovale is an ostensible agent of the hospital. The Defendant has filed a verified denial denying the Plaintiff's claims. See answer filed by Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center, paragraph 29 and the verification attached to it which is Docket Entry 37. Furthermore, Plaintiff's answer to Interrogatory 16 attached as Exhibit 3 to Defendant's Motion for Summary Judgment (Docket Entry 75) indicates that he did not choose the hospital that he was taken to.

Under a theory of ostensible agency, the Plaintiff must show (1) he had a reasonable belief that the physician was the agent or employee of the hospital, (2) such belief was generated by the hospital affirmatively holding out the physician as its agent or employee or knowingly permitting the physician to hold himself out as the hospital's agent or employee, and (3) he justifiably relied on the representation of authority. *Baptist Memorial Hospital System v. Sampson*, 969 S.W.2d 945, 949 (Tex.1998). In this case, the Plaintiff did not choose the hospital and was not relying upon any representations of the hospital in seeking healthcare. Also, there is no evidence that the hospital held out the doctor as its employee or permitted the doctor to hold himself out as a hospital employee.

4)    STANDARD OF CARE FOR NURSES

In Section 105.001 of the Texas Occupations Code, it identifies a "healthcare provider" as a person who furnishes services under a license, certificate, registration or other authority issued by the state or another state to diagnose, prevent, alleviate or cure a human illness or injury. In section 301.002 of the Texas Occupations Code, it defines "professional nursing" as the performance for compensation of an act that requires substantial specialized judgment and skill, the proper performance of which is based on knowledge and application of the principles of biological, physical and social science as acquired by a completed course in an approved school of professional nursing. The term does not include medical diagnosis or prescription of therapeutic corrective

DELEON/VRMC: MTN-DISMISS-02                                          PAGE 11

measures.

The Board of Nurse Examiners is given the authority under Texas law to regulate the practice of professional nursing. Section 301.151 (2) Texas Occupations Code. Texas law clearly states that a person may not practice or offer to practice professional nursing in this state unless the person is licensed as provided by this chapter. Section 301.251 (a) Texas Occupations Code. In fact, Section 301.553 provides for civil penalties that shall be assessed against persons who practice professional nursing without a license and Section 301.554 provides for criminal penalties for persons who practice nursing without a license.

Clearly, Plaintiff's experts' opinions as to what the standard of care is for nurses in the State of Texas and whether or not the standard of care was breached is something that is regulated by Texas state law. Nursing opinions fall squarely within Section 301.002 (2) of the Texas Occupations Code. Texas law does not allow persons without a nursing license to pass judgment as to the standard of care and whether or not it was breached for licensed nursing personnel.

Mr. Ross testified that he has no testimony on a nurses or doctors standard of care. See Exhibit 9, p. 97 L7-17. He has never studied the Texas Nurse Practice Act or the Medical Practice Act. See Exhibit 9, p. 100 L23-101 L3. He has not attended nursing or medical school and does not hold himself out as an expert in those areas. See Exhibit 9, p. 51 L3-p. 52 L25. He cannot state whether or not any hospital policies were violated. See Exhibit 9, p. 98 L4-11. Mr. Ross withdrew his statements that this Defendant should have called a trauma alert. See Exhibit 9, p. 66 L20-23. Mr. Ross is not qualified to testify as to whether anyones acts or omissions caused injury (See Exhibit 9, p. 99 L8-16) and it would be inappropriate to use his affidavit to do so. See Exhibit 9, p. 132 L23-133 L11.

### E. Authority For Medical Causation Evidence

In a medical malpractice case, the Plaintiff must prove by competent testimony that the

Defendant's negligence proximately caused the Plaintiff's injury. *Duff v. Yelin,* 751 S.W.2d 175, 176 (Tex.1988). In a medical negligence action, proximate cause is an element that ordinarily must be proven by expert testimony. Medical conclusions of lay witnesses are not competent evidence for purposes of controverting expert opinion evidence. *Garza v. Levin,* 769 S.W.2d 644, 646 (Tex. App.-Corpus Christi 1989, writ denied); see also *Tilotta v. Goodall,* 752 S.W.2d 160, 163 (Tex. App.-Houston) [1st Dist.] 1988, writ denied). It is essential that the evidence show that at least a reasonable medical probability of the injury was caused by the defendant's negligence. *Id* at 164. In a medical malpractice suit, negligence and proximate cause must be proven as a general rule, by expert medical testimony. The trial court is barred from giving any weight to lay testimony. *Kieswetter v. Central Pavilion Hospital,* 662 S.W.2d 24, 27 (Tex. App.-Houston [1st Dist.] 1983, no writ). In regard to the alleged acts of malpractice relating to testing, diagnosis and treatment, the affidavit of a layman is incompetent evidence. *Gandara v. Novasad,* 752 S.W.2d 740, 743 (Tex. App.-Corpus Christi 1988, no writ).

It is not sufficient for an expert to simply state that he knew the standard of care and conclude that it was met. The expert must state what the standard of care is and how the Defendant's acts met it (or failed to do so). *Hall v. Tomball Nursing Center, Inc.,* 926 S.W. 2d 617, 620 (Tex. App.-Houston [14th Dist.] 1996, no pet.). Conclusory statements on expert are not sufficient to support or defeat summary judgment. The expert must explain the basis of his statement to link the conclusions to the facts. *Blan v. Ali,* 7 S.W.3d 741, 748 (Tex. App.-Houston [14th Dist.] 1999, no pet.).

### F. Summary Of The Argument

Plaintiff has not made any medically sufficient, legally competent direct liability claim against this Defendant alleging that its acts or omissions violated a specific standard of care and because of that violation of the standard of care, it caused the Plaintiff's injuries. The Plaintiff has

not provided any medical evidence that would support that claim.

Concerning indirect liability claims, this Defendant would rely upon and incorporate herein its verified denials that the emergency room doctor was an agent of the hospital and furthermore, Plaintiff has not produced any evidence to support such an allegation or to contradict Defendant's verified denial.

### G. Conclusion

Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center moves that Plaintiff's claims against this Defendant be dismissed. Defendant requests the Court award this Defendant its court costs. Defendant requests the Court to sever Plaintiff's claims against this Defendant into its own cause number so that the summary judgment will become final.

WHEREFORE, PREMISES CONSIDERED, Defendant moves the Court grant its motion for sanctions, grant its motion to dismiss and to grant its summary judgment to dismiss this case with prejudice award it attorney's fees and costs and sever Plaintiff's claims against this Defendant into its own cause number so that the summary judgment will become final and for such other and further relief, at law or in equity, to which this Defendant may show itself justly entitled to receive.

Respectfully submitted,

By: _____
     William Gault
     Federal I.D. No. 14685
     State Bar No. 07765050
     Michael Quintana
     Fed. ID No. 33291
     State Bar No. 24037314
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 6th day of May, 2004.

Thomas Crosley                           **VIA CMRRR 7002 0460 0000 6426 3965**
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Steven M. Gonzalez                       **VIA REGULAR MAIL**
Gerald Castillo
Gonzalez, Gaytan, Garza & Castillo, L.L.P
1317 E. Quebec Avenue
McAllen, Texas 78503

Mr. Michael Cowen                        **VIA REGULAR MAIL**
520 E. Levee
Brownsville, Texas 78520

William Gault

## APPENDIX OF EXHIBITS

1.  Amended Deposition Notice of Dr. Nick Peters with Subpoena Duces Tecum for 5/04/04 and Amended Deposition Notice of Expert Jeremy Slater, M.D. with Subpoena Duces Tecum for 5/05/04.

2.  3/25/04 correspondence from Plaintiff.

3.  Deposition notices of Dr. Nick Peter for 2/07/02, 3/01/02, 1/27/04, 3/22/04 and deposition notices of Dr. Jeremy Slater for 2/13/02, 2/28/02, 2/12/04 and 3/24/04.

4.  Correspondence requesting Dr. Peters and Dr. Slater's depositions or Plaintiffs cancellation of the same dated 11/08/01, 11/13/01, 1/07/02, 1/16/02, 1/17/02, 1/24/02, 1/28/02, 12/11/03, 12/17/03, 12/22/03, 12/23/03, 1/7/04, 1/9/04, 1/20/04, 1/26/04, 1/27/04, 2/6/04, 3/10/04, 3/19/04, 3/29/04, 4/7/04, 4/19/04, 4/21/04, 4/27/04, and 4/29/04.

5.  5/04/04 correspondence from Plaintiff.

6.  Notice of Intention to Take Deposition of Dr. Peters for 5/26/04 and Notice of Intention to Take Deposition of Dr. Slater for 5/26/04.

7.  Affidavit of William Gault regarding fees and expenses incurred due to Plaintiff's experts non-appearance for deposition.

8.  Affidavit of William Gault regarding attorney fees to defend lawsuit.

9.  Deposition excerpts of Mr. Zeff Ross, Plaintiff's expert, p. 1, 2, 4, 5 L1-4, p. 51 L3-p. 52 L25, p. 66 L20-23, p. 97 L7-17, p. 98 L4-11, p. 99 L8-16, p. 100 L23-101 L3, and p. 132 L23-133 L11.

## <u>4590i STATUTORY AUTHORITY</u>

1.    V.A.T.C.S. Article 45901i §1.02 et. seq. (See attached).

2.    V.A.T.C.S. Article 4590i §13.01 et. seq. (See attached).

## INDEX OF AUTHORITY

**Cases**

*American Transitional Care Centers of Texas, Inc. v. Palacios,* 46 S.W. 3d 873 (Tex. 2001).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

*Baptist Memorial Hospital System v. Sampson*, 969 S.W. 2d 945 (Tex. 1998).

*Blan v. Ali,* 7 S.W.3d 741 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

*Bowie Memorial Hospital v. Wright,* 79 S.W. 3d 48 (Tex. 2002).

*Eastman Kodak v. Image Technical Servs., Inc., et. al.* 504 U.S. 451, (1992)

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

*Douglass v. United Auto Association*, 79 F.3d 1415 (5th Cir. 1996).

*Duff v. Yelin*, 751 S.W. 2d 175 (Tex. 1988).

*Gandara v. Novasad,* 752 S.W.2d 740 (Tex. App.—Corpus Christi 1988, no writ).

*Garza v. Levin*, 769 S.W. 2d 175 (Tex. App.- Corpus Christi 1989).

*Hall v. Tomball Nursing Center, Inc.,* 926 S.W.2d 617 (Tex. App.—Houston [14th Dist.] 1996, no pet.).

*Hilzendager v. Methodist Hospital*, 596 S.W.2d 284 (Tex. Civ. App.- Houston [1st Dist.] 1980, no writ).

*Kieswetter v. Central Pavilion Hospital,* 662 S.W.2d 24 (Tex. App.-Houston [1st Dist.] 1983, no writ).

*Lenger v. Physicians General Hospital*, 455 S.W. 2d 703 (Tex. 1970).

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

*Titotta v. Goodall,* 752 S.W. 2d 160 (Tex. App.—Houston [1st Dist.] 1983, no writ).

**Statute**

V.A.T.C.S Article 4590i §1.02 et. seq.

V.A.T.C.S Article 4590i §13.01 et. seq.

V.A.T.C.S. Article 4590i §14.01.

Tex. Occ. Code Ann. §105.001 (Vernon 2004).

Tex. Occ. Code Ann. §301.002 (Vernon 2004).

Tex. Occ. Code Ann. §301.151 (Vernon 2004).

Tex. Occ. Code Ann. §301.251 (Vernon 2004).

Tex. Occ. Code Ann. §301.553 (Vernon 2004).

Tex. Occ. Code Ann. §301.554 (Vernon 2004).

**Court Rules**

Federal Rules of Civil Procedure 56.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CANDELARIO DE LEON** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. <u>CV-B-00-192</u>** |
| | § | **(JURY REQUESTED)** |
| | § | |
| **CITY OF BROWNSVILLE,** | § | |
| **TEXAS, ET AL** | § | |
| | § | |

## <u>ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER</u>

On this the _____ day of May, 2004 came on to be considered Defendants Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center's Motion to Dismiss in the above entitled and numbered cause. The Court, having considered the documents on file and argument of counsel, is of the opinion that such Motion should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's claims against Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center are hereby dismissed with prejudice with Plaintiff to pay Defendant $_____ in attorney's fees and shall pay court costs for which let execution issue if not paid.

SIGNED AND ENTERED, this the _____ day of _____, 2004.


_____
JUDGE PRESIDING


COPIES TO:

Mr. Thomas Crosley, Branton & Hall, P.C., One Riverwalk Place, Suite 1700, 700 N. St. Mary's St., San Antonio, Tx 78205
Mr. Steven Gonzalez, Gerald Castillo, Gonzalez, Gaytan, Garza & Castillo, L.L.P., 1317 E. Quebec Avenue, McAllen, Tx 78503
Mr. Michael Cowen, 520 E. Levee, Brownsville, Texas 78520
Mr. William Gault, Brin & Brin, P.C., 1325 Palm Blvd., Suite A., Brownsville, Texas 78520

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CANDELARIO DE LEON | § |
| | § |
| VS. | § |
| | § CIVIL ACTION NO. <u>CV-B-00-192</u> |
| | § (JURY REQUESTED) |
| | § |
| CITY OF BROWNSVILLE, | § |
| TEXAS, ET AL | § |
| | § |

<u>ORDER GRANTING DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P.
D/B/A VALLEY REGIONAL MEDICAL CENTER'S MOTION FOR SANCTIONS</u>

On this the _____ day of May, 2004 came on to be considered Defendant Columbia Valley

Healthcare System, L.P. d/b/a Valley Regional Medical Center's Motion for Sanctions in the above

entitled and numbered cause. The Court, having considered the documents on file and argument of

counsel, is of the opinion that such Motion should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Columbia

Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center's Motion for Sanctions is

hereby granted with Plaintiff to pay Defendant $_____ in attorney's fees and

$_____ in expenses for appearing for the deposition on May 4, 2004 that did not take

place.

SIGNED AND ENTERED, this the _____ day of _____, 2004.


_____
JUDGE PRESIDING

COPIES TO:

Mr. Thomas Crosley, Branton & Hall, P.C., One Riverwalk Place, Suite 1700, 700 N. St. Mary's St., San Antonio, Tx 78205
Mr. Steven Gonzalez, Gerald Castillo, Gonzalez, Gaytan, Garza & Castillo, L.L.P., 1317 E. Quebec Avenue, McAllen, Tx 78503
Mr Michael Cowen, 520 E. Levee, Brownsville, Texas 78520
Mr. William Gault, Brin & Brin, P.C., 1325 Palm Blvd., Suite A., Brownsville, Texas 78520

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| **CANDELARIO DE LEON** | § |
| | § |
| **VS.** | § |
| | § CIVIL ACTION NO. <u>CV-B-00-192</u> |
| | § **(JURY REQUESTED)** |
| | § |
| **CITY OF BROWNSVILLE,** | § |
| **TEXAS, ET AL** | § |
| | § |

## <u>ORDER GRANTING DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT AND SEVERANCE</u>

On the _____ day of _____, 2004, came on to be considered Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center's Motion for Summary Judgment and Severance in the above entitled and numbered cause. The Court, having considered the documents on file and argument of counsel, is of the opinion that such Motion should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center's Motion for Summary Judgment is granted. The Court enters this as its Final Judgment in favor of Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center's Motion for Summary Judgment and against Plaintiff Candelario DeLeon. Plaintiff Candelario DeLeon's claims against Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center are severed into Cause No. _____. All costs of court are taxed against Plaintiff Candelario DeLeon for which the execution issue if not paid.

All relief requested herein and not specifically granted is herein denied.

SIGNED AND ENTERED, this the ____ day of _____, 2004

_____
JUDGE PRESIDING

COPIES TO:

Mr. Thomas Crosley, Branton & Hall, P.C., One Riverwalk Place, Suite 1700, 700 N. St. Mary's St., San Antonio, Tx 78205
Mr. Steven Gonzalez, Gerald Castillo, Gonzalez, Gaytan, Garza & Castillo, L.L.P., 1317 E. Quebec Avenue, McAllen, Tx 78503
Mr. Michael Cowen, 520 E. Levee, Brownsville, Texas 78520
Mr. William Gault, Brin & Brin, P.C., 1325 Palm Blvd., Suite A., Brownsville, Texas 78520

## APPENDIX OF EXHIBITS

1.    Amended Deposition Notice of Dr. Nick Peters with Subpoena Duces Tecum for 5/04/04 and Amended Deposition Notice of Expert Jeremy Slater, M.D. with Subpoena Duces Tecum for 5/05/04.

2.    3/25/04 correspondence from Plaintiff.

3.    Deposition notices of Dr. Nick Peter for 2/07/02, 3/01/02, 1/27/04, 3/22/04 and deposition notices of Dr. Jeremy Slater for 2/13/02, 2/28/02, 2/12/04 and 3/24/04.

4.    Correspondence requesting Dr. Peters and Dr. Slater's depositions or Plaintiffs cancellation of the same dated 11/08/01, 11/13/01, 1/07/02, 1/16/02, 1/17/02, 1/24/02, 1/28/02, 12/11/03, 12/17/03, 12/22/03, 12/23/03, 1/7/04, 1/9/04, 1/20/04, 1/26/04, 1/27/04, 2/6/04, 3/10/04, 3/19/04, 3/29/04, 4/7/04, 4/19/04, 4/21/04, 4/27/04, and 4/29/04.

5.    5/04/04 correspondence from Plaintiff.

6.    Notice of Intention to Take Deposition of Dr. Peters for 5/26/04 and Notice of Intention to Take Deposition of Dr. Slater for 5/26/04.

7.    Affidavit of William Gault regarding fees and expenses incurred due to Plaintiff's experts non-appearance for deposition.

8.    Affidavit of William Gault regarding attorney fees to defend lawsuit.

9.    Deposition excerpts of Mr. Zeff Ross, Plaintiff's expert, p. 1, 2, 4, 5 L1-4, p. 51 L3-p. 52 L25, p. 66 L20-23, p. 97 L7-17, p. 98 L4-11, p. 99 L8-16, p. 100 L23-101 L3, and p. 132 L23-133 L11.

# EXHIBIT
# 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | |
| COLUMBIA VALLEY HEALTHCARE | § | (JURY REQUESTED) |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER, JOAO DOVALE, M.D. | § | |
| AND STAT PHYSICIANS, P.A. | § | |

**AMENDED DEPOSITION NOTICE OF DR. NICK PETERS**
**WITH SUBPOENA DUCES TECUM**

TO:    Plaintiff by and through their attorney of record:

Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

YOU WILL TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendant Columbia Valley Healthcare Systems, LP d/b/a Valley Regional Medical

Center intends to take the oral deposition of Jeremy Slater, M.D., in the above-styled cause,

such witness being under your control, you are expected to produce him. The deposition will

take place on May 4, 2004, at 9:00 a.m. at the Esquire Deposition Services Office, 3401

Louisiana, Suite 300, Houston, Texas 77002, (713) 524-4600 and will continue from day to day

until the deposition is completed.

Said deposition shall be taken before a duly certified court reporter to take such

deposition under oath and such deposition may be taken to be used as evidence in the above

styled and numbered cause.

Attached hereto is a subpoena duces tecum requiring the witness to bring the items listed therein.

Respectfully submitted,

By: _____

William Gault
State Bar No. 07765050
Fed. ID No. 14685
Michael Quintana
Fed. ID No. 33291
State Bar No. 24037314
Brin & Brin, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

OF COUNSEL:

Brin & Brin, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEMS, L.P. d/b/a VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the _____ day of March, 2004.

Thomas Crosley                          **VIA CMRRR 7002 0460 0000 6426 3828**
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Steven M. Gonzalez                      **VIA REGULAR MAIL**
Gerald Castillo
Gonzalez, Gaytan, Garza & Castillo, L.L.P
1317 E. Quebec Avenue
McAllen, Texas 78503

Michael Cowen                           **VIA REGULAR MAIL**
520 E. Levee
Brownsville, Texas 78520

                                        _____
                                                William Gault

## SUBPOENA DUCES TECUM

1.  The witness' most current professional resume or curriculum vitae.

2.  A list of all litigation-related matters in which the witness has been engaged, including a list of all depositions and trial engagements participated in by the witness, including dates, courts, and attorneys who have engaged the witness.

3.  Any papers, articles or textbooks authored, written or presented by the witness in any field in which the witness has an opinion in this matter.

4.  The amount of income or other consideration received by the witness or any entity with which the witness has been associated in the preceding ten (10) years for services rendered as an expert witness in connection with any claim or litigation.

5.  A copy of every report prepared by the witness, or at the witness' direction, as an expert witness in connection with any claim or lawsuit.

6.  All photographs taken or relied upon by the witness.

7.  All notes, calculations, reports and other similar documents authored by or caused to be authored by the witness concerning this case.

8.  All treaties, scholarly journals, professional studies, professional literature and other similar documents consulted by the witness and relied upon by the witness in expressing any of the opinions and conclusions in this matter.

9.  All promotional, advertising or other literature or documents which makes known or offers or purports to offer the witness as an expert witness available for consultation in the review of claims or litigation.

10. All contracts or agreements between the witness and any other party or organization concerning the witness' ability to review claims or litigation as an expert witness.

11. All correspondence, telephone message slips, email, and any and all other records reflecting any and all communications between the witness and the Plaintiffs or their counsel.

12. All pleadings, depositions or discovery materials given by the witness as a party in a lawsuit.

13. All invoices and bills for professional services sent by the witness to Plaintiffs or their counsel in this matter.

14.  All records of professional time spent by the witness with respect to the engagement made the basis of this suit.

15.  All documents provided to the witness by the Plaintiffs or their counsel with respect to the witness' engagement in this matter, and upon which the witness has reviewed in expressing any opinions in this case.

16.  All documents which the witness has read, reviewed or used to refresh his recollection with prior to the deposition.

17.  The most current list of any professional publications authored or edited to any extent by the witness which relate in any way to the subject matter of the witness' testimony.

18.  Any professional license held by the witness.

19.  Any board certifications of the witness.

20.  Any and all documents and/or tangible items reviewed by the witness in connection with this case.

21.  Any and all documents or tangible items sent to or provided to the witness in connection with this case.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. <u>CV-B-00-192</u> |
| | § | |
| COLUMBIA VALLEY HEALTHCARE | § | (JURY REQUESTED) |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER, JOAO DOVALE, M.D. | § | |
| AND STAT PHYSICIANS, P.A. | § | |

### AMENDED DEPOSITION NOTICE OF EXPERT, JEREMY SLATER, M.D. WITH SUBPOENA DUCES TECUM

TO:   Plaintiff by and through his attorney of record:

      Thomas Crosley
      Branton & Hall, P.C.
      One Riverwalk Place, Suite 1700
      700 N. St. Mary's St.
      San Antonio, Texas 78205

      YOU WILL TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendant Columbia Valley Healthcare Systems, LP d/b/a Valley Regional Medical

Center intends to take the oral deposition of Jeremy Slater, M.D., in the above-styled cause,

such witness being under your control, you are expected to produce him. The deposition will

take place on May 5, 2004, at 9:00 a.m. at the Esquire Deposition Services Office, 3401

Louisiana, Suite 300, Houston, Texas 77002, (713) 524-4600 and will continue from day to day

until the deposition is completed.

      Said deposition shall be taken before a duly certified court reporter to take such

deposition under oath and such deposition may be taken to be used as evidence in the above

styled and numbered cause.

Attached hereto is a subpoena duces tecum requiring the witness to bring the items listed therein.

Respectfully submitted,

By: _____
William Gault
State Bar No. 07765050
Fed. ID No. 14685
Michael Quintana
Fed. ID No. 33291
State Bar No. 24037314
Brin & Brin, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

OF COUNSEL:

Brin & Brin, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEMS, L.P. d/b/a VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the _16_ day of March, 2004.

Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

**VIA CMRRR# 7002 0460 0000 6426 3828**

Steven M. Gonzalez
Gerald Castillo
Gonzalez, Gaytan, Garza & Castillo, L.L.P
1317 E. Quebec Avenue
McAllen, Texas 78503

**VIA REGULAR MAIL**

Michael Cowen
520 E. Levee
Brownsville, Texas 78520

**VIA REGULAR MAIL**

William Gault

DELEON/ VRMC: DepoNtc-SLATER-3

Page 3

## SUBPOENA DUCES TECUM

1. The witness' most current professional resume or curriculum vitae.

2. A list of all litigation-related matters in which the witness has been engaged, including a list of all depositions and trial engagements participated in by the witness, including dates, courts, and attorneys who have engaged the witness.

3. Any papers, articles or textbooks authored, written or presented by the witness in any field in which the witness has an opinion in this matter.

4. The amount of income or other consideration received by the witness or any entity with which the witness has been associated in the preceding ten (10) years for services rendered as an expert witness in connection with any claim or litigation.

5. A copy of every report prepared by the witness, or at the witness' direction, as an expert witness in connection with any claim or lawsuit.

6. All photographs taken or relied upon by the witness.

7. All notes, calculations, reports and other similar documents authored by or caused to be authored by the witness concerning this case.

8. All treaties, scholarly journals, professional studies, professional literature and other similar documents consulted by the witness and relied upon by the witness in expressing any of the opinions and conclusions in this matter.

9. All promotional, advertising or other literature or documents which makes known or offers or purports to offer the witness as an expert witness available for consultation in the review of claims or litigation.

10. All contracts or agreements between the witness and any other party or organization concerning the witness' ability to review claims or litigation as an expert witness.

11. All correspondence, telephone message slips, email, and any and all other records reflecting any and all communications between the witness and the Plaintiffs or their counsel.

12. All pleadings, depositions or discovery materials given by the witness as a party in a lawsuit.

13. All invoices and bills for professional services sent by the witness to Plaintiffs or their counsel in this matter.

14. All records of professional time spent by the witness with respect to the engagement made the basis of this suit.

DELEON/ VRMC: DepoNtc-SLATER-3                                    Page 4

15.    All documents provided to the witness by the Plaintiffs or their counsel with respect to the witness' engagement in this matter, and upon which the witness has reviewed in expressing any opinions in this case.

16.    All documents which the witness has read, reviewed or used to refresh his recollection with prior to the deposition.

17.    The most current list of any professional publications authored or edited to any extent by the witness which relate in any way to the subject matter of the witness' testimony.

18.    Any professional license held by the witness.

19.    Any board certifications of the witness.

20.    Any and all documents and/or tangible items reviewed by the witness in connection with this case.

21.    Any and all documents or tangible items sent to or provided to the witness in connection with this case.

# EXHIBIT
# 2



**BRANTON & HALL**

A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel
HARRY L. MUNSINGER
KIM M. MUNSINGER

March 25, 2004

**Via Facsimile (956) 544-0607**

Mr. William Gault
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

**Via Facsimile (956) 618-0445**

Ms. Melissa Sage
Mr. Gerald E. Castillo
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, TX 78503

RE:     *Candelario DeLeon v. City of Brownsville, Texas*, Civil Action No. CV-V-00-192, United States District Court for the Southern District of Texas, Brownsville Division Our File No. 9827

Dear Counsel:

Per my conversation with Becky of Mr. Gault's office on this date, this will confirm that the deposition of Dr. Nick Peters will begin at 10:00 a.m. (instead of 9:00 a.m.) on May 4, 2004 at the offices of Esquire Deposition Services and the deposition of Dr. Jeremy Slater will commence at 2:00 p.m. (instead of 9:00 a.m.) on May 5, 2004 at a conference room at the University of Texas Medical School (exact location will be provided in more detail), instead of the Esquire offices.

Thank you all for your attention to this matter.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

:vm

cc:     MICHAEL COWEN **(via facsimile (956) 504-3674)**
Law Offices of Cowen & Bodden
520 E. Levee
Brownsville, Texas 78520

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DELEON | ' | |
| | ' | |
| v. | ' | CIVIL ACTION NO. CV-B-00-192 |
| | ' | |
| CITY OF BROWNSVILLE, TEXAS; | ' | |
| BENIGNO REYNA, INDIVIDUALLY AND | ' | |
| IN HIS OFFICIAL CAPACITY AS | ' | |
| CHIEF OF POLICE FOR THE CITY OF | ' | |
| BROWNSVILLE, CITY OF BROWNSVILLE | ' | |
| POLICE OFFICER ANDRE S. TORRES, JR., | ' | |
| INDIVIDUALLY AND IN HIS OFFICIAL | ' | |
| CAPACITY; AND CITY OF BROWNSVILLE | ' | |
| POLICE OFFICER ALEX ORTIZ, | ' | |
| INDIVIDUALLY AND IN HIS OFFICIAL | ' | |
| CAPACITY; HCA – THE HEALTHCARE | ' | |
| COMPANY, FORMERLY D/B/A | ' | |
| COLUMBIA/HCA HEALTHCARE | ' | |
| CORPORATION, COLUMBIA VALLEY | ' | |
| HEALTHCARE SYSTEM, L.P., | ' | |
| INDIVIDUALLY AND D/B/A VALLEY | ' | |
| REGIONAL MEDICAL CENTER and | ' | |
| FORMERLY D/B/A COLUMBIA VALLEY | ' | |
| REGIONAL MEDICAL CENTER, | ' | |
| JOAO DOVALE, M.D., and | ' | |
| STAT PHYSICIANS, P.A. | ' | |

## DEFENDANT JOAO DOVALE, M.D.'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF PLAINTIFF'S EXPERT, NICK PETERS, MD

TO:   Plaintiff, CANDELARIO DELEON by and through his attorney of record,
Carol P. Lomax, Branton & Hall, P.C., One Riverwalk Place, Suite 1700, 700
N. St. Mary's St., San Antonio, Texas 78205

Pursuant to the provisions of the Federal Rules of Civil Procedure, you are hereby

notified that the deposition of NICK PETERS, M.D. will be taken by oral examination and

answers, which, when taken, may be used in evidence and as testimony at the trial of the

above numbered and entitled cause, said deposition to be taken at **10:00 a.m.** on **February 7, 2002,** and will continue from day to day until completed, at 2300 Marie Curie Road, Garland, Texas  75042 (972)  562-8541, and attended by Connie Petrazio & Associates, 2432 Mesa Oak Trail, Plano, Texas  75025 (972) 727-4676.

### SUBPOENA DUCES TECUM

You will also take notice that **NICK PETERS, MD,** is to produce at the time and place of this deposition, and to permit the inspection and copying of any and all documents which reflect, mention, relate or pertain to the matters that are described herein, including, but not limited to, those items more particularly described in the attached Exhibit "A."

Respectfully submitted,

UZICK & ONCKEN, P.C.

By: _____

Tyler Scheuerman
State Bar No. 00791610
Federal ID No. 19683

Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
(210) 341-7703
(210) 341-1570 facsimile

**ATTORNEYS FOR DEFENDANT,
JOAO DOVALE, M.D.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was sent by Certified Mail, return receipt requested to the following parties on the 28th day of January 2002.

Carol P. Lomax
Branton & Hall, P.C.
700 N. St. Mary's St., Ste. 1700
San Antonio, Texas 78205

William Gault
Brin & Brin, P.C.
1325 Palm Blvd,, Suite A
Brownsville, Texas 78521

Tyler Scheuerman

## EXHIBIT A

UNLESS AGREED OTHERWISE, YOU ARE INSTRUCTED TO BRING THE ORIGINALS OF SUCH DOCUMENTS OF THE ORIGINALS ARE IN YOUR POSSESSION, CUSTODY OR CONTROL, OR THE CONTROL OF YOUR AGENTS OR REPRESENTATIVES; AND YOU ARE FURTHER INSTRUCTED TO PRODUCE COPIES OF THE ORIGINALS **ONLY** IF SUCH ORIGINALS ARE NOT IN YOUR POSSESSION, CUSTODY OR CONTROL, OR THE COPY INCLUDES MARGINAL NOTES NOT INCLUDED IN THE ORIGINALS.

As used herein, the term "records" includes all documents in the possession, custody or control of the individuals or parties to whom this request is directed, or their agents or representatives, and includes, but is not limited to, papers, memoranda, agreements, contracts, writings, photographs, correspondence, accounts, drawings, graphs, charts, transcriptions of the telephone conversations or recordings thereof, certificates, licenses, permits, reports, test data and/or any other data compilations from which the requested information can be obtained or translated.

The witness, **NICK PETERS, M.D.**, is requested to produce the following:

1.  All correspondence to and/or from **NICK PETERS, M.D.** concerning this case, including but not limited to correspondence between Dr. Slater and attorney Carol Lomax, any other attorney with Branton & Hall, P.C., or any other attorney or law firm representing Plaintiff.

2.  All medical records reviewed and/or relied upon by **NICK PETERS, M.D.** in connection with any and all opinions that he may offer in this lawsuit.

3.  All medical textbooks, articles, treatises or other literature which were reviewed, relied upon or considered by **NICK PETERS, M.D.** in connection with any and all opinions that he may offer in this lawsuit.

4.  All notes, reports, summaries, notations on post-it notes or any other written material prepared by or on behalf of **NICK PETERS, M.D.** in connection with his review and/or any and all of the opinions that he may offer with respect to this case.

5.  Any and all documents, papers or other items which would reflect or suggest:

    a)  The names and identity of each claim or lawsuit which **NICK PETERS, M.D.** has ever reviewed as an expert witness;

    b)  The amount of income or other consideration received by **NICK PETERS,**

M.D. or any entity with which he has been associated in the proceeding ten (10) years for services rendered as an expert witness in connection with any claim or litigation;

c)   A copy of every report prepared by NICK PETERS, M.D., or at his direction, as an expert witness in connection with any claim or lawsuit.

6.   All promotional, advertising or other literature or documents which makes known or offers or purports to offer NICK PETERS, M.D. as an expert witness available for consultation in the review of claims or litigation.

7.   All contracts or agreements between NICK PETERS, M.D. and any other party or organization concerning his availability to review claims or litigation as an expert witness.

8.   All pleadings, depositions and/or interrogatory answers filed on behalf of or given by NICK PETERS, M.D. as a Defendant in a lawsuit.

9.   All documents which reflect the amount of time expended by NICK PETERS, M.D. in connection with this lawsuit.

10.  All documents which reflect the amount of income generated or charges billed by NICK PETERS, M.D. in connection with his services as an expert witness in this lawsuit.

11.  Copies of any photographs, video tapes, x-rays or other films reviewed or relied upon by NICK PETERS, M.D. in connection with the formation of his opinions in this lawsuit.

12.  Any and all documents provided to NICK PETERS, M.D. in connection with his service as an expert witness in this case.

13.  A current copy of your curriculum vitae.

14.  Any document which reflects the amount of time that NICK PETERS, M.D. commits to service as an expert witness, whether paid or unpaid, in medical legal matters on a yearly basis for the past five (5) years.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

CANDELARIO DELEON

v.

CITY OF BROWNSVILLE, TEXAS;
BENIGNO REYNA, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS
CHIEF OF POLICE FOR THE CITY OF
BROWNSVILLE, CITY OF BROWNSVILLE
POLICE OFFICER ANDRE S. TORRES, JR.,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY; AND CITY OF BROWNSVILLE
POLICE OFFICER ALEX ORTIZ,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY; HCA – THE HEALTHCARE
COMPANY, FORMERLY D/B/A
COLUMBIA/HCA HEALTHCARE
CORPORATION, COLUMBIA VALLEY
HEALTHCARE SYSTEM, L.P.,
INDIVIDUALLY AND D/B/A VALLEY
REGIONAL MEDICAL CENTER and
FORMERLY D/B/A COLUMBIA VALLEY
REGIONAL MEDICAL CENTER,
JOAO DOVALE, M.D., and
STAT PHYSICIANS, P.A.

CIVIL ACTION NO. CV-B-00-192

## DEFENDANT JOAO DOVALE, M.D.'S AMENDED NOTICE OF INTENTION TO TAKE
## ORAL DEPOSITION OF PLAINTIFF'S EXPERT, NICK PETERS, MD

TO:　Plaintiff, CANDELARIO DELEON by and through his attorney of record,
　　　Carol P. Lomax, Branton & Hall, P.C., One Riverwalk Place, Suite 1700, 700
　　　N. St. Mary's St., San Antonio, Texas 78205

　　　Pursuant to the provisions of the Federal Rules of Civil Procedure, you are hereby

notified that the deposition of **NICK PETERS, M.D.** will be taken by oral examination and

answers, which, when taken, may be used in evidence and as testimony at the trial of the

above numbered and entitled cause, said deposition to be taken at 10:00 a.m. on **March 1, 2002,** and will continue from day to day until completed, at 2300 Marie Curie Road, Garland, Texas 75042 (972) 562-8541, and attended by Connie Petrazio & Associates, 2432 Mesa Oak Trail, Plano, Texas 75025 (972) 727-4676.

### SUBPOENA DUCES TECUM

You will also take notice that **NICK PETERS, MD,** is to produce at the time and place of this deposition, and to permit the inspection and copying of any and all documents which reflect, mention, relate or pertain to the matters that are described herein, including, but not limited to, those items more particularly described in the attached Exhibit "A."

Respectfully submitted,

**UZICK & ONCKEN, P.C.**

By: _____
Tyler Scheuerman
State Bar No. 00791610
Federal ID No. 19683

Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
(210) 341-7703
(210) 341-1570 facsimile

**ATTORNEYS FOR DEFENDANT,
JOAO DOVALE, M.D.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was sent by Certified Mail, return receipt requested to the following parties on the 29th day of January 2002.

Carol P. Lomax
Branton & Hall, P.C.
700 N. St. Mary's St., Ste. 1700
San Antonio, Texas 78205

William Gault
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78521

Tyler Scheuerman

## EXHIBIT A

UNLESS AGREED OTHERWISE, YOU ARE INSTRUCTED TO BRING THE ORIGINALS OF SUCH DOCUMENTS OF THE ORIGINALS ARE IN YOUR POSSESSION, CUSTODY OR CONTROL, OR THE CONTROL OF YOUR AGENTS OR REPRESENTATIVES; AND YOU ARE FURTHER INSTRUCTED TO PRODUCE COPIES OF THE ORIGINALS **ONLY** IF SUCH ORIGINALS ARE NOT IN YOUR POSSESSION, CUSTODY OR CONTROL, OR THE COPY INCLUDES MARGINAL NOTES NOT INCLUDED IN THE ORIGINALS.

As used herein, the term "records" includes all documents in the possession, custody or control of the individuals or parties to whom this request is directed, or their agents or representatives, and includes, but is not limited to, papers, memoranda, agreements, contracts, writings, photographs, correspondence, accounts, drawings, graphs, charts, transcriptions of the telephone conversations or recordings thereof, certificates, licenses, permits, reports, test data and/or any other data compilations from which the requested information can be obtained or translated.

The witness, **NICK PETERS, M.D.**, is requested to produce the following:

1. All correspondence to and/or from **NICK PETERS, M.D.** concerning this case, including but not limited to correspondence between Dr. Slater and attorney Carol Lomax, any other attorney with Branton & Hall, P.C., or any other attorney or law firm representing Plaintiff.

2. All medical records reviewed and/or relied upon by **NICK PETERS, M.D.** in connection with any and all opinions that he may offer in this lawsuit.

3. All medical textbooks, articles, treatises or other literature which were reviewed, relied upon or considered by **NICK PETERS, M.D.** in connection with any and all opinions that he may offer in this lawsuit.

4. All notes, reports, summaries, notations or post-it notes or any other written material prepared by or on behalf of **NICK PETERS, M.D.** in connection with his review and/or any and all of the opinions that he may offer with respect to this case.

5. Any and all documents, papers or other items which would reflect or suggest:

   a) The names and identity of each claim or lawsuit which **NICK PETERS, M.D.** has ever reviewed as an expert witness;

    b)   The amount of income or other consideration received by **NICK PETERS, M.D.** or any entity with which he has been associated in the proceeding ten (10) years for services rendered as an expert witness in connection with any claim or litigation;

    c)   A copy of every report prepared by **NICK PETERS, M.D.**, or at his direction, as an expert witness in connection with any claim or lawsuit.

6.    All promotional, advertising or other literature or documents which makes known or offers or purports to offer **NICK PETERS, M.D.** as an expert witness available for consultation in the review of claims or litigation.

7.    All contracts or agreements between **NICK PETERS, M.D.** and any other party or organization concerning his availability to review claims or litigation as an expert witness.

8.    All pleadings, depositions and/or interrogatory answers filed on behalf of or given by **NICK PETERS, M.D.** as a Defendant in a lawsuit.

9.    All documents which reflect the amount of time expended by **NICK PETERS, M.D.** in connection with this lawsuit.

10.    All documents which reflect the amount of income generated or charges billed by **NICK PETERS, M.D.** in connection with his services as an expert witness in this lawsuit.

11.    Copies of any photographs, video tapes, x-rays or other films reviewed or relied upon by **NICK PETERS, M.D.** in connection with the formation of his opinions in this lawsuit.

12.    Any and all documents provided to **NICK PETERS, M.D.** in connection with his service as an expert witness in this case.

13.    A current copy of your curriculum vitae.

14.    Any document which reflects the amount of time that **NICK PETERS, M.D.** commits to service as an expert witness, whether paid or unpaid, in medical legal matters on a yearly basis for the past five (5) years.

# UZICK & ONCKEN, P.C.

Attorneys at Law

8200 IH-10 West, Suite 208

San Antonio, Texas 78230

Telephone: (210) 341-7703

Facsimile: (210) 341-1570

## FACSIMILE TRANSMISSION

**DATE:**    January 29, 2002

**TO:**    William Gault
**FAX NO:**    956/544-0607

**TO:**    Carol Lomax
**FAX NO:**    224-1928

**TO:**    Alpha Reporting Service
**FAX NO:**    (417) 889-5037

**TO:**    Connie Petrazio & Associates
**FAX NO:**    (972) 727-9128

**FROM:**    Tyler Scheuerman

**RE:**    **DeLeon v. City of Brownsville**

TOTAL PAGES, INCLUDING COVER PAGE:   12

===========================================================================
**Message:**

*Please see attached.*


If you have any problems receiving this facsimile, please call (210) 341-7703.

THIS FACSIMILE MESSAGE IS A PRIVILEGED AND CONFIDENTIAL COMMUNICATION AND IS TRANSMITTED FOR THE EXCLUSIVE INFORMATION AND USE OF THE ADDRESSEE. PERSONS RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT ARE ADMONISHED THAT THIS COMMUNICATION MAY NOT BE COPIED OR DISSEMINATED EXCEPT AS DIRECTED BY THE ADDRESSEE. IF YOU RECEIVE THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND MAIL THE COMMUNICATION TO US AT OUR LETTERHEAD ADDRESS. THANK YOU.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CANDELARIO DE LEON                    §
                                      §
VS.                                   §
                                      § CIVIL ACTION NO. CV-B-00-192
                                      § JURY DEMANDED
                                      §
CITY OF BROWNSVILLE,                  §
TEXAS, ET AL                          §

**DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEMS, LP D/B/A VALLEY
REGIONAL MEDICAL CENTER AND HCA - THE HEALTHCARE COMPANY
CROSS NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF EXPERT,
NICK PETERS, M.D.**

TO:   Plaintiff, Candelario De Leon, by and through his attorney of record:

      Ms. Carol Lomax
      Branton & Hall, P.C.
      One Riverwalk Place, Suite 1700
      700 N. St. Mary's Street
      San Antonio, Texas 78205

      Pursuant to the provisions of the Federal Rules of Civil Procedure, you are hereby notified

that the deposition of Nick Peters, M.D. will be taken by oral examination and answers, which, when

taken, may be used in evidence and as testimony at the trial of the above numbered and entitled

cause, said deposition to be taken at 10:00 a.m. on March 1, 2002, and will continue from day to day

until completed, at 2300 Marie Curie Road, Garland, Texas 75042 (972) 562-8541, and attended by

Connie Petrazio & Associates, 2432 Mesa Oak Trail, Plano, Texas 75025 (972) 727-4676.

**SUBPOENA DUCES TECUM**

      You will also take notice that Nick Peters, MD, is to produce at the time and place of this

deposition, and to permit the inspection and copying of any and all documents which reflect,

mention, relate or pertain to the matters that are described herein, including, but not limited to, those

DELEON/VRMC: DEP-NT9
PAGE 1

items more particularly described in the attached Exhibit "A."

                                    Respectfully submitted,


                                    By: _____
                                        William Gault
                                        Federal I.D. No. 14685
                                        State Bar No. 07765050
                                    Brin & Brin, P.C.
                                    1325 Palm Blvd., Suite A
                                    Brownsville, Texas 78520
                                    (956) 544-7110
                                     956) 544-0607 Telecopier

                                    Of Counsel:

                                    Brin & Brin, P.C.
                                    1325 Palm Blvd., Suite A
                                    Brownsville, Texas 78520
                                     956) 544-7110
                                     956) 544-0607 Telecopier

                                    ATTORNEYS FOR DEFENDANTS
                                    COLUMBIA VALLEY HEALTHCARE
                                    SYSTEM, L.P. D/B/A VALLEY
                                    REGIONAL MEDICAL CENTER AND
                                    HCA-THE HEALTHCARE COMPANY


DELEON/VRMC: DEP-NT9
PAGE 2

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the _____ day of January , 2002.

Ms. Carol Lomax                          VIA CM/RRR # VIA CM/RRR# 7099 3220 0000 1380 0426
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Mr. Michael Cowen                        VIA REGULAR MAIL
Attorney at Law
765 E. 7th Street
Brownsville, Texas 78520

Mr. Tyler Scheuerman                     VIA REGULAR MAIL
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230

_____
William Gault

DELEON/VRMC: DEP-NT9
PAGE 3

## EXHIBIT A

UNLESS AGREED OTHERWISE. YOU ARE INSTRUCTED TO BRING THE ORIGINALS OP SUCH DOCUMENTS OF THE ORIGINALS ARE IN YOUR POSSESSION. CUSTODY OR CONTROL, OR THE CONTROL OF YOUR AGENTS OR REPRESENTATIVES; AND YOU ARE FURTHER INSTRUCTED TO PRODUCE COPIES OF THE ORIGINALS ONLY IF SUCH ORIGINALS ARE NOT IN YOUR POSSESSION. CUSTODY OR CONTROL., OR THE COPY INCLUDES MARGINAL NOTES NOT INCLUDED IN THE ORIGINALS.

As used herein, the term "records" includes all documents in the possession, custody or control of the individuals or parties to whom this request is directed, or their agents or representatives, and includes, but is not limited to, papers. memoranda, agreements, contracts, writings, photographs. correspondence, accounts, drawings, graphs, charts, transcriptions of the telephone conversations or recordings thereof, certificates, licenses, permits, reports, test data and/or any other data compilations from which the requested information can be obtained or translated.

The witness, NICK PETERS, M.D., is requested to produce the following:

1.  All correspondence to and/or from NICK PETERS, M.D. concerning this case, including but not limited to correspondence between Dr. Slater and attorney Carol Lomax, any other attorney with Branton & Hall, P.C., or any other attorney or law firm representing Plaintiff.

2.  All medical records reviewed and or relied upon by NICK PETERS, M.D. in connection with any and all opinions that he may offer in this lawsuit.

3.  All medical textbooks. articles, treatises or other literature which were reviewed. relied upon or considered by NICK PETERS, M.D. in connection with any and all opinions that he may offer in this lawsuit.

4.  All notes, reports, summaries, notations on post-it notes or any other written material prepared by or on behalf of NICK PETERS. M.D. in connection with his review and/or any and all of the opinions that he may offer with respect to this case.

5.  Any and all documents, papers or other items which would reflect or suggest:

    a)  The names and identity of each claim or lawsuit which NICK PETERS. M.D. has ever reviewed as an expert witness:

    b)  The amount of income or other consideration received by JEREMY SLATER M.D. or any entity with which he has been associated in the proceeding ten (10) years for services rendered as an expert witness in connection with any claim or litigation:

    c)  A copy of every report prepared by NICK PETERS, M.D., or at his direction, as an expert witness in connection with any claim or lawsuit.

6.  All promotional, advertising or other literature or documents which makes known or offers or

DELEON/VRMC: DEP-NT9
PAGE 4

purports to offer NICK PETERS, M.D. as an expert witness available for consultation in the review of claims or litigation.

7.  All contracts or agreements between NICK PETERS, M.D. and any other party or organization concerning his availability to review claims or litigation as an expert witness.

8.  All pleadings, depositions and/or interrogatory answers filed on behalf of or given by NICK PETERS, M.D. as a Defendant in a lawsuit.

9.  All documents which reflect the amount of time expended by NICK PETERS, M.D. In connection with this lawsuit.

10.  All documents which reflect the amount of income generated or charges billed by NICK PETERS, M.D. in connection with his services as an expert witness in this lawsuit.

11.  Copies of any photographs, video tapes, x-rays or other films reviewed or relied upon by NICK PETERS, M.D. in connection with the formation of his opinions in this lawsuit.

12.  Any and all documents provided to NICK PETERS, M.D. in connection with his service as an expert witness in this case.

13.  A current copy of your curriculum vitae.

14.  Any document which reflects the amount of time that NICK PETERS, M.D. commits to service as an expert witness, whether paid or unpaid, in medical legal matters on a yearly basis for the past five (5) years.

DELEON/VRMC: DEP-NT9
PAGE 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. <u>CV-B-00-192</u> |
| | § | |
| HCA - THE HEALTHCARE COMPANY. | § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER, JOAO DOVALE, M.D. | § | |
| AND STAT PHYSICIANS, P.A. | § | |

## <u>DEPOSITION NOTICE OF DR. NICK PETERS WITH</u>
## <u>SUBPOENA DUCES TECUM</u>

TO:     Plaintiff by and through their attorney of record:

Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place. Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Pursuant to the provisions of the Federal Rules of Civil Procedure. you are hereby notified that the deposition of Nick Peters. M.D. will be taken by oral examination and answers. which, when taken, may be used in evidence and as testimony at the trial of the above numbered and entitled cause, said deposition to be taken at 9:00 a.m. on January 27, 2004, and will continue from day to day until completed, at the Esquire Deposition Services Office, 3401 Louisiana, Suite 300, Houston. Texas 77002 , (713) 524-4600.

## <u>SUBPOENA DUCES TECUM</u>

You will also take notice that Nick Peters, MD, is to produce at the time and place of this deposition. and to permit the inspection and copying of any and all documents which reflect. mention. relate or pertain to the matters that are described herein.

Respectfully submitted,
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

By: _____

William Gault
State Bar No.07765050
ATTORNEY FOR DEFENDANTS
HCA - THE HEALTHCARE COMPANY,
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY REGIONAL
MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the _23rd_ day of December, 2003.

Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Steven M. Gonzalez
Gerald Castillo
Steven Gonzalez & Associates
208 Lindberg
McAllen, Texas 78501

_____
William Gault

## SUBPOENA DUCES TECUM

1.    The witness' most current professional resume or curriculum vitae.

DELEON/VRMC. DepoNtc-Dr.Peters                                                    PAGE 2

2.    A list of all litigation-related matters in which the witness has been engaged, including a list of all depositions and trial engagements participated in by the witness, including dates, courts, and attorneys who have engaged the witness.

3.    Any papers, articles or textbooks authored, written or presented by the witness in any field in which the witness has an opinion in this matter.

4.    The amount of income or other consideration received by the witness or any entity with which the witness has been associated in the preceding ten (10) years for services rendered as an expert witness in connection with any claim or litigation.

5.    A copy of every report prepared by the witness, or at the witness' direction, as an expert witness in connection with any claim or lawsuit.

6.    All photographs taken or relied upon by the witness.

7.    All notes, calculations, reports and other similar documents authored by or caused to be authored by the witness concerning this case.

8.    All treaties, scholarly journals, professional studies, professional literature and other similar documents consulted by the witness and relied upon by the witness in expressing any of the opinions and conclusions in this matter.

9.    All promotional, advertising or other literature or documents which makes known or offers or purports to offer the witness as an expert witness available for consultation in the review of claims or litigation.

10.    All contracts or agreements between the witness and any other party or organization concerning the witness' ability to review claims or litigation as an expert witness.

11.    All correspondence, telephone message slips, email, and any and all other records reflecting any and all communications between the witness and the Plaintiffs or their counsel.

12.    All pleadings, depositions or discovery materials given by the witness as a party in a lawsuit.

13.    All invoices and bills for professional services sent by the witness to Plaintiffs or their counsel in this matter.

14.    All records of professional time spent by the witness with respect to the engagement made the basis of this suit.

15. All documents provided to the witness by the Plaintiffs or their counsel with respect to the witness' engagement in this matter, and upon which the witness has reviewed in expressing any opinions in this case.

16. All documents which the witness has read, reviewed or used to refresh his recollection with prior to the deposition.

17. The most current list of any professional publications authored or edited to any extent by the witness which relate in any way to the subject matter of the witness' testimony.

18. Any professional license held by the witness.

19. Any board certifications of the witness.

20. Any and all documents and/or tangible items reviewed by the witness in connection with this case.

21. Any and all documents or tangible items sent to or provided to the witness in connection with this case.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CANDELARIO DE LEON** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. CV-B-00-192** |
| | § | |
| **HCA - THE HEALTHCARE COMPANY,** | § | **(JURY REQUESTED)** |
| **COLUMBIA VALLEY HEALTHCARE** | § | |
| **SYSTEM, L.P. D/B/A VALLEY REGIONAL** | § | |
| **MEDICAL CENTER, JOAO DOVALE, M.D.** | § | |
| **AND STAT PHYSICIANS, P.A.** | § | |

## DEPOSITION NOTICE OF DR. NICK PETERS WITH
## SUBPOENA DUCES TECUM

TO:    Plaintiff by and through their attorney of record:

Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Pursuant to the provisions of the Federal Rules of Civil Procedure, you are hereby notified that the deposition of Nick Peters, M.D. will be taken by oral examination and answers, which, when taken, may be used in evidence and as testimony at the trial of the above numbered and entitled cause, said deposition to be taken at 9:00 a.m. on March 22, 2004, and will continue from day to day until completed, at the Esquire Deposition Services Office, 3401 Louisiana, Suite 300, Houston, Texas 77002 , (713) 524-4600.

## SUBPOENA DUCES TECUM

You will also take notice that Nick Peters, MD, is to produce at the time and place of this deposition, and to permit the inspection and copying of any and all documents which reflect, mention, relate or pertain to the matters that are described herein.

Respectfully submitted,

By: _____

    William Gault
    State Bar No. ~~07765~~050
    Fed. ID No. 14685
    Michael Quintana
    Fed. ID No. 33291
    State Bar No. 24037314

Brin & Brin, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

OF COUNSEL:

Brin & Brin, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEMS, L.P. d/b/a VALLEY
REGIONAL MEDICAL CENTER AND
HCA- THE HEALTHCARE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the _2__ day of March, 2004.

Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

**VIA CMRRR 7002 0460 0000 6426 3804**

Steven M. Gonzalez
Gerald Castillo
Gonzalez, Gaytan, Garza & Castillo, L.L.P
1317 E. Quebec Avenue
McAllen, Texas 78503

**VIA REGULAR MAIL**

Michael Cowen
520 E. Levee
Brownsville, Texas 78520

**VIA REGULAR MAIL**

_____
William Gault

# SUBPOENA DUCES TECUM

1. The witness' most current professional resume or curriculum vitae.

2. A list of all litigation-related matters in which the witness has been engaged, including a list of all depositions and trial engagements participated in by the witness, including dates, courts, and attorneys who have engaged the witness.

3. Any papers, articles or textbooks authored, written or presented by the witness in any field in which the witness has an opinion in this matter.

4. The amount of income or other consideration received by the witness or any entity with which the witness has been associated in the preceding ten (10) years for services rendered as an expert witness in connection with any claim or litigation.

5. A copy of every report prepared by the witness, or at the witness' direction, as an expert witness in connection with any claim or lawsuit.

6. All photographs taken or relied upon by the witness.

7. All notes, calculations, reports and other similar documents authored by or caused to be authored by the witness concerning this case.

8. All treaties, scholarly journals, professional studies, professional literature and other similar documents consulted by the witness and relied upon by the witness in expressing any of the opinions and conclusions in this matter.

9. All promotional, advertising or other literature or documents which makes known or offers or purports to offer the witness as an expert witness available for consultation in the review of claims or litigation.

10. All contracts or agreements between the witness and any other party or organization concerning the witness' ability to review claims or litigation as an expert witness.

11. All correspondence, telephone message slips, email, and any and all other records reflecting any and all communications between the witness and the Plaintiffs or their counsel.

12. All pleadings, depositions or discovery materials given by the witness as a party in a lawsuit.

13. All invoices and bills for professional services sent by the witness to Plaintiffs or their counsel in this matter.

14.     All records of professional time spent by the witness with respect to the engagement made the basis of this suit.

15.     All documents provided to the witness by the Plaintiffs or their counsel with respect to the witness' engagement in this matter, and upon which the witness has reviewed in expressing any opinions in this case.

16.     All documents which the witness has read, reviewed or used to refresh his recollection with prior to the deposition.

17.     The most current list of any professional publications authored or edited to any extent by the witness which relate in any way to the subject matter of the witness' testimony.

18.     Any professional license held by the witness.

19.     Any board certifications of the witness.

20.     Any and all documents and/or tangible items reviewed by the witness in connection with this case.

21.     Any and all documents or tangible items sent to or provided to the witness in connection with this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CANDELARIO DELEON | ' |
| | ' |
| v. | ' |
| | ' |
| CITY OF BROWNSVILLE, TEXAS; | ' |
| BENIGNO REYNA, INDIVIDUALLY AND | ' |
| IN HIS OFFICIAL CAPACITY AS | ' |
| CHIEF OF POLICE FOR THE CITY OF | ' |
| BROWNSVILLE, CITY OF BROWNSVILLE | ' |
| POLICE OFFICER ANDRE S. TORRES, JR., | ' |
| INDIVIDUALLY AND IN HIS OFFICIAL | ' |
| CAPACITY; AND CITY OF BROWNSVILLE | ' |
| POLICE OFFICER ALEX ORTIZ, | ' |
| INDIVIDUALLY AND IN HIS OFFICIAL | ' |
| CAPACITY; HCA – THE HEALTHCARE | ' |
| COMPANY, FORMERLY D/B/A | ' |
| COLUMBIA/HCA HEALTHCARE | ' |
| CORPORATION, COLUMBIA VALLEY | ' |
| HEALTHCARE SYSTEM, L.P., | ' |
| INDIVIDUALLY AND D/B/A VALLEY | ' |
| REGIONAL MEDICAL CENTER and | ' |
| FORMERLY D/B/A COLUMBIA VALLEY | ' |
| REGIONAL MEDICAL CENTER, | ' |
| JOAO DOVALE, M.D., and | ' |
| STAT PHYSICIANS, P.A. | ' |

CIVIL ACTION NO. CV-B-00-192

## DEFENDANT JOAO DOVALE, M.D.'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF PLAINTIFF'S EXPERT, JEREMY SLATER, MD

TO:   Plaintiff, CANDELARIO DELEON by and through his attorney of record,
        Carol P. Lomax, Branton & Hall, P.C., One Riverwalk Place, Suite 1700, 700
        N. St. Mary's St., San Antonio, Texas 78205

Pursuant to the provisions of the Federal Rules of Civil Procedure, you are hereby

notified that the deposition of JEREMY SLATER, M.D. will be taken by oral examination

and answers, which, when taken, may be used in evidence and as testimony at the trial of

of the above numbered and entitled cause, said deposition to be taken at 1:00 p.m. on February 13, 2002, and will continue from day to day until completed, at St. John's Physicians & Clinics, Smith/Glynn/Callaway Medical Building 3231 S. National Avenue, Springfield, Missouri 65807-7396, (417) 883-7422, and attended by Alpha Reporting Service, 1901 E. Bennett Street #1, Springfield, MO 65804, (417) 887-4110.

## SUBPOENA DUCES TECUM

You will also take notice that JEREMY SLATER, MD, is to produce at the time and place of this deposition, and to permit the inspection and copying of any and all documents which reflect, mention, relate or pertain to the matters that are described herein, including, but not limited to, those items more particularly described in the attached Exhibit "A."

Respectfully submitted,

UZICK & ONCKEN, P.C.

By: _____
Tyler Scheuerman
State Bar No. 00791610
Federal ID No. 19683

Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
(210) 341-7703
(210) 341-1570 facsimile

**ATTORNEYS FOR DEFENDANT, JOAO DOVALE, M.D.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was sent by Certified Mail, return receipt requested to the following parties on the 28th day of January 2002.

Carol P. Lomax
Branton & Hall, P.C.
700 N. St. Mary's St., Ste. 1700
San Antonio, Texas 78205

William Gault
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78521

Tyler Scheuerman

## EXHIBIT A

UNLESS AGREED OTHERWISE, YOU ARE INSTRUCTED TO BRING THE ORIGINALS OF SUCH DOCUMENTS OF THE ORIGINALS ARE IN YOUR POSSESSION, CUSTODY OR CONTROL, OR THE CONTROL OF YOUR AGENTS OR REPRESENTATIVES; AND YOU ARE FURTHER INSTRUCTED TO PRODUCE COPIES OF THE ORIGINALS <u>ONLY</u> IF SUCH ORIGINALS ARE NOT IN YOUR POSSESSION, CUSTODY OR CONTROL, OR THE COPY INCLUDES MARGINAL NOTES NOT INCLUDED IN THE ORIGINALS.

As used herein, the term "records" includes all documents in the possession, custody or control of the individuals or parties to whom this request is directed, or their agents or representatives, and includes, but is not limited to, papers, memoranda, agreements, contracts, writings, photographs, correspondence, accounts, drawings, graphs, charts, transcriptions of the telephone conversations or recordings thereof, certificates, licenses, permits, reports, test data and/or any other data compilations from which the requested information can be obtained or translated.

The witness, **JEREMY SLATER, M.D.**, is requested to produce the following:

1. All correspondence to and/or from **JEREMY SLATER, M.D.** concerning this case, including but not limited to correspondence between Dr. Slater and attorney Carol Lomax, any other attorney with Branton & Hall, P.C., or any other attorney or law firm representing Plaintiff.

2. All medical records reviewed and/or relied upon by **JEREMY SLATER, M.D.** in connection with any and all opinions that he may offer in this lawsuit.

3. All medical textbooks, articles, treatises or other literature which were reviewed, relied upon or considered by **JEREMY SLATER, M.D.** in connection with any and all opinions that he may offer in this lawsuit.

4. All notes, reports, summaries, notations on post-it notes or any other written material prepared by or on behalf of **JEREMY SLATER, M.D.** in connection with his review and/or any and all of the opinions that he may offer with respect to this case.

5. Any and all documents, papers or other items which would reflect or suggest:

   a) The names and identity of each claim or lawsuit which **JEREMY SLATER, M.D.** has ever reviewed as an expert witness;

   b) The amount of income or other consideration received by **JEREMY**

SLATER, M.D. or any entity with which he has been associated in the proceeding ten (10) years for services rendered as an expert witness in connection with any claim or litigation;

    c)    A copy of every report prepared by **JEREMY SLATER, M.D.**, or at his direction, as an expert witness in connection with any claim or lawsuit.

6. All promotional, advertising or other literature or documents which makes known or offers or purports to offer **JEREMY SLATER, M.D.** as an expert witness available for consultation in the review of claims or litigation.

7. All contracts or agreements between **JEREMY SLATER, M.D.** and any other party or organization concerning his availability to review claims or litigation as an expert witness.

8. All pleadings, depositions and/or interrogatory answers filed on behalf of or given by **JEREMY SLATER, M.D.** as a Defendant in a lawsuit.

9. All documents which reflect the amount of time expended by **JEREMY SLATER, M.D.** in connection with this lawsuit.

10. All documents which reflect the amount of income generated or charges billed by **JEREMY SLATER, M.D.** in connection with his services as an expert witness in this lawsuit.

11. Copies of any photographs, video tapes, x-rays or other films reviewed or relied upon by **JEREMY SLATER, M.D.** in connection with the formation of his opinions in this lawsuit.

12. Any and all documents provided to **JEREMY SLATER, M.D.** in connection with his service as an expert witness in this case.

13. A current copy of your curriculum vitae.

14. Any document which reflects the amount of time that **JEREMY SLATER, M.D.** commits to service as an expert witness, whether paid or unpaid, in medical legal matters on a yearly basis for the past five (5) years.

DEFENDANT JOAO DOVALE, M.D.'S NOTICE OF INTENTION TO TAKE
ORAL DEPOSITION OF PLAINTIFF'S EXPERT JEREMY SLATER, MD                          PAGE 5

** TOTAL PAGE.12 **

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CANDELARIO DELEON | · |
| | · |
| v. | · CIVIL ACTION NO. CV-B-00-192 |
| | · |
| CITY OF BROWNSVILLE, TEXAS; | · |
| BENIGNO REYNA, INDIVIDUALLY AND | · |
| IN HIS OFFICIAL CAPACITY AS | · |
| CHIEF OF POLICE FOR THE CITY OF | · |
| BROWNSVILLE, CITY OF BROWNSVILLE | · |
| POLICE OFFICER ANDRE S. TORRES, JR., | · |
| INDIVIDUALLY AND IN HIS OFFICIAL | · |
| CAPACITY; AND CITY OF BROWNSVILLE | · |
| POLICE OFFICER ALEX ORTIZ, | · |
| INDIVIDUALLY AND IN HIS OFFICIAL | · |
| CAPACITY; HCA – THE HEALTHCARE | · |
| COMPANY, FORMERLY D/B/A | · |
| COLUMBIA/HCA HEALTHCARE | · |
| CORPORATION, COLUMBIA VALLEY | · |
| HEALTHCARE SYSTEM, L.P., | · |
| INDIVIDUALLY AND D/B/A VALLEY | · |
| REGIONAL MEDICAL CENTER and | · |
| FORMERLY D/B/A COLUMBIA VALLEY | · |
| REGIONAL MEDICAL CENTER, | · |
| JOAO DOVALE, M.D., and | · |
| STAT PHYSICIANS, P.A. | · |

**DEFENDANT JOAO DOVALE, M.D.'S AMENDED NOTICE OF INTENTION TO TAKE
ORAL DEPOSITION OF PLAINTIFF'S EXPERT, JEREMY SLATER, MD**

TO:    Plaintiff, CANDELARIO DELEON by and through his attorney of record,
Carol P. Lomax, Branton & Hall, P.C., One Riverwalk Place, Suite 1700, 700
N. St. Mary's St., San Antonio, Texas 78205

Pursuant to the provisions of the Federal Rules of Civil Procedure, you are hereby

notified that the deposition of **JEREMY SLATER, M.D.** will be taken by oral examination

and answers, which, when taken, may be used in evidence and as testimony at the trial

of the above numbered and entitled cause, said deposition to be taken at **1:30 p.m.** on **February 28, 2002,** and will continue from day to day until completed, at Alpha Reporting Service, 1901 E. Bennett Street #1, Springfield, Missouri 65804, (417) 887-4110, and attended by Alpha Reporting Service.

### SUBPOENA DUCES TECUM

You will also take notice that JEREMY SLATER, MD, is to produce at the time and place of this deposition, and to permit the inspection and copying of any and all documents which reflect, mention, relate or pertain to the matters that are described herein, including, but not limited to, those items more particularly described in the attached Exhibit "A."

Respectfully submitted,

UZICK & ONCKEN, P.C.

By: _____
Tyler Scheuerman
State Bar No. 00791610
Federal ID No. 19683

Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230
(210) 341-7703
(210) 341-1570 facsimile

**ATTORNEYS FOR DEFENDANT,
JOAO DOVALE, M.D.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was sent by Certified Mail, return receipt requested to the following parties on the 29th day of January 2002.

Carol P. Lomax
Branton & Hall, P.C.
700 N. St. Mary's St., Ste. 1700
San Antonio, Texas 78205

William Gault
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78521

Tyler Scheuerman

## EXHIBIT A

UNLESS AGREED OTHERWISE, YOU ARE INSTRUCTED TO BRING THE ORIGINALS OF SUCH DOCUMENTS OF THE ORIGINALS ARE IN YOUR POSSESSION, CUSTODY OR CONTROL, OR THE CONTROL OF YOUR AGENTS OR REPRESENTATIVES; AND YOU ARE FURTHER INSTRUCTED TO PRODUCE COPIES OF THE ORIGINALS <u>ONLY</u> IF SUCH ORIGINALS ARE NOT IN YOUR POSSESSION, CUSTODY OR CONTROL, OR THE COPY INCLUDES MARGINAL NOTES NOT INCLUDED IN THE ORIGINALS.

As used herein, the term "records" includes all documents in the possession, custody or control of the individuals or parties to whom this request is directed, or their agents or representatives, and includes, but is not limited to, papers, memoranda, agreements, contracts, writings, photographs, correspondence, accounts, drawings, graphs, charts, transcriptions of the telephone conversations or recordings thereof, certificates, licenses, permits, reports, test data and/or any other data compilations from which the requested information can be obtained or translated.

The witness, JEREMY SLATER, M.D., is requested to produce the following:

1.  All correspondence to and/or from **JEREMY SLATER, M.D.** concerning this case, including but not limited to correspondence between Dr. Slater and attorney Carol Lomax, any other attorney with Branton & Hall, P.C., or any other attorney or law firm representing Plaintiff.

2.  All medical records reviewed and/or relied upon by **JEREMY SLATER, M.D.** in connection with any and all opinions that he may offer in this lawsuit.

3.  All medical textbooks, articles, treatises or other literature which were reviewed, relied upon or considered by **JEREMY SLATER, M.D.** in connection with any and all opinions that he may offer in this lawsuit.

4.  All notes, reports, summaries, notations on post-it notes or any other written material prepared by or on behalf of **JEREMY SLATER, M.D.** in connection with his review and/or any and all of the opinions that he may offer with respect to this case.

5.  Any and all documents, papers or other items which would reflect or suggest:

    a)  The names and identity of each claim or lawsuit which **JEREMY SLATER, M.D.** has ever reviewed as an expert witness;

      b)      The amount of income or other consideration received by **JEREMY SLATER, M.D.** or any entity with which he has been associated in the proceeding ten (10) years for services rendered as an expert witness in connection with any claim or litigation;

      c)      A copy of every report prepared by **JEREMY SLATER, M.D.**, or at his direction, as an expert witness in connection with any claim or lawsuit.

6.      All promotional, advertising or other literature or documents which makes known or offers or purports to offer **JEREMY SLATER, M.D.** as an expert witness available for consultation in the review of claims or litigation.

7.      All contracts or agreements between **JEREMY SLATER, M.D.** and any other party or organization concerning his availability to review claims or litigation as an expert witness.

8.      All pleadings, depositions and/or interrogatory answers filed on behalf of or given by **JEREMY SLATER, M.D.** as a Defendant in a lawsuit.

9.      All documents which reflect the amount of time expended by **JEREMY SLATER, M.D.** in connection with this lawsuit.

10.      All documents which reflect the amount of income generated or charges billed by **JEREMY SLATER, M.D.** in connection with his services as an expert witness in this lawsuit.

11.      Copies of any photographs, video tapes, x-rays or other films reviewed or relied upon by **JEREMY SLATER, M.D.** in connection with the formation of his opinions in this lawsuit.

12.      Any and all documents provided to **JEREMY SLATER, M.D.** in connection with his service as an expert witness in this case.

13.      A current copy of your curriculum vitae.

14.      Any document which reflects the amount of time that **JEREMY SLATER, M.D.** commits to service as an expert witness, whether paid or unpaid, in medical legal matters on a yearly basis for the past five (5) years.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CANDELARIO DE LEON                     §
                                       §
VS.                                    §
                                       §  CIVIL ACTION NO. CV-B-00-192
                                       §  JURY DEMANDED
                                       §
CITY OF BROWNSVILLE,                   §
TEXAS, ET AL                           §

### DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEMS, LP D/B/A VALLEY REGIONAL MEDICAL CENTER AND HCA - THE HEALTHCARE COMPANY CROSS NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF EXPERT, JEREMY SLATER, M.D.

TO:     Plaintiff, Candelario De Leon, by and through his attorney of record:

        Ms. Carol Lomax
        Branton & Hall, P.C.
        One Riverwalk Place, Suite 1700
        700 N. St. Mary's Street
        San Antonio, Texas 78205

        Pursuant to the provisions of the Federal Rules of Civil Procedure, you are hereby notified

that the deposition of Jeremy Slater, M.D. will be taken by oral examination and answers, which,

when taken, may be used in evidence and as testimony at the trial of the above numbered and entitled

cause, said deposition to be taken at 1:30 p.m. on February 28, 2002, and will continue from day to

day until completed, at Alpha Reporting Service, 1901 E. Bennett Street #1, Springfield, Missouri

65804, (417) 887-4110, and attended by Alpha Reporting Service.

### SUBPOENA DUCES TECUM

        You will also take notice that Jeremy Slater, MD, is to produce at the time and place of this

deposition, and to permit the inspection and copying of any and all documents which reflect,

mention, relate or pertain to the matters that are described herein, including, but not limited to, those

DELEON/VRMC: DEP-NTC10
PAGE 1

items more particularly described in the attached Exhibit "A."

Respectfully submitted,

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

DELEON/VRMC: DEP-NTC10
PAGE 2

# CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the _30ᵗʰ_ day of January, 2002.

Ms. Carol Lomax                         VIA CM/RRR ≠ VIA CM/RRR# 7099 3220 0000 1380 0426
Branton & Hall, P.C.
One Riverwalk Place. Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Mr. Michael Cowen                       VIA REGULAR MAIL
Attorney at Law
765 E. 7ᵗʰ Street
Brownsville, Texas 78520

Mr. Tyler Scheuerman                    VIA REGULAR MAIL
Uzick & Oncken, P.C.
Fountainhead One Building
8200 IH-10 West, Suite 208
San Antonio, Texas 78230

William Gault

## EXHIBIT A

UNLESS AGREED OTHERWISE. YOU ARE INSTRUCTED TO BRING THE ORIGINALS OF SUCH DOCUMENTS OF THE ORIGINALS ARE IN YOUR POSSESSION. CUSTODY OR CONTROL, OR THE CONTROL OF YOUR AGENTS OR REPRESENTATIVES; AND YOU ARE FURTHER INSTRUCTED TO PRODUCE COPIES OF THE ORIGINALS <u>ONLY</u> IF SUCH ORIGINALS ARE NOT IN YOUR POSSESSION. CUSTODY OR CONTROL., OR THE COPY INCLUDES MARGINAL NOTES NOT INCLUDED IN THE ORIGINALS.

As used herein, the term "records" includes all documents in the possession, custody or control of the individuals or parties to whom this request is directed, or their agents or representatives, and includes, but is not limited to, papers. memoranda, agreements, contracts, writings, photographs, correspondence, accounts, drawings, graphs, charts, transcriptions of the telephone conversations or recordings thereof, certificates, licenses. permits, reports, test data and/or any other data compilations from which the requested information can be obtained or translated.

The witness, JEREMY SLATER. M.D., is requested to produce the following:

1. All correspondence to and/or from JEREMY SLATER, M.D. concerning this case, including but not limited to correspondence between Dr. Slater and attorney Carol Lomax, any other attorney with Branton & Hall, P.C., or any other attorney or law firm representing Plaintiff.

2. All medical records reviewed and/or relied upon by JEREMY SLATER, M.D. in connection with any and all opinions that he may offer in this lawsuit.

3. All medical textbooks. articles. treatises or other literature which were reviewed. relied upon or considered by JEREMY SLATER, M.D. in connection with any and all opinions that he may offer in this lawsuit.

4. All notes, reports, summaries, notations on post-it notes or any other written material prepared by or on behalf of JEREMY SLATER, M.D. in connection with his review and/or any and all of the opinions that he may offer with respect to this case.

5. Any and all documents, papers or other items which would reflect or suggest:

   a) The names and identity of each claim or lawsuit which JEREMY SLATER, M.D. has ever reviewed as an expert witness:

   b) The amount of income or other consideration received by JEREMY SLATER M.D. or any entity with which he has been associated in the proceeding ten (10) years for services rendered as an expert witness in connection with any claim or litigation;

   c) A copy of every report prepared by JEREMY SLATER, M.D., or at his direction, as an expert witness in connection with any claim or lawsuit.

6. All promotional. advertising or other literature or documents which makes known or offers or

DELEON/VRMC: DEP-NTC10
PAGE 4

purports to offer JEREMY SLATER, M.D. as an expert witness available for consultation in the review of claims or litigation.

7.    All contracts or agreements between JEREMY SLATER, M.D. and any other party or organization concerning his availability to review claims or litigation as an expert witness.

8.    All pleadings, depositions and/or interrogatory answers filed on behalf of or given by JEREMY SLATER, M.D. as a Defendant in a lawsuit.

9.    All documents which reflect the amount of time expended by JEREMY SLATER, M.D. In connection with this lawsuit.

10.   All documents which reflect the amount of income generated or charges billed by JEREMY SLATER, M.D. in connection with his services as an expert witness in this lawsuit.

11.   Copies of any photographs, video tapes, x-rays or other films reviewed or relied upon by JEREMY SLATER, M.D. in connection with the formation of his opinions in this lawsuit.

12.   Any and all documents provided to JEREMY SLATER, M.D. in connection with his service as an expert witness in this case.

13.   A current copy of your curriculum vitae.

14.   Any document which reflects the amount of time that JEREMY SLATER, M.D. commits to service as an expert witness, whether paid or unpaid, in medical legal matters on a yearly basis for the past five (5) years.

DELEON/VRMC: DEP-NTC10
PAGE 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | |
| HCA - THE HEALTHCARE COMPANY. | § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER, JOAO DOVALE, M.D. | § | |
| AND STAT PHYSICIANS, P.A. | § | |

## DEPOSITION NOTICE OF EXPERT, JEREMY SLATER, M.D.
## SUBPOENA DUCES TECUM

TO:    Plaintiff by and through his attorney of record:

Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place. Suite 1700
700 N. St. Mary's St.
San Antonio. Texas 78205

YOU WILL TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure. Defendants Columbia Valley Healthcare Systems, LP d/b/a Valley Regional Medical

Center and HCA - The Healthcare Company intend to take the oral deposition of Jeremy Slater,

M.D., in the above-styled cause. such witness being under your control, you are expected to

produce him. The deposition will take place on February 12, 2004, at 9:00 a.m. at the Esquire

Deposition Services Office. 3401 Louisiana. Suite 300, Houston. Texas 77002, (713) 524-4600

and will continue from day to day until the deposition is completed.

Said deposition shall be taken before a duly certified court reporter to take such

deposition under oath and such deposition may be taken to be used as evidence in the above

styled and numbered cause.

Attached hereto is a subpoena duces tecum requiring the witness to bring the items listed therein.

Respectfully submitted,
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the ___21st___ day of January , 2004.

Thomas Crosley                          **VIA CMRRR# 7002 0460 0000 6426 3613**
Branton & Hall, P.C.
One Riverwalk Place. Suite 1700
700 N. St. Mary's St.
San Antonio. Texas 78205

Steven M. Gonzalez                      **VIA REGULAR MAIL**
Gerald Castillo
Gonzalez. Gaytan, Garza & Castillo, L.L.P
1317 E. Quebec Avenue
McAllen. Texas 78503

Michael Cowen                           **VIA REGULAR MAIL**
520 E. Levee
Brownsville. Texas 78520

_____
William Gault

# SUBPOENA DUCES TECUM

1.  The witness' most current professional resume or curriculum vitae.

2.  A list of all litigation-related matters in which the witness has been engaged, including a list of all depositions and trial engagements participated in by the witness, including dates, courts, and attorneys who have engaged the witness.

3.  Any papers, articles or textbooks authored, written or presented by the witness in any field in which the witness has an opinion in this matter.

4.  The amount of income or other consideration received by the witness or any entity with which the witness has been associated in the preceding ten (10) years for services rendered as an expert witness in connection with any claim or litigation.

5.  A copy of every report prepared by the witness, or at the witness' direction, as an expert witness in connection with any claim or lawsuit.

6.  All photographs taken or relied upon by the witness.

7.  All notes, calculations, reports and other similar documents authored by or caused to be authored by the witness concerning this case.

8.  All treatises, scholarly journals, professional studies, professional literature and other similar documents consulted by the witness and relied upon by the witness in expressing any of the opinions and conclusions in this matter.

9.  All promotional, advertising or other literature or documents which makes known or offers or purports to offer the witness as an expert witness available for consultation in the review of claims or litigation.

10.  All contracts or agreements between the witness and any other party or organization concerning the witness' ability to review claims or litigation as an expert witness.

11.  All correspondence, telephone message slips, email, and any and all other records reflecting any and all communications between the witness and the Plaintiffs or their counsel.

12.  All pleadings, depositions or discovery materials given by the witness as a party in a lawsuit.

13.  All invoices and bills for professional services sent by the witness to Plaintiffs or their counsel in this matter.

14.  All records of professional time spent by the witness with respect to the engagement made the basis of this suit.

15.    All documents provided to the witness by the Plaintiffs or their counsel with respect to the witness' engagement in this matter. and upon which the witness has reviewed in expressing any opinions in this case.

16.    All documents which the witness has read. reviewed or used to refresh his recollection with prior to the deposition.

17.    The most current list of any professional publications authored or edited to any extent by the witness which relate in any way to the subject matter of the witness' testimony.

18.    Any professional license held by the witness.

19.    Any board certifications of the witness.

20.    Any and all documents and/or tangible items reviewed by the witness in connection with this case.

21.    Any and all documents or tangible items sent to or provided to the witness in connection with this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CANDELARIO DE LEON                        §
                                          §
VS.                                       §      CIVIL ACTION NO. CV-B-00-192
                                          §
HCA - THE HEALTHCARE COMPANY,             §      (JURY REQUESTED)
COLUMBIA VALLEY HEALTHCARE                §
SYSTEM, L.P. D/B/A VALLEY REGIONAL        §
MEDICAL CENTER, JOAO DOVALE, M.D.         §
AND STAT PHYSICIANS, P.A.                 §

## DEPOSITION NOTICE OF EXPERT, JEREMY SLATER, M.D. WITH SUBPOENA DUCES TECUM

TO:    Plaintiff by and through his attorney of record:

       Thomas Crosley
       Branton & Hall, P.C.
       One Riverwalk Place, Suite 1700
       700 N. St. Mary's St.
       San Antonio, Texas 78205

       YOU WILL TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendants Columbia Valley Healthcare Systems, LP d/b/a Valley Regional Medical

Center and HCA - The Healthcare Company intend to take the oral deposition of Jeremy Slater,

M.D., in the above-styled cause, such witness being under your control, you are expected to

produce him. The deposition will take place on March 24, 2004, at 2:00 p.m. at the Esquire

Deposition Services Office, 3401 Louisiana, Suite 300, Houston, Texas 77002, (713) 524-4600

and will continue from day to day until the deposition is completed.

       Said deposition shall be taken before a duly certified court reporter to take such

deposition under oath and such deposition may be taken to be used as evidence in the above

styled and numbered cause.

DELEON/ VRMC: DepoNtc-SLATER-2                                          Page 1

Attached hereto is a subpoena duces tecum requiring the witness to bring the items listed therein.

Respectfully submitted,

By: _____

William Gault
State Bar No. 07765050
Fed. ID No. 14685
Michael Quintana
Fed. ID No. 33291
State Bar No. 24037314
Brin & Brin, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

OF COUNSEL:

Brin & Brin, P.C.
1325 Palm Boulevard, Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEMS, L.P. d/b/a VALLEY
REGIONAL MEDICAL CENTER AND
HCA- THE HEALTHCARE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the _____ day of March, 2004.

Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

**VIA CMRRR# 7002 0460 0000 6426 3804**

Steven M. Gonzalez
Gerald Castillo
Gonzalez, Gaytan, Garza & Castillo, L.L.P
1317 E. Quebec Avenue
McAllen, Texas 78503

**VIA REGULAR MAIL**

Michael Cowen
520 E. Levee
Brownsville, Texas 78520

**VIA REGULAR MAIL**

William Gault

# SUBPOENA DUCES TECUM

1.    The witness' most current professional resume or curriculum vitae.

2.    A list of all litigation-related matters in which the witness has been engaged, including a list of all depositions and trial engagements participated in by the witness, including dates, courts, and attorneys who have engaged the witness.

3.    Any papers, articles or textbooks authored, written or presented by the witness in any field in which the witness has an opinion in this matter.

4.    The amount of income or other consideration received by the witness or any entity with which the witness has been associated in the preceding ten (10) years for services rendered as an expert witness in connection with any claim or litigation.

5.    A copy of every report prepared by the witness, or at the witness' direction, as an expert witness in connection with any claim or lawsuit.

6.    All photographs taken or relied upon by the witness.

7.    All notes, calculations, reports and other similar documents authored by or caused to be authored by the witness concerning this case.

8.    All treaties, scholarly journals, professional studies, professional literature and other similar documents consulted by the witness and relied upon by the witness in expressing any of the opinions and conclusions in this matter.

9.    All promotional, advertising or other literature or documents which makes known or offers or purports to offer the witness as an expert witness available for consultation in the review of claims or litigation.

10.   All contracts or agreements between the witness and any other party or organization concerning the witness' ability to review claims or litigation as an expert witness.

11.   All correspondence, telephone message slips, email, and any and all other records reflecting any and all communications between the witness and the Plaintiffs or their counsel.

12.   All pleadings, depositions or discovery materials given by the witness as a party in a lawsuit.

13.   All invoices and bills for professional services sent by the witness to Plaintiffs or their counsel in this matter.

14.   All records of professional time spent by the witness with respect to the engagement made the basis of this suit.

15. All documents provided to the witness by the Plaintiffs or their counsel with respect to the witness' engagement in this matter, and upon which the witness has reviewed in expressing any opinions in this case.

16. All documents which the witness has read, reviewed or used to refresh his recollection with prior to the deposition.

17. The most current list of any professional publications authored or edited to any extent by the witness which relate in any way to the subject matter of the witness' testimony.

18. Any professional license held by the witness.

19. Any board certifications of the witness.

20. Any and all documents and/or tangible items reviewed by the witness in connection with this case.

21. Any and all documents or tangible items sent to or provided to the witness in connection with this case.

# EXHIBIT 4

# BRIN & BRIN, P.C.
## ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607
bgault@brinandbrin.com

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-2906

SAN ANTONIO OFFICE
FOUNTAINHEAD ONE
8200 I-10 WEST, SUITE 610
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78539
TELEPHONE (956) 381-6602
FAX (956) 381-0725

November 8, 2001

**VIA FAX TRANSMISSION**

Ms. Carol Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Re:    Civil Action No. CV-B-00-192
       Candelario De Leon v. City of Brownsville, Texas, et al
       In the Southern District of Texas, Brownsville Division

Dear Ms. Lomax:

        We received a call from your office that you have dates of November 16, 20, 21, 28 and November 30th open. However, we have not received word from you as to whether or not we can take the Plaintiff's deposition on November 16th and then which experts we can take on the remaining days. As you will recall, I have been requesting these depositions for several months and the way that we have left this is that your office would coordinate available dates with Mr. Scheuerman's office and then inform me of the date that the Plaintiff was available first, and the dates of your experts availability so that we could send out the deposition notices. Please confirm that your client is available to be deposed on November 16th and let us know which of your experts are available on the remaining days so that we can send out the deposition notices.

                                        Sincerely yours,

                                        William Gault

WG/bc
LOMAX-38

xc:    Mr. Tyler Scheuerman                    **VIA FAX TRANSMISSION**
       Uzick & Oncken, P.C.
       Fountainhead One Building
       8200 IH-10 West, Suite 208
       San Antonio, Texas 78230

# BRIN & BRIN, P.C.
## ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-7407
bgault@brinandbrin.com

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
FOUNTAINHEAD ONE
8200 I-10 WEST, SUITE 610
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78539
TELEPHONE (956) 381-6602
FAX (956) 381-0725

November 13, 2001

Ms. Carol Lomax                                          VIA FAX (210) 224-1928
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Re:    Civil Action No. CV-B-00-192
       Candelario De Leon v. City of Brownsville, Texas, et al
       In the Southern District of Texas, Brownsville Division

Dear Ms. Lomax:

    Please give me available dates for your experts after December 10th.

                                    Sincerely yours,

                                    William Gault

WG/mel
LOMAX-39

xc:    Mr. Tyler Scheuerman                               VIA FAX (210) 341-1570
       Uzick & Oncken, P.C.
       Fountainhead One Building
       8200 IH-10 West, Suite 208
       San Antonio, Texas 78230

       Mr. Ryan Henry                                     VIA FAX 541-1893
       Willette & Guerra, L.L.P.
       3505 Boca Chica Boulevard
       Brownsville, Texas 78521

BRIN & BRIN, P.C.

ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607
wgault@brinandbrin.com

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
FOUNTAINHEAD ONE
8200 I-10 WEST, SUITE 610
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1354

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78539
TELEPHONE (956) 381-6602
FAX (956) 381-3725

January 7, 2002

Ms. Carol Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Re:   Civil Action No. CV-B-00-192
      Candelario De Leon v. City of Brownsville, Texas, et al
      In the Southern District of Texas, Brownsville Division

Dear Ms. Lomax:

On numerous occasions I have requested deposition dates for your seven experts. Presently, we have completed the deposition of Dr. Willingham and we have Dr. Garriott's deposition scheduled. After Dr. Willingham's testimony, it appears that Mr. Bagwell is not an appropriate expert as he has not been involved in this case. Please verify that and notify me. I need dates for the depositions of your remaining experts and I would appreciate those as soon as possible.

Sincerely yours,

William Gault

WRG/mel
LOMAX-47

xc:   Mr. Ryan Henry
      Willette & Guerra, L.L.P.
      3505 Boca Chica Boulevard, Suite 460
      Brownsville, Texas 78521

## BRIN & BRIN, P.C.

#### ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607
braunt@brinandbrin.com

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 481-4643
FAX (361) 883-2506

SAN ANTONIO OFFICE
FOUNTAINHEAD ONE
4200 I-10 WEST, SUITE 610
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1954

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78539
TELEPHONE (956) 381-0602
FAX (956) 381-0725

January 16, 2002

Ms. Carol Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Re:    Civil Action No. CV-B-00-192
       Candelario De Leon v. City of Brownsville, Texas, et al
       In the Southern District of Texas, Brownsville Division

Dear Ms. Lomax:

Please provide me dates so that I can obtain the depositions of your remaining experts. I understand that you are available January 21, 22 and 26. Maybe we could depose your experts on those dates.

Sincerely yours,

William Gault

WG/mel
LOMAX-51

xc:    Mr. Tyler Scheuerman
       Uzick & Oncken, P.C.
       Fountainhead One Building
       8200 IH-10 West, Suite 208
       San Antonio, Texas 78230

# UZICK & ONCKEN, P.C.

### ATTORNEYS AT LAW

JEFFREY H. UZICK
J. KEVIN ONCKEN

8200 IH-10 West, Suite 208
San Antonio, Texas 78230
Telephone (210) 341-7703
Facsimile (210) 341-1570

ROGER A. BERGER
TYLER SCHEUERMAN
ALFRED M. CASILLAS
STEPHEN FILIPOVITCH
CYNTHIA A. GODOWSKI, R.N.

DIPLOMATE, MEDICAL PROFESSIONAL LIABILITY,
AMERICAN BOARD OF PROFESSIONAL LIABILITY ATTORNEYS

January 17. 2002

Carol P. Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

> RE:    Case Number: CV-B-00-192
> *Candelario DeLeon v. City of Brownsville, Texas, et al.,*
> United States District Court, Southern District of Texas, Brownsville Division.

Dear Carol:

Even though it appears that Dr. Dovale's insurance carrier will be in receivership prior to our March trial setting, we still need to move forward with the depositions of your experts. Can you provide us available dates for the depositions of Drs. Peters and Slater?

Please consider this correspondence my attempt to confer with you regarding a Motion to Compel these depositions.

Best regards,

Tyler Scheuerman

TS:ppo
CC:    William Gault

Houston Office
550 Westcott, Suite 290
Houston, Texas 77007
Telephone: (713) 869-2900
Facsimile: (713) 869-6699

# BRIN & BRIN, P.C.

### ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD. SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607
brgault@brinandbrin.com

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
FOUNTAINHEAD ONE
9200 I-10 WEST, SUITE 610
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78539
TELEPHONE (956) 381-6602
FAX (956) 381-0725

January 24, 2002

Ms. Carol Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205

Re:    Civil Action No. CV-B-00-192
       Candelario De Leon v. City of Brownsville, Texas, et al
       in the Southern District of Texas, Brownsville Division

Dear Ms. Lomax:

Please provide me with dates when I can obtain the depositions of your experts Dr. Peters,
Dr. Slater and Officer Rodriguez . Also, please verify that you do not intend to call Mr. Bagwell,
Mr. Branton, Mr. Dovalina and yourself as experts. If you do intend to call them as experts, I would
appreciate you providing me with a date so that I can obtain these depositions also.

Sincerely yours,

William Gault

WRG/me:
LOMAX-53

xc:    Mr. Tyler Scheuerman
       Uzick & Oncken, P.C.
       Fountainhead One Building
       9200 IH-10 West, Suite 208
       San Antonio, Texas 78230

# UZICK & ONCKEN, P.C.

### ATTORNEYS AT LAW

JEFFREY H. UZICK
J. KEVIN ONCKEN

8200 IH-10 West, Suite 208
San Antonio, Texas 78230
Telephone: (210) 341-7703
Facsimile: (210) 341-1570

ROGER A. BERGER
TYLER SCHEUERMAN
ALFRED M. CASILLAS
STEPHEN PILIPOVITCH
CYNTHIA A. GODOWSKI, R.N.

DIPLOMATE, MEDICAL PROFESSIONAL LIABILITY,
AMERICAN BOARD OF PROFESSIONAL LIABILITY ATTORNEYS

January 28, 2002

Carol P. Lomax
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

> RE:   Case Number: CV-B-00-192
>        *Candelario DeLeon v. City of Brownsville, Texas, et al.*,
>        United States District Court, Southern District of Texas, Brownsville Division.

Dear Carol:

I still have not received available dates for the depositions of Drs. Peters and Slater. In light of our March 11ᵗʰ trial setting, I enclose deposition notices for these experts. I am amenable to alternative dates for these depositions. Let me know how you wish to proceed.

Best regards,

Tyler Scheuerman

TS:ppo
CC:   William Gault

Houston Office
550 Westcott, Suite 290
Houston, Texas 77007
Telephone: (713) 369-2900
Facsimile: (713) 369-6699



JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Also Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Also Board of Legal Specialization

JASON P. HOELSCHER

JAMES A. HALL
Board Certified • Personal Injury Trial Law
also Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel

HARRY L. MUNSINGER

KIM M. MUNSINGER

December 11, 2003

**Via Facsimile (956) 544-0607**
Mr. William Gault
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

**Via Facsimile (956) 618-0445**
Mr. Gerald E. Castillo
Steven M. Gonzalez & Associates
208 Lindberg
McAllen, TX 78501

RE:    *Candelario DeLeon v. City of Brownsville, Texas*, Civil Action No. CV-V-00-192,
       United States District Court for the Southern District of Texas, Brownsville Division
       Our File No. 9827

Dear Counsel:

Today, I contacted our expert witnesses and requested available dates (before the end of January) for their depositions. As they respond, I will be faxing you that information immediately, as our calendars, and probably yours as well, are filling up fast.

Dr. Helson Pacheco-Serrant is available for his deposition at his offices at 2600 N. Oregon Street, Suite 800, El Paso, Texas 79902-3119 on January 13, 22 or 27 at 2pm.    Please advise.

Thank you for your attention to this matter.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

:vm

cc:  Michael Cowen
     Attorney at Law
     520 E. Levee
     Brownsville, Texas 78520
     **(Via facsimile 956-504-3674)**

One Riverwalk Place, Suite 1700 • 700 N. St. Mary's Street • San Antonio, Texas 78205

Tel: (210) 224-1474 • email/branton-hall.com • Fax (210) 224-1928



**BRANTON&HALL**
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel
HARRY L. MUNSINGER
KIM M. MUNSINGER

December 17, 2003

**Via Facsimile (956) 544-0607**
Mr. William Gault
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

**Via Facsimile (956) 618-0445**
Mr. Gerald E. Castillo
Steven M. Gonzalez & Associates
208 Lindberg
McAllen, TX 78501

RE:   *Candelario DeLeon v. City of Brownsville, Texas,* Civil Action No. CV-V-00-192,
United States District Court for the Southern District of Texas, Brownsville Division
Our File No. 9827

Dear Counsel:

Please be advised that Zeff Ross is available for deposition at his offices in Cooper City,
Florida only on January 13, 2003. Please advise if that date will work for everyone.

Also, please take notice of my previous letter of December 11, 2003 detailing the available
deposition dates for Dr. Helson Pacheco-Serrant at his offices at 2600 N. Oregon Street, Suite 800,
El Paso, Texas 79902-3119 on January 13, 22 or 27 at 2pm.

I hope to hear from Dr. Nick Peters and Dr. Jeremy Slater before the end of this week and
I will notify all counsel immediately.

Please let me hear from you as soon as possible. Thank you for your attention to this matter.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

:vm

cc:  Michael Cowen
Attorney at Law
520 E. Levee
Brownsville, Texas 78520  **(Via facsimile 956-504-3674)**

One Riverwalk Place, Suite 1700 • 700 N. St. Mary's Street • San Antonio, Texas 78205
Tel (210) 224-4474 • www.branton-hall.com • Fax (210) 224-1928



**BRANTON & HALL**

JAMES L. BRANTON

Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY

Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

JAMES A. HALL

Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ

Of Counsel

HARRY L. MUNSINGER

KIM M. MUNSINGER

December 22, 2003

**Via Facsimile (956) 544-0607**
Mr. William Gault
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

**Via Facsimile (956) 618-0445**
Mr. Gerald E. Castillo
Steven M. Gonzalez & Associates
208 Lindberg
McAllen, TX 78501

RE:     *Candelario DeLeon v. City of Brownsville, Texas*, Civil Action No. CV-V-00-192,
        United States District Court for the Southern District of Texas, Brownsville Division
        Our File No. 9827

Dear Counsel:

Please be advised that Dr. Nick Peters is available for deposition in Houston, Texas, where he recently relocated, on January 12, 13, 26 or 27, 2004.

In my previous letters, to which I have received no response, I informed counsel that Zeff Ross is available for deposition at his offices in Cooper City, Florida only on January 13, 2003. I urge everyone to hold that day. Also, Dr. Helson Pacheco-Serrant is available at his offices at 2600 N. Oregon Street, Suite 800, El Paso, Texas 79902-3119 on January 13, 22 or 27 at 2pm.

I hope to hear from Dr. Jeremy Slater soon I will notify all counsel immediately.

Please let me hear from you all as soon as possible. I am sure everyone's January calendar is filling up. Thank you for your attention to this matter.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

:vm
cc:  Michael Cowen
     Attorney at Law
     520 E. Levee
     Brownsville, Texas 78520   **(Via facsimile 956-504-3674)**

One Riverwalk Place, Suite 1700 • 700 N. St. Mary's Street • San Antonio, Texas 78205
Tel: (210) 224-4474 • www.branton-hall.com • Fax (210) 224-1928

**BRIN & BRIN, P.C.**
ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
10999 IH-10 WEST, SUITE 800
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78541
TELEPHONE (956) 381-6602
FAX (956) 381-0725

December 23, 2003

Mr. Thomas Crosley                        **VIA REGULAR MAIL**
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Re:    Civil Action No. CV-B-00-192
       Candelario De Leon v. City of Brownsville, Texas, et al
       In the Southern District of Texas, Brownsville Division

Dear Mr. Crosley:

Please give us some dates for the deposition of your expert Dr. Slater as soon as possible. We look forward to receiving those dates from you so that we can complete the plaintiff's experts depositions.

Sincerely yours,

Bill Gault /ah

William Gault

WRG/ah
CROSLEY-3
ENCLOSURES

xc:    Steven M. Gonzalez            **VIA REGULAR MAIL**
       Steven Gonzalez & Associates
       208 Lindberg
       McAllen, Texas 78501



JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel

HARRY L. MUNSINGER

KIM M. MUNSINGER

January 7, 2004

**Via Facsimile (956) 544-0607**
Mr. William Gault
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

**Via Facsimile (956) 618-0445**
Mr. Gerald E. Castillo
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, TX 78503

RE:  *Candelario DeLeon v. City of Brownsville, Texas,* Civil Action No. CV-V-00-192, United States District Court for the Southern District of Texas. Brownsville Division
Our File No. 9827

Dear Counsel:

Please be advised that Dr. Jeremy Slater has just notified us that he is available for deposition in Missouri on January 28 or 30th or as a last resort, on the 21st if the other two dates do not work.

Thank you for your attention to this matter.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

:vm

cc:  Michael Cowen
Attorney at Law
520 E. Levce
Brownsville, Texas 78520  **(Via facsimile 956-504-3674)**

**BRIN & BRIN, P.C.**

ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

325 Palm Blvd., Suite A
Brownsville, Texas 78520
Telephone (956) 544-7110
Fax (956) 544-0602

CORPUS CHRISTI OFFICE
1222 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-8643
FAX (361) 883-2550

SAN ANTONIO OFFICE
10999 IH-10 WEST, SUITE 400
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 541-4711
FAX (210) 541-4754

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78541
TELEPHONE (956) 391-6602
FAX (956) 391-0725

January 9, 2004

Mr. Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

**VIA FACSIMILE**

Re:   Civil Action No. CV-B-00-192
      Candelario De Leon v. City of Brownsville, Texas, et al
      In the Southern District of Texas, Brownsville Division

Dear Mr. Crosley:

Thank you for your offer of a date for the deposition of Dr. Slater. Please be advised that I am in a jury trial on January 26th and I will be unavailable for that week and one half after that. **Please give me some dates during the first two weeks of February in which to take Dr. Slater's deposition.**

Your staff had previously asked me if I could attend the deposition of Dr. Pacheco Serrant in El Paso during the week of January 26 and I informed them that I was in trial that week. Your staff indicated that the Doctor was available on Tuesdays and Thursdays and I asked that they schedule the deposition for February 5th, 10th or 12th.

Our lifecare planner, Cathlin Vinnet had made a visit to your client a couple of years ago in preparation of her report. Shortly after that time the case was stayed. In preparation for obtaining her report, please let me know whether or not you are agreeable to allowing her to visit with your client for less than one hour on January 27, 2004. She will be asking verbal questions to your client and will not obtain anything written from him. The questions will surround his present medical condition and the type of treatment that he is receiving from it. These are very standard questions that your own lifecare planner has asked. Nobody from my office will be present at this interview. Please feel free for yourself, Mr. Cowen, one of his other attorneys or his staff to be present. Please let me know if you are agreeable to this, or if I will need to file a motion with the court.

Mr. Thomas Crosley
Re:    Civil Action No. CV-B-00-192
       Candelano De Leon v. City of Brownsville, Texas, et al
       In the Southern District of Texas, Brownsville Division
January 9, 2004
Page 2

       The court has requested that I re-file the motion to dismiss for failure to state a claim on behalf of HCA and a motion for more definite statement. Please let me know if you will agree to dismiss HCA as a party, or if I need to go ahead and proceed with this motion.

                                        Sincerely yours,

                                        *Bill Gauit /sb*

                                        William Gauit

WBG:sb
CROSLEY.T

xc:    Gerald Castillo                    **VIA FACSIMILE**
       Gonzalez, Gaytan, Garza & Castillo, L.L.P
       208 Lindberg
       McAllen, Texas 78501



**BRANTON & HALL**

JAMES L. BRANTON

THOMAS A. CROSLEY

JASON C. HOFFMEISTER

JAMES A. HALL

SONIA M. RODRIGUEZ
Of Counsel

HARRY L. MUNSINGER
KIM M. MUNSINGER

January 20, 2004

**Via Facsimile (956) 544-0607**
Mr. William Gault
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

**Via Facsimile (956) 618-0445**
Mr. Gerald E. Castillo
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, TX 78503

RE:     *Candelario DeLeon v. City of Brownsville, Texas*, Civil Action No. CV-V-00-192.
        United States District Court for the Southern District of Texas, Brownsville Division
        Our File No. 9827

Dear Counsel:

Since late December, I have been attempting to set the depositions of Jeremy Slater and Dr. Pacheco-Serrant. My latest conversations with Becky in Mr. Gault's office were as follows:

Since the dates Jeremy Slater gave us in January (in Missouri) didn't work, he has now given us dates in February of 11, 12 and 13 in Houston where he is relocating and which should be more convenient for us all anyway.

Dr. Pacheco-Serrant has given us January 13 (which has come and gone), January 29 or February 12 for his deposition in El Paso at 2pm.

Thank you all for your prompt attention to this matter.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

:vm

cc:  Michael Cowen
     Attorney at Law
     520 E. Levee
     Brownsville, Texas 78520   **(Via facsimile 956-504-3674)**

One Riverwalk Place, Suite 1700 • 700 N. St. Mary's Street • San Antonio, Texas 78205
Tel: (210) 224-1471 • e-mail: branton@hall.com • Fax (210) 224-1928

**BRIN & BRIN, P.C.**
ATTORNEYS AT LAW

**WILLIAM GAULT**
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 Palm Blvd., Suite A
Brownsville, Texas 78520
Telephone (956) 544-7110
Fax (956) 544-7307

CORPUS CHRISTI OFFICE
1202 Third Street
Corpus Christi, Texas 78404
Telephone (361) 881-9643
Fax (361) 881-2506

San Antonio Office
10000 IH-10 West, Suite 400
San Antonio, Texas 78230
Telephone (210) 341-9711
Fax (210) 341-1954

Edinburg Office
123 W. McIntyre
Courthouse Square Suites
Edinburg, Texas 78541
Telephone (956) 381-6602
Fax (956) 381-2725

January 26, 2004

Mr. Thomas Crosley                    **VIA FACSIMILE**
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Re:    Civil Action No. CV-B-00-192
       Candelario De Leon v. City of Brownsville, Texas, et al
       In the Southern District of Texas, Brownsville Division

Dear Mr. Crosley:

    This is to confirm that you have a conflict in your schedule preventing you from presenting Dr. Peters on January 27, 2004. We have requested a new date for his deposition and we are awaiting your providing available dates for Dr. Peters' to reschedule this deposition.

    Should you have any questions, please do not hesitate to contact me.

                                   Sincerely yours,

                                   William Gault

WRG/jan
CROSLEY-11

xc:    Gerald Castillo                 **VIA FACSIMILE**
       Gonzalez, Gaytan, Garza & Castillo, L.L.P
       208 Lindberg
       McAllen, Texas 78501





**BRANTON&HALL**

JAMES L. BRANTON

THOMAS A. CROSLEY

JASON P. HOELSCHER

JAMES A. HALL

SONIA M. RODRIGUEZ
Of Counsel
HARRY L. MUNSINGER
KIM M. MUNSINGER

January 27, 2004

**Via Facsimile (956) 544-0607**
Mr. William Gault
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

**Via Facsimile (956) 618-0445**
Mr. Gerald E. Castillo
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, TX 78503

RE:    *Candelario DeLeon v. City of Brownsville, Texas*, Civil Action No. CV-V-00-192,
       United States District Court for the Southern District of Texas, Brownsville Division
       Our File No. 9827

Dear Counsel:

Mr. Crosley is proceeding with a trial beginning February 2 which is expected to last two weeks, therefore, we must regretfully reschedule the deposition of Dr. Slater on February 12. I will immediately contact the doctor regarding new dates in February and into March since our calendars are probably pretty full by now and forward this information as soon as I receive it.

Dr. Nick Peters is checking his calendar and promised to provide new dates for us as soon as possible.

Dr. Pacheco-Serrant has now given us March 2, 4 or 11 for his deposition in El Paso at 2pm Our office will notice this deposition, however, I would appreciate hearing your preferences.

Thank you all for your prompt attention to this matter.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

:vm

cc:  Michael Cowen
     Law Offices of Cowen & Bodden
     520 E. Levee
     Brownsville, Texas 78520   (Via Facsimile 956-504-3674)   San Antonio, Texas 78205

Tel: (210) 224-4474 • www.branton-hall.com • Fax (210) 224-1928

BRIN & BRIN, P.C.
ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
10999 IH-10 WEST, SUITE 800
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78541
TELEPHONE (956) 381-6602
FAX (956) 381-0725

February 6, 2004

**VIA REGULAR MAIL**

Mr. Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Re:    Civil Action No. CV-B-00-192
       Candelario De Leon v. City of Brownsville, Texas, et al
       In the Southern District of Texas. Brownsville Division

Dear Mr. Crosley:

       This will confirm our conversation that you are withdrawing your expert, Dr. Jeremy
Slater, from his agreed deposition date of February 12, 2004 and you will not provide me with
dates to obtain the depositions of either Dr. Slater or Dr. Peters (who was previously scheduled
for deposition on January 27, 2004 but withdrawn by you) until after you have obtained the
deposition of Dr. Dovale. Please proceed with obtaining whatever you need so that I can obtain
your experts depositions. At the status conference on this case scheduled for February 23, I
intend to ask the court for some help in obtaining the plaintiff's experts depositions.

                                        Sincerely yours,

                                        William Gault/ds

                                        William Gault

WRG/ah
CROSLEY-15

xc:    Gerald Castillo                    **VIA REGULAR MAIL**
       Gonzalez, Gaytan, Garza & Castillo, L.L.P
       208 Lindberg
       McAllen, Texas 78501

# B&H

## BRANTON & HALL
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel

HARRY L. MUNSINGER

KIM M. MUNSINGER

March 10, 2004

*Via Facsimile (956) 618-0445*

Ms. Melissa Sage
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, Texas 78503

> RE:  *Candelario DeLeon v. City of Brownsville, Texas, et al,* Civil Action No. CV-V-00-
> 192, United States District Court for the Southern District of Texas, Brownsville
> Division
> Our File No. 9827

Dear Ms. Sage:

In response to your letter of March 3, 2004 regarding your proposal of March 19 or March 30 for the deposition of Dr. Dovale, unfortunately I will be out of the country on March 19 and my March 1 trial was continued by the court to March 29. I have checked with my co-counsel who is already scheduled for a deposition on March 19 and is also in trial the week of March 29. Please check with Dr. Dovale for possible dates in April. Since I had to shuffle my trial calendar around, I am now available any day between April 19-29.

By copy of this letter, I am also advising Mr. Gault that I do not wish to go forward with the depositions he noticed of Dr. Nick Peters on March 22 and Dr. Jeremy Slater on March 24, until such time as we have completed the deposition of Dr. Dovale. My secretary will check with these gentlemen again and forward available deposition dates by next week.

I look forward to hearing from you soon.

Very truly yours,

THOMAS A. CROSLEY

TAC:vm

cc:   Mr. Michael Cowen       *(Via Facsimile 956-504-3674)*
      Mr. William Gault       *(Via Facsimile 956-544-0607)*

One Riverwalk Place, Suite 1700 • 700 N. St. Mary's Street • San Antonio, Texas 78205

Tel: (210) 224-4474 • www.branton-hall.com • Fax (210) 224-1928



JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

**BRANTON & HALL**
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel
HARRY L. MUNSINGER
KIM M. MUNSINGER

March 19, 2004

<u>*Via Facsimile (956) 618-0445*</u>

Ms. Melissa Sage
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, Texas 78503

RE:    *Candelario DeLeon v. City of Brownsville, Texas, et al,* Civil Action No. CV-V-00-
192, United States District Court for the Southern District of Texas, Brownsville
Division
Our File No. 9827

Dear Ms. Sage

We are in receipt of the deposition notices for Dr. Peters and Dr. Slater for May 4 and 5, 2004 from Mr. Gault. In order to go forward with these depositions, Mr. Crosley will first need to depose Dr. Dovale. Please check with Dr. Dovale for possible dates between April 16-29 and advise us as soon as possible.

Thank you for your attention to this matter.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

TAC:vm

cc:    Mr. Michael Cowen      *(Via Facsimile 956-504-3674)*
       Mr. William Gault      *(Via Facsimile 956-544-0607)*

One Riverwalk Place, Suite 1700 • 700 N. St. Mary's Street • San Antonio, Texas 78205

Tel: (210) 224-4471 • www.branton-hall.com • Fax (210) 224-1928





JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel
HARRY L. MUNSINGER
KIM M. MUNSINGER

March 29, 2004


*Via Facsimile (956) 618-0445*

Ms. Melissa Sage
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, Texas 78503

    RE:    *Candelario DeLeon v. City of Brownsville, Texas, et al,* Civil Action No. CV-V-00-
             192, United States District Court for the Southern District of Texas, Brownsville
             Division
             Our File No. 9827

Dear Ms. Sage

    I have not received a response to my letter of March 19 requesting deposition dates for Dr.
Dovale. The depositions of Dr. Peters and Dr. Slater have been scheduled for May 4 and 5, 2004
by Mr. Gault and in order to go forward with these depositions, Mr. Crosley will first need to depose
Dr. Dovale. Please check with Dr. Dovale as soon as possible. We now have available April 19, 20,
22, or 23rd.  Again, please advise us as soon as possible as everyone's calendars are continuing to
fill up fast.

    Thank you for your attention to this matter.

                            Sincerely,

                            Vivian Martinez
                            Legal Secretary to
                            THOMAS A. CROSLEY

TAC:vm

cc:    Mr. Michael Cowen    *(Via Facsimile 956-504-3674)*
       Mr. William Gault     *(Via Facsimile 956-544-0607)*



JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

**BRANTON & HALL**
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ

Of Counsel
HARRY L. MUNSINGER
KIM M. MUNSINGER

April 7, 2004

_**Via Facsimile (956) 618-0445**_

Ms. Melissa Sage
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, Texas 78503

RE:     *Candelario DeLeon v. City of Brownsville, Texas, et al*, Civil Action No. CV-V-00-192, United States District Court for the Southern District of Texas, Brownsville Division
Our File No. 9827

Dear Ms. Sage:

    Reference is made to my previous letters of March 19 and March 29, 2004, regarding deposition dates for Dr. Dovale. I understood from our telephone conversation last week that you anticipated hearing from Dr. Dovale regarding his availability in April. At this time we have April 15, 19, 20, 22 and 23 available in order to depose Dr. Dovale with sufficient time in order to proceed with the depositions of Dr. Peters and Dr. Slater during the first week in May.

    Thank you for your prompt attention to this matter.

                    Sincerely,

                    Vivian Martinez
                    Legal Secretary to
                    THOMAS A. CROSLEY

TAC:vm

cc:     Mr. Michael Cowen    _**(Via Facsimile 956-504-3674)**_
       Mr. William Gault     _**(Via Facsimile 956-544-0607)**_

# GONZALEZ,
# GAYTAN, GARZA & CASTILLO, LLP
### ATTORNEYS AT LAW
1317 E. QUEBEC AVENUE • McALLEN, TEXAS 78503
(956) 618-0115 TELEPHONE • (956) 618-0445 FACSIMILE

STEVEN M. GONZALEZ
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
PAUL A. GAYTAN
WILLIAM R. GARZA
GERALD X. CASTILLO
EDWARD J. CASTILLO
JAIME M. MORALES
NADIA L. JABAR
MELISSA M. SAGE
NEAL R. KRESSMAN, MD, JD

ENRIQUETA C. SOSA, MSN RNC
VICENTE H. AUAREZ, BSN RN
SANDRA A. RODRIGUEZ, CNM MSN
DANIELLE L. BUCHANAN, BSN RN
TOMMY R. SANCHEZ, RN

EMAIL: LAW@VALLEYFIRM.COM

April 19, 2004

VIA FAX: (210) 224-1928
Thomas A. Crosley
BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 North St. Mary's Street
San Antonio, Texas 78205

Re:    Civil No. CV-B-00-192; *Candelario De Leon v. Joao Dovale, M.D., et al.;* Brownsville
       Division

Dear Tom:

Pursuant to several conversations with your assistant, I can produce Dr. De Leon at our offices
on either Friday, April 23, 2004 at 10:00 a.m. or Monday, April 26, 2004 at 10:00 a.m.  Please
let me know as soon as possible which of these dates will work for you.  I understand that we
need to get Dr. Dovale's deposition done prior to taking your expert in early May.

If you have any questions, please do not hesitate to contact me.

Respectfully,

GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.

Melissa M. Sage
F:\data\WPDOCS\D\De Leon, C. v. doVale.60\3 041904.mh.wpd

cc:    William Gault            (Via Fax:  (956) 544-0607)
       Michael Cowen           (Via Fax:  (956) 504-3674)

# B&H
## BRANTON&HALL
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel
HARRY L. MUNSINGER
KIM M. MUNSINGER

April 19, 2004

*__Via Facsimile (956) 618-0445__*

Ms. Melissa Sage
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, Texas 78503

> RE:    *Candelario DeLeon v. City of Brownsville, Texas, et al*, Civil Action No. CV-V-00-192, United States District Court for the Southern District of Texas, Brownsville Division
> Our File No. 9827

Dear Ms. Sage:

Pursuant to our telephone conversation on this date, this will confirm that neither Mr. Crosley nor Mr. Cowen are available to depose Dr. Dovale on April 23 or 26, 2004, and that you will contact your client and provide us with additional deposition dates in May. By copy of this letter I will notify Mr. Gault that, unfortunately, this will mean that we will be unable to proceed with the scheduled depositions of Dr. Peters and Dr. Slater during the first week in May. I will provide additional dates for these gentlemen as soon as possible.

Thank you for your prompt attention to this matter.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

TAC:vm

cc:    Mr. Michael Cowen        *(Via Facsimile 956-504-3674)*
       Mr. William Gault        *(Via Facsimile 956-544-0607)*

**BRIN & BRIN, P.C.**

ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
10999 IH-10 WEST, SUITE 800
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78541
TELEPHONE (956) 381-6602
FAX (956) 381-0725

April 21, 2004

Ms. Vivian Martinez
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

**VIA REGULAR MAIL**

Re:    Civil Action No. CV-B-00-192
       Candelario De Leon v. City of Brownsville, Texas, et al
       In the Southern District of Texas, Brownsville Division

Dear Ms. Martinez:

Thank you for you letter of April 19th. I plan on proceeding with the agreed upon depositions of Dr. Peters and Dr. Slater. You have cancelled it numerous of times because you could not get Dr. Dovale's deposition, even though Dr. Dovale's counsel has given you a number of agreeable dates to obtain the deposition. Incidentally, you state that Mr. Cowen is not available on the two latest dates yet Mr. Cowen has not attended any depositions. You also state that Mr. Crosley is not available, yet he has not attended the entirety of a majority of depositions in this case. If you want to be excused from Dr. Slater and Dr. Peters deposition, please obtain a Court ruling in your favor. This same kind of thing was done to prevent us from obtaining your client's deposition and the Court did not go along with this type of litigation activity.

Sincerely yours,

William Gault

WRG/ah
CROSLEY-22

xc:    Ms. Melissa Sage
       Gonzalez, Gaytan, Garza & Castillo, L.L.P
       1317 E. Quebec Avenue
       McAllen, Texas 78503



**BRANTON & HALL**
A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel
HARRY L. MUNSINGER
KIM M. MUNSINGER

April 27, 2004

<u>Via Facsimile (956) 544-0607</u>

Mr. William Gault
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

     RE:  *Candelario DeLeon v. City of Brownsville, Texas*, Civil Action No. CV-V-00-192,
          United States District Court for the Southern District of Texas, Brownsville Division
          Our File No. 9827

Dear Mr. Gault:

     Mr. Crosley is currently in trial in the 150th District Court in Bexar County. This trial is expected to last until approximately May 10, so the depositions of Dr. Peters and Dr. Slater need to be canceled and rescheduled. Since Mrs. Lomax passed away last year, Mr. Crosley has taken over as lead counsel in this matter and fully intends to attend the majority of all future depositions. Even though my letters to Ms. Sage requesting deposition dates for Dr. Dovale date back to January, 2004, we have only been given four possible dates for his deposition (March 19, March 30, April 23 and April 26, 2004), all of which were unacceptable due to Mr. Crosley and Mr. Cowen being out of the country or preparing for or scheduled for trial.

     Please let me know if you will agree to reschedule the depositions of Dr. Peters and Dr. Slater, or if we must file a Motion to Quash the depositions.

                        Sincerely,

                        Vivian Martinez
                        Legal Secretary to
                        THOMAS A. CROSLEY

:vm
cc:  Mr. Michael Cowen <u>(via facsimile (956) 504-3674)</u>

     Ms. Melissa Sage
     Mr. Gerald E. Castillo<u>(via Facsimile (956) 618-0445)</u>

BRIN & BRIN, P.C.
ATTORNEYS AT LAW

WILLIAM GAULT
MEMBER OF THE FIRM

Board Certified
Personal Injury Trial Law

1325 PALM BLVD., SUITE A
BROWNSVILLE, TEXAS 78520
TELEPHONE (956) 544-7110
FAX (956) 544-0607

CORPUS CHRISTI OFFICE
1202 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 881-9643
FAX (361) 883-0506

SAN ANTONIO OFFICE
10999 IH-10 WEST, SUITE 800
SAN ANTONIO, TEXAS 78230
TELEPHONE (210) 341-9711
FAX (210) 341-1854

April 27, 2004

EDINBURG OFFICE
123 W. MCINTYRE
COURTHOUSE SQUARE SUITES
EDINBURG, TEXAS 78541
TELEPHONE (956) 381-6602
FAX (956) 381-0725

Ms. Vivian Martinez                    **VIA REGULAR MAIL**
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Re:    Civil Action No. CV-B-00-192
       Candelario De Leon v. City of Brownsville, Texas, et al
       In the Southern District of Texas, Brownsville Division

Dear Ms. Martinez:

        Thank you for you letter of April 27, 2004. As you know Mr. Crosley has not attended even one full deposition or any hearing in this case. The only partial deposition he attended was Mr. Rodriguez, but he did not stay for the entirety of that. Other members of your firm or your local counsel have attended all of the other depositions (except for the part of one Mr. Crosley attended) and all of the hearings. As you know, Dr. Slater has been previously noticed for depositions on January 28, 29, and 30, 2002 and January 21, 2004, March 2, 2004 and March 16, 2004. Dr. Peters has been previously noticed for depositions January 28, 29, and 30, 2002 and March 2, 2004 and March 16, 2004. I have been very accommodating to Mr. Croseley's schedule but there are some deadlines that require us to proceed with these depositions as previously agreed.

        You seem to relate your experts' depositions to the deposition of Dr. Dovale. These are totally unrelated. Again, I will be appearing at the depositions of Dr. Peters and Dr. Slater as reflected in your letter stating the time and place. If you object to this, please take it up with the Court.

                                    Sincerely yours,

                                    William Gault

WRG/ah
CROSLEY-23

# B&H
## BRANTON & HALL

JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

A PROFESSIONAL CORPORATION
OF TRIAL LAWYERS

April 29, 2004

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel
HARRY L. MUNSINGER
KIM M. MUNSINGER

**Via Facsimile (956) 544-0607**

Mr. William Gault
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

RE:   *Candelario DeLeon v. City of Brownsville, Texas*, Civil Action No. CV-V-00-192,
      United States District Court for the Southern District of Texas, Brownsville Division
      Our File No. 9827

Dear Mr. Gault:

      Please take notice that Dr. Slater has notified us the only date he has available for his
deposition this month is now May 26, 2004 at 2pm. I will advise you immediately upon hearing from
Dr. Peters.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

:vm
cc:   Mr. Michael Cowen **(via facsimile (956) 504-3674)**

      Ms. Melissa Sage
      Mr. Gerald E. Castillo**(via Facsimile (956) 618-0445)**

# EXHIBIT
# 5

# FAX TRANSMISSION

### BRANTON & HALL, P.C.
### ONE RIVERWALK PLACE
### 700 N. ST. MARY'S STREET, SUITE 1700
### SAN ANTONIO, TEXAS 78205

To: Mr. William Gault
    Ms. Melissa Sage

Date: 4 May 2004

Fax #: (713) 524-4951

Pages: 3 , including this cover sheet.

From: Vivian

Subject: Candelario DeLeon v. City of Brownsville

COMMENTS: Please see attached

THIS FACSIMILE IS A PRIVILEGED AND CONFIDENTIAL COMMUNICATION AND IS TRANSMITTED FOR THE EXCLUSIVE USE OF THE ADDRESSEE. PERSONS RESPONSIBLE FOR DELIVERING THIS FAX TO THE ADDRESSEE ARE ADMONISHED THAT THIS COMMUNICATION MAY NOT BE COPIED OR DISSEMINATED EXCEPT AS DIRECTED BY THE ADDRESSEE. IF YOU RECEIVE THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE.

IF YOU DO NOT RECEIVE ALL PAGES, CALL BACK AS SOON AS POSSIBLE AT: TEL. NO.: (210) 224-4474 OR FAX NO.: (210) 224-1928.

# B&H

## BRANTON&HALL

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

JAMES L. BRANTON
Board Certified • Personal Injury Trial Law
• Civil Trial Law
Texas Board of Legal Specialization

THOMAS A. CROSLEY
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

JASON P. HOELSCHER

JAMES A. HALL
Board Certified • Personal Injury Trial Law
Texas Board of Legal Specialization

SONIA M. RODRIGUEZ
Of Counsel

HARRY L. MUNSINGER
KIM M. MUNSINGER

May 4, 2004

**Via Facsimile (713) 524-4951**
**c/o Esquire Deposition Services**

Mr. William Gault
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

Ms. Melissa Sage
Mr. Gerald E. Castillo
GONZALEZ, GAYTAN, GARZA &
CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, TX 78503

RE:   *Candelario DeLeon v. City of Brownsville, Texas*, Civil Action No. CV-V-00-192,
United States District Court for the Southern District of Texas, Brownsville Division
Our File No. 9827

Dear Counsel:

This will confirm that Mr. Crosley is in trial until May 11, 2004, and that we will NOT be
producing Dr. Nick Peters on May 4, 2004, nor Dr. Jeremy Slater on May 5, 2004 for deposition.
I will continue to forward additional dates for these depositions upon receipt of this information from
these two gentlemen.

I apologize for any inconvenience this may have caused you.

Sincerely,

Vivian Martinez
Legal Secretary to
THOMAS A. CROSLEY

:vm

cc:    MICHAEL COWEN (via facsimile (956) 504-3674)
       Law Offices of Cowen & Bodden
       520 E. Levee
       Brownsville, Texas 78520

# EXHIBIT
# 6

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| VS. | § | |
| | § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER, JOAO DOVALE, M.D. | § | |
| AND STAT PHYSICIANS, P.A. | § | |

## NOTICE OF INTENTION TO TAKE
## ORAL AND VIDEO TAPED DEPOSITION OF NICK PETERS, M.D.

TO:    STAT PHYSICIANS, P.A. and JOAO DOVALE, M.D., by and through their attorneys of record, Steven Matthew Gonzalez, Mr. Gerald E. Castillo, GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P., 1317 E. Quebec Avenue, McAllen, TX 78503

COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER AND HCA-THE HEALTHCARE COMPANY, by and through their attorney of record, William Gault, Paul Fourt, BRIN & BRIN, P.C., 1325 Palm Blvd., Suite A, Brownsville, Texas 78520

Plaintiff, CANDELARIO DE LEON, will take the oral and videotaped deposition of **NICK PETERS, M.D.**, to be used as testimony at the trial of such cause, and that such deposition will be taken at a conference room (to be announced) at the University of Texas Medical School, Houston, Texas **on May 26, 2004, commencing at 9:00 a.m.**

You are further advised that pursuant to Rule 30 of the FED.R.CIV.P., this deposition will be stenographically recorded by a certified court reporter and videotaped.

Respectfully submitted,

**Branton & Hall, P.C.**
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas  78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
THOMAS A. CROSLEY
State Bar No. 00783902
S. Dist. Texas No. 15434
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No.20163

MICHAEL COWEN
Law Offices of Cowen & Bodden
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981
State Bar No. 00795306
S. Dist. Texas No. 19967

**ATTORNEYS FOR PLAINTIFF**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served via ~~certified mail, return receipt requested~~, on this __6th__ day of May, 2004, to:
*facsimile*

Melissa Sage
Steven Matthew Gonzalez
Mr. Gerald E. Castillo
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, TX 78503

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
 SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

Thomas A. Crosley

G:\WPFILES\FILES.CLT\DADEL9827\DeposNotice-Peters.wpd

3

FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | |
| VS. | § | (JURY REQUESTED) |
| | § | |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER, JOAO DOVALE, M.D. | § | |
| AND STAT PHYSICIANS, P.A. | § | |

## NOTICE OF INTENTION TO TAKE
## ORAL AND VIDEO TAPED DEPOSITION OF JEREMY SLATER, M.D.

TO:   STAT PHYSICIANS, P.A. and JOAO DOVALE, M.D., by and through their attorneys of
record, Steven Matthew Gonzalez, Mr. Gerald E. Castillo, GONZALEZ, GAYTAN, GARZA &
CASTILLO, L.L.P., 1317 E. Quebec Avenue, McAllen, TX 78503

COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL
MEDICAL CENTER AND HCA-THE HEALTHCARE COMPANY, by and through their
attorney of record, William Gault, Paul Fourt, BRIN & BRIN, P.C., 1325 Palm Blvd., Suite A,
Brownsville, Texas 78520

Plaintiff, CANDELARIO DE LEON, will take the oral and videotaped deposition of

**JEREMY SLATER, M.D.**, to be used as testimony at the trial of such cause, and that such

deposition will be taken at a conference room (to be announced) at the University of Texas Medical

School, Houston, Texas **on May 26, 2004, commencing at 2:00 p.m.**

You are further advised that pursuant to Rule 30 of the FED.R.CIV.P., this deposition will

be stenographically recorded by a certified court reporter and videotaped.

Respectfully submitted,

**Branton & Hall, P.C.**
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
     THOMAS A. CROSLEY
     State Bar No. 00783902
     S. Dist. Texas No. 15434
     JAMES L. BRANTON
     State Bar No. 00000069
     S. Dist. Texas No.20163

MICHAEL COWEN
Law Offices of Cowen & Bodden
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981
State Bar No. 00795306
S. Dist. Texas No. 19967

**ATTORNEYS FOR PLAINTIFF**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served via ~~certified mail, return receipt requested~~ *facsimile* on this __6th__ day of May, 2004, to:

Melissa Sage
Steven Matthew Gonzalez
Mr. Gerald E. Castillo
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, TX 78503

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

Thomas A. Crosley

G:\WPFILES\FILES.CLT\D\DEL9827\Depos\Notice-Slater.wpd

3

# EXHIBIT
# 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CANDELARIO DE LEON** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. <u>CV-B-00-192</u>** |
| | § | **(JURY REQUESTED)** |
| | § | |
| **CITY OF BROWNSVILLE,** | § | |
| **TEXAS, ET AL** | § | |

| | | |
|---|---|---|
| **THE STATE** | § | |
| | § | **<u>AFFIDAVIT OF WILLIAM GAULT</u>** |
| **OF TEXAS** | § | |

BEFORE ME, the undersigned authority, on this day personally appeared William Gault, who swore on oath that to following:

"My name is William Gault, I am over 18 years of age, of sound mind and fully competent to make this affidavit. I am personally acquainted with the facts stated herein, and they are true and correct."

"I am an attorney licensed to practice in the State of Texas and in the Southern District of Texas. I am in good standing with the State Bar of Texas. On May 3, 2004, I prepared for the depositions of Plaintiff's experts Dr. Peters and Dr. Slater. On May 4, 2004, I traveled to Houston for these depositions. Plaintiff did not produce their experts for deposition on May 4 and 5, 2004. It is my opinion that these fees are reasonable and necessary attorney's fees based upon the following factors:

1)    The novelty and difficulty of the issue involved, the skill required to render effective legal services, and the experience, reputation and expertise of the lawyer performing the services;

2)    The time and labor involved to perform the legal services;

3)    The lawyer's familiarity with this type of case in general and this case in particular; and

4)    The fee customarily charged in this community for the same or similar services."

"Defendant has incurred $1,750.00 in reasonable and necessary attorney's fees and $255.00 in expenses to prepare for and attend these depositions which was unnecessary because Plaintiff did not produce his experts."

FURTHER AFFIANT SAYETH NOT.

_____
William Gault

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 6th day of May, 2004, to certify which witnessed my hand and official seal of office.

_____
Notary Public In and For the
State of Texas
Print Name: _Amanda Hernandez_
My Commission Expires: _5/21/07_

# EXHIBIT
# 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CANDELARIO DE LEON | § |
| | § |
| VS. | § |
| | § CIVIL ACTION NO. <u>CV-B-00-192</u> |
| | § (JURY REQUESTED) |
| | § |
| CITY OF BROWNSVILLE, | § |
| TEXAS, ET AL | § |

| | | |
|---|---|---|
| THE STATE | § | |
| | § | <u>AFFIDAVIT OF WILLIAM GAULT</u> |
| OF TEXAS | § | |

BEFORE ME, the undersigned authority, on this day personally appeared William Gault, who swore on oath to the following:

"My name is William Gault, I am over 18 years of age, of sound mind and fully competent to make this affidavit. I am personally acquainted with the facts stated herein, and they are true and correct."

"I am an attorney licensed to practice in the State of Texas and in the Southern District of Texas. I am in good standing with the State Bar of Texas. In April, 2001, my firm and I were employed as counsel for Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center in this case. To date, more than $35,000.00 in reasonable and necessary attorneys fees have been incurred to defend this claim. It is my opinion that these fees are reasonable and necessary attorneys fees based upon the following factors:

1)    The novelty and difficulty of the issue involved, the skill required to render effective legal services, and the experience, reputation and expertise of the lawyers performing the services;

2)      The time and labor involved to perform the legal services;

3)      The lawyers' familiarity with this type of case in general and this case in particular; and

4)      The fee customarily charged in this community for the same or similar services."

FURTHER AFFIANT SAYETH NOT.

_____
William Gault

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 6th day of May, 2004, to certify which witnessed my hand and official seal of office.



*Amanda Hernandez*
Notary Public In and For the
State of Texas
Print Name: *Amanda Hernandez*
My Commission Expires: 4/21/07

# EXHIBIT
# 9

Page 1

1       IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF TEXAS
2             BROWNSVILLE DIVISION
          CIVIL ACTION NO. CV-B-00-192
3

CANDELARIO DE LEON                )
4                                 )
              Plaintiff,          )
5                                 )
              vs.                 )
6                                 )
HCA - THE HEALTHCARE COMPANY,     )
7   COLUMBIA VALLEY HEALTHCARE     )
    SYSTEM, L.P. d/b/a VALLEY      )
8   REGIONAL MEDICAL CENTER,       )
    JOAO DOVALE, M.D. and          )
9   STAT PHYSICIANS, P.A.          )
                                  )
10            Defendants.          )
    -------------------------------X
11

12                          Fort Lauderdale, Florida
13                          January 13, 2004
14                          2:30-5:30 o'clock P.M.
15

16              - - - - - -
17            EXPERT DEPOSITION
18                 OF
19             ZEFF ROSS
20
21
22
23
24
    F 596598/SA 153992
25

Page 2

```
 1   APPEARANCES:

                  BRANTON & HALL, PC
 2                By JASON P. HOELSCHER, ESQ.
                  appearing on behalf of the Plaintiff.
 3
                  BRIN & BRIN, PC
 4                By WILLIAM GAULT, ESQ.
                  appearing on behalf of the Defendants
 5                HCA - THE HEALTHCARE COMPANY, COLUMBIA
                  VALLEY HEALTHCARE SYSTEM, LP, etc.
 6
                  STEVEN GONZALEZ & ASSOCIATES
 7                By JAIME MORALES, ESQ.
                  appearing on behalf of Dr. Dovale & Stat.
 8

 9                      - - - - - -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 4

1              Expert Deposition of ZEFF ROSS, a

2    witness of lawful age, taken by the Defendant

3    Hospitals, for the purpose of discovery and for

4    use as evidence in the above-entitled cause,

5    wherein CANDELARIO DE LEON is the Plaintiff and

6    HCA - THE HEALTHCARE COMPANY, etc., et al. are the

7    Defendants, pending in the United States District

8    Court for the Southern District of Texas,

9    Brownsville Division, pursuant to notice

10   heretofore filed, before EDWARD C. LAWRENCE, a

11   Notary Public in and for the State of Florida at

12   Large, at Esquire Deposition Services, Suite 200,

13   600 South Andrews Avenue, Fort Lauderdale, Broward

14   County, Florida, on the 13th day of January, 2004,

15   commencing at 2:30 o'clock P.M.

16                  - - - - - -

17   Thereupon:

18                  ZEFF ROSS

19   A witness named in the notice heretofore filed,

20   being of lawful age, and being first duly sworn in

21   the above cause, testified on his oath as follows:

22              DIRECT EXAMINATION

23            BY MR. GAULT

24       Q      Please tell us your name for the

25   record.

ZEFF ROSS                                             January 13, 2004

Page 5

1        A     Zeff Ross.

2        Q     Mr. Ross, you are an expert witness

3   in this DeLeon lawsuit, is that correct?

4        A     Correct.

ZEFF ROSS                                                        January 13, 2004

Page 51

3          Q      You have not attended nursing school

4    for one day, have you?

5          A      No.

6          Q      You have not attended medical school

7    for one day, is that correct?

8          A      Correct.

9          Q      You you are not holding yourself out

10   to be an EMT expert?

11         A      Correct.

12         Q      Now, if we told you to diagnose

13   Mr. DeLeon, first of all, it would be a violation

14   of the law, correct?

15         A      Yes.

16         Q      Both in Florida --

17         A      Everywhere.

18         Q      Texas?

19         A      Everywhere.

20         Q      As to making a diagnosis of a

21   patient, you are not going to do that, are you?

22         A      Correct.

23         Q      As to treating, medically treating a

24   patient, you are not going to do that, correct?

25         A      Correct.

Page 52

1          Q      If you walked into your own

2     hospital's emergency room and the patient said,

3     hey, I need someone to change my bed pan, or

4     change my wound dressing, you would be violating

5     the law to do that, wouldn't you?

6          A      Correct.

7          Q      That would be illegal on your part

8     to practice either nursing or as a doctor,

9     correct?

10         A      Correct.

11         Q      Now, medical injuries, you have

12    never treated any of those, have you?

13         A      Treated any --

14         Q      Well, in 1998, you weren't treating

15    anybody's medical injuries, were you?

16         A      Correct.

17         Q      You don't hold yourself out as an

18    expert in doing that?

19         A      Correct.

20         Q      You have never prescribed

21    medications for folks, right?

22         A      Correct.

23         Q      You have never prescribed therapy

24    for people, is that correct?

25         A      Correct.

Page 66

20        Q      As far as Valley Regional Medical

21   Center calling a trauma alert, are you going to

22   testify as to that?

23        A      No.

ZEFF ROSS                                                        January 13, 2004

Page 97

```
 7          Q      I want to be sure I have this clear,
 8    Mr. Ross.  You are not going to testify as to a
 9    nurse's practice -- I'm sorry.  Strike that.
10                 You are not going to testify as to
11    the standard of care for a nurse's practice, is
12    that correct?
13          A      Correct.
14          Q      You are not going to testify as a
15    standard of care for doctor's practice, is that
16    correct?
17          A      Correct.
```

ZEFF ROSS                                                           January 13, 2004

Page 98

4          Q     You have not reviewed any of Valley

5     Regional's policies and procedures?

6          A     Correct.

7          Q     Wouldn't you agree with me that you

8     have no opinions today as to whether or not any

9     nurse or doctor violated any policies and

10    procedures, is that right?

11         A     Right.

ZEFF ROSS

January 13, 2004

Page 99

```
 8            Q      What is a direct cause of injury?
 9            A      A cause and effect.  You do
10    something or you don't do something and there is
11    an injury because of it.
12            Q      Are you qualified to testify as to
13    any of the actions or inactions in this case as to
14    whether or not they directly caused injury to
15    Mr. DeLeon?
16            A      No.
```

ZEFF ROSS                                                          January 13, 2004

Page 100

23          Q      You have never studied the Texas
24    nurse practice act, right?
25          A      No.

ZEFF ROSS                                                          January 13, 2004

Page 101

1           Q      The Texas medical practice act, you
2     never studied that?
3           A      No.

ZEFF ROSS                                              January 13, 2004

Page 132

23          Q      Would it be inappropriate to use
24   your affidavit given in this case to show medical
25   causation of an injury?

ZEFF ROSS                                              January 13, 2004

Page 133

1           A      Yes.
2           Q      That was certainly not the way you
3    intended it, right?
4           A      That's correct.
5           Q      And you are not capable of
6    testifying to that, is that correct?
7           A      Right.
8           Q      If your affidavit was used to show
9    medical causation of injury, that would be an
10   improper use of your affidavit?

## <u>4590i STATUTORY AUTHORITY</u>

1.    V.A.T.C.S. Article 45901i §1.02 et. seq. (See attached).

2.    V.A.T.C.S. Article 4590i §13.01 et. seq. (See attached).

**Art. 4590i.   Medical Liability and Insurance Improvement Act**

*Text of article effective until August 31, 2009*

SUBCHAPTER A.   GENERAL PROVISIONS

**Findings and Purposes**

Sec. 1.02.   (a) The Legislature of the State of Texas finds that:

(1) the number of health care liability claims (frequency) has increased since 1972 inc nately;

(2) the filing of legitimate health care liability claims in Texas is a contributing fa affecting medical professional liability rates;

(3) the amounts being paid out by insurers in judgments and settlements (severity) l likewise increased inordinately in the same short period of time;

(4) the effect of the above has caused a serious public problem in availability of affordability of adequate medical professional liability insurance;

(5) the situation has created a medical malpractice insurance crisis in the State of Texas;

(6) this crisis has had a material adverse effect on the delivery of medical and health care in Texas, including significant reductions of availability of medical and health care services to the people of Texas and a likelihood of further reductions in the future;

(7) the crisis has had a substantial impact on the physicians and hospitals of Texas and the cost to physicians and hospitals for adequate medical malpractice insurance has dramatically risen in price, with cost impact on patients and the public;

(8) the direct cost of medical care to the patient and public of Texas has materially increased due to rising cost of malpractice insurance protection for physicians and hospitals in Texas;

(9) the crisis has increased the cost of medical care both directly through fees and indirectly through additional services provided for protection against future suits or claims; and defensive medicine has resulted in increasing cost to patients, private insurers, and the state and has contributed to the general inflation that has marked health care in recent years;

(10) satisfactory insurance coverage for adequate amounts of insurance in this area is often not available at any price;

(11) the combined effect of the defects in the medical, insurance, and legal systems has caused a serious public problem both with respect to the availability of coverage and to the high rates being charged by insurers for medical professional liability insurance to some physicians, health care providers, and hospitals;

(12) the adoption of certain modifications in the medical, insurance, and legal systems, the total effect of which is currently undetermined, may or may not have an effect on the rates charged by insurers for medical professional liability insurance;

(13) these facts have been verified by the Medical Professional Liability Study Commission, which was created by the 64th Legislature.[1]   For further amplification of these facts the legislature adopts the findings of the report of the commission.

(b) Because of the conditions stated in Subsection (a) of this section, it is the purpose of this Act to improve and modify the system by which health care liability claims are determined in order to:

(1) reduce excessive frequency and severity of health care liability claims through reasonable improvements and modifications in the Texas insurance, tort, and medical practice systems;

(2) decrease the cost of those claims and assure that awards are rationally related to actual damages;

(3) do so in a manner that will not unduly restrict a claimant's rights any more than necessary to deal with the crisis;

(4) make available to physicians, hospitals, and other health care providers protection against potential liability through the insurance mechanism at reasonably affordable rates;

(5) make affordable medical and health care more accessible and available to the citizens of Texas;

(6) make certain modifications in the medical, insurance, and legal systems in order to determine whether or not there will be an effect on rates charged by insurers for medical professional liability insurance; and

(7) make certain modifications to the liability laws as they relate to health care liability claims only and with an intention of the legislature to not extend or apply such modifications of liability laws to any other area of the Texas legal system or tort law.

Art. 4590i.  **Medical Liability and Insurance Improvement Act**

*Text of article effective until August 31, 2009*

## SUBCHAPTER M.  PROCEDURAL PROVISIONS

### Cost Bond, Deposit, and Expert Report

Sec. 13.01.  (a) In a health care liability claim, a claimant shall, not later than the 90th day after the date the claim is filed:

(1) file a separate cost bond in the amount of $5,000 for each physician or health care provider named by the claimant in the action;

(2) place cash in an escrow account in the amount of $5,000 for each physician or health care provider named in the action; or

(3) file an expert report for each physician or health care provider with respect to whom a cost bond has not been filed and cash in lieu of the bond has not been deposited under Subdivision (1) or (2) of this subsection.

(b) If, as to a defendant physician or health care provider, an expert report, cost bond, or cash in lieu of bond has not been filed or deposited within the period specified by Subsection (a) or (h) of this section, the court, on the motion of the affected physician or health care provider, shall enter an order that:

(1) requires the filing of a $7,500 cost bond with respect to the physician or health care provider not later than the 21st day after the date of the order; and

(2) provides that if the claimant fails to comply with the order, the action shall be dismissed for want of prosecution with respect to the physician or health care provider, subject to reinstatement in accordance with the applicable rules of civil procedure and Subsection (c) of this section.

(c) Before a claim that has been dismissed under Subsection (b)(2) of this section may be reinstated, the claimant must pay the costs of court incurred by the defendant before the dismissal and file a $7,500 cost bond for each defendant physician or health care provider.

(d) Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

(e) If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:

(1) the reasonable attorney's fees and costs of court incurred by that defendant;

(2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and

(3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

(f) The court may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of this section for an additional 30 days.  Only one extension may be granted under this subsection.

(g) Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection.  A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

(h) The affected parties may agree to extend any time period specified in Subsection (a) or (d) of this section.  An agreement under this subsection is binding and shall be honored by the court if signed by the affected parties or their counsel and filed with the court.

(i) Notwithstanding any other provision of this section, a claimant may satisfy any requirement of this section for filing an expert report by filing reports of separate experts regarding different physicians or health care providers or regarding different issues arising from the conduct of a physician or health care provider, such as issues of liability and causation.  Nothing in this section shall be construed to mean that a single expert must address all liability and causation issues with respect to all physicians or health care providers or with respect to both liability and causation issues for a physician or health care provider.

(j) Nothing in this section shall be construed to require the filing of an expert report regarding any issue other than an issue relating to liability or causation.

(k) Notwithstanding any other law, an expert report filed under this section:

(1) is not admissible in evidence by a defendant;

(2) shall not be used in a deposition, trial, or other proceeding; and

(3) shall not be referred to by a defendant during the course of the action for any purpose.

(*l*) A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report in Subsection (r)(6) of this section.

(m) On the claimant's compliance with the requirements of Subsection (d) of this section:

(1) any cost bond filed or cash deposited in an escrow account by the claimant under this section shall be released;

(2) the claimant, the claimant's counsel, and any surety have no liability on the cost bond or cash deposit; and

(3) an execution shall not be issued on the cost bond or cash deposit.

(n) If a claimant nonsuits a health care liability claim against a physician or health care provider before filing a cost bond and seeks to refile the same or a similar health care liability claim against the physician or health care provider, the claimant shall file a $7,500 cost bond for each previously nonsuited physician or health care provider at the time of the filing of the health care liability claim. If the claimant fails to file the $7,500 cost bond for each physician or health care provider, on motion and hearing the court shall order the filing of the cost bond and the claimant shall pay the movant reasonable attorney's fees incurred in obtaining relief under this subsection.

(o) Notwithstanding any other provision of this section, a claimant who is proceeding without an attorney and who is unable to afford a cost bond or cash deposit may, in lieu of a cost bond or cash deposit, file an affidavit in the same form required for an affidavit in lieu of security for costs under the Texas Rules of Civil Procedure.

(p) In the event of a conflict between this section and another law, including a rule of procedure or court rule, this section controls to the extent of the conflict.

(q) Notwithstanding the provisions of Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this section. The district courts and statutory county courts in a county may not adopt local rules in conflict with this section.

(r) In this section:

(1) "Affected parties" means the claimant and the physician or health care provider who are directly affected by an act or agreement required or permitted by this section and does not include other parties to an action who are not directly affected by that particular act or agreement.

(2) "Claim" means a health care liability claim.

(3) "Claimant" means a party who files a pleading asserting a claim. All plaintiffs claiming to have sustained damages as the result of the bodily injury or death of a single person are considered to be a single claimant.

(4) "Defendant" means a physician or health care provider against whom a health care liability claim is asserted. The term includes a third-party defendant, cross-defendant, or counterdefendant.

(5) "Expert" means:

(A) with respect to a person giving opinion testimony regarding whether a physician departed from accepted standards of medical care, an expert qualified to testify under the requirements of Section 14.01(a) of this Act; or

(B) with respect to a person giving opinion testimony about a nonphysician health care provider, an expert who has knowledge of accepted standards of care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim.

(6) "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

**Art. 4590i.   Medical Liability and Insurance Improvement Act**

*Text of article effective until August 31, 2009*

### SUBCHAPTER N.   EXPERT WITNESSES

#### Qualification of Expert Witness in Suit Against Physician

Sec. 14.01.   (a) In a suit involving a health care liability claim against a physician for injury to or death of a patient, a person may qualify as an expert witness on the issue of whether the physician departed from accepted standards of medical care only if the person is a physician who:

(1) is practicing medicine at the time such testimony is given or was practicing medicine at the time the claim arose;

(2) has knowledge of accepted standards of medical care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim; and

(3) is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of medical care.

(b) For the purpose of this section, "practicing medicine" or "medical practice" includes, but is not limited to, training residents or students at an accredited school of medicine or osteopathy or serving as a consulting physician to other physicians who provide direct patient care, upon the request of such other physicians.

(c) In determining whether a witness is qualified on the basis of training or experience, the court shall consider whether, at the time the claim arose or at the time the testimony is given, the witness:

(1) is board certified or has other substantial training or experience in an area of medical practice relevant to the claim; and

(2) is actively practicing medicine in rendering medical care services relevant to the claim.

(d) The court shall apply the criteria specified in Subsections (a), (b), and (c) of this section in determining whether an expert is qualified to offer expert testimony on the issue of whether the physician departed from accepted standards of medical care, but may depart from those criteria if, under the circumstances, the court determines that there is a good reason to admit the expert's testimony.   The court shall state on the record the reason for admitting the testimony if the court departs from the criteria.

(e) A pretrial objection to the qualifications of a witness under this section must be made not later than the later of the 21st day after the date the objecting party receives a copy of the witness's curriculum vitae or the date of the witness's deposition.   If circumstances arise after the date on which the objection must be made that could not have been reasonably anticipated by a party before that date and that the party believes in good faith provide a basis for an objection to a witness's qualifications, and if an objection was not made previously, this subsection does not prevent the party from making an objection as soon as practicable under the circumstances.   The court shall conduct a hearing to determine whether the witness is qualified as soon as practicable after the filing of an objection and, if possible, before trial.   If the objecting party is unable to object in time for the hearing to be conducted before the trial, the hearing shall be conducted outside the presence of the jury.   This subsection does not prevent a party from examining or cross-examining a witness at trial about the witness's qualifications.

(f) This section does not prevent a physician who is a defendant from qualifying as an expert.

(g) In this section, "physician" means a person who is:

(1) licensed to practice medicine in the United States; or

(2) a graduate of a medical school accredited by the Liaison Committee on Medical Education or the American Osteopathic Association.

## INDEX OF AUTHORITY

**Cases**

*American Transitional Care Centers of Texas, Inc. v. Palacios,* 46 S.W. 3d 873 (Tex. 2001).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

*Baptist Memorial Hospital System v. Sampson*, 969 S.W. 2d 945 (Tex. 1998).

*Blan v. Ali,* 7 S.W.3d 741 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

*Bowie Memorial Hospital v. Wright,* 79 S.W. 3d 48 (Tex. 2002).

*Eastman Kodak v. Image Technical Servs., Inc., et. al.* 504 U.S. 451, (1992)

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

*Douglass v. United Auto Association*, 79 F.3d 1415 (5th Cir. 1996).

*Duff v. Yelin*, 751 S.W. 2d 175 (Tex. 1988).

*Gandara v. Novasad,* 752 S.W.2d 740 (Tex. App.—Corpus Christi 1988, no writ).

*Garza v. Levin*, 769 S.W. 2d 175 (Tex. App.- Corpus Christi 1989).

*Hall v. Tomball Nursing Center, Inc.,* 926 S.W.2d 617 (Tex. App.—Houston [14th Dist.] 1996, no pet.).

*Hilzendager v. Methodist Hospital*, 596 S.W.2d 284 (Tex. Civ. App.- Houston [1st Dist.] 1980, no writ).

*Kieswetter v. Central Pavilion Hospital,* 662 S.W.2d 24 (Tex. App.-Houston [1st Dist.] 1983, no writ).

*Lenger v. Physicians General Hospital*, 455 S.W. 2d 703 (Tex. 1970).

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

*Titotta v. Goodall,* 752 S.W. 2d 160 (Tex. App.—Houston [1st Dist.] 1983, no writ).

**Statute**

V.A.T.C.S Article 4590i §1.02 et. seq.

V.A.T.C.S Article 4590i §13.01 et. seq.

V.A.T.C.S. Article 4590i §14.01.

Tex. Occ. Code Ann. §105.001 (Vernon 2004).

Tex. Occ. Code Ann. §301.002 (Vernon 2004).

Tex. Occ. Code Ann. §301.151 (Vernon 2004).

Tex. Occ. Code Ann. §301.251 (Vernon 2004).

Tex. Occ. Code Ann. §301.553 (Vernon 2004).

Tex. Occ. Code Ann. §301.554 (Vernon 2004).

**Court Rules**

Federal Rules of Civil Procedure 56.