United States District Court
Southern District of Texas
FILED

JUN 22 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| VS. | § | |
| | § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER, JOAO DOVALE, M.D. | § | |
| AND STAT PHYSICIANS, P.A. | § | |

**PLAINTIFF'S SUR-REPLY TO THE REPLY OF DEFENDANT COLUMBIA
VALLEY HEALTHCARE SYSTEM, L.P. IN ITS
MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff Candelario DeLeon and files his Sur-reply to the Reply of Columbia Valley Healthcare System, L.P., which it filed in answer to Plaintiff's responses to its Motion to Dismiss and Motion for Summary Judgment, and in support thereof, respectfully shows as follows:

**A.  THE TESTIMONY OF DR. SLATER CONSTITUTES CLEAR, UNCONTROVERTED EVIDENCE THAT EMPLOYEES AND/OR AGENTS OF VALLEY REGIONAL MEDICAL CENTER WERE NEGLIGENT.**

1. The Federal Rules -- and not Texas Article 4590i § 13.01 -- govern procedural requirements, such as the filing of experts' reports. Because Plaintiff has complied with Federal procedural rules, Defendant's Motion to Dismiss, premised on the Texas procedural provision, should be denied in all respects. Further, Defendant's representation that Dr. Slater "has never expressed opinions critical of [Valley Regional Medical Center] is categorically false. Dr. Slater testified unequivocally that Plaintiff's injuries and damages would not have been as severe if he had received appropriate care when he first presented to Valley Regional Hospital on December 24. See Exh. G - depo of Jeremy Slater, M.D. at 16:9 -17:13. Based on this evidence, Plaintiff urges the Court to deny

Defendant's Motion to Dismiss. In the alternative, should the Court conclude that the State's medical malpractice procedural statutes are applicable in this case, Plaintiff respectfully requests that the Court identify the specific insufficiency in Plaintiff's reports and in accordance with Article 4590i § 13.01 (g), grant Plaintiff with a grace period of thirty (30) days in which to supplement any purported deficiencies.

**B.  DR. PETERS' REPORT AND TESTIMONY THAT EMPLOYEES AND/OR AGENTS OF VALLEY REGIONAL MEDICAL CENTER WERE NEGLIGENT CONSTITUTES EVIDENCE WHICH PRECLUDES DISMISSAL.**

2.  Dr. Peters' has stated "the care for Mr. De Leon fell substantially below standards of care several times by various caretakers. Most notable was the care he received in the Emergency Department at Columbia Valley Regional Medical Center." Rept. of Dr. Peters, Ex. 1 to Plf.'s Resp., 2. Again, Defendants' assertion that Dr. Peters "has not expressed criticisms of this Defendant" is utterly false. In fact, Dr. Peters has specifically states that the Defendant Hospital – specifically nurse Wright – were required by the standard of care to inform the ER physician of Plaintiff's verbal complaints of numbness from the neck down. Exh. F, Depo. of Dr. Peters, at 16. According to Dr. Peters, treatment by the hospital's staff fell below the standard of care when they failed to relay this critical information to the ER physician. *Id.* at 17. This breach of the standard of care by the agents/employees of the hospital was a contributing cause of Plaintiff's injuries and damages. *Id.* at 18. Further, as a licensed practicing physician Board Certified in Emergency Medicine, Dr. Peters is specifically qualified to criticize the care provided to Plaintiff by employees and/or Agents of Valley Regional Medical Center. Defendants' attempt to dismiss this entire case based upon a dubious attack of Dr. Peters' qualifications (see Reply, p.3) is improper and Defendant's Motion should be denied in all respects.

C.   **THE OPINIONS OF ZEFF ROSS, FACHE, ARE RELEVANT IN THIS CASE AND RELIABLE EXPERT TESTIMONY.**

3.   Ross, an expert in hospital administration, has opined that the Defendant Hospital failed to implement such policies and procedures as would have prevented Plaintiff's injuries. Ex. 3, p. 3. His testimony is relevant to the present proceedings and will be helpful to the jury in this case. Defendant's motion to dismiss this case based on any purported lack of qualifications by Mr. Ross is ill-placed and as such, the Motion should be denied in all respects.

D.   **DEFENDANT'S CONTENTION THAT PLAINTIFF'S HAVE FAILED TO PROPERLY DISCLOSE EXPERT TESTIMONY PURSUANT TO RULE 26 IS NOT A BASIS FOR DISMISSAL OF PLAINTIFF'S CASE AGAINST IT.**

4.   Defendant argues that the Plaintiff has failed to comply with Rule 26 by failing to "present experts and their reports." This statement is unfounded, as articulated in Plaintiff's Response to the Motion to Dismiss. Further, Plaintiff urges that a Motion to Dismiss is not the proper vehicle by which to challenge the adequacy of Plaintiff's discovery supplementation and prays the Court will deny Columbia Valley Healthcare System, L.P.'s Motion to Dismiss and for Sanctions.

5.   In conclusion, Defendant's Motion to Dismiss should be denied because Defendant's Motion relies entirely on state procedural rules governing medical expert reports that do not apply in federal court. Defendant's Motion attacks the qualifications and relevancy of experts, which is more properly addressed in a motion regarding the admissibility of such testimony and not a Motion to Dismiss. However, should the Court conclude that the State's medical malpractice procedural statutes are applicable in this case, Plaintiff contends that his reports satisfy the requirements of Article 4590i. Should the Court deem any such report deficient, Plaintiff respectfully requests that the Court identify the specific insufficiency in Plaintiff's reports and in accordance with Article 4590i

§ 13.01(g), grant Plaintiff with a grace period of thirty (30) days in which to supplement any purported deficiencies.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant, Columbia Valley Healthcare System, L.P.'s Motion to Dismiss be denied. Plaintiff further requests all other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**BRANTON & HALL, P.C.**
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
THOMAS A. CROSLEY
State Bar No. 00783902
S. Dist. Texas No. 15434
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No.20163

And

MICHAEL COWEN
State Bar No. 00795306
S. Dist. Texas No. 19967
Law Offices of Cowen & Bodden
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing has been served, via certified mail, return receipt requested, on this 21st day of June, 2004, to:

Steven Matthew Gonzalez
Mr. Gerald E. Castillo
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, TX 78503

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

 

_____
Thomas A. Crosley
Michael Cowen