Case 1:00-cv-00192   Document 131   Filed in TXSD on 08/06/2004   Page 1 of 5

131

United States District Court
Southern District
FILED

AUG 0 6 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-92 |
| | § | JURY DEMANDED |
| | § | |
| CITY OF BROWNSVILLE, | § | |
| TEXAS, ET AL | § | |

### DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., D/B/A VALLEY REGIONAL MEDICAL CENTER'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center, one of the Defendants in the above entitled and numbered cause, and before either trial or jury selection of this cause has begun, makes and presents this Motion in Limine, respectfully showing unto this Court as follows:

1.

Defendant moves this Court to instruct all counsel, the parties' witnesses and the parties to refrain from mentioning or divulging, directly or indirectly, the fact that this Defendant is or might possibly be covered by some form of liability insurance with respect to the incident in question for the reason that such fact is entirely immaterial to any issue in this cause, and any mention or inference thereof, directly or indirectly, will be extremely harmful and prejudicial to Defendant. Conde v. Starlight I, Inc., 103 F.3d 210, 214 (1st Cir. 1997); Savoie v. Otto Candles, Inc., 692 F.2d 363, 369 (5th Cir. 1982); Fed. R. Evid. 411.

2.

Defendant moves the Court to instruct all counsel to refrain from any comment or question to opposing counsel in the presence of the jury and to direct their remarks either to the witness being interrogated or to the Court.

3.

Defendant further moves the Court to instruct all counsel not to request the production of any portion of the file of any defense attorney in the presence of the jury.

4.

Defendant further moves the Court to instruct all counsel to make no request of parties' counsel for any stipulation or agreement in the presence of the jury.

5.

Defendant moves the Court to instruct all counsel to refrain from making sidebar remarks and remarks not addressed to the Court while opposing counsel is examining a witness, or arguing any question to the Court, or addressing the jury.

6.

Defendant further specifically moves the Court to instruct all counsel to refrain from offering evidence concerning, or referring in any way, to the size, wealth, profit, performance or any other indicate of economic status of either the Defendant or the Plaintiff as gross negligence or malice has not been alleged or testified to by any witness or expert and evidence indicating the difference in financial status of the parties is both inflammatory, and prejudicial. See Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996 (5th Cir. 1998); Whitehead v. Food Max of Mississippi, 163 F.3d 265 (5th Cir. 1998), appeal after remand 205 F.3d 1338 (5th Cir. 1999); First National Bank of Marshall v. Beavers, 619 S.W.2d 288 (Tex.Civ.App.--Texarkana, 1981, no writ); Mortgage

Company of America v. McCord, 466 S.W.2d 868 (Tex.Civ.App.--Houston [14th Dist.] 1971, writ ref'd n.r.e.); Wilmoth v. Limestone Products Co., 255 S.W.2d 532 (Tex.Civ.App.--Waco 1953, writ ref'd n.r.e.). Defendant further moves the Court to instruct all counsel not to make such reference or inference in jury arguments.

7.

Defendant further requests the Court to instruct all counsel not to make any comment or reference to the failure of this Defendant to call any witness until such time as all counsel has first approached the bench and obtained a ruling from the Court that the necessary legal prerequisite for such comment exists; to wit, that such witnesses are within the exclusive control of, or stood in some special relationship to this Defendant. Whitehead v. Food Max of Mississippi, 163 F.3d 265 (5th Cir. 1998), appeal after remand 205 F.3d 1338 (5th Cir. 1999); Brazos Graphics, Inc. v. Arvin Industries, Inc., 574 S.W.2d 240 (Tex.Civ.App.--Waco 1978, writ ref'd n.r.e.); Sanders v. St. Paul Fire and Marine Insurance Company, 429 S.W.2d 516 (Tex.Civ.App.--Texarkana, 1968, writ ref'd n.r.e.).

8.

Defendant moves the Court to instruct counsel for Plaintiff to refrain, during rebuttal or concluding argument, from making any argument that is not a reply to argument made by counsel for Defendant.

9.

Defendant moves the Court to instruct Plaintiff's counsel to refrain from offering claims and issues, exhibits and testimony of lay or expert witnesses not listed in the pre-trial order. See Elvis Presley Enterprises, Inc. v. Capece, 141 F.3d 188, 206 (5th Cir. 1998); Kona Tech Corp. v. Southern Pacific Transportation Co., 225 F.3d 595, 604 (5th Cir. 2000); R.M. R. v. Muscogue County School District, 165 F.3d 812, 818 (11th Cir. 1999).

Court ordered deadline for Plaintiff to designate his experts and list his opinions. Any new areas of opinions expressed after that time should be stricken.

14.

This Defendant would move that the Court strike the testimony of Plaintiff's expert Dr. Nick Peters as it relates to the standard of care of this Defendant as this expert is not qualified to testify as to the same. Fed. R. Evid. 702; Fed. R. Evid. 703; *Daubert* (*supra*) at 592-3; *Kumho* (*supra*) at 1171.

WHEREFORE, PREMISES CONSIDERED, Defendant moves the Court to order the parties and their counsel and parties witnesses not to make any mention, comment, question or answer concerning the above specific matters, and that in the event any parties counsel determines that developments during the trial have made any such matters admissible, that they first approach the bench and obtain a ruling from the Court out of the presence of the jury panel or jury with regards to any claims or theory of admissibility of such matters.

Respectfully submitted,

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
Michael Quintana
Fed. ID No. 33291
State Bar No. 24037314

*signed by Michael Qui with permission*
*Fed.I.D. No. 33291*
*S.B. # 24037314*

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the ____ day of August, 2004.

| | |
|---|---|
| Mr. Thomas Crosley<br>Branton & Hall, P.C.<br>One Riverwalk Place, Suite 1700<br>700 N. St. Mary's St.<br>San Antonio, Texas 78205 | **VIA CMRRR #7004 1160 0001 4082 7782** |
| Mr. Michael Cowen<br>Law Offices of Michael R. Cowen<br>520 E. Levee<br>Brownsville, Texas 78520 | **VIA CMRRR #7004 1160 0001 4082 7799** |
| Mr. Steven M. Gonzalez<br>Mr. Gerald Castillo<br>Gonzalez, Gaytan, Garza & Castillo, L.L.P<br>1317 E. Quebec Avenue<br>McAllen, Texas 78503 | **VIA REGULAR MAIL** |

William Gault

signed by Michael Quin with permission