IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| **CANDELARIO DE LEON** | § | |
| | § | |
| **VS.** | § | |
| | § | CIVIL ACTION NO. CV-B-00-92- |
| | § | JURY DEMANDED |
| | § | |
| **CITY OF BROWNSVILLE,** | § | |
| **TEXAS, ET AL** | § | |

## DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., D/B/A VALLEY REGIONAL MEDICAL CENTER'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERTS DR. SLATER, DR. PETERS AND ZEFF ROSS

Defendant, COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., D/B/A VALLEY REGIONAL MEDICAL CENTER (hereinafter referred to as "VRMC"), files this Motion under Federal Rule of Evidence 702 pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and the Texas Supreme Court opinions in E.I du Pont de Nemours & Co. v. Robinson, 923 S. W. 2d 549 (Tex. 1995) Merrill Dow Pharmaceuticals, Inc. v. Havner, 953 S. W. 2d 706 (Tex. 1997), Gammill v. Jack Williams Chevrolet, 972 S. W.2d 713 (Tex. 1998) to exclude opinion testimony of Plaintiff's experts Dr. Slater, Dr. Peters and Zeff Ross at the trial of this matter.

Plaintiff has designated Dr. Peters and Zeff Ross as experts with respect to VRMC's care of Plaintiff and the cause of his injuries made the basis of this lawsuit and plan to introduce testimony from them on the issues of standard of care for nurses and causation. Plaintiff has designated Dr. Slater on causation issues and as to Dr. Dovale's standard of care. VRMC requests this Court to conduct a preliminary hearing prior to voir dire examination to determine

if these witnesses are qualified to address these areas. Defendant moves to exclude the testimony of these witnesses.

## OVERVIEW OF DAUBERT/ROBINSON STANDARDS

In Robinson, 923 S.W.2d at 556, the Texas Supreme Court reviewed the Daubert opinion and set out three requirements for admissibility of expert opinion testimony. First, the witness must be qualified. Second, the proposed testimony must be reliable. Third, the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue. Id., See also Daubert, 509 U.S, at 592-94. The Texas Supreme Court, in Havner, reinforced and extended Robinson, holding that experts' bare opinions and magic words will not suffice, and that "there must be objective independent validation of the experts' methodology". Id. VRMC's challenge focuses on the first and second prongs of the tests.

## BURDEN ON THE QUESTION OF EXCLUSION

Once an objection to the admissibility of expert testimony has been lodged, the proponent of that testimony bears the burden of demonstrating its admissibility. Robinson, 923 S.W.2d at 557. Further, to meet the burden imposed, plaintiff will be required to produce at the hearing, objective independent validation of methodology. Havner, 953 S. W.2d at 712.

## FACTORS PLAINTIFF MUST SATISFY

With respect to the reliability inquiry, Robinson says that the Court should examine several factors:

- the extent to which the theory has or can be tested;
- the extent to which the technique relies upon a subjective interpretation;
- whether the theory has been subjected to peer review or publication;
- the technique's potential rate of error;

- whether the underlying theory or technique has been generally accepted as valid by the relevant scientific community;

- non-judicial uses which have been made of the theory or technique; and,

- any other factor which is helpful to determine the reliability of the scientific evidence.

Robinson, 923 S. W.2d at 557. The trial court also must determine whether the probative value of the proffered expert's testimony is outweighed by any danger of unfair prejudice, confusion or misleading the jury. Id. These standards apply to issues such as medical causation such as that offered by Dr. Slater, Dr. Peters and Zeff Ross in this case. See Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713 (Tex. 1998).

## APPLYING THE DAUBERT/ROBINSON/HAVNER FACTORS

### 1. Dr. Slater's Proffered Opinions are Not Reliable

Dr. Slater's testimony cannot satisfy the standard for reliability in Robinson, 923 S.W.2d at 557. Dr. Slater's opinions and conclusions are subjective, speculative and not medically reliable.

1. Dr. Slater's conclusions on causation are not scientifically reliable because the medical literature to support his opinion that the administration of steroids would have reduced Plaintiff's injuries is the subject of great debate in the medical community and there is no consensus to support that allegation and his opinion in his report that steroids could have eliminated the injuries has no basis whatsoever. (Deposition, pp. 42-46, 48, 52)

2. Dr. Slater's opinions on administering steroids and their benefit are outside his area of practice and he has no factual or medical basis for those opinions. (Deposition, pp. 46, 47)

3. Dr. Slater's conclusions on Dr. Dovale's standard of care are outside his area of practice and he has no medical or factual basis for his opinions. (Deposition, pp. 8, 10, 11, 51)

Dr. Slater's underlying scientific techniques and medical principles must be reliable. Scientific evidence which is not grounded in the methods and procedures of science is no more than subjective belief or unsupported speculation. Gammill, 972 S.W.2d at 720. Unreliable evidence is of no assistance to the trier of fact and is therefore inadmissible under Rule 702. Id. Applying the Daubert factors, it is clear that:

1. Dr. Slater's theories regarding causation are mere "ipsa dicit" and are without any relevant reliable scientific evidence that can be properly tested;

2. Dr. Slater's conclusions rely upon subjective interpretation, speculation and lack of corroborative testing;

3. Dr. Slater's theories on causation have not been subjected to peer review, nor, have they been published in any forum outside this lawsuit;

4. Dr. Slater has no documentation of his technique's potential rate of error;

5. Dr. Slater has no evidence that his opinions on causation have been generally accepted as valid by the relevant scientific community;

6. Dr. Slater has provided no evidence of non-judicial use of his opinions; and

7. Dr. Slater has not demonstrated other helpful factors to determine scientific reliability.

## 2. Dr. Peters' Proffered Opinions are Not Reliable

Dr. Peters' testimony cannot satisfy the standard for reliability in Robinson, 923 S.W.2d at 557. Dr. Peters' opinions and conclusions on VRMC's standard of care and causation are subjective, speculative and not reliable.

1. Dr. Peters' conclusions on VRMC's standard of care are not scientifically reliable because there is no medical or factual basis for his opinion that any act or omission of VRMC fell below the standard of care. (Deposition, pp. 131-133)

2. Dr. Peters' conclusions on VRMC's standard of care are admittedly not scientifically reliable because even Dr. Peters admits that he does not meet the minimum qualifications to express these opinions based upon the authoritative standards for expert testimony – the American Medical Association standards for expert testimony. (Deposition, pp. 190-191, 195-197)

3. Dr. Peters' conclusions on causation are not scientifically reliable because there is no medical or factual basis for his opinion because these opinions are outside his area of practice. (Deposition, pp. 37-40, 71-73)

4. Dr. Peters' conclusions on causation are not scientifically reliable because there is no causal connection between his criticisms and what was or should have been done in the treatment of this patient. (Dovale Deposition pp. 40, 41, 138, 147, 148)

5. Dr. Peters' conclusions on causation are not scientifically reliable because he admits that irrespective of the acts or omissions of the hospital, the ER doctor would still do an independent investigation of Plaintiff's medical condition. (Deposition, p. 100)

Dr. Peters' underlying scientific techniques and medical principles must be reliable. Scientific evidence which is not grounded in the methods and procedures of science is no more than subjective belief or unsupported speculation. Gammill, 972 S.W.2d at 720. Unreliable evidence is of no assistance to the trier of fact and is therefore inadmissible under Rule 702. Id. Applying the Daubert factors, it is clear that:

1. Dr. Peters' theories regarding causation and standard of care are mere "ipsa dicit" and are without any relevant reliable scientific evidence that can be properly tested;

2. Dr. Peters' conclusions rely upon subjective interpretation, speculation and lack of corroborative testing;

3. Dr. Peters' theories on causation and standard of care have not been subjected to peer review, nor, have they been published in any forum outside this lawsuit;

4. Dr. Peters has no documentation of his technique's potential rate of error;

5. Dr. Peters has no evidence that the underlying technique has been generally accepted as valid by the relevant scientific community;

6. Dr. Peters has provided no evidence of non-judicial use of his opinions; and

7. Dr. Peters has not demonstrated other helpful factors to determine scientific reliability.

### 3. Zeff Ross' Proffered Opinions are Not Reliable

Zeff Ross' testimony cannot satisfy the standard for reliability in Robinson, 923 S.W.2d at 557. Zeff Ross' opinions and conclusions are subjective, speculative and not reliable.

1. Zeff Ross is not a medical doctor, nurse or licensed treatment provider of any kind and his conclusions on causation are not scientifically reliable because there is no medical or factual basis for his opinion related to causation. He withdrew those opinions at his deposition and withdrew his affidavit testimony on causation that was filed to defeat this Defendant's first motion for summary judgment. (Deposition, pp. 99, 132-133)

2. Zeff Ross has no medical or factual basis for his conclusions on a nurse's standard of care. (Deposition, pp. 51-52, 97, 100, 101)

3. Zeff Ross' conclusions on whether VRMC violated its policies have no medical or factual basis because he had never reviewed those policies (Deposition, p. 99)

4. Zeff Ross' conclusions on VRMC's failure to call a "Trauma Code" have no factual basis and he withdrew those opinions at his deposition. (Deposition, p. 66)

Zeff Ross' underlying scientific techniques and medical principles must be reliable. Scientific evidence which is not grounded in the methods and procedures of science is no more

than subjective belief or unsupported speculation. Gammill, 972 S.W.2d at 720. Unreliable evidence is of no assistance to the trier of fact and is therefore inadmissible under Rule 702. Id. Applying the Daubert factors, it is clear that:

1. Zeff Ross' theories regarding causation and standard of care are mere "ipsa dicit" and are without any relevant reliable scientific evidence that can be properly tested;

2. Zeff Ross' conclusions rely upon subjective interpretation, speculation and lack of corroborative testing;

3. Zeff Ross' theories on causation and standard of care have not been subjected to peer review, nor, have they been published in any forum outside this lawsuit;

4. Zeff Ross has no documentation of his technique's potential rate of error;

5. Zeff Ross has no evidence that the underlying technique has been generally accepted as valid by the relevant scientific community;

6. Zeff Ross has provided no evidence of non-judicial use of his opinions; and

7. Zeff Ross has not demonstrated other helpful factors to determine scientific reliability.

### THESE WITNESSES' TESTIMONY SHOULD BE EXCLUDED REGARDING THE STANDARD OF CARE OF ANY OF THE HEALTH CARE PROVIDERS AND CAUSATION

The party offering the expert's testimony bears the burden of proof that the witness is qualified and has reliable opinions under FRE 702. Broders v. Heise, 924 &W.2cl 148, 151 (Tex. 1996); Boren v. Bullen, 972 SW2cl 863, 865 (Tex.App.-Corpus Christi 1998). Given the increasingly specialized and technical nature of medicine, there is no validity, if there ever was, to the notion that every licensed medical doctor or hospital administrator should be automatically qualified to testify as an expert on every medical question. Broders, 924 S. W.2d at 152; Boren, 972 S.W.2d at 865. The offering party must show that their expert has knowledge, skill,

experience, training, or education regarding the specific issue before the court which would qualify the expert to give an opinion on that particular subject. Broders, 924 S. W.2d at 153; Boren, 972 S.W.2d at 865.

## CONCLUSION AND PRAYER

Defendant COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., D/B/A VALLEY REGIONAL MEDICAL CENTER asks this Court to exclude Dr. Slater, Dr. Peters and Zeff Ross' opinion testimony on causation under Daubert, Robinson, Havner, 4590i, and Federal Rule of Evidence 702. Defendant COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., D/B/A VALLEY REGIONAL MEDICAL CENTER further requests all other relief to which it may be entitled.

Respectfully submitted,

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
Michael Quintana
Fed. ID No. 33291
State Bar No. 24037314
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 6th day of August, 2004.

| | |
|---|---|
| Thomas Crosley<br>Branton & Hall, P.C.<br>One Riverwalk Place, Suite 1700<br>700 N. St. Mary's St.<br>San Antonio, Texas 78205 | **VIA CMRRR #7004 1160 0001 4082 7768** |
| Mr. Michael Cowen<br>Law Offices of Michael R. Cowen<br>520 E. Levee<br>Brownsville, Texas 78520 | **VIA CMRRR #7004 1160 0001 4082 7775** |
| Steven M. Gonzalez<br>Gerald Castillo<br>Gonzalez, Gaytan, Garza & Castillo, L.L.P<br>1317 E. Quebec Avenue<br>McAllen, Texas 78503 | **VIA REGULAR MAIL** |

_____
William Gault