United States District Court
Southern District of Texas
FILED
SEP 1 7 2004
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| VS. | § | |
| | § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER, JOAO DOVALE, M.D. | § | |
| AND STAT PHYSICIANS, P.A. | § | |

## PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT'S "MOTION TO TAKE JUDICIAL NOTICE OF MEDICARE/MEDICAID REGULATIONS AND PLAINTIFF'S MEDICAL EXPENSES"

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff in the above-styled and numbered cause of action and files this his objection and response to the Motion to take Judicial Notice of Medicare/Medicaid Regulations and Plaintiff's Medical Expenses filed by COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER (hereinafter "Defendant") on August 6, 2004, and in support thereof would show the Court the following:

### JUDICIAL NOTICE OF MEDICARE/MEDICAID REGULATIONS AND PLAINTIFF'S MEDICAL EXPENSES IS INAPPROPRIATE

1. Under the procedural device of a motion to take judicial notice of Medicare/Medicaid Regulations, Defendant seeks to exclude evidence of any medical expense which Plaintiff did not "actually incur." *See Def.'s Mot.*, 6. However, a motion for judicial notice is entirely inappropriate as a vehicle to adjudicate such purported "facts." Judicial notice of adjudicative facts is appropriate only when the issue is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination

by resort to sources whose accuracy can not reasonably be questioned." FED. R. EVID. 201. Plaintiff vehemently disputes Defendant's characterization of what Plaintiff must prove to support a judgment for past medical expenses, as articulated below, and urges that a factual adjudication of Medicaid/Medicare's interest in Plaintiff's past medical expenses is improper. Adjudicative facts are "facts that normally go to the jury in a jury case." *See Qualley v. Clo-Tex Int'l, Inc.*, 212 F.3d 1123, 1128 (8th Cir. 2000). In the present case, the issue of collateral payments of past medical expenses by Medicare/Medicaid is not within the purview of the jury. *See Trico Marine Assets Inc. v. Diamond B Marine Services Inc.*, 332 F.3d 779, 794 n. 7 (5th Cir. 2003)("[T]he collateral source rule operates to exclude evidence of collateral benefits because it may unfairly prejudice the jury."). Accordingly, judicial notice of Medicaid/Medicare's regulations and of Plaintiff's medical expenses is entirely inappropriate and Defendant's motion should be denied in all respects.

### DEFENDANT'S MOTION RUNS AFOUL OF THE COLLATERAL SOURCE RULE

2.      Plaintiff has received considerable medical care since the alleged acts of negligence on the part of Defendant. The cost of this care in the past exceeds $260,000.00. As articulated in Plaintiff's most recent complaint, Plaintiff seeks to recover as an element of damages these past medical expenses. As required, Plaintiff intends to prove at trial that these amounts are reasonable and the treatment was made necessary by Plaintiff's injuries. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004)("Under Texas law, a claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary"). But Defendant points out that Medicare or Medicaid has paid many of Plaintiff's medical bills; and Defendant argues that it should receive credit for the amounts paid by Medicare or Medicaid. Specifically, Defendant argues that "The Plaintiff should not be allowed to put on evidence of

expenses over and above those actually incurred by him . . ." *See Def.'s Mot.*, 6. This runs afoul of the Collateral Source Rule. The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor. *Phillips v. Western Co. of North America*, 953 F.2d 923, 930 (5th Cir.1992); see also James L. Branton, The Collateral Source Rule, 18 St. mary's L. J. 3, 883 (1987)(explaining that as a rule of damages, the Collateral Source Rule "precludes the defendant from offsetting the judgment against any receipt of collateral sources by the plaintiff" and the underlying philosophy behind the rule). The liability of tortfeasors should not be excused or reduced simply because other sources of compensation are available. *Quinones v. Pennsylvania Gen. Ins. Co.*, 804 F.2d 1167, 1171 (10th Cir.1986). Permitting tortfeasors to set-off compensation available to plaintiffs from collateral sources would allow them to escape bearing the costs of their own conduct. *Davis v. Odeco*, 18 F.3d 1237, 1244 (5th Cir. 1994). As a matter of policy, the law allows the injured party, rather than the tortfeasor, the windfall, if any, created by the collateral source payment. RESTATEMENT (2D) OF TORTS § 920A. As is noted below, in the present case no such "windfall" could be reasonably anticipated in this case, as Medicare and/or Medicaid retain a lien on any recovery by Mr. De Leon.

  3. Medicare and/or Medicaid payments fall within the Collateral Source Rule and Defendant is not entitled to take a credit for them. *See In the Matter of Gulf Pride Marine Service Inc.*, No. 96-1104, 1997 WL 118394, *10 (E.D. La. 1997)(Findings of Fact and Conclusions of Law stating "the Medicare/Medicaid payments fall within the collateral source rule and the defendant is not entitled to take a credit for them."). In *Gulf Pride*, the court noted that Medicaid had the right and obligation to seek recovery of these expenses so it is likely that the payment will not be a

windfall to the plaintiff. *Id.* The court referenced Medicaid Regulations, 42 CFR 433.135 *et seq.* and recognized that other involved health care providers either have or will likely assert similar liens. *Id.* at n. 6. The same is true in the present case. Because Medicare/Medicaid payments fall within the Collateral Source Rule and Defendant is not entitled to take a credit for such payments, Defendant's Motion to take Judicial Notice of Medicare/Medicaid Regulations and Plaintiff's Medical Expenses should be denied in all respects.

WHEREFORE, Plaintiff prays that the Court deny Defendant's Motion to take Judicial Notice of Medicare/Medicaid Regulations and Plaintiff's Medical Expenses and that he recover all other relief to which he may be justly entitled.

Respectfully submitted,

By: _____
THOMAS A. CROSLEY
Attorney-in-Charge
State Bar No. 00783902
S. Dist. Texas No. 15434
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

Of Counsel:

**BRANTON & HALL, P.C.**
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No.20163
SONIA M. RODRIGUEZ
State Bar No. 24008466
S. Dist. Texas No. 29199

And

MICHAEL COWEN
State Bar No. 00795306
S. Dist. Texas No. 19967
**LAW OFFICES OF COWEN & BODDEN**
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been served, via certified mail, return receipt requested, on this 16 day of September, 2004, to:

Mr. William Gault
Mr. Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

_____
JAMES L. BRANTON

G:\WPFILES\FILES.CLT\D\DEL9827\PLEAD\resp-judicialnotice.wpd