IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern [...] of Texas
[...]

SE[...] 2 [...] 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | **CIVIL ACTION NO. CV-B-00-92** |
| | § | **JURY DEMANDED** |
| | § | |
| CITY OF BROWNSVILLE, ET. AL. | § | |

**DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A
VALLEY REGIONAL MEDICAL CENTER'S AMENDED MOTION TO TAKE
JUDICIAL NOTICE OF MEDICARE/MEDICAID REGULATIONS AND
PLAINTIFF'S MEDICAL EXPENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical

Center, one of the Defendants in the above entitled and numbered cause, and makes and files this, its

Amended Motion to Take Judicial Notice of Medicare/Medicaid Regulations and Plaintiff's Medical

Expenses and in support of this Motion would show the Court as follows:

I.

**Procedural Background**

This is a case of alleged medical negligence arising out of the care and treatment of the

Plaintiff by Co-Defendant Dr. Joao Dovale upon Plaintiff's presentation to the emergency

department at Valley Regional Medical Center following an automobile accident.

Plaintiff initially alleged civil rights violations against the City of Brownsville but those were

dismissed by this Court on January 10, 2002 and the case proceeded against the other Defendants.

Defendant Valley Regional Medical Center by and through its undersigned counsel denied

Plaintiff's allegations of negligence and files this motion as required by the Federal Rules of

Evidence and the Federal Rules of Civil Procedure.

II.

## Factual Background

Plaintiff Candelario De Leon presented to the emergency room of Valley Regional Medical Center on December 24, 1998 following an automobile accident. He was transported to the emergency department at Valley Regional Medical Center by Brownsville Emergency Medical Services and was accompanied by officers from Brownsville Police Department. Plaintiff was treated and released and thereafter transported to Brownsville City jail charged with driving while intoxicated. He initially claimed abuse at the hands of Brownsville Police Officers and was taken to Brownsville Medical Center.

Plaintiff's deposition was taken on December 10, 2001. Excerpts of this deposition are attached and marked as Exhibit "A". He is currently residing at Valley Grande Manor and receives $758.00 in social security. Medicaid and Social Security pay his expenses. See Exhibit "A", p. 119 L. 1-25. The Plaintiff continues to be a Medicare and Medicaid patient and no discovery to date shows that the Plaintiff has sought goods or services from health care providers who do not participate in the Medicaid program.

Additionally, Plaintiff states he is also receiving Medicare. Attached hereto and marked as Exhibit "B" are the Plaintiff's Responses to Defendant's Written Interrogatories. See Responses to Written Interrogatory No. 15. Attached also are the Plaintiff's Supplemental Responses to Requests for Disclosure with copies of Plaintiff's medical bills produced pursuant to depositions on written questions and marked as Exhibit "C". The Court will note each medical provider reflects Plaintiff is a Medicaid recipient.

III.

## Applicable Law

Defendant through this request asks that the Court take judicial notice of the federal

regulations and State and federal laws concerning Medicare and Medicaid reimbursement in connection with its affirmative defenses and Plaintiff's damage claims.

Since this is a health care liability claim, it is a cause of action against a health care provider for claimed departures from accepted standards of medical care. As such, it provides for "damages awarded on a health care liability claim for the expenses of necessary medical, hospital, and custodial care received before judgment or required in the future for treatment of the injury." TEX. REM. CIV. STAT Article 4590i Section 11.02(b).

Medicaid is the nation's largest health insurance program and covers people 65 years of age and older. Medicare consists of Part A and B benefits. Medicare Part A covers inpatient care in hospitals and skilled nursing facilities. Medicare Part B covers doctor's services and outpatient hospital care and services Part A does not cover. Medicare Part B has a deductible which is paid by Medicaid. Attached as Exhibit "D" are portions of the statutes implementing the Medicaid program in the State of Texas. According to the testimony of the Plaintiff, a portion of his medical bills were paid for by Medicare and Medicaid. (Exhibits "A", "B" and "C").

The Texas Human Resources Code §32.003 *et. seq.* allows for payment of co-insurance and deductibles for patients who qualify for Medicaid who are otherwise Medicare beneficiaries. The Board of the Texas Health and Human Services Commission operates the State Medical Assistance Program. The State sets certain fees, charges and rates for professional services provided by health care providers. Attached hereto and incorporated herein and marked as Exhibit "D" are the appropriate portions of the Texas Human Resources Code. State law requires that patients who are eligible for both Medicare and Medicaid coverage must exhaust their Medicare coverage first before seeking into any Medicaid benefits that are available.

Defendant asks the Court to take judicial notice of subpart B of title 42 of the Code of Federal Regulations, Chapter IV, specifically 42 C.F.R. §489.20 (2003) concerning federal

regulations governing health care providers who care for Medicare patients and participate in the Medicare program. Section 489.20 states that a provider who participates in the Medicare program agrees to limit its charges to beneficiaries and other individuals in accordance with applicable federal regulations and specifically requires that a provider agree not to charge a beneficiary, like Candelario De Leon, for any services for which the beneficiary is entitled to have payment made under Medicare. See Exhibit "E". Also see Exhibit "F" on provider agreements in Section 489.1 *et. seq.*

Medicare regulations specify certain allowable charges that can be charged to a patient like Mr. De Leon and prohibit a provider from charging Medicare patients for any health care services in excess of certain allowable deductibles and co-insurance. See Exhibit "E", (42 C.F.R. §§ 489.21, 489.30 (2003)). Since the Plaintiff is also receiving Medicaid, he does not pay any out of pocket expenses in the form of a co-payment or a deductible. Because the Plaintiff is a Medicaid patient, he does not incur any expenses over and above those covered by Medicare and as such is not entitled and should not be entitled to claim monetary damages in any amounts over and above those specifically provided for by federal law. All health care providers participating in the Medicare and Medicaid programs by law are prohibited from charging more than Medicare law allows. The Plaintiff is not entitled to seek damages for expenses he never incurred.

IV.

### **Argument & Authorities**

The Court has the authority to take judicial notice of facts. See Federal Rules of Evidence 201(b). Rule 201(b) permits the Court to take judicial notice of facts that are not subject to reasonable dispute if the facts are either : (1) generally known within the territorial jurisdiction of the trial Court; or (2) capable of accurate and ready determination by resorting to sources whose accuracy may not reasonably be questioned. <u>Kenneth Dairies, Inc. v. J.C. Farrow</u>, 580 F.2d 1260

(5th Cir. 1978); <u>Colonial Leasing Co. of New England v. Logistics Control Group</u>, 762 F.2d 454 (5th Cir. 1985). The Court must take judicial notice of a fact if a party properly requests the Court to take judicial notice and supplies the Court with the necessary information. <u>Toth v. Grand Trunk R.R.</u>, 306 F.3d 335, 349 (6th Cir. 2002)(holding refusal to take judicial notice to be reviewed on an abuse of discretion standard). This Defendant has attached as exhibits the necessary information for the Court to take judicial notice of the requested facts. If a party makes a timely request, the party is entitled to a hearing on the propriety of taking judicial notice and the tenor of the matter noticed. Fed. R. Evid. 201(b). This Defendant asks that the Court hold a hearing on this motion prior to entering any final judgment in this cause.

This Court should note the applicable Medicare regulations contained in the Code of Federal Regulations as well as pertinent State laws relating to the administration of the State Medicaid Program. While it might not be necessary for a reviewing Court to judicially note federal regulations brought to a Court's attention after a trial, Valley Regional Medical Center is bringing the Medicare regulations and State statutes to this Court's attention well in advance of trial. Fed. R. Evid. 201 (f) provides judicial notice may be taken at any stage of the proceeding.

Plaintiff should be precluded from recovering what amounts to an expense he never incurred and that he never owed. The Plaintiff never owed and never could owe any amounts over and above those allowed by Medicare for his condition and associated treatment under federal law. All accredited Medicare program providers agree, prior to providing any care for a Medicare and Medicaid patient, to limit their charges to beneficiaries.

When the patient is a Medicare and Medicaid beneficiary, the patient does not incur any expenses over and above those allowed for by State and federal health care programs. The Plaintiff should not be allowed to put on evidence of expenses over and above those actually incurred by him because federal and State law mandates what charges health care providers could charge the

government and accept from the government before they encountered the Plaintiff.

## V.

## Conditional Supplemental Request for Disclosure

Defendant moves this Court to require the Plaintiff to state his actual out of pocket medical expenses as opposed to actual amounts paid by Medicaid/Medicare.

## VI.

## Prayer

For the above reasons Defendant Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center requests that the Court set this matter for a hearing and after hearing take judicial notice of the testimony of the Plaintiff and applicable federal regulations and State laws attached as Exhibits and that the Court limit the Plaintiff to presenting damage evidence to those expenses actually incurred and paid on his behalf in accordance with State and federal laws.

Respectfully submitted,

By: _____
    William Gault
    Federal I.D. No. 14685
    State Bar No. 07765050
    Michael Quintana
    Fed. ID No. 33291
    State Bar No. 24037314

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 22nd day of September, 2004.

Mr. Thomas Crosley                    **VIA CMRRR #7002 0460 0000 6426 4658**
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Mr. Michael Cowen                     **VIA CMRRR #7002 0460 0000 6426 4665**
Law Offices of Michael R. Cowen
520 E. Levee
Brownsville, Texas 78520

_____
Michael Quintana

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CANDELARIO DE LEON,      ) (
     Plaintiff      ) (
             ) (
VS.      ) ( CIVIL ACTION NO. CV-B-00-192
             ) ( JURY DEMANDED
CITY OF BROWNSVILLE,      ) (
TEXAS, ET AL.,      ) (
     Defendants      ) (

---

ORAL DEPOSITION OF
CANDELARIO DE LEON
DECEMBER 10, 2001

---

# ORIGINAL

ORAL DEPOSITION OF CANDELARIO DE LEON, produced
as a witness at the instance of the DEFENDANTS COLUMBIA
VALLEY HEALTHCARE SYSTEMS, L.P. D/B/A VALLEY REGIONAL
MEDICAL CENTER AND HCA - THE HEALTHCARE COMPANY, taken
in the above styled and numbered cause on DECEMBER 10,
2001, reported by RHONDA A. MARTIN, Certified Court
Reporter No. 4297, in and for the State of Texas, at
the Valley Grande Manor, 901 Wild Rose Lane,
Brownsville, Texas, pursuant to the Federal Rules of
Civil Procedure.



BRYANT & STINGLEY, INC.
McAllen     Harlingen     Brownsville
(956)618-2366  (956)428-0755  (956)542-1020

2

## APPEARANCES

COUNSEL FOR PLAINTIFF:

    CAROL P. LOMAX
    BRANTON & HALL, P.C.
    One Riverwalk Place, Suite 1700
    700 North St. Mary's Street
    San Antonio, Texas 78205


COUNSEL FOR DEFENDANTS COLUMBIA VALLEY HEALTHCARE
SYSTEMS, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER
AND HCA - THE HEALTHCARE COMPANY:

    THOMAS SULLIVAN
    BRIN & BRIN, P.C.
    1325 Palm Boulevard, Suite A
    Brownsville, Texas 78520


COUNSEL FOR DEFENDANTS JOAO DOVALE, M.D. and STAT
PHYSICIANS, P.A.:

    ALFRED M. CASILLAS
    UZICK & ONCKEN, P.C.
    One Fountainhead
    8200 I-10 West, Suite 208
    San Antonio, Texas 78230


COUNSEL FOR DEFENDANTS CITY OF BROWNSVILLE, BENIGNO
REYNA, ANDRE TORRES, JR., and ALEX ORTIZ:

    RYAN S. HENRY
    WILLETTE & GUERRA, L.L.P.
    International Plaza
    3505 Boca Chica Boulevard, Suite 460
    Brownsville, Texas 78521


ALSO PRESENT:

    Cecilia Caso, Interpreter
    Mario A. De Leon

## INDEX

|  |  | PAGE |
|---|---|---|
| Appearances ....................................... | | 2 |

CANDELARIO DE LEON
Examination by Mr. Sullivan ...................... 4
Examination by Mr. Casillas ..................... 106
Examination by Mr. Henry ........................ 133
Examination by Mr. Sullivan ..................... 136
Examination by Mr. Casillas ..................... 138

Errata Sheet/Signature Page .................... 139

Reporter's Certificate ......................... 140

Attached to the end of the transcript:  Stipulations

## EXHIBITS

| NUMBER | DESCRIPTION | PAGE IDEN. |
|---|---|---|
| (No Exhibits Marked) | | |

### REQUESTED DOCUMENTS/INFORMATION

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Request for tax returns ................ | 17 |
| 2 | Request for consent of information (Social Security Administration) ........ | 17 |
| 3 | Release of information (unemployment commission) ............................ | 19 |
| 4 | Release of information (workers' compensation) ........................... | 44 |
| 5 | Blanco's last name and telephone number . | 131 |
| 6 | City where Mary Garza resides .......... | 137 |

21:20  1           MR. SULLIVAN:  Do you want to have one

21:20  2  objection for all defendants?

21:22  3           MS. LOMAX:  Yes.

4              CANDELARIO DE LEON,

5  having been duly sworn, testified through the duly

6  sworn interpreter, as follows:

7              EXAMINATION

8  BY MR. SULLIVAN:

:21:24  9    Q.  Okay.  Mr. De Leon, my name is Thomas Sullivan,

:21:27 10  and I represent Valley Regional.  Mr. De Leon, I

:21:39 11  noticed when you came in, from time to time your

:21:41 12  counsel would speak to you in English, and I understand

44 13  that perhaps you may understand a little bit of

:21:46 14  English, but I would ask you, please, to wait until the

:21:49 15  interpreter has finished so that -- before you answer

:21:52 16  the question.  Okay?

:22:10 17    A.  I agree.

:22:10 18    Q.  And your counsel also told me that you have

:22:12 19  taken some pain medication this morning; is that

:22:16 20  correct?

:22:24 21    A.  Yes, it's true.

:22:24 22    Q.  Does that medication prevent you from

:22:27 23  understanding the questions that we ask?

:22:36 24    A.  I don't think that will interfere.

39 25    Q.  Okay.  Will that medication make your questions

15:01:58   1    lift heavy things.

15:02:05   2        Q.  Are you -- I'm sorry.  Go ahead.

15:02:09   3        A.  I have tried to press my hand, but I can't.  It

15:02:16   4    hurts, all this part here.  Kind of -- it stretches.  I

15:02:20   5    can feel this hand too, but it's stronger here.

15:02:26   6        Q.  Okay.  So you have greater strength and

15:02:29   7    flexibility in your left hand; is that correct?

15:02:34   8        A.  Yes.

15:02:35   9        Q.  And would you say the strength and flexibility

15:02:39  10    that you have on your right hand is the same that you

15:02:42  11    had prior to the accident?

15:02:53  12        A.  No.

15:02:53  13        Q.  So you are able to make a fist with your left

15:02:56  14    hand, correct?

15:03:00  15            MS. LOMAX:  Are we confused on which hand

15:03:02  16    we're talking about here?

15:03:03  17            MR. CASILLAS:  I thought he was motioning

15:03:06  18    to the right hand with the glove being weak.

15:03:08  19        A.  No.  This is right.  This is left.

15:03:11  20        Q.  Right.  The left hand is stronger than the

15:03:14  21    right, right?

15:03:21  22        A.  Yes.

15:03:21  23        Q.  Are you receiving physical therapy for the

15:03:24  24    right hand?

15:03:30  25        A.  Medicaid for 90 days, and after the 90 days, if

15:03:41  1    it continues to progress, they continue giving it to

15:03:48  2    you, and if not, they stop it and you have to do

15:03:55  3    whatever possible you can do.

15:03:57  4        Q.  Are you still receiving rehabilitation through

15:04:00  5    Medicaid?

15:04:06  6        A.  No.

15:04:07  7        Q.  When did you last receive rehabilitation in

15:04:11  8    your right hand?

15:04:21  9        A.  About two years ago, a year and a half ago.

15:04:29 10        Q.  Are you aware of any videotapes or photographs

15:04:32 11    being taken of you in the hospital in 1998 or 1999?

15:04:55 12        A.  No, I don't remember.

15:04:57 13        Q.  Do you know who Dr. Dovale is?

15:05:02 14        A.  No.

15:05:03 15        Q.  So you don't have any idea what kind of care

15:05:06 16    Dr. Dovale provided to you?

15:05:16 17        A.  No.

15:05:16 18        Q.  And as we sit here today, you can't tell me

15:05:18 19    what you believe Dr. Dovale did wrong, if anything?

15:05:31 20        A.  No.

15:05:33 21        Q.  So I also take your responses to mean that

15:05:37 22    you've never sent Dr. Dovale any type of letters, is

15:05:49 23    that correct, other than a notice letter from your

15:05:55 24    lawyer?

15:05:58 25        A.  No.  I haven't sent anything.  She did.

BRYANT & STINGLEY, INC.
McAllen           Harlingen         Brownsville
(956)618-2366    (956)428-0755    (956)542-1020



15:23:13   1      Q.   How is the cost of the nursing home being paid?

15:23:23   2      A.   Medicaid pays and my Social Security check.

15:23:35   3      Q.   Do you have to pay any of the costs out of your

15:23:38   4   own pocket?

15:23:46   5      A.   Such as my clothes, my toothpaste, my shampoo,

15:23:54   6   my soap.

15:23:55   7      Q.   What about your children or other family

15:23:59   8   members?  Have they had to pay any of the costs of your

15:24:03   9   nursing home?

15:24:09  10      A.   No.

15:24:12  11      Q.   The Social Security check that you receive

15:24:15  12   every month, how much is that?

15:24:24  13      A.   858.

15:24:27  14      Q.   And have you received approximately that sum

15:24:31  15   since the accident in December of 1998?

15:24:45  16      A.   It took me some time to be able to qualify for

15:24:50  17   that.  I have been receiving it only for a year and

15:25:01  18   some months.

15:25:02  19      Q.   Okay.  Can you tell me the month that you first

15:25:03  20   started receiving the Social Security payments?

15:25:13  21      A.   No.

15:25:13  22      Q.   But it was about a year and a couple of months

15:25:16  23   after the accident?

15:25:23  24      A.   It could be.  As I said, here in this place,

15:25:30  25   you lose control of the years and of the days.

# ERRATA SHEET/SIGNATURE PAGE

PAGE LINE   CHANGE                                    REASON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

BRYANT & STINGLEY, INC.
RECEIVED
1-14-02
DATE

   I, CANDELARIO DE LEON, have read the foregoing
transcript and hereby affix my signature that same is
true and correct, except as noted above.

X _____ de Leon  witness to his mark
CANDELARIO DE LEON

THE STATE OF TEXAS

COUNTY OF HIDALGO

            SUBSCRIBED AND SWORN TO BEFORE ME, the

undersigned authority on this the ___10th___ day of

_____, 2002.

                              _____
                              Notary Public in and for
                              The State of Texas

MARY GARCIA
NOTARY PUBLIC
STATE OF TEXAS
EXP. AUG. 27, 2005

BRYANT & STINGLEY, INC.
McAllen             Harlingen           Brownsville
(956)618-2366    (956)428-0755    (956)542-1020

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CANDELARIO DE LEON,          )(
          Plaintiff          )(
                             )(
VS.                          )( CIVIL ACTION NO. CV-B-00-192
                             )( JURY DEMANDED
CITY OF BROWNSVILLE,         )(
TEXAS, ET AL.,               )(
          Defendants         )(

REPORTER'S CERTIFICATION

I, RHONDA A. MARTIN, Certified Court Reporter, certify that the witness, CANDELARIO DE LEON, was duly sworn by me, and that the deposition is a true and correct record of the testimony given by the witness on DECEMBER 10, 2001; that the deposition was reported by me in stenograph and was subsequently transcribed by me or under my supervision.

I FURTHER CERTIFY that I am not a relative, employee, attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, nor am I financially interested in the action.

WITNESS MY HAND on this the *21st* day of *December,* 2001.

RHONDA A. MARTIN, Texas CSR 4297
Expiration Date:  12-31-01
Bryant & Stingley, Inc.
2010 East Harrison
Harlingen, Texas 78550
(956)428-0755

BRYANT & STINGLEY, INC.
McAllen          Harlingen          Brownsville
(956)618-2366    (956)428-0755    (956)542-1020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON, | § | COMPLAINT FOR DAMAGES FOR VIOLATIONS |
| | § | OF CIVIL RIGHTS UNDER COLOR OF STATE |
| Plaintiff, | § | LAW (42 U.S.C. §§ 1983) |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | |
| CITY OF BROWNSVILLE, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER'S INTERROGATORIES

TO:   COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER, by and through their attorneys of record, William Gault and Paul Fourt, BRIN & BRIN, P.C., 1235Palm Blvd., Suite A, Brownsville, Texas 78520

COMES NOW Plaintiff CANDELARIO DE LEON and  pursuant to FED. R. CIV. P. 33,

serves the following Answers to Interrogatories propounded by Defendant, COLUMBIA VALLEY

HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER.

Respectfully submitted,

By:_____
     CAROL P. LOMAX
     State Bar No. 12509100
     Federal I.D. No. 13464
     BRANTON & HALL, P.C.
     One Riverwalk Place, Suite 1700
     700 North St. Mary's Street
     San Antonio, Texas 78205
     (210) 224-4474
     (210) 224-1928 (Fax)

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded by certified mail return receipt requested, on this _22nd_ day of _June_, 2001, to:

**REGULAR MAIL**        Ryan Henry
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
Brownsville, Texas 78521

ATTORNEYS FOR DEFENDANTS,
CITY OF BROWNSVILLE AND
CHIEF OF POLICE, BENINGO REYNA


**REGULAR MAIL**        Tyler Scheuerman
UZICK & ONCKEN, P.C.
8200 IH 10 West, Suite 208
San Antonio, Texas 78230

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.


**CERTIFIED MAIL**        William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER AND
HCA-THE HEALTHCARE COMPANY

CAROL P. LOMAX

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please state your name, address, phone number, date of birth, social security number, drivers license number and state of issuance.

### ANSWER:

| | |
|---|---|
| Name: | Candelario Valentin De Leon |
| Address: | Valley Grande Manor Nursing Home |
| | 901 Wild Rose Lane |
| | Brownsville, Texas 78520 |
| Phone: | (956) 546-4568 |
| DOB: | June 15, 1941 |
| SS#: | 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 |
| TDL#: | 11804985 - issued by State of Texas, now expired |

### INTERROGATORY NO. 2:

State your specific legal contentions as to how this Defendant is liable to Plaintiff and the factual basis for those claims.

### ANSWER:

Plaintiff objects to Interrogatory No. 2 to the extent that this interrogatory asks the Plaintiff to express legal conclusions and contentions. Without waiving this objection, Defendant held itself out to the community in general, and to Plaintiff to have competent healthcare providers and adequate facilities. Defendant hospital represented that its employees were its agents and thereby caused Plaintiff to justifiably rely upon their care and skills. Defendant is liable to Plaintiff for the harm caused by the lack of care or skill of its employees appearing to be servants or agents. Defendant hospital created the appearance that the employees were agents of the hospital and would provide medical care. Defendant represented that its medical care providers were skilled, competent and duly licensed to provide medical care, creating agency by estoppel.

Defendant hospital is vicariously liable for the negligent acts of its employees who were acting in the course and scope of their employment at the time of subject incident. Defendant exerted actual control and authority as well as the right to control the activities of its employees.

Defendant, by and through its actual and ostensible agents, employees, vice principals and borrowed servants and independent contractors, failed to provide the care that a prudent hospital of the same or similar level would provide. Defendant failed to ensure a neurological examination was performed on Candelario De Leon at the time of his arrival to the hospital, despite his informing the physician that he could not feel his arms and legs and could not stand. Defendant, by and through

-3-

its employees and borrowed servants, failed to follow appropriate policies and procedures with regard to the assessment and treatment of emergency room patients presenting with circumstances and complaints strongly suggestive of the necessity to assess a possible spinal cord injury. Defendant, by and through its agents, employees and borrowed servants, failed to provide appropriate personnel to carry out the policies and procedures of the emergency room. Defendant failed to provide adequate care and treatment to Plaintiff, causing him to sustain serious, debilitating injuries, resulting in Plaintiff remaining a quadriplegic for the remainder of his lifetime.

Please also refer to Plaintiff's pleadings on file herein.

**INTERROGATORY NO. 3:**

State the specific legal contentions as to how this Defendant claimed liability proximately caused any injuries and the factual basis for those claims.

**ANSWER:**

See objection and Answer to Interrogatory No.2 which are incorporated by reference.

**INTERROGATORY NO. 4:**

State your specific legal contentions as to how you claim this Defendant is liable for the acts of the co-defendants and the factual basis for those claims.

**ANSWER:**

See objection and Answer to Interrogatory No. 2 which are incorporated by reference. Further, Defendant hired Dr. Dovale, M.D., as a contract employee for the medical center where the treatment was rendered without adequate reference checks and evaluating of his ability to serve as an Emergency Room physician..

**INTERROGATORY NO. 5:**

State your specific legal contentions as to how Co-Defendants are liable to Plaintiff and the factual basis for those claims.

**ANSWER:**

Please refer to objection and Answer to Interrogatory No. 2 which are incorporated by reference.

-4-

**INTERROGATORY NO. 6:**

If you are contending that this Defendant is liable to Plaintiff with regards to the treatment provided in connection with the incident made the basis of this suit, describe in what way the treatment was deficient, specify the source or authority for any written standard of care which was allegedly violated, and state how you contend this Defendant varied from the customary standard of care in connection with the medical treatment provided.

**ANSWER:**

Plaintiff objects to Interrogatory No. 6 to the extent that it asks him to express medical opinions which are contained in his medical records. Please also refer to objection and Answer to Interrogatory No. 2 which are incorporated by reference.

**INTERROGATORY NO. 7:**

For the past (10) years, state the name, address, and telephone number of each doctor, chiropractor, psychologist, psychiatrist, counselor or clergyman or other healer who has examined or treated you for any injury, sickness or stress, mental or physical, and also state the nature of each injury and the sickness treated by each doctor, chiropractor, psychologist psychiatrist, counselor or clergyman, or other healer.

**ANSWER:**

Plaintiff objects to Interrogatory No. 7 in that it is overly broad, burdensome and global. Subject to that objection and without waiving same, Plaintiff will provide Defendant the names of those healthcare providers whom he has seen in the past five (5) years with respect to injuries suffered in the accident made the basis of this lawsuit.

As a result of injuries sustained in subject incident, plaintiff has been treated by the following healthcare providers:

1.    Jose Luis Ayola, M.D.
      500 Paredes Line Road, Suite 4
      Brownsville, Texas 78520
      (956) 456-4119


2.    Brownsville Medical Center
      1048 West Jefferson Street
      Brownsville, Texas 78520
      (956) 544-1400

3.  City of Brownsville E.M.S.
    954 East Madison Street
    Brownsville, Texas 78520
    (956) 541-9491

4.  Joao Dovale, M.D.
    1102 West Trenton Road
    Edinburg, Texas

5.  Luis Gayton, M.D.
    2137 East 22nd Street
    Brownsville, Texas 78520
    (956) 548-7400

6.  Victor Leal, M.D.
    30 North Park Place
    Brownsville, Texas 78520
    (956) 542-9118

7.  Nagarjun Narra, M.D.
    Brownsville Medical Center
    1048 West Jefferson Street
    Brownsville, Texas 78528
    (956) 544-1400

8.  Philip Onghai, M.D.
    Brownsville Medical Center
    1048 West Jefferson Street
    Brownsville, Texas 78520
    (956) 544-1400
    Homayon Sidiq, M.D.
    2137 East 22nd Street
    Brownsville, Texas 78521
    (956) 548-7400

9.  Khalid R. Solija, M.D.
    109 East Price Road
    Brownsville, Texas 78520
    (956) 546-5237

10.     Maria C. Uribe, M.D.
        Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78528
        (956) 544-1400

11.     Anant Utturkar, M.D.
        Brownsville Medical Center
        1048 West Jefferson Street
        Brownsville, Texas 78528
        (956) 544-1400

12.     Valley Grande Manor Nursing Home
        901 Wild Rose Lane
        Brownsville, Texas 78520
        (956) 546-4568

13.     Jose Luis Villalobos, M.D.
        864 Central Boulevard
        Brownsville, Texas 78520
        (956) 546-3595

**INTERROGATORY NO. 8:**

State the hospital name, address and telephone number, date of admission and reason for each of your past hospitalizations, if any.

**ANSWER:**

Plaintiff objects to Interrogatory No. 8 in that it is overly broad, global and burdensome. Subject to this objection and without waiving same, Plaintiff will and has provided in Answer to Interrogatory No. 7 the names of healthcare providers and hospitals which are related to the injuries suffered in the accident made the basis of this lawsuit.

**INTERROGATORY NO. 9:**

Regarding your employment for the last 7 years at any time, please state the name, complete address and telephone number of your employer or past employers, your rate of pay and average weekly wage and the length of time and dates employed.

**ANSWER:**

Plaintiff has been unemployed since December 25, 1998, as a result of injuries he sustained in

subject incident. Plaintiff was doing piece work as a welder earning $80.00 per day for Pete Hurley prior to this incident. Prior to working for Mr. Hurley, Plaintiff was employed by Gulf Port Services in Brownsville and Mexico, earning $6.40 per hour, working approximately 50-60 hours per week. Plaintiff earned time and a half for hours over 40. He was employed by Gulf Port Services for the time period of 1994-1997. Plaintiff was employed from 1976-1994 for Itapsco earning $750.00 per week. During this time period, Itapsco was formerly referred to Dixixub, Kimling, Stote, and then Itapsco. This company was out of Brownsville.

## INTERROGATORY NO. 10:

If, with any entity you have entered into any type of settlement agreement, loan agreement, agreement (or conducting of trail herein), which affects or limits the financial liability or entitlements of any party in this case, please describe such agreement in detail. NOTE: The Term "party" includes the liability or indemnity insurance carrier for any named party to this cause.

## ANSWER:

None.

## INTERROGATORY NO. 11:

As to each element of damages which you are claiming or expect to claim in this case, state the amount of money which you contend it would take, if paid in case [sic], to reasonably and fairly compensate each plaintiff.

## ANSWER:

Plaintiff objects to Interrogatory No. 11 to the extent it requires him to make a statement in terms of dollars and cents as to the amount sued for on general damages and to itemize that. Subject to an objection and without waiving same, with respect to the amount of general damages, Plaintiff would refer Defendant to Plaintiff's Original Complaint.

## INTERROGATORY NO. 12:

Please state completely and fully all statements, declarations or admissions allegedly made by the party propounding these interrogatories, or any purported agent, servant or employee of such party, which you might attempt to make known to the judge or jury in the trial of this lawsuit, the location or locations where the statement or statements were made, the name, address and telephone number of the person or persons in whose presence such statement or statements were made and whether you or anyone acting on your behalf obtained statements in any form from any person who claims to be able to testify to the statement or statements made.

**ANSWER:**

Plaintiff objects to the overly broad and burdensome nature of this interrogatory in that it is more appropriate subject matter for deposition. Without waiving this objection, discovery is in its infancy and this will be supplemented by either providing this information by supplementation this Interrogatory, or by deposition testimony.

**INTERROGATORY NO. 13:**

Please list every expense which you have or will incurred [sic] which is based on the claims in this suit.

**ANSWER:**

Plaintiff objects to this Interrogatory to the extent he is not required to itemize elements of special damages. Without waiving this objection, Plaintiff has incurred extensive medical and nursing home expenses as a result of subject incident. Plaintiff currently resides in Valley Grande Manor Nursing Home in Brownsville, Texas, and continues to see numerous physicians on a regular basis. His expenses are ongoing.

**INTERROGATORY NO. 14:**

Excluding the instant suit, if you have been a party to a lawsuit or criminal complaint or information or have ever filed a claim before, please state the Court the suit was filed and the cause number and style of this suit the nature of the case.

**ANSWER:**

None prior to this lawsuit.

**INTERROGATORY NO. 15:**

Identify any and all liens or subrogation interest filed, presented or known to Plaintiff or Plaintiff's agents or attorneys arising from or concerning any health care, medical care, nursing care, or hospital care afforded to Plaintiff that is related to the occurrence made the basis of this suit. In answer this interrogatory, please identify the name and address of each lienholder or the person or entity claiming a subrogation interest, together with the monetary amount claimed and if filed or record, the office and county of recording. Your answer to this interrogatory should identify all lienholders and subrogation claimants together with all local, state and federal governmental agencies asserting subrogation status, including medicare or medicaid and any hospital liens and the amount of those liens.

-9-

**ANSWER:**

Medicare and Medicaid are assisting Plaintiff with his medical and nursing home needs. These expenses are ongoing.


**INTERROGATORY NO. 16:**

Please state any and all input you or anyone acting on your behalf had in the decision to transport you to Valley Regional Medical Center on December 24, 1998 after your automobile accident. If you did not have any input, please state who did.

**ANSWER:**

None.

**INTERROGATORY NO. 17:**

Please state your legal and factual basis for claiming that this Defendant is grossly negligent or liable for punitive damages.

**ANSWER:**

Plaintiff objects to Interrogatory No. 17 to the extent that this Interrogatory asks Plaintiff to express legal conclusions and contentions. Without waiving these objections, please refer to Plaintiff's pleadings on file herein.


**INTERROGATORY NO. 18:**

As to each consulting expert witness whose work has been reviewed by a testifying expert, provide the name, address and telephone number of such expert, what opinions related to this case, such expert has communicated to your testifying experts and the expert's qualifications.

**ANSWER:**

The healthcare providers as disclosed in Answer to Interrogatory No. 7 may be considered consulting experts. The Answer to Interrogatory No. 7 is incorporated by reference. The only opinion they have expressed to testifying experts would be contained in their medical records.

STATE OF TEXAS                    §

COUNTY OF BEXAR                   §

BEFORE ME, the undersigned authority, on this day personally appeared CANDELARIO
DE LEON, who, after having been duly sworn, stated that the above and foregoing answers to
interrogatories are true and correct.

X X *Maria B. De Leon*
CANDELARIO DE LEON

SWORN TO AND SUBSCRIBED before me by the said CANDELARIO DE LEON on this
___ day of _____, 2001, to certify which, witness my hand and seal of office.

*Phyllis A Burke*
NOTARY PUBLIC, STATE OF TEXAS

PHYLLIS A. BURKE
MY COMMISSION EXPIRES
September 8, 2002

My commission expires: _____



\* Candelario De Leon signed by "X". Maria De Leon then signed for him.

PHYLLIS A. BURKE
MY COMMISSION EXPIRES
September 8, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CANDELARIO DE LEON                      §
                                        §       CIVIL ACTION NO. CV-B-00-192
VS.                                     §
                                        §       (JURY REQUESTED)
COLUMBIA VALLEY HEALTHCARE              §
SYSTEM, L.P. D/B/A VALLEY REGIONAL      §
MEDICAL CENTER, JOAO DOVALE, M.D.       §
AND STAT PHYSICIANS, P.A.               §

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO
## REQUESTS FOR DISCLOSURE

TO:   Defendants Joao Dovale, M.D. and Stat Physicians, P.A., by and through their attorneys,
      Steven Matthew Gonzalez and Gerald E. Castillo, GONZALEZ, GAYTAN, GARZA & CASTILLO,
      L.L.P., 1317 E. Quebec Avenue, McAllen, TX 78503; Defendant Columbia Valley
      Healthcare System, L.P., by and through its attorneys, William Gault and Paul Fourt, BRIN
      & BRIN, P.C., 1325 Palm Blvd., Suite A, Brownsville, Texas 78520,

      COMES NOW Plaintiff CANDELARIO DE LEON and serves the following Supplemental

Responses to Requests for Disclosure, pursuant to FED. R. CIV. P. 26.

                                  Respectfully submitted,

                                  **Branton & Hall, P.C.**
                                  One Riverwalk Place, Suite 1700
                                  700 N. St. Mary's St.
                                  San Antonio, Texas  78205
                                  (210) 224-4474
                                  (210) 224-1928 (Fax)


                                  By: _____
                                  THOMAS A. CROSLEY
                                  State Bar No. 00783902
                                  S. Dist. Texas No. 15434
                                  JAMES L. BRANTON
                                  State Bar No. 00000069
                                  S. Dist. Texas No. 20163



MICHAEL COWAN
Attorney at Law
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981
State Bar No. 00795306
S. Dist. Texas No. 19967

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served via certified mail, return receipt requested, on this 21st day of June, 2004, to:

Steven Matthew Gonzalez
Mr. Gerald E. Castillo
GONZALEZ, GAYTAN, GARZA & CASTILLO, L.L.P.
1317 E. Quebec Avenue
McAllen, TX 78503

ATTORNEYS FOR DEFENDANTS,
STAT PHYSICIANS, P.A. and
JOAO DOVALE, M.D.

William Gault
Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

THOMAS A. CROSLEY

G:\WPFILES\FILES.CLT'D'DEL9827'DISC'RRFD-3.wpd

-2-



# COMPEX

## *Legal Services, Inc.*

*6/18/04   Inv # 5054243   dated 6/16/04   $100.25*

```
Records of. . . : CANDELARIO DE LEON
Defendant . . . : CITY OF BROWNSVILLE, TEXAS
Client/Insured:
File Number . . : 9827
Case Number . . : CV-V-00-192
```



A88430100501

```
Location   . :    JOSE VILLALOBOS, M.D. C/O BROWNSVILLE UR
                  864 CENTRAL BOULEVARD SUITE 500
                  BROWNSVILLE, TX  78520
Record Types      BILLING (REAS. & NECES.)/* ONLY CERTAIN DATES

Deliver to  :     BRANTON & HALL P.C.
Attention . :     THOMAS A. CROSLEY
                  700 NORTH ST. MARY'S, SUITE 1700
                  SAN ANTONIO, TX  78205

06/24                                              049418
```

**Document Retrieval   •   Complex Case Management   •   Court Reporting**

## NATIONWIDE  :  (800) 4 COMPEX    (800) 426-6739

A884301-005

CANDELARIO DE LEON
vs.
CITY OF BROWNSVILLE, TEXAS

IN THE U.S.D.C. FOR THE
SOUTHERN DIST. OF TEXAS
BROWNSVILLE DIVISION

## NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To:  All named parties in the above styled and numbered cause

You will take notice that after 14 days from the service of a copy
hereof with attached questions, a Deposition by Written
Questions will be taken of the Custodian of Records for:

A884301-005
JOSE VILLALOBOS, M.D. C/O BROWNSVILLE UROLOGICAL ASSOCIATES
864 CENTRAL BOULEVARD SUITE 500, BROWNSVILLE, TX 78520

to such questions will be taken before a Notary Public with
COMPEX, 3300 NACOGDOCHES ROAD, SUITE 220, SAN ANTONIO, TX 78217
or their designated agent.
Which deposition with attached questions may be used in evidence upon
the trial of the above styled and numbered cause pending in the
above named court.

Notice is further given that request is here made as authorized under
Rule 45, Federal Rules of Civil Procedure, to the officer authorized
authorized to take this deposition to issue a subpoena duces tecum
and cause it to be served on the witness to produce
**SEE ATTACHMENT THREE**
and to turn all such records over to the officer authorized to take
this deposition so that photostatic copies of same may be made
and attached to said deposition.

*Thomas A. Crosley*
THOMAS A. CROSLEY, ESQ.
Attorney for Plaintiff
Bar #: 00783902
700 NORTH ST. MARY'S, SUITE 1700
SAN ANTONIO, TX  78205
Phone:(210) 224-4474 Fax:(210) 224-1928

==========================================================
I certify that a true exact copy of the foregoing Notice of
Intention to Take Deposition by Written Questions was mailed to the
respective parties or attorneys of record, by certified mail return
receipt requested, postage prepaid, courier receipted delivery,
or hand delivered.
Date:  5/25/04

Chuck E. Utz
COMPEX - SAN ANTONIO
3300 NACOGDOCHES ROAD, SUITE 220
SAN ANTONIO, TX 78217

cc: THOMAS A. CROSBY, ESQ.
    WILLIAM GAULT, ESQ.
    STEVEN M. GONZALEZ, ESQ.

A884301-005

## ATTACHMENT THREE

AN ITEMIZED STATEMENT OF CHARGES FOR SERVICES RENDERED PERTAINING

TO:

PLAINTIFF,

CANDELARIO DE LEON, DOB: 06/15/41, SS#: 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,

FROM 12/24/98 TO AND INCLUDING 05/26/04.

ORDER NO.
AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

SOUTHERN
_____ DISTRICT OF _____ TEXAS, BROWNSVILLE DIVISION

CANDELARIO DE LEON

PLAINTIFF(S),

v.

## SUBPOENA IN A CIVIL CASE

CITY OF BROWNSVILLE, TEXAS

CASE NUMBER:[1]  CV-V-00-192

DEFENDANT(S),

TO:     CUSTODIAN OF RECORDS
JOSE VILLALOBOS, M.D.   C/O BROWNSVILLE UROLOGICAL ASSOCIATES
864 CENTRAL BOULEVARD SUITE 500
BROWNSVILLE, TEXAS  78520

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| AT THE OFFICES OF THE SUMMONED WITNESS | INSTANTER |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
AN ITEMIZED STATEMENT OF CHARGES FOR SERVICES RENDERED PERTAINING TO:
PLAINTIFF,
CANDELARIO DE LEON, DOB: 06/15/41, SS#: 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,
FROM 12/24/98 TO AND INCLUDING 05/26/04.

| PLACE | DATE AND TIME |
|---|---|
| AT THE OFFICES OF THE SUMMONED WITNESS | INSTANTER |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to the suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Thomas A. Crosley by Compex_ | 5-26-04 |
| ATTORNEY(S) FOR PLAINTIFF, CANDELARIO DE LEON | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
THOMAS A. CROSLEY ATTORNEY-AT-LAW              BAR# 00783902
BRANTON & HALL P.C.                            (210)224-4474
700 NORTH ST. MARY'S, SUITE 1700      SAN ANTONIO, TX  78205
                    (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1] If action is pending in district other than district of issuance state district under case number.

AO 88 (Rev. 1/94)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 5-28-04 | Jose Villalobos, M.D. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Gloria Cavazos | Hand Serve |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jaime Guerra | field Agent |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____5-28-04_____
           DATE

SIGNATURE OF SERVER

202. W. 17½

ADDRESS OF SERVER

San Juan, Texas 78589

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

CANDELARIO DE LEON                                    IN THE U.S.D.C. FOR THE
              vs.                                     SOUTHERN DIST. OF TEXAS
CITY OF BROWNSVILLE, TEXAS                            BROWNSVILLE DIVISION


                 Written Questions to be Propounded to the Witness,
                        Custodian of Records for:


        JOSE VILLALOBOS, M.D. C/O BROWNSVILLE UROLOGICAL ASSOCIATES
        864 CENTRAL BOULEVARD SUITE 500
        BROWNSVILLE, TEXAS 78520

1.  State your full name, your position or title, the complete legal name
    of your employer, and your complete address.
    ANSWER: Gloria Camzos - Medical Secretary - Brownsville Urological Associates
            864 Central Blvd # 500 - Brownsville, TX 78520

2.  Have you or your employer made or caused to be made any records,
    including memoranda, reports, records, or data compilations, as set
    forth in the notice of this deposition, which is incorporated by
    reference herein?
    ANSWER: yes

3.  Do you have such records as described above?
    ANSWER: yes

4.  Are these records kept under your care, supervision, custody, or
    control?
    ANSWER: yes

5.  Please state whether this is a regularly conducted business activity.
    ANSWER: yes

6.  Are these records kept in the regular course of business? ·
    ANSWER: yes

7.  Was it the regular practice to make these records?
    ANSWER: yes

8.  Were these records made by, or from information transmitted by, a
    person with knowledge of the acts, events, conditions, opinions, or
    diagnoses stated therein?
    ANSWER: yes

9.  Were these records made at or near the time the acts, events,
    conditions, opinions, or diagnoses occurred or within a reasonable
    time thereafter?
    ANSWER: yes

10. Was the method of preparation of these records trustworthy?
    ANSWER: yes

A884301-005

11. Were these records kept as described above?
ANSWER: YES

12. Please state the full amount of charges in the treatment of
CANDELARIO DE LEON , pertinent to 12/24/98 and all subsequent
treatments.
ANSWER: $ 2870.00

13. Are you familiar with the charges usually and customarily made for
the medical services reflected in the bills furnished as a part of
the requested written records?
ANSWER: YES

14. Please state whether or not such charges are reasonable for like or
similar services rendered in your vicinity?
ANSWER: YES

15. Please state whether the facility services as reflected in the
facility charges, as prescribed by the physician(s) in charge, were
necessary for the proper care and treatment of CANDELARIO DE LEON ?
ANSWER: YES

16. Please hand all such records to the Notary Public taking this
desposition for photocopying and marking as Exhibits to be attached
to this deposition.
ANSWER: done

17. Please state whether you have provided all the records required by
the subpoena duces tecum. If not, why not?
ANSWER: YES

18. Are the records that you have handed to the Notary Public accurate
and complete?
ANSWER: YES

_____
WITNESS, CUSTODIAN

I, _____ , a Notary Public in the State of
TEXAS, do hereby certify that the foregoing answers of the witness,
the Custodian of Records, were by the said witness made before and sworn
to and subscribed before me by the said witness.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the _____15th_____ day
of __June__ , 2004

_Gloria Alcala_
NOTARY PUBLIC FOR THE STATE OF TEXAS

GLORIA ALCALA
MY COMMISSION EXPIRES
December 27, 2008

No: CV-V-00-192

| | |
|---|---|
| CANDELARIO DE LEON | IN THE U.S.D.C. FOR THE |
| vs. | SOUTHERN DIST. OF TEXAS |
| CITY OF BROWNSVILLE, TEXAS | BROWNSVILLE DIVISION |

## A F F I D A V I T

RECORDS PERTAINING TO:  CANDELARIO DE LEON DOB: 06/15/41 SSN: 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

Before me, the undersigned authority, personally appeared
_____Gloria Cavazos_____, who being by me duly sworn, deposed as
follows:

My name is ____Gloria Cavazos____, I am of sound mind, capable of
making this affidavit, and personally acquainted with the facts herein
stated:

I am the person in charge of the billing records for JOSE VILLALOBOS, M.D.
C/O BROWNSVILLE UROLOGICAL ASSOCIATES. Attached to this Affidavit are
records that provide an itemized statement of the services and charges for
the services that JOSE VILLALOBOS, M.D. C/O BROWNSVILLE UROLOGICAL
ASSOCIATES provided to the above named on the date set forth in the attached
records. The attached records are part of this Affidavit. The services
reflected in the records were prescribed by the attending physician in
charge. The services provided were necessary per physician's orders and the
amounts charged for the services were reasonable at the time and place that
the services were provided. The charges reflected in the records total
$ 2870.00 .

This is a regularly conducted business activity, and these said pages are
kept by JOSE VILLALOBOS, M.D. C/O BROWNSVILLE UROLOGICAL ASSOCIATES in the
regular course of business and it was the regular course of business of JOSE
VILLALOBOS, M.D. C/O BROWNSVILLE UROLOGICAL ASSOCIATES for a person with the
knowledge or one who had been provided such knowledge of the act, event,
condition, opinion, or diagnoses recorded to make the record or to transmit
information thereof to be included in such record; and the record was made
at or near the time or reasonably soon thereafter; and the method of
preparation was trustworthy.

The records attached thereto are original or exact duplicates of the original.

_____
APFIANT/CUSTODIAN

SWORN TO AND SUBSCRIBED before me on the ____15th____ day
of ___June____ 2004.

_____
NOTARY PUBLIC FOR THE STATE OF TEXAS

GLORIA ALCALA
MY COMMISSION EXPIRES
December 27, 2006

BROWNSVILLE UROLOGICAL ASSOC          Account Number: DELCA020
864 CENTRAL BLVD SUITE 500
BROWNSVILLE, TX  78520                          Page: 1
Office Phone (956) 546-3595

+--------------------------+
| DATE:  06-07-04          |
+--------------------------+

CANDELARIO  DELEON
901 WILDROSE LANE
BROWNSVILLE, TX  78521

(956) 546-4568

| Date | Description | Document | Charges | Credits |
|------|-------------|----------|---------|---------|
| 10-02-99 | GU CONSULTATION;DETAILED | A991006 | 190.00 | |
| 10-02-99 | CYSTOURETHROSCOPY | A991006 | 425.00 | |
| 10-02-99 | STATEMENT SENT TO PT | A991006 | 0.00 | |
| 11-16-99 | MEDICAID PAYMENT | A991006 | | -172.66 |
| -16-99 | MD ADJUSTMENT | A991006 | | -442.34 |
| -06-00 | OFFICE VISIT;EXPANDED | B000608 | 70.00 | |
| 06-08-00 | CATHETERIZATION | B000608 | 70.00 | |
| 07-07-00 | MEDICAID PAYMENT | B000608 | | -48.56 |
| 07-07-00 | MD ADJUSTMENT | B000608 | | -91.44 |
| 09-15-00 | OFFICE VISIT;EXPANDED | B000915 | 70.00 | |
| 11-20-00 | MEDICAID PAYMENT | B000915 | | -27.28 |
| 11-20-00 | MD ADJUSTMENT | B000915 | | -42.72 |

PREVIOUS BALANCE:            0.00

TODAY'S CHARGES:    _____

TODAY'S PAYMENTS:   _____

| Current | 30 Days | 60 Days | 90 Days |
|---------|---------|---------|---------|
| 0.00 | 0.00 | 0.00 | 0.00 |

ACCOUNT BALANCE:    _____

**BROWNSVILLE UROLOGICAL ASSOC**
864 CENTRAL BLVD SUITE 500
BROWNSVILLE, TX 78520
(956)546-3595



| Statement Date |
|---|
| 6/7/2004 |

| Page |
|---|
| 1 |

CANDELARIO DELEON
901 WILDROSE LANE
BROWNSVILLE, TX 78521

| Chart Number |
|---|
| DELCA020 |

| Date | Account | Description | Case Number | Amount |
|---|---|---|---|---|
| | | Previous Balance | | 0.00 |
| Patient: CANDELARIO DELEON | | Chart #: DELCA020 | Case Description: Converted Data Case | |
| 12/15/2000 | 0012150000 | OFFICE VISIT;EXPANDED | 12446 | 70.00 |
| 1/5/2001 | 0012150000 | MEDICAID PAYMENT | 12446 | -27.28 |
| 1/5/2001 | 0012150000 | MD ADJUSTMENT | 12446 | -42.72 |
| 1/15/2001 | 0101150000 | D/C CODE CATHETERIZATION | 12446 | 70.00 |
| 2/5/2001 | 0101150000 | MEDICAID PAYMENT | 12446 | -21.28 |
| 2/5/2001 | 0101150000 | MD ADJUSTMENT | 12446 | -48.72 |
| 2/15/2001 | 0102160000 | D/C CODE CATHETERIZATION | 12446 | 70.00 |
| 3/6/2001 | 0102160000 | MEDICAID PAYMENT | 12446 | -21.28 |
| 3/6/2001 | 0102160000 | MD ADJUSTMENT | 12446 | -48.72 |
| 3/15/2001 | 0103150000 | D/C CODE CATHETERIZATION | 12446 | 70.00 |
| 4/5/2001 | 0103150000 | MEDICAID PAYMENT | 12446 | -21.28 |
| 4/5/2001 | 0103150000 | MD ADJUSTMENT | 12446 | -48.72 |
| 4/16/2001 | 0104160000 | OFFICE VISIT;PROBLEM FOCUSED | 12446 | 50.00 |
| 4/26/2001 | 0104160000 | MEDICAID PAYMENT | 12446 | -19.64 |
| 4/26/2001 | 0104160000 | MD ADJUSTMENT | 12446 | -30.36 |
| 5/18/2001 | 0105180000 | D/C CODE CATHETERIZATION | 12446 | 70.00 |
| 6/6/2001 | 0105180000 | MEDICAID PAYMENT | 12446 | -21.28 |
| 6/6/2001 | 0105180000 | MD ADJUSTMENT | 12446 | -48.72 |
| 6/18/2001 | 0106180000 | D/C CODE CATHETERIZATION COMP | 12446 | 155.00 |
| 7/9/2001 | 0106180000 | MEDICAID PAYMENT | 12446 | -57.28 |

| Past Due 30 Days | Past Due 60 Days | Past Due 90 Days | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | Continued |