IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **CANDELARIO DE LEON** | § |
| | § |
| VS. | § |
| | § CIVIL ACTION NO. CV-B-00-192 |
| | § JURY DEMANDED |
| | § |
| **CITY OF BROWNSVILLE,** | § |
| **TEXAS, ET. AL.** | § |

### DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER'S OPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTAL AFFIRMATIVE DEFENSE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center, one of the Defendants in the above entitled and numbered cause, and pursuant to Rule 15 F.R.C.P. moves this Court for leave to add the affirmative defense of the Statute of Limitations and would respectfully show the Court as follows:

I.

### PRIOR PLEADINGS

Plaintiff, in his third Amended Complaint filed on or about May 23, 2001 asserted, *inter alia*, the claims against this Defendant were governed by Tex. Riv. Civ. Stat. Ann. Article 4590i (Vernon Supp. 2000) commonly known as the Medical Liability and Insurance Improvement Act.

Plaintiff claimed in his Responses to Defendant Columbia Valley Healthcare System, L.P.'s Motion to Dismiss (filed on or about May 24, 2004) that the procedural rules contained in § 4590i do not apply.

Plaintiff also repeats these assertions in his Sur-Reply to Defendant Valley Regional Medical Center's Motion to Dismiss at paragraph 5, page 3 that the procedural requirements of §4590i do not apply.

## II.

## REASON FOR AMENDMENT

A. Statute of Limitations for a Health Care Claim

This Defendant would assert limitations for a case brought under §4590i are set out in §4590i Section 10.01 (two years).

B. Statute of Limitations in Common Law Negligence

Limitations in a common law negligence cause of action is governed by 16.003 Tex. Civ. Prac. & Rem. Code and is two years from the date the action accrued.

C. Application of Limitations

Plaintiff's cause of action accrued on December 24, 1998 and his cause of action against this Defendant was filed in March, 2001.

Plaintiff is allowed to toll the two year Statute of Limitations if Article 4590i §4.01(c) applies. However, since Plaintiff now claims the procedural rules in §4590i do not apply, Plaintiff cannot avail himself of the tolling in §4.01(c) of 4590i. Therefore, either limitations set out in 4590i §10.01 apply or the general limitations in §16.003 Tex. Civ. Prac. & Rem. Code apply.

## III.

## APPLICATION OF RULE 15

Rule 15(a) generally requires leave of court to file an amended pleading. However, if justice demands, leave should be granted. Rule 15a F.R.C.P. and *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Also see *S & W Enters L.L.C. v. South Trust Bank*, 315 F3d 533, 536 (5th

Cir. 2003).

This motion is not made for the purpose of delay, done out of bad faith nor for a dilatory purpose. *Foman supra* at 182. Also see *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); nor will it unjustly prejudice the opposing party. *Foman supra* at 183. Also see *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.2d 523, 525 (8th Cir. 2000). This is so especially in light of Plaintiff's assertion that §4590i does not apply procedurally. See *Harrison v. Rubin*, 174 F.2d 249, 253 (D.C. Cir. 1999).

The amendment is not futile. The facts giving rise to this lawsuit occurred on December 24, 1998. Plaintiff's limitations pursuant to §16.003 Tex. Civ. Prac. & Rem. Code would have expired on December 26, 2000. This lawsuit was filed against this Defendant in March, 2001 outside the Statute of Limitations for common law causes of action but arguably within the Statute of Limitations if governed by §4590i.

Attached hereto is Defendant's proposed Supplemental Affirmative Defense.

WHEREFORE, PREMISES CONSIDERED, this Defendant prays this Court grant it leave to file the proposed Supplemental Affirmative Defense attached hereto.

Respectfully submitted,

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
Michael Quintana
Fed. ID No. 33291
State Bar No. 24037314

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

(956) 544-0607 Telecopier

Of Counsel:

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF CONFERENCE

Defendant's counsel has conferred with opposing counsel. Plaintiff's counsel opposes this motion.

_____
William Gault

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 22nd day of September, 2004.

Mr. Thomas Crosley  **VIA CMRRR #7002 0460 0000 6426 4672**
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

Mr. Michael Cowen  **VIA REGULAR MAIL**
Law Offices of Michael R. Cowen
520 E. Levee
Brownsville, Texas 78520