IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 5 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CANDELARIO DE LEON § | |
| § | |
| VS. § | CIVIL ACTION NO. CV-B-00-192 |
| § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL § | |
| MEDICAL CENTER § | |

### PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL AFFIRMATIVE DEFENSE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff in the above-styled and numbered cause of action and files this his objection and response to Defendant's Motion for Leave to File a Supplemental Affirmative Defense and in support thereof would show the Court the following:

#### DEFENDANT'S REQUEST IS DILATORY

1. For the first time, more than three years after Defendant first answered Plaintiff's complaint, Defendant seeks to raise the statute of limitations as its affirmative defense. Pleadings may be amended only by leave of the court, FED. R. CIV. P. 15, and while such leave is to be "freely given when justice so requires," it is within the discretion of the trial court. It is not an abuse of discretion to deny a defendant's dilatory motion for leave to file a supplemental affirmative defense. *See Dunn v. Koehring Company*, 546 F.2d 1193, 1198 (5th Cir. 1977) (trial court did not abuse discretion in denying leave to assert statute-of-limitations defense five years after action was filed and "after more than four years of pretrial preparation"). Plaintiff objects to the untimeliness of Defendant's affirmative defense. After three years, the parties have concluded discovery and are now on the cusp of trial. Therefore, Plaintiff urges that leave to supplement Defendant's affirmative

defenses be denied in all respects.

### DEFENDANT'S RELIANCE ON A STATUTE OF LIMITATIONS DEFENSE IS MISPLACED

2.  While the procedural rules of former Article 4590i do not apply to Plaintiff's medical negligence claims brought in this Court, *see e.g., Poindexter v. Bonsukan*, 145 F.Supp.2d 800 (E.D. Tex. 2001), the Act's *substantive* rules – such as it's tolling provisions – *do* apply here. *Jinks v. Richland County*, 538 U.S. 456, 465 (2003)(recognizing that a statute of limitations tolling provision "falls on the 'substantive' side of the line."). In *Jinks*, the United States Supreme Court expressly acknowledged that statutes of limitation are treated as substantive. *Id.* Accordingly, the statute of limitations applicable to Plaintiff's medical negligence claim is two (2) years plus seventy-five (75) days, as set out in § 4.01(c) of the former Act.[1] Plaintiff's cause of action accrued on December 25, 1998. Under the substantive law applicable to Texas medical negligence claims, the statute of limitations tolled on March 10, 2001 (two (2) years and seventy-five days from December 25, 1998). Plaintiff's *Second Amended Complaint*, alleging medical negligence against Defendant was filed on February 1, 2001. *See* Docket Entry No. 16. The Order granting Plaintiff leave to file the *Second Amended Complaint* was issued on March 2, 2001. *See* Docket Entry 22. Therefore, Defendant's reliance on a statute of limitations defense is misplaced.

WHEREFORE, Plaintiff prays that the Court deny Defendant's Leave to File a Supplemental Affirmative Defense and that he recover all other relief to which he may be justly entitled.

---

[1] Section 4.01(c) of the former Article 4590i stated:
"Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties."

Respectfully submitted,

By: _____
THOMAS A. CROSLEY
Attorney-in-Charge
State Bar No. 00783902
S. Dist. Texas No. 15434
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

Of Counsel:

**BRANTON & HALL, P.C.**
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No.20163
SONIA M. RODRIGUEZ
State Bar No. 24008466
S. Dist. Texas No. 29199

And

MICHAEL COWEN
State Bar No. 00795306
S. Dist. Texas No. 19967
**LAW OFFICES OF COWEN & BODDEN**
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served, via certified mail, return receipt requested, on this __1__ day of October, 2004, to:

>Mr. William Gault
>Mr. Paul Fourt
>BRIN & BRIN, P.C.
>1325 Palm Blvd., Suite A
>Brownsville, Texas 78520
>
>ATTORNEYS FOR DEFENDANTS
>COLUMBIA VALLEY HEALTHCARE
>SYSTEM, L.P. D/B/A VALLEY
>REGIONAL MEDICAL CENTER

_____
THOMAS A. CROSLEY

G:\WPFILES\FILES CLT\D\DEL9827\PLEAD\resp-leave-affirm-defense.wpd