United States District Court
Southern District of Texas
FILED

OCT 1 4 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CANDELARIO DE LEON § | |
| § | |
| VS. § | CIVIL ACTION NO. CV-B-00-192 |
| § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL § | |
| MEDICAL CENTER § | |

## PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT'S SUPPLEMENTAL AFFIRMATIVE DEFENSE TO PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff in the above-styled and numbered cause of action and files this his objection and response to Defendant's "Supplemental Affirmative Defense to Plaintiff's Third Amended Complaint" and in support thereof would show the Court the following:

**DEFENDANT HAS FAILED TO AFFIRMATIVELY PLEAD ITS PURPORTED AFFIRMATIVE DEFENSE**

1. In a pleading to a preceding pleading, Defendant must set forth affirmatively any matter constituting an avoidance or affirmative defense, such as statute of limitations. FED. R. CIV. P. 8(c). The types of pleadings that are permitted in the federal system are the following: the complaint, the answer, the cross-claim, the answer to the cross-claim, the counterclaim, the reply to the counterclaim the third-party claim, and the third-party answer. FED. R. CIV. P. 7(a). While Defendant seeks to supplement its affirmative defenses, it purports to do so in a document entitled "Supplemental Affirmative Defense to Plaintiff's Third Amended Complaint." Defendant has failed to include the defense of statute of limitations in any of its *pleadings* – and in fact has not sought to amend its *answer*. Therefore, Plaintiff urges the Court to reject Defendant's "Supplemental Affirmative Defense" on the basis that it does not constitute a pleading by which the defense of

statute of limitations can be asserted.

### DEFENDANT HAS WAIVED ITS PURPORTED AFFIRMATIVE DEFENSE

2.Since Defendant failed to raise the statute-of-limitations defense in its pleadings, Defendant has waived it. FED. R.CIV.PROC. 8(c); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198 (5th Cir.1991); *Anderson v. Flexel, Inc.*, 47 F.3d 243 (7th Cir.1995). Therefore, Plaintiff urges the Court to reject Defendant's "Supplemental Affirmative Defense" on the basis that Defendant failed to raise it at a pragmatically sufficient time.

### PERMITTING DEFENDANT TO RAISE THIS DEFENSE WILL RESULT IN UNFAIR SURPRISE TO PLAINTIFF

3.For the first time, more than three years after Defendant first answered Plaintiff's complaint, Defendant seeks to raise the statute of limitations as its affirmative defense. Plaintiff objects to the untimeliness of Defendant's affirmative defense and urges that permitting Defendant to supplement its pleadings at this juncture will cause Plaintiff unfair surprise. *See Dunn v. Koehring Company*, 546 F.2d 1193, 1198 (5th Cir. 1977) (trial court did not abuse discretion in denying leave to assert statute-of-limitations defense five years after action was filed and "after more than four years of pretrial preparation"). The parties have concluded discovery and the discovery period is now closed. Plaintiff cannot adequately confront and defend Defendant's claims and Plaintiff is prejudiced in his ability to respond to this purported defense. Therefore, Plaintiff urges that Defendant's "Supplemental Affirmative Defense" be rejected in all respects.

### DEFENDANT'S RELIANCE ON A STATUTE OF LIMITATIONS DEFENSE IS MISPLACED

4.While the procedural rules of former Article 4590i do not apply to Plaintiff's medical negligence claims brought in this Court, *see e.g., Poindexter v. Bonsukan*, 145 F.Supp.2d 800 (E.D.

2

Tex. 2001), the Act's *substantive* rules – such as it's tolling provisions – *do* apply here. *Jinks v. Richland County*, 538 U.S. 456, 465 (2003)(recognizing that a statute of limitations tolling provision "falls on the 'substantive' side of the line."). In *Jinks*, the United States Supreme Court expressly acknowledged that statutes of limitation are treated as substantive. *Id.* Accordingly, the statute of limitations applicable to Plaintiff's medical negligence claim is two (2) years plus seventy-five (75) days, as set out in § 4.01(c) of the former Act.[1] Plaintiff's cause of action accrued on December 25, 1998. Under the substantive law applicable to Texas medical negligence claims, the statute of limitations tolled on March 10, 2001 (two (2) years and seventy-five days from December 25, 1998). Plaintiff's *Second Amended Complaint*, alleging medical negligence against Defendant was filed on February 1, 2001. *See* Docket Entry No. 16. The Order granting Plaintiff leave to file the *Second Amended Complaint* was issued on March 2, 2001. *See* Docket Entry 22. Therefore, Defendant's reliance on a statute of limitations defense is misplaced.

WHEREFORE, Plaintiff prays that the Court deny Defendant's Leave to File a Supplemental Affirmative Defense and that he recover all other relief to which he may be justly entitled.

Respectfully submitted,

By: _____
THOMAS A. CROSLEY
Attorney-in-Charge
State Bar No. 00783902

---

[1] Section 4.01(c) of the former Article 4590i stated:
"Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties."

3

> S. Dist. Texas No. 15434
> One Riverwalk Place, Suite 1700
> 700 N. St. Mary's St.
> San Antonio, Texas 78205
> (210) 224-4474
> (210) 224-1928 (fax)

Of Counsel:

**BRANTON & HALL, P.C.**
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No.20163
SONIA M. RODRIGUEZ
State Bar No. 24008466
S. Dist. Texas No. 29199

And

MICHAEL COWEN
State Bar No. 00795306
S. Dist. Texas No. 19967
**LAW OFFICES OF COWEN & BODDEN**
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served, via certified mail, return receipt requested, on this _14_ day of October, 2004, to:

> Mr. William Gault
> Mr. Paul Fourt
> BRIN & BRIN, P.C.
> 1325 Palm Blvd., Suite A
> Brownsville, Texas 78520
>
> ATTORNEYS FOR DEFENDANTS
> COLUMBIA VALLEY HEALTHCARE
> SYSTEM, L.P. D/B/A VALLEY
> REGIONAL MEDICAL CENTER

_____
THOMAS A. CROSLEY

G:\WPFILES\FILES.CLT\D\DEL9827\PLEAD\resp-affirm-defense.wpd