IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 15 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| COLUMBIA VALLEY HEALTHCARE | § | (JURY TRIAL) |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

# JOINT PRETRIAL ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Consistent with Federal Rule of Civil Procedure 16, LR 16.2 and Judge Hilda G. Tagle, Civil Procedures, Par. 8. A., CANDELARIO DE LEON, Plaintiff, and COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER, Defendant, file the following Joint Pretrial Order:

1. APPEARANCE OF COUNSEL

   A. **Plaintiff**: Candelario De Leon.

      (1) **Lead Counsel for Plaintiff**:

         a. Thomas A. Crosley, Branton & Hall, P.C., One Riverwalk Place, 700 N. St. Mary's Street, Suite 1700, San Antonio, Texas 78205; telephone number – (210) 224-4474.

      (2) **Of Counsel for Plaintiff**:

         a. James L. Branton, Branton & Hall, P.C., One Riverwalk Place, 700 N. St. Mary's Street, Suite 1700, San Antonio, Texas 78205; telephone number – (210) 224-4474.



   b. Sonia M. Rodriguez, Branton & Hall, P.C., One Riverwalk Place, 700 N. St. Mary's Street, Suite 1700, San Antonio, Texas 78205; telephone number – (210) 224-4474.

   c. Michael Cowen, Law Offices of Cowen & Bodden, 520 E. Levee Street, Brownsville, Texas 78520, telephone number – (956) 541-4981.

 B. **Defendant**: Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center

  (1) **Lead Counsel for Defendant**:

   a. William Gault, Brin & Brin, P.C., 1325 Palm Blvd., Suite A, Brownsville, Texas 78520; telephone number – (956) 544-7110.

  (2) **Of Counsel for Defendant**:

   a. Michael Quintana, Brin & Brin, P.C., 1325 Palm Blvd., Suite A, Brownsville, Texas 78520 telephone number – (956) 544-7110.

2. STATEMENT OF CASE

This is a medical negligence case brought by Candelario De Leon of Brownsville, the plaintiff, against Valley Regional Medical Center, the defendant hospital and Dr. Dovale, the ER physician. Candelario De Leon was involved in an automobile accident on December 24, 1998, and was taken by ambulance to Valley Regional Medical Center Hospital for emergency treatment. Plaintiff claims that he sustained a spinal cord injury in the automobile accident, which was not diagnosed by Dr. Dovale at the hospital, and as a consequence the injury was aggravated and made worse. Defendant Valley Regional Medical Center denies that the nurse was negligent and that any injury Plaintiff may have received in the automobile accident or later by the Brownsville Police Department was not caused by anything the hospital nurse did or did not do.

3. JURISDICTION

This case was originally filed in federal court stating a civil rights claim which has since been dismissed. The Court retains jurisdiction of the case.

4. MOTIONS

The following motions are pending:

A. Defendant's Motion for Sanctions, to Dismiss and for Summary Judgment;

B. Defendant's Motion in Limine;

C. Defendant's Motion to Exclude Testimony of Plaintiff's Experts Dr. Slater, Dr. Peters and Zeff Ross;

D. Defendant's Motion to Take Judicial Notice of Medicare/Medicaid Regulations and Plaintiff's Medical Expenses;

E. Plaintiff's Motion in Limine;

F. Plaintiff's Unopposed Motion for Leave to File Late Response to Defendant's Motion to Take Judicial Notice of Medicare/Medicaid Regulations and Plaintiff's Medical Expenses;

G. Defendant's Motion for Leave to Amend Motion to Take Judicial Notice of Medicare/Medicaid Regulations and Plaintiff's Medical Expenses; and

H. Defendant's Motion for Designation of Additional Counsel.

I. Defendant's Motion for Leave to Add Defense of Limitations, subject to the Court's ruling on the applicability of Article 4590i, Texas Revised Civil Statutes;

J. Defendant's Motion to Reconsider Case Caption Change;

K. Defendant's Supplemental Motion in Limine;

L. Defendant Columbia Valley Healthcare System's Motion for Leave to File its Response to Plaintiff's Sur-Reply to the Reply of Defendant's Motion to Dismiss and Motion for Summary Judgment; and

M. Defendant Columbia Valley Healthcare System's Response to Plaintiff's Sur-Reply to the Reply of Defendant's Motion to Dismiss and Motion for Summary Judgment.

5. CONTENTIONS OF THE PARTIES

   A. Plaintiff's claims are as follows:

      (1) That the Defendant Valley Regional Medical Center, by and through its nursing staff, was negligent in the treatment of Plaintiff Candelario De Leon on December 24, 1998, in the following particulars:

    a.    In failing to properly assess the patient for a possible spinal cord injury;

    b.    In failing to obtain an adequate and accurate history of the patient, which would have demonstrated a spinal cord injury;

    c.    In failing to transmit the EMS record or information therefrom to the ER doctor on duty that would have shown the patient was complaining en route to the hospital of numbness below the neck;

    d.    In failing to record or transmit to the ER doctor the patient's complaints of numbness below the neck; and

    e.    In failing to take such action as appropriate and necessary to assure prompt diagnosis and medical intervention for a patient who presents, following a motor vehicle accident, with a history of numbness below the neck as recorded by the EMS technicians and with spinal injury precautions of cervical collar and spine backboard in place.

(2)    That the negligence of Defendant Valley Regional Medical Center, by and through its nursing staff, was a proximate cause of further injury to the Plaintiff through an aggravation of a spinal cord injury in the following particulars:

    a.    In reasonable medical probability further injury to Plaintiff's spinal cord could and would have been prevented had the injury been diagnosed;

    b.    In reasonable medical probability a diagnosis of spinal cord injury would have resulted in Plaintiff's being hospitalized and steroid therapy initiated to reduce spinal cord swelling;

    c.    In reasonable medical probability the failure to diagnose the spinal cord injury and the removal of precautionary devices (cervical collar and spine backboard) and the discharge from the hospital without these precautionary devices resulted in the original spinal cord injury being aggravated and worsened;

    d.    In reasonable medical probability further injury to Plaintiff's spinal cord would have been prevented had he been treated appropriately at the Valley Regional Medical Center; and

   e. In reasonable medical probability the transmission of the EMT report, which documented "numbness below the neck," would have provided the necessary medical history that would have resulted in a diagnosis of spinal cord injury.

 3. That as a direct result of the failure to diagnose and treat Plaintiff's spinal cord injury and the failure to hospitalize him, and to retain the precautionary devices of cervical collar and spinal backboard, all of which were proximately caused by the Defendant, the Plaintiff sustained the following damages:

   a. Medical expenses in the past in the sum of approximately $300,000.00, and medical and custodial care expenses in the future for his care and treatment in the sum of approximately $2,500,000.00;

   b. Loss of earnings and loss of earning capacity in the past and future;

   c. Permanent physical impairment in the past and future;

   d. Physical pain and mental anguish in the past and in the future; and

   e. Permanent disfigurement.

B. Defendant's claims are as follows:

 (1) Plaintiff received injuries in the automobile accident on December 24, 1998. In the automobile accident, Plaintiff hit his forehead on the rearview mirror which cut his forehead.

 (2) Plaintiff had a pre-existing disease of spinal stenosis before the automobile accident.

 (3) Plaintiff was negligent and negligent per se in causing the automobile accident and his negligence should be submitted to the Jury.

 (4) Plaintiff was intoxicated when he was involved in the automobile accident. Plaintiff's experts have complaints against the Co-Defendant Dr. Dovale that he should have kept the Plaintiff overnight and that the intoxication affected the Plaintiff's communication of his medical complaints. Plaintiff's testimony as to what occurred at the hospital varies from the medical chart and the testimony of Dr. Dovale and that could have been due to his intoxication.

(5) Plaintiff was treated by Brownsville EMS and their principal diagnosis was possible laceration to his left forehead.

(6) Plaintiff was brought to Valley Regional Medical Center. He complained to Dr. Dovale of ½ cm. laceration to his left forehead and was treated. Dr. Dovale cleared the patient of spinal precautions. Dr. Dovale and the nursing staff did a physical examination which revealed only a ½ cm. laceration to his left forehead. Dr. Dovale repaired the laceration and his final diagnosis was ½ cm. laceration. Discharge instructions were given to Brownsville Police Department that if the patient were to have any complaints other than the ½ cm laceration, or any new complaints, he was to be taken to a doctor or hospital.

(7) Plaintiff was discharged to Brownsville Police Department and was arrested for Driving While Intoxicated.

(8) Plaintiff's claims that he was handcuffed behind his back, was thrown in the squad car, had his head hanging off the seat for the ride to the Jail, was drug into the Jail and later was dropped onto the concrete floor of the Jail cell. This constitutes a new and independent cause.

(9) Plaintiff refused to cooperate with the police in performing the Breathalyzer procedure.

(10) The next morning, the EMS was called and transported the Plaintiff to Brownsville Medical Center.

(11) X-Rays of the Plaintiff's spine were normal yet he had paralysis.

(12) Plaintiff's experts' criticisms that Dr. Dovale should have started steroids on Plaintiff are unfounded as there was no indication to administer them. The medical science does not support Plaintiff's expert claims that steroids would have benefitted the Plaintiff.

(13) Plaintiff's claim that he should have been admitted to Valley Regional Medical Center, should have had additional radiological studies, should have been kept in spinal precautions, should have been administered steroids, should not have been discharged and should have had a different medical diagnosis and treatment are all complaints against Dr. Dovale as they each involve the practice of medicine which the Hospital Defendant does not do.

(14) The Plaintiff's only medical expert that expresses a claim against Valley Regional Medical Center is Dr. Peters. He did not express any criticism of

Valley Regional Medical Center in his reports or affidavits and expressed none until the day of his deposition. His only criticism of Valley Regional Medical Center on the day of his deposition was that the nurses should have relayed information from EMS to Dr. Dovale. He admits that if Plaintiff expressed that information to Dr. Dovale, that would satisfy his criticism and that even if that information was not given to Dr. Dovale, or Dovale had his own independent duty to determine those complaints of the patient.

(15) Plaintiff had a long term problem of alcohol abuse that was to the point that he would spend whatever money he had on alcohol. This would have affected his earnings and quality of life and would have affected his length of life.

(16) Plaintiff's experts have only expressed negligence claims that caused an injury to Plaintiff against Dr. Dovale and his negligence should be submitted to the jury.

6. ADMISSIONS OF FACT

The parties stipulate that the following facts require no proof:

A. Plaintiff, CANDELARIO DE LEON, is 63 years of age, having been born on June 15, 1941.

B. The motor vehicle accident in which Mr. De Leon sustained injuries occurred on December 24, 1998, in Brownsville, Cameron County, Texas.

C. Mr. De Leon was transported to Valley Regional Medical Center by the City of Brownsville EMS, and the EMS records reflect that en route by ambulance, Plaintiff complained of numbness from the neck down.

D. Nurse Harold Wright, who assessed Plaintiff upon his arrival at Valley Regional Medical Center, was an employee of the hospital and acting within the course and scope of his employment with the hospital.

E. Dr. Dovale is an independent contractor and was not an agent or employee of Defendant Hospital.

F. Plaintiff was discharged by Dr. Dovale from the Emergency Room on December 24, 1998, without the precautionary cervical collar and spinal backboard which accompanied him on admission.

7. CONTESTED ISSUES OF FACT

The parties agree that the following are the contested issues of fact:

A. Whether Defendant Valley Regional Medical Center, by and through its nursing staff, committed any act or omission that caused injury or further injury to Plaintiff's spinal cord when he was treated at the Emergency Room on December 24, 1998.

B. Whether such act or omission, if any, by the Defendant hospital, was a proximate cause of injury or aggravation of injury to Plaintiff. (Defendant disagrees with words "or aggravation.")

C. Whether Plaintiff sustained a spinal cord injury in the motor vehicle accident.

D. Whether Dr. Dovale was negligent in the care rendered to Plaintiff on the occasion in question and whether that negligence, if any, was a proximate cause of injury to Plaintiff's spinal cord.

E. Whether Plaintiff was negligent or negligent per se in causing the automobile accident (This is the subject of Plaintiff's Motion in Limine and Plaintiff contends this should not be a contested issue of fact.)

F. Whether Plaintiff's spinal cord injury was present and not diagnosed on December 24, 1998, when he was seen on an emergent basis.

G. Whether there was negligence and the percentage of negligence of Plaintiff, Defendant Hospital and Dr. Dovale, (as contended by the Defendant Hospital) or the percentage of negligence of Plaintiff and Defendant Hospital (as contended by the Plaintiff). (This is a legal issue that appears under Propositions of Law.)

H. Whether the EMS record showing that Plaintiff complained en route to the hospital of numbness from the neck down was duly received by Nurse Harold Wright, or other appropriate staff of the hospital, at the time Plaintiff arrived at the hospital by EMS and/or whether Plaintiff transmitted this information himself directly to Dr. Dovale.

I. Whether EMS record with the entry of "numbness from neck down" was transmitted to Defendant hospital's staff and from them to the ER doctor on duty who saw the Plaintiff and rendered emergent care and/or whether Plaintiff transmitted this information himself directly to Dr. Dovale.

J. Whether Plaintiff was handcuffed behind his back, thrown in the squad car, had his head hanging off the seat for the ride to the Jail, was drug into the Jail and later was dropped onto the concrete floor of the jail cell.

K. Whether Plaintiff did not cooperate with the Breathalyzer procedure.

L. Whether the Defendant Valley Regional Medical Center nurse Harold Wright was negligent in the care rendered to Plaintiff on the occasion in question, including nursing assessment, taking of a medical history or other duty of a nurse.

M. Whether any hospital staff caused or contributed to cause the failure to diagnose Plaintiff's spinal cord injury. (This is a subject of Defendant's Supplemental Motion in Limine.) (Defendant disagrees that the words "or contributed to cause" should be included.)

N. Whether the failure to diagnose Plaintiff's spinal cord injury on the occasion in question aggravated the injury or prevented medical care, attention and hospitalization that would have prevented or substantially lessened any permanent injury to the Plaintiff's spinal cord. (This is a subject of Defendant's Supplemental Motion in Limine.)

O. The nature and extent of Plaintiff's injury before he was treated and released to the custody of the Brownsville Police for incarceration on December 24, 1998.

P. Whether x-rays of the Plaintiff's spine were normal on December 25, 1998. (Defendant says this should be an Agreed Fact.)

Q. Whether Plaintiff was intoxicated at the time of his motor vehicle accident, and if so, the degree and extent of his intoxication. (Plaintiff contends this should not be a contested issue of fact and is a subject of his Motion in Limine.) (Defendant says this should be an Agreed Fact.)

R. The nature and extent of Plaintiff's injuries and damages directly resulting from the negligence, if any, of the hospital and the emergency room physician. ~~This is a subject of Defendant's Supplemental Motion in Limine.~~ WG

S. The amount of damages that would fairly and reasonably compensate the Plaintiff for injuries sustained as a direct result of the negligence, if any, of the hospital and the emergency room physician.

T. Whether Plaintiff was treated by Brownsville EMS and their principal diagnosis was possible laceration to the left forehead.

  U. Whether Plaintiff had a pre-existing disease of spinal stenosis before the automobile accident.

  V. Whether "Plaintiff was discharged to Brownsville Police Department and was arrested for Driving While Intoxicated." (This is a subject of Plaintiff's Motion in Limine.)

8. AGREED PROPOSITIONS OF LAW

The parties agree that the following propositions of law are not in dispute:

  A. Texas substantive law applies to this case, both as to the liability and damages.

  B. There are no statutory caps on Plaintiff's actual damages.

  C. Dr. Dovale is an independent contractor and is not an employee or agent (of any nature) of the Defendant Hospital.

  D. Defendant is entitled to a Dollar for Dollar credit of $300,000 which is the settlement made by Dr. Dovale.

  E. That Dr. Dovale is a "settling defendant" whose negligence, if any, will be submitted to the jury along with the Defendant Hospital

9. CONTESTED PROPOSITIONS OF LAW

The parties agree that the following are the contested propositions of law:

  A. Whether Texas law, Art. 4590i §13.01 concerning expert reports is a procedural provision and not controlling in this case pending in federal court.

  B. Whether Defendants are entitled to introduce evidence of Plaintiff's collateral source benefits, specifically medicaid/medicare benefits, because they were not "incurred."

  C. Whether any alleged negligence of Plaintiff proximately caused the motor vehicle accident and injury (NOTE: Defendant says this should read "injury" and Plaintiff says it should read "motor vehicle accident"), and if so, whether this negligence should be compared with the alleged negligence of the Defendant hospital and the settling Defendant, Dr. Dovale, as contended by the Defendant, OR only the alleged negligence of the Defendant Hospital and the settling Defendant, Dr. Dovale, should be compared, as contended by the Plaintiff. Plaintiff says the injury enhancing (aggravation of the automobile

    accident injury) "occurrence" (failure to diagnose) is the relevant occurrence, and the original injury, caused on the motor vehicle accident is not part of Plaintiff's claim, and therefore, any negligence on his part in causing the motor vehicle accident would not be relevant and should not be compared. Defendant contends that the appropriate question to the jury questions whether the negligence of the parties proximately caused the injury in question; therefore, the injury causing event is the focus. Defendant says "Contribution " plays no part in the jury instructions."

  D. If the Court agrees with Plaintiff's contention that Article 4590i § 13.01 is procedural and does not apply in Federal Court, the Court should also rule whether Article 4590i § 4.01(c) is also procedural. If so, Defendant claims it should be given the opportunity to amend its answer and plead the two-year statute of limitations.

  E. Whether diagnosis, treatment, hospital admission and discharge and release of spinal precautions are all the practice of medicine attributable to Dr. Dovale, not the Defendant hospital.

  F. Plaintiff's authorities for the above Propositions of Law are attached as Exhibit 1A, 1B and 1C.

  G. Defendant's authorities for the above Propositions of Law are attached as Exhibit 2A, 2B, 2C, 2D.

10. **EXHIBITS**

  A. Plaintiff's Exhibit List is attached hereto as Exhibit 3. (4 copies)

  B. Defendant's Exhibit List is attached hereto as Exhibit 4. (4 copies)

11. **WITNESSES**

  A. Plaintiff's Witness List is attached hereto as Exhibit 5. (4 copies)

  B. Defendant's Witness List is attached hereto as Exhibit 6. (4 copies)

  C. If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

12. SETTLEMENT

All settlement efforts have been exhausted, the case cannot be settled, and it will have to be tried.

13. TRIAL

    A. Probable length of trial is five (5) days.

    B. Logistical problems:

        (1) Plaintiff will be using a big screen presentation of electronic graphics, records, and deposition testimony and will have an operator in attendance to operate it for Plaintiff.

        (2) Plaintiff will be in a wheelchair.

        (3) The Defendant has experts that will need to travel from the Houston, Texas area (4); Nashville, Tennessee (1); Waco, Texas (1); and Corpus Christi, Texas (1). This will require pre-planning for their availability.

        (4) The Plaintiff has experts that will need to travel from Houston, Texas; Austin, Texas; San Antonio, Texas; Cooper City, Florida, and El Paso, Texas.

        (5) The Plaintiff has a witness who Plaintiff requests be permitted to testify from El Paso, Texas, via closed circuit from the federal courthouse, if possible, or otherwise by video conference.

14. ATTACHMENTS

    A. Plaintiff's proposed questions for the voir dire examination are attached as a separate document, in duplicate.

    B. Defendant's proposed questions for the voir dire examination are attached as a separate document, in duplicate.

    C. Plaintiff's proposed Charge, including instructions, definitions and special interrogatories, with authority, are attached as a separate document, in duplicate. In accordance with the Court's Civil Procedures, the jury instructions are also submitted in WordPerfect format on a 3.5" disc.

D.      Defendant's proposed Charge, including instructions, definitions and special interrogatories, with authority, are attached as a separate document, in duplicate. In accordance with the Court's Civil Procedures, the jury instructions are also submitted in WordPerfect format on a 3.5" disc.

DATE: _____

                 THE HONORABLE HILDA G. TAGLE
                 UNITED STATES DISTRICT JUDGE

APPROVED:

DATE: 10/13/04

*[signature: James L. Branton, on behalf of with permission]*
THOMAS A. CROSLEY
ATTORNEY-IN-CHARGE,
PLAINTIFF CANDELARIO DE LEON

*[signature]*
WILLIAM GAULT
ATTORNEY-IN-CHARGE,
DEFENDANT COLUMBIA VALLEY
HEALTHCARE SYSTEM, L.P. d/b/a
VALLEY REGIONAL MEDICAL CENTER

G:\WPFILES\FILES.CLT\D\DEL9827\TrialJnt-gualt-jlb-pto.wpd