IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| COLUMBIA VALLEY HEALTHCARE | § | (JURY) |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

**PLAINTIFF'S AUTHORITIES IN SUPPORT OF CONTESTED PROPOSITION OF LAW 9.A.**

*STATEMENT OF ISSUE TO BE RULED UPON BY THE COURT*

1. Whether expert report requirements and deadlines of Art. 4590i provisions, are procedural provisions and not controlling in federal court, and further, whether the tolling provisions of Article 4590i are substantive and do apply in federal court.

*SUMMARY OF THE ARGUMENT*

2. While Defendant contends that expert report requirements and deadlines of the states' medical malpractice statute applies to preclude Plaintiff's claims, this argument is flawed because the expert report requirements and deadlines are procedural, and thus are preempted by the federal procedural rules.

*ARGUMENT*

3. Texas Article 4590i § 13.01 does not apply in federal court. The court in *Poindexter v. Bonsukan*, 145 F.Supp.2d 800 (E.D. Tex. 2001) was faced with the same issue currently before this court. The *Poindexter* court framed the issue as follows: "If the Act's expert disclosure requirements do not apply in federal court, the Defendants' motions to strike and to dismiss must be denied." *Poindexter*, 145 F.Supp.2d at 803. In denying Defendants' motion to dismiss, the

**EXHIBIT 1A.**



Eastern District Court concluded in *Poindexter* that the Act's expert disclosure requirements were procedural and as such did not apply in federal court. *See id.*

4.  It is well-settled that in this action, the Court applies state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). The procedural requirements of TEX. REV. CIV. STAT. art. 4590i § 13.01 are not binding on plaintiffs in federal courts. Rather, the sufficiency of a complaint and the sufficiency and timing of expert disclosures are judged solely by the standards set out in Federal Rules of Civil Procedure. Similarly, whether parties are to be sanctioned for bringing frivolous claims in federal courts is judged under the Federal Rules.

5.  The Constitution, Article I, § 8, cl. 9, authorizes Congress to establish the lower federal courts. "From almost the founding days of this country, it has been firmly established that Congress, acting pursuant to its authority to make all laws 'necessary and proper' to their establishment, also may enact laws regulating the conduct of those courts and the means by which their judgments are enforced." *Willy v. Coastal Corp.*, 503 U.S. 131, 112 S.Ct. 1076 (1992). The Rules Enabling Act, 28 U.S.C. § 2072, specifically authorizes the creation of rules of procedure for the federal courts.

6.  The Supreme Court has emphasized that Congressional power to make rules governing the practice and pleading in federal courts "includes a power to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either." *Hanna*, 380 U.S. at 472, 85 S.Ct. at 1144; *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 623 (5th Cir. 1988). Furthermore, Congress has "the

**EXHIBIT 1A.**

power to prescribe procedural rules that differ from state-law rules even at the expense of altering the outcome of litigation." *Ferens v. John Deere Co.,* 494 U.S. 516, 525, 110 S.Ct. 1274 (1990) (emphasis supplied), citing *Hanna,* 380 U.S. at 473, 85 S.Ct. at 1145.[1] "The *Hanna* decision makes clear that *Erie* does not require the federal courts to depart from the Federal Rules in cases where those rules conflict with state law, even if the state law is in some sense "substantive." *Boone v. Knight,* 131 F.R.D. 609 (S.D. Ga. 1990).

7.  Discovery is a procedural matter governed in federal court by the Federal Rules of Civil Procedure and not by state discovery practices. *See* 8 Wright and Miller, Federal Practice and Procedure § 2005 (1970).[2] The state rules at issue in the present case, Article 4590i § 13.01, set forth that a plaintiff is to produce an expert report after filing a lawsuit asserting a 'health care liability claim' and also provide for sanctions if the plaintiff fails to comply. These are matters of procedure covered by the Federal Rules of Civil Procedure.

8.  The rules in question are properly considered procedural because they regulate "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *See Hanna,* 380 U.S. at 464, 85 S.Ct. at 1140, quoting *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14, 61 S.Ct. 422, 426 (1941). In such circumstances, *Hanna* teaches that even the "state's characterization of its own rule as substantive rather than procedural must nevertheless yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court." *Rosales v. Honda Motor Co.,* 726 F.2d 259, 262 (5th Cir. 1984).

---

[1] *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136 (1965)
[2] WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 2005 (1970).

**EXHIBIT 1A.**

9. Of course, it should be noted that Texas does not consider § 13.01 to be substantive but instead acknowledges that § 13.01 provides merely procedural rules. As described by one state appellate court in Texas: "Article 4590i, section 13.01 generally establishes *procedural provisions to be applied in a lawsuit* asserting a 'health care liability claim,' such as the medical malpractice claim in this case." *Broom v. MacMaster*, 992 S.W.2d 659, 663 (Tex. App.--Dallas 1999, no pet.) (emphasis supplied). More importantly, even the Texas Legislature chose to place § 13.01 in Article 4590i, Subchapter M, which *the Texas legislature entitled "Procedural Provisions."*[3]

10. Furthermore, state rules or laws that provide sanctions for bad-faith conduct by a litigant are generally deemed procedural and not applied by a federal court applying state law. *See Ashland Chemical Inc. v. Barco Inc.*, 123 F.3d 261, 264 (5th Cir. 1997) ("We therefore must determine whether the Local Rule is *procedural, like sanctions for bad-faith conduct*, or substantive." [emphasis supplied]). The relief sought by the Defendant in the present case is the

---

[3] *See gen. Johnston v. U.S.*, 85 F.3d 217 (5th Cir. 1996) (court considered name of subtitle within 4590i as part of its analysis in concluding that federal limitations and not 4590i § 10.01 applied to medical malpractice claim under Texas law asserted through FTCA).

**EXHIBIT 1A.**

"sanctions" authorized by Article 4590i § 13.01(e).[4] The standard employed under Texas state law in deciding whether to award such sanctions is essentially bad faith.[5]

11. Although the Fifth Circuit has applied portions of 4590i which govern substantive medical malpractice liability under Texas law (*see Lucas v. United States*, 807 F.2d 414 (5th Cir.1986) (defendant entitled to liability caps set by 4590i), it has never applied the requirements of §13.01 regarding expert reports.[6]

---

[4] Section 13.01 (e) provides:
>If a plaintiff fails to comply with the requirement of furnishing an expert report to each physician and health care provider she has sued by the 180th day after filing her lawsuit, and has not voluntarily dismissed the suit, the trial court shall, on the motion of the affected physician or health care provider, enter an order awarding **as sanctions** against the claimant or the claimant's attorney:
>(1) the reasonable attorney's fees and cost of court incurred by that defendant;
>(2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and
>(3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(e)(emphasis supplied).

[5] "A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent a *good faith* effort to comply with the definition of an expert report in Subsection (r)(6) of this section." Article 4590i at Sec. 13.01(l) (emphasis supplied). Furthermore, a court "shall" grant a 30 day extension to allow a plaintiff to comply with the expert report requirements as long as the plaintiff's failure to comply was not "intentional or the result of conscious indifference." *Id.* at Sec. 13.01(g).

[6] In addition to *Poindexter v. Bonsukan*, 145 F.Supp.2d 800 (E.D. Tex. 2001), which is directly on point, there are many other cases decided within this circuit addressing similar issues that clearly point toward applying the federal rules and not § 13.01. *See Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400 (5th Cir. 1968) ("No authority, however, demands that we regulate our court appearances and filings by means of sanctions utilized [under a state's law]. In fact, we must repair to our own federal standards."); *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208 (5th Cir. 1998) (provisions of Texas Declaratory Judgment Act authorizing recovery of attorney's fees were procedural and did not apply in diversity case); *Exxon Corp. v. Burglin*, 42 F.3d 94 (5th Cir. 1995) (federal rule allowing recovery of attorney fees only in case of frivolous appeal, rather than state rule allowing recovery of attorney fees regardless of which party ultimately prevailed on the merits, applied in diversity action); *Carter v. General Motors Corp.*, 983 F.2d 40 (5th 1993) (federal procedural law and not Texas rule governed award of costs in diversity case); *Johansen v. E.I. Du Pont De Nemours & Co.*, 810 F.2d 1377 (5th Cir. 1987) (FRCP 15 not Texas procedural rules governed whether amended pleading would relate back); *Rosales v. Honda Motor Co.*,

**EXHIBIT 1A.**

12. The procedures and deadlines under § 13.01 for when a plaintiff must produce an expert report in support of his claims are in direct conflict with FED.R.CIV.P 26 which sets its own procedures and deadlines (and allows the federal trial courts considerable discretion to act as it deems appropriate given the circumstances of a case). As stated above, discovery is a procedural matter governed in federal courts by the Federal Rules and not by state discovery practices. *See* note 2, *supra*, and cases cited therein. The procedures under § 13.01 conflict with the federal rules and, in federal court, are displaced by the federal rules.

13. The substantive law of Texas will not be affected by applying the Federal Rules of Civil Procedure to govern pleading and expert disclosures in diversity cases asserting Texas law health care liability claims. A plaintiff (and/or his lawyer) asserting a health care liability claim under Texas law in federal court is subject to sanctions under FED.R.CIV.P. 11 if the lawsuit is frivolous, if the allegations are not warranted by existing law, if the allegations do not have evidentiary support, or if the lawsuit has been presented for any improper purpose. The plaintiff asserting a health care liability claim will have to produce "a written report prepared and signed by

---

*Ltd.*, 726 F.2d 259 (5th Cir. 1984) (federal procedural rules regarding bifurcated trials governed in diversity case rather than Texas substantive law entitling plaintiff to one indivisible trial); *Gates v. L.G. DeWitt, Inc.*, 528 F.2d 405, 411 (5th Cir.1976) (state law requiring a plaintiff, in a direct action against an insurance company, to attach a copy of the insurance policy to his complaint is inapplicable since "[plaintiff] sued in federal court where his pleadings were controlled by Fed.R.Civ.P. 8...."); *Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir.1973) ("A complaint is sufficient if it satisfies the Federal Rules, even though it would be subject to demurrer in a state court...."); *Eyerly Aircraft Co. v. Killian*, 414 F.2d 591, 603 (5th Cir.1969) (Although a federal court is bound by the substantive elements of state law, it is "not bound to follow the state law regarding the way the substantive rights must be pled or shown since such matters are governed by the Federal Rules of Civil Procedure."); *Fradella v. Abbott Laboratories*, 1999 WL 461819 (E.D. La. 1999) (FRCP 41 not state law governed dismissal for want of prosecution); *Sneed Shipbuilding, Inc. v. Spanier Marine Corp.*, 125 F.R.D. 438 (E.D. Tex. 1989) (federal rules of procedure applied rather than Texas rule requiring sworn affidavit denying claim).

**EXHIBIT 1A.**

the witness" from every expert witness. FED.R.CIV.P. 26a(2)(B).[7] Most importantly, the plaintiff in federal court will have to prove the exact same substantive elements to support a health care liability claim under Texas law as a plaintiff in Texas state court. The substantive law and the "outcome" are unchanged; only procedures regarding expert reports are changed.

## *CONCLUSION*

14.   The Federal Rules of Evidence and Procedure supercede the states' medical negligence statutes' procedural provisions. Because the procedural requirements of the state rules, Article 4590i § 13.01, do not apply in this case, the adequacy and timeliness of Plaintiff's expert reports and their testimony, must be judged by federal procedural provisions.

---

[7] FED.R.CIV.P. 26a(2)(B) further provides:
> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**EXHIBIT 1A.**

Respectfully submitted,

By: *[signature: S. Rodriguez by permission of]*
THOMAS A. CROSLEY
Attorney-in-Charge
State Bar No. 00783902
S. Dist. Texas No. 15434
**BRANTON & HALL, P.C.**
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

Of Counsel:

**BRANTON & HALL, P.C.**
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No. 20163
SONIA M. RODRIGUEZ
State Bar No. 24008466
S. Dist. Texas No. 29199
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

And

**LAW OFFICES OF COWEN & BODDEN**
MICHAEL COWEN
State Bar No. 00795306
S. Dist. Texas No. 19967
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981

**ATTORNEYS FOR PLAINTIFF**

G:\WPFILES\FILES.CLT\D\DEL9827\PLEAD\auth-contesissueA.wpd

**EXHIBIT 1A.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| COLUMBIA VALLEY HEALTHCARE | § | (JURY) |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

**PLAINTIFF'S AUTHORITIES IN SUPPORT OF CONTESTED PROPOSITION OF LAW 9.B.**

*STATEMENT OF ISSUE TO BE RULED UPON BY THE COURT*

1. Whether Defendants are entitled to introduce evidence of Plaintiff's collateral source benefits, specifically Medicaid/Medicare benefits, because they were not "incurred."

*SUMMARY OF THE ARGUMENT*

2. Defendant has failed to affirmatively plead that it is entitled to an offset or credit for Medicare/Medicaid payments made to Plaintiff. Defendant's request for such a set-off not only is untimely, but it is also contrary to well settled law. The Collateral Source Rule precludes the Defendant from offsetting the judgment against any receipt of Medicare/Medicaid benefits. Further, evidence of these payments is inadmissible.

*ARGUMENT*

3. The issue of collateral payments of past medical expenses by Medicare/Medicaid is not within the purview of the jury. *See Trico Marine Assets Inc. v. Diamond B Marine Services Inc.*, 332 F.3d 779, 794 n. 7 (5th Cir. 2003)("[T]he collateral source rule operates to exclude evidence of collateral benefits because it may unfairly prejudice the jury.").

**EXHIBIT 1B.**



      4.      Plaintiff has received considerable medical care since the alleged acts of negligence on the part of Defendant. The cost of this care in the past exceeds $260,000.00. As articulated in Plaintiff's most recent complaint, Plaintiff seeks to recover as an element of damages these past medical expenses. As required, Plaintiff intends to prove at trial that these amounts are reasonable and the treatment was made necessary by Plaintiff's injuries. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004)("Under Texas law, a claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary"). But Defendant points out that Medicare or Medicaid has paid many of Plaintiff's medical bills; and Defendant argues that it should receive credit for the amounts paid by Medicare or Medicaid. This runs afoul of the Collateral Source Rule. The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor. *Phillips v. Western Co. of North America,* 953 F.2d 923, 930 (5th Cir.1992); see also James L. Branton, The Collateral Source Rule, 18 St. Mary's L. J. 3, 883 (1987)(explaining that as a rule of damages, the Collateral Source Rule "precludes the defendant from offsetting the judgment against any receipt of collateral sources by the plaintiff" and the underlying philosophy behind the rule). The liability of tortfeasors should not be excused or reduced simply because other sources of compensation are available. *Quinones v. Pennsylvania Gen. Ins. Co.,* 804 F.2d 1167, 1171 (10th Cir.1986). Permitting tortfeasors to set-off compensation available to plaintiffs from collateral sources would allow them to escape bearing the costs of their own conduct. *Davis v. Odeco,* 18 F.3d 1237, 1244 (5th Cir. 1994). As a matter of policy, the law allows the injured party, rather than the tortfeasor, the windfall, if any, created by the collateral source payment. RESTATEMENT (2D) OF TORTS § 920A. As is noted below, in the present case no such

"windfall" could be reasonably anticipated in this case, as Medicare and/or Medicaid retain a lien on any recovery by Mr. De Leon.

5. Medicare and/or Medicaid payments fall within the Collateral Source Rule and Defendant is not entitled to take a credit for them. *See In the Matter of Gulf Pride Marine Service Inc.*, No. 96-1104, 1997 WL 118394, *10 (E.D. La. 1997)(Findings of Fact and Conclusions of Law stating "the Medicare/Medicaid payments fall within the collateral source rule and the defendant is not entitled to take a credit for them."). In *Gulf Pride*, the court noted that Medicaid had the right and obligation to seek recovery of these expenses so it is likely that the payment will not be a windfall to the plaintiff. *Id.* The court referenced Medicaid Regulations, 42 CFR 433.135 *et seq.* and recognized that other involved health care providers either have or will likely assert similar liens. *Id.* at n. 6. The same is true in the present case. Medicare/Medicaid payments fall within the Collateral Source Rule and Defendant is not entitled to take a credit for such payments.

## *CONCLUSION*

6. Defendant is not entitled to take a credit for any Medicare/Medicaid benefits received by Plaintiff. Defendant has failed to affirmatively plead the defense of off-set. Further, the Collateral Source Rule precludes such a credit and ant evidence of such benefits received by Plaintiff is inadmissible.

Respectfully submitted,

By: _____ by permission of
THOMAS A. CROSLEY
Attorney-in-Charge
State Bar No. 00783902
S. Dist. Texas No. 15434

3

          **BRANTON & HALL, P.C.**
          One Riverwalk Place, Suite 1700
          700 N. St. Mary's St.
          San Antonio, Texas 78205
          (210) 224-4474
          (210) 224-1928 (fax)

Of Counsel:

**BRANTON & HALL, P.C.**
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No. 20163
SONIA M. RODRIGUEZ
State Bar No. 24008466
S. Dist. Texas No. 29199
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

And

**LAW OFFICES OF COWEN & BODDEN**
MICHAEL COWEN
State Bar No. 00795306
S. Dist. Texas No. 19967
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981

**ATTORNEYS FOR PLAINTIFF**

G:\WPFILES\FILES.CLT\D\DEL9827\PLEAD\auth-contesissueB.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| COLUMBIA VALLEY HEALTHCARE | § | (JURY) |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

### PLAINTIFF'S AUTHORITIES IN SUPPORT OF CONTESTED PROPOSITION OF LAW 9.C.

*STATEMENT OF ISSUE TO BE RULED UPON BY THE COURT*

1. Whether any alleged negligence of Plaintiff proximately caused the motor vehicle accident, and if so, whether this negligence should be compared with the alleged negligence of the Defendant hospital and the settling Defendant, Dr. Dovale, as contended by the Defendant, OR only the alleged negligence of the Defendant Hospital and the settling Defendant, Dr. Dovale, should be compared, as contended by the Plaintiff.

*SUMMARY OF THE ARGUMENT*

2. Plaintiff played no role in causing the "occurrence" made the basis of this litigation - therefore, any purported negligence on his part in causing an "injury," the initial automobile collision, should not be submitted to the jury. Only the negligence of the Defendant and of the setting parties in causing the occurrence should be submitted to the jury.

EXHIBIT 1C.

MICHAEL R. COWEN, PC

OCT 14 2004

RECEIVED

## ARGUMENT

3. Only the negligence of the Defendant and that of Dr. Dovale, the settling Defendant – but not the alleged negligence of Plaintiff – should be submitted to the jury. *See* STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES – MALPRACTICE, PREMISES & PRODUCTS, PJC 61.1 (2003); *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 n.2 (Tex.1984); *Hilland v. Arnold*, 856 S.W.2d 240, 243 n. 2 (Tex.App.--Texarkana 1993, no writ). The jury should not consider any "injury-causing" negligence of the Plaintiff which is not "occurrence-causing." *See* STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES – MALPRACTICE, PREMISES & PRODUCTS, PJC 61.1 (2003). In the present case, Plaintiff makes no claim and seeks no damages for the original spinal cord "injury" caused in his automobile collision. Thus, any alleged negligence on his part for causing this initial "injury" in the automobile collision is moot because it is not "occurrence-causing." *Id.* Instead, Plaintiff alleges that the Defendant Hospital failed to diagnose, treat and hospitalize him and that *this* "occurrence" *aggravated* his spinal cord injury. Therefore, any negligence of Plaintiff in causing the automobile collision from which the original spinal cord injury resulted and for which he makes no claim and is seeking no damages, would be irrelevant to the "occurrence" at the hospital which aggravated his spinal cord injury and hindered his recovery therefrom.

4. Further, any purported negligence on the part of alleged responsible third parties should not be submitted to the jury because no such responsible third parties have been joined by Defendant Hospital. *See* STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES - MALPRACTICE, PREMISES & PRODUCTS, PJC 61.2 (2003) (citing TEX. CIV. PRAC.& REM. CODE § 33.004).

### *Conclusion*

5. Any negligence of Plaintiff in causing the automobile collision from which the original spinal cord injury resulted and for which he makes no claim and is seeking no damages,

2

would be irrelevant to the "occurrence" at the hospital which aggravated his spinal cord injury and hindered his recovery therefrom. Additionally, any purported negligence on the part of alleged responsible third parties should not be submitted to the jury because no such responsible third parties have been joined by Defendant Hospital. *See* STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES - MALPRACTICE, PREMISES & PRODUCTS, PJC 61.2 (2003) (citing TEX. CIV. PRAC.& REM. CODE § 33.004).

Respectfully submitted,

By: *James L. Branton, for and on behalf of with permission*
THOMAS A. CROSLEY
Attorney-in-Charge
State Bar No. 00783902
S. Dist. Texas No. 15434
**BRANTON & HALL, P.C.**
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

Of Counsel:

**BRANTON & HALL, P.C.**
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No.20163
SONIA M. RODRIGUEZ
State Bar No. 24008466
S. Dist. Texas No. 29199
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

3

And

**LAW OFFICES OF COWEN & BODDEN**
MICHAEL COWEN
State Bar No. 00795306
S. Dist. Texas No. 19967
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981

**ATTORNEYS FOR PLAINTIFF**

G:\WPFILES\FILES.CLT\D\DEL9827\PLEAD\auth-contesissueC.wpd