IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

### DEFENDANT'S AUTHORITIES FOR PROPOSITIONS OF LAW 9A AND 9D IN JOINT PRETRIAL ORDER

1. Pleadings/Motions

   Plaintiff's Third Amended Complaint, paragraph 30
   Plaintiff's Response to Defendant's Motion to Dismiss (filed about 10/3/2001)

2. Citations (§13.01)

   Article 4590i §13.01(d), (e) and (k) Tex. Rev. Civ. Stat. Ann.
   FRCP 26 and FRE 702, 703 and 705 compare to Article 4590i §14.01
   *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938)
   *American Transitional Care Center of Texas, Inc. v. Palacios*, 46 S.W.3d 873 (Tex. 2001)
   *Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48 (Tex. 2002)

3. Citations (Statue of Limitations)

   Article 4590i §10.01 Tex. Rev. Civ. Stat. Ann.
   Article 4590i §4.01 Tex. Rev. Civ. Stat. Ann.
   Chapter 16.003 Texas Civil Practice and Remedies Code



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

## DEFENDANT'S AUTHORITIES FOR PROPOSITIONS OF LAW 9B IN JOINT PRETRIAL ORDER

1.  Citations

    Tex. Rev. Civ. Stat. Article 4590i §11.02(b)
    Tex. Hum. Res. Code §32.003 et. seq.
    42 CFR §489.20 (2003)
    42 CFR §499.21
    *Thompson v. Goetzmann*, 2003 WL 21523349 [5th Cir. (Tex.) 2003]



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

### DEFENDANT'S AUTHORITIES FOR CONTESTED PROPOSITION OF LAW 9C IN JOINT PRETRIAL ORDER

1. The appropriate area of inquiry in the jury charge between "injury" or "occurrence" is "injury".
   Citations:
   Texas Pattern Jury Charge 4.1 Notes
   Texas Pattern Jury Charge 51.1 Notes
   Tex. Civ. Prac. & Rem. Code Ch. 33.011(4)

2. The Court should submit Plaintiff's negligence to the jury.
   Citations:
   *Sloan v. Molandes*, 32 S.W.3d 745, 752 (Tex. App.-Beaumont, 2000, no pet.)
   *Isern v. Watson*, 942 S.W.2d 186, 201 (Tex. App.-Beaumont, 1997, writ denied)
   *Elbaor v. Smith*, 845 S.W.2d 240, 244-245 (Tex. 1992)
   *Wyatt v. United States,* 939 F.Supp. 1402, 1412 (E.D. MO, 1996)

   Plaintiff's experts have admitted that Plaintiff's negligence caused his own injuries. They criticize Dr. Dovale for not keeping Plaintiff at the hospital while he was intoxicated and Plaintiff was then taken to the City of Brownsville Jail. Plaintiff claims he was assaulted by the police officers and jailers and his experts admit that caused further injury.

3. Proximate cause is the relevant issue to be submitted to the jury, not contribution.
   Texas Pattern Jury Charges 50.1
   Texas Pattern Jury Charges 50.2
   Texas Pattern Jury Charges 2.4
   *Rudes v. Gottschalk*, 324 S.W.2d 201, 207 (Tex. 1959)



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CANDELARIO DE LEON** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. CV-B-00-192** |
| | § | **(JURY REQUESTED)** |
| **COLUMBIA VALLEY HEALTHCARE** | § | |
| **SYSTEM, L.P. D/B/A VALLEY REGIONAL** | § | |
| **MEDICAL CENTER** | § | |

### DEFENDANT'S AUTHORITIES FOR PROPOSITION OF LAW 9E OF JOINT PRETRIAL ORDER

1. Citations

   Tex. Occ. Code §105.001
   Tex. Occ. Code §105.002(a)(12)(13)
   Tex. Occ. Code §155.001
   Tex. Occ. Code §301.002(2)
   Tex. Occ. Code §301.151(2)

2. Testimony

   Plaintiff's experts agree that these are all medical decisions to be made by a doctor. Plaintiff's experts criticize only Dr. Dovale for these areas, not the hospital.

