IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| COLUMBIA VALLEY HEALTHCARE | § | (JURY REQUESTED) |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

# PLAINTIFF'S PROPOSED COURT'S CHARGE, INSTRUCTIONS, DEFINITIONS AND SPECIAL INTERROGATORIES, WITH AUTHORITY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| COLUMBIA VALLEY HEALTHCARE | § | (JURY REQUESTED) |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

**GENERAL INSTRUCTIONS**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.[1]

You have heard the closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.[2]

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.[3]

---

[1] Fifth Circuit Pattern Jury Instructions 3.1.

[2] Fifth Circuit Pattern Jury Instructions 3.1.

[3] Fifth Circuit Pattern Jury Instructions 3.1.

You must answer all questions from, and the plaintiff must prove every essential part of his claim by, a preponderance of the evidence unless otherwise instructed. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[4] If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence you should find for the defendants as to that claim.[5]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.[6]

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse

---

[4]Fifth Circuit Pattern Jury Instructions 3.1.

[5]Fifth Circuit Pattern Jury Instructions 2.20.

[6]Fifth Circuit Pattern Jury Instructions 3.1.

PLAINTIFF'S PROPOSED CHARGE OF THE COURT                                          PAGE 2

of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[7]

Certain testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned certain witnesses under oath. A court reporter was present and recorded the testimony. The questions and answers were read or shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.[8]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.[9]

---

[7]Fifth Circuit Pattern Jury Instructions 3.1.

[8]Fifth Circuit Pattern Jury Instructions 2.23.

[9]Fifth Circuit Pattern Jury Instructions 3.1.

PLAINTIFF'S PROPOSED CHARGE OF THE COURT                                                                 PAGE 3

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.[10]

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence of nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[11]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness--is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.[12]

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.[13]

---

[10]Fifth Circuit Pattern Jury Instructions 3.1.

[11]Fifth Circuit Pattern Jury Instructions 3.1.

[12]Fifth Circuit Pattern Jury Instructions 3.1.

[13]Fifth Circuit Pattern Jury Instructions 3.1.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.[14]

In determining the weight to give to the testimony of a witness, you should also ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he or she gave at trial.[15]

---

[14] Fifth Circuit Pattern Jury Instructions 3.1.

[15] Fifth Circuit Pattern Jury Instructions, Instruction 2.16.

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

## (GENERAL NATURE OF PLAINTIFF'S CLAIM)

This is a common law negligence suit brought by Candelario De Leon, the Plaintiff, against Valley Regional Medical Center, the Defendant, claiming that a spinal cord injury he received in a motor vehicle accident on December 24, 1998, went undiagnosed and untreated when he presented to the defendant hospital for emergency care. The Plaintiff claims that the hospital, through its nursing staff, was negligent in not transmitting this vital information to the emergency room physician. Plaintiff also claims that the defendant hospital did not do an adequate assessment of Plaintiff's injuries, and that as a result of these failures, the spinal cord injury went undiagnosed, untreated, and the precautionary devices, such as the collar and spine backboard, were removed. Instead of being hospitalized, he was discharged and, as a result, the spinal cord was aggravated and made worse, and Candelario De Leon was left severely and permanently disabled.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

### (INJURY)

Because Plaintiff Candelario De Leon sustained an injury to his spinal cord in a motor vehicle accident before he was ever admitted to the Emergency Room of the by the Defendant Valley Medical Regional Hospital, I will give you these special instructions on what you are to decide with respect to the injury.

A person sustains an injury if he or she receives damage or harm to the physical structure of the body. Such damage or harm includes such diseases and infections as naturally result therefrom, and the incitement, acceleration or aggravation of any previously existing disease or condition by reason of such damage or harm to the physical structure of the body.[16]

The question for you to decide, therefore, is whether any conduct of the hospital, by and through their agents and employees, accelerated or aggravated the spinal cord injury that the Plaintiff received in the motor vehicle accident. Under the definition of "injury" as I have given it to you, if the Plaintiff's injury was aggravated as a result of conduct by the nurses or staff at the hospital, then the Plaintiff will have sustained an injury as I have defined it for you.

---

[16]*Dowden Cab Co. v. Thomas*, 425 S.W.2d 886, 889 (Tex. Civ. App.—Fort Worth 1968, writ ref'd n.r.e.).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

## (NATURE AND EXTENT OF INJURY)

If you have found by a preponderance of the evidence that the Plaintiff's spinal cord injury was accelerated or aggravated by the Defendant's conduct, and therefore the Plaintiff has sustained an injury as I have defined it for you, then you must decide the nature and extent of this new injury to the Plaintiff.[17]

Medical science does not permit an exact calculation of the nature and extent of any such aggravation. You have heard the opinions of the expert witnesses who have attempted to give you assistance in determining the nature and extent of any such aggravation, but in the final analysis, you must consider their testimony along with testimony from all the witnesses and use your good judgment in attempting to determine the consequences of the non-diagnosis and non-treatment of the Plaintiff's spinal cord injury at the Defendant hospital's emergency room on December 24, 1998.

---

[17]See generally *Hogan v. Cunningham*, 278 S.W.2d 265, 268 (Tex. Civ. App. – Amarillo 1954, no writ).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

## (CHARTS AND SUMMARIES)

It is common practice to use a chart as a testimonial aid for witnesses and as a visual aid for counsel in argument. On occasion, such charts are submitted to the jury. In determining what use you may make of these chart and summaries, you should remember that they merely purport to represent a fraction of the evidence you have heard. You must consider not only the evidence that appears on the charts, but the evidence which has not been included. You should also consider the evidence presented concerning the preparation and accuracy of the charts, and give them such weight as you believe they deserve. If your recollection of the evidence differs from these charts, rely on your recollection.[18]

---

[18]Fifth Circuit Pattern Jury Instructions 2.8 (modified).

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 5

## (PHYSICAL PAIN AND MENTAL ANGUISH)

"Physical Pain and Mental Anguish" is an element of damages, and the law recognizes that it is susceptible only to an approximate money evaluation. You, the jury, are to arrive at some fair compensation based on your common knowledge and your sense of justice.[19] The amount of damages which would fairly compensate for "pain" is not and cannot be determined by a set formula, but rather as a matter for your discretion.[20]

---

[19] *Pipgras v. Hart*, 832 S.W.2d 360, 365 (Tex. App.–Fort Worth 1992, writ ref'd n.r.e.).

[20] *Horizon/CMS Healthcare Corp. v. Auld*, 985 S.W.2d 216 (Tex. App.–Forth Worth 1999, pet. granted).

## PLAINTIFF'S PROPOSED DEFINITIONS

I will now give you certain definitions that you will use in answering the special interrogatories in the Verdict Form.

## DEFINITION NO. 1

## (NEGLIGENCE)

"Negligence," when used with respect to the conduct of Valley Regional Medical Center, means failure to use ordinary care, that is, failing to do that which a hospital of ordinary prudence would have done under the same or similar circumstance or doing that which a hospital of ordinary prudence would not have done under the same or similar circumstances.[21]

---

[21] State Bar of Texas, *Texas Pattern Jury Charges – General Negligence, Intentional Personal Torts* PJC 50.2 (2000 ed.).

# DEFINITION NO. 2

## (ORDINARY CARE)

"Ordinary care," when used with respect to the conduct of Valley Regional Medical Center, means that degree of care that a hospital of ordinary prudence would use under the same or similar circumstances.[22]

---

[22] State Bar of Texas, *Texas Pattern Jury Charges -- General Negligence, Intentional Personal Torts* PJC 50.2 (2000 ed.).

PLAINTIFF'S PROPOSED CHARGE OF THE COURT                                         PAGE 13

# DEFINITION NO. 3

## (PROXIMATE CAUSE)

"Proximate cause," when used with respect to the conduct of Valley Regional Medical Center, means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that hospital using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.[23]

---

[23]State Bar of Texas, *Texas Pattern Jury Chartes - General Negligence, Intentional Personal Torts* PJC 50.2 (2000 ed.).

## DEFINITION NO. 4

## (PHYSICAL IMPAIRMENT)

"Physical impairment" as a separate element of damages is defined as impairment beyond loss of earning capacity or mere pain and suffering.[24] There may be physical impairment which bears no relation to economic loss and does not necessarily affect the injured party's capacity to work and earn a living.[25] Physical impairment includes loss of physical ability to enjoy recreational sports activities extends beyond a loss of earning capacity and beyond pain and suffering.[26]

---

[24] *Blankenship v. Mirick*, 984 S.W.2d 771 (Tex. App.— Waco 1999, pet. denied).

[25] *Texas Farm Products Co. v. Leva*, 535 S.W.2d 953, 959 (Tex. Civ. App.—Tyler 1976, no writ).

[26] *Tri-State Motor Transit Co. v. Nicar*, 765 S.W.2d 486 (Tex. App.—Houston [14th Dist.] 1989, no writ).

PLAINTIFF'S PROPOSED CHARGE OF THE COURT                                                    PAGE 15

# DEFINITION NO. 5

## (EARNING CAPACITY)

"Earning capacity" means the capacity to work and earn money.[27] Proof of earnings is some proof of earning capacity, just as proof of loss of earnings supplies some proof of loss of earning capacity.

---

[27]*Fowlers v. Pedlar*, 497 S.W.2d 399 (Tex. Civ. App.—Houst. [1st Dist.] 1973, no writ).

# DEFINITION NO. 6

## (LOSS OF EARNING CAPACITY)

"Loss of earning capacity" means an impairment of one's ability to work.[28] If a plaintiff continues to work in spite of his impairment, he may nonetheless recover for loss of earning capacity.[29] Proof that pain, weakness, diminished functional ability that might bear on ones capacity to get and hold a job, as well as the impairment of one's capacity for a duration, consistency or efficiency of work will supply proof of loss of earning capacity.[30] Proof of earnings is some proof of earning capacity, just as proof of loss of earnings supplies some proof of loss of earning capacity.

---

[28]*Ceiling Fan Warehouse, Inc. v. Morgan*, 723 S.W.2d 199 (Tex. App.—San Antonio 1986), *aff'd*, 725 S.W.2d 715 (Tex. 1987).

[29]*Spring v. Baggs*, 500 S.W.2d 541 9Tex. Civ. App.—Texarkana 1973, writ ref'd n.r.e.).

[30]*Springer v. Baggs*, 500 S.W.2d 541 (Tex. Civ. App.—Texarkana 1973, writ ref'd n.r.e.).

## DEFINITION NO. 7

## (DISFIGUREMENT)

"Disfigurement" means an impairment of symmetry or appearance; that which renders unsightly or deforms in some manner, including scarring.[31] Disfigurement is an element of damages separate and apart from physical pain and mental anguish.[32]

---

[31] *Hopkins County Hosp. District v. Allen*, 760 S.W.2d 341 (Tex. App.—Texarkana 1988, no writ).

[32] *Pedernales Electric Cooperative, Inc. v. Schultz*, 583 S.W.2d 882 (Tex. Civ. App.—Waco 1979, writ ref'd n.r.e.).

PLAINTIFF'S PROPOSED CHARGE OF THE COURT                                                                 PAGE 18

## **DAMAGES**

The verdict form which you will be given when you begin your deliberations contains instructions on the elements of damages and gives you guidance as to the circumstances under which they are to be answered. Follow those instructions and definitions in answering the questions.