# VERDICT FORM

**Special Interrogatory No. 1**

Did the negligence, if any, of those named below proximately cause the occurrence in question?[33]

By "occurrence in question" is meant the non-diagnosis and non-treatment of Candelario De Leon's spinal cord injury at the Valley Regional Medical Center Emergency Room on December 24, 1998.

Answer: "Yes" or "No" for each of the following:

a.    Valley Regional Medical Center,
      its agents and employees, including
      Nurse Harold Wright                            _____

b.    Dr. Joao Dovale                                _____

If you have answered "Yes" to Special Interrogatory No.1 for more than one of those named above, then answer the following Special Interrogatory. Otherwise, do not answer the following Special Interrogatory.

**Special Interrogatory No. 2**

---

[33]State Bar of Texas, *Texas Pattern Jury Charges – General Negligence, Intentional Personal Torts* PJC 51.3 (2000 ed.).

What percentage of the negligence that caused the occurrence do you find to be attributable to each of those listed below?[34]

The percentages you find must total 100 percent.  The percentages must be expressed in whole numbers.  The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found.

| | | |
|---|---|---|
| a. | Valley Regional Medical Center, its agents and employees, including Nurse Harold Wright | _____% |
| b. | Dr. Joao Dovale | _____% |
| | Total | ____100____% |

If you have answered "Yes" as to Valley Regional Medical Center in Special Interrogatory No. 1, and have attributed 50 percent or more negligence to Valley Regional Medical Center in Special Interrogatory No. 2, then answer the following Special Interrogatory.  Otherwise, do not answer the following Special Interrogatory.

---

[34]State Bar of Texas, *Texas Pattern Jury Charges - General Negligence, Intentional Personal Torts* PJC 51.7 (2000 ed.)(modified).

PLAINTIFF'S PROPOSED CHARGE OF THE COURT                                      PAGE 21

**Special Interrogatory No. 3**

What some of money, if paid now in cash, would fairly and reasonable compensate Candelario De Leon for his injuries, if any, resulting from the occurrence in question?[35]

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you may find.

Answer separately, in dollars and cents, for damages, if any.

1.     Physical pain and mental anguish sustained in the past.

Answer: _____

2.     Physical pain and mental anguish that, in reasonable probability, Candelario De Leon will sustain in the future.

Answer: _____

3.     Loss of earning capacity sustained in the past.

Answer: _____

4.     Loss of earning capacity that, in reasonable probability, Candelario De Leon will sustain in the future.

Answer: _____

---

[35]State Bar of Texas, *Texas Pattern Jury Charges – General Negligence, Intentional Personal Torts* PJC 80.2 (2000 ed.).

5.  Disfigurement sustained in the past.

Answer: _____

6. Disfigurement that, in reasonable probability, Candelario De Leon will sustain in the future.

Answer: _____

7. Physical impairment sustained in the past.

Answer: _____

8. Physical impairment that, in reasonable probability, Candelario De Leon will sustain in the future.

Answer: _____

9. Medical care in the past.

Answer: _____

10. Medical care that, in reasonable probability, Candelario De Leon will sustain in the future.

Answer: _____

## **CERTIFICATE**

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our unanimous verdict.

(To be signed by the foreperson.)

_____

FOREPERSON

## Deliberations

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.[36]

Remember that in a very real way you are the judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.[37]

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.[38]

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.[39]

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.[40]

---

HONORABLE HILDA G. HTAGLE
UNITED STATES DISTRICT COURT JUDGE

---

[36]Fifth Circuit Pattern Jury Instructions 2.11

[37]Fifth Circuit Pattern Jury Instructions 2.11.

[38]Fifth Circuit Pattern Jury Instructions 3.1.

[39]Fifth Circuit Pattern Jury Instructions 3.1.

[40]Fifth Circuit Pattern Jury Instructions 3.1.

Respectfully submitted,

By: _Rodriguez_ by permission of:

THOMAS A. CROSLEY
Attorney-in-Charge
State Bar No. 00783902
S. Dist. Texas No. 15434
**BRANTON & HALL, P.C.**
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

Of Counsel:

**BRANTON & HALL, P.C.**
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No.20163
SONIA M. RODRIGUEZ
State Bar No. 24008466
S. Dist. Texas No. 29199
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

And

**LAW OFFICES OF COWEN & BODDEN**
MICHAEL COWEN
State Bar No. 00795306
S. Dist. Texas No. 19967
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served, via U. S. Mail, on this 15th day of October, 2004, to:

> Mr. William Gault
> Mr. Paul Fourt
> BRIN & BRIN, P.C.
> 1325 Palm Blvd., Suite A
> Brownsville, Texas 78520
>
> ATTORNEYS FOR DEFENDANTS
> COLUMBIA VALLEY HEALTHCARE
> SYSTEM, L.P. D/B/A VALLEY
> REGIONAL MEDICAL CENTER

*S. Rodriguz* *by permission of:*

THOMAS A. CROSLEY

G:\WPFILES\FILES.CLT\D\DEL9827\Trial\Charge of Court.wpd

PLAINTIFF'S PROPOSED CHARGE OF THE COURT                    PAGE 27