**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CANDELARIO DE LEON** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO. CV-B-00-192** |
| | § | |
| **COLUMBIA VALLEY HEALTHCARE** | § | |
| **SYSTEM, L.P. D/B/A VALLEY REGIONAL** | § | |
| **MEDICAL CENTER** | § | |

**DEFENDANTS COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P.**
**D/B/A VALLEY REGIONAL MEDICAL CENTER'S REQUESTED JURY CHARGES**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Columbia Valley Healthcare System, L.P., d/b/a Valley Regional Medical Center, Defendant in the above-entitled and numbered proceeding, and, prior to the submission of the charge to the jury, file these Requested Charges and request that they be included in the Court's charge to the jury.

WHEREFORE, PREMISES CONSIDERED, Columbia Valley Healthcare System, L.P., d/b/a Valley Regional Medical Center prays that these Requested Charges be included in the Court's charge to the jury.

Respectfully submitted,

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
Michael Quintana
Fed. ID No. 33291
State Bar No. 24037314
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956)544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEMS, L.P. d/b/a VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 15th day of October, 2004.

Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

**VIA CMRRR #7004 1160 0001 4080 0136**

Michael Cowen
520 E. Levee
Brownsville, Texas 78520

**VIA HAND DELIVERY**

_____
William Gault

DELEON/VRMC - Jury Charge.wpd                                    PAGE 2

## DEFENDANT'S REQUESTED CHARGE NO. 1

### DEFINITION NO. 1

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

\_\_\_\_    included in the Court's Charge.

\_\_\_\_    refused.

\_\_\_\_    modified and, as modified, included in the Court's Charge.

SIGNED the \_\_\_\_ day of _____, 2004.


_____
JUDGE PRESIDING


**Citation of Authority**
**Texas Pattern Jury Charges 2.1**

## DEFENDANT'S REQUESTED CHARGE NO. 2

## DEFINITION NO. 2

"Negligence," when used with respect to the conduct of Dr. Dovale, means failure to use ordinary care, that is, failing to do that which an emergency room physician of ordinary prudence would have done under the same or similar circumstances or doing that which an emergency room physician of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care," when used with respect to the conduct of Dr. Dovale, means that degree of care that an emergency room physician of ordinary prudence would use under the same or similar circumstances.

"Proximate cause," when used with respect to the conduct of Dr. Dovale, means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that an emergency room physician using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

\_\_\_\_    included in the Court's Charge.

\_\_\_\_    refused.

\_\_\_\_    modified and, as modified, included in the Court's Charge.

SIGNED the \_\_\_\_ day of _____, 2004.


_____
JUDGE PRESIDING


**Citation of Authority**
**Texas Pattern Jury Charges 50.1**

## DEFENDANT'S REQUESTED CHARGE NO. 3

## DEFINITION NO. 3

"Negligence," when used with respect to the conduct of Valley Regional Medical Center, means failure to use ordinary care, that is, failing to do that which a hospital of ordinary prudence would have done under the same or similar circumstances or doing that which a hospital of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care," when used with respect to the conduct of Valley Regional Medical Center, means that degree of care that a hospital of ordinary prudence would use under the same or similar circumstances.

"Proximate cause," when used with respect to the conduct of Valley Regional Medical Center, means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a hospital using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

\_\_\_\_    included in the Court's Charge.

\_\_\_\_    refused.

\_\_\_\_    modified and, as modified, included in the Court's Charge.

SIGNED the \_\_\_\_ day of _____, 2004.


_____
JUDGE PRESIDING

**Citation of Authority**
**Texas Pattern Jury Charges 50.2**

## DEFENDANT'S REQUESTED CHARGE NO. 4

## DEFINITION NO. 4

"Proximate cause," when used with respect to the conduct of Valley Regional Medical Center, means that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a hospital exercising ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

"New and independent cause" means the act or omission of a separate and independent agency, not reasonably foreseeable by a hospital exercising ordinary care, that destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question and thereby becomes the immediate cause of such occurrence.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

____    included in the Court's Charge.

____    refused.

____    modified and, as modified, included in the Court's Charge.

SIGNED the ____ day of _____, 2004.

_____
JUDGE PRESIDING

**Citation of Authority**
**Texas Pattern Jury Charges 50.4**

## DEFENDANT'S REQUESTED CHARGE NO. 5

## DEFINITION NO. 5

There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence. then no act or omission of any other person could have been a proximate cause.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the

presentation of the charge to the jury that the above and foregoing Requested Charge was presented

to the Court for inclusion in the Charge to the Jury and the same was:

\_\_\_    included in the Court's Charge.

\_\_\_    refused.

\_\_\_    modified and, as modified, included in the Court's Charge.

SIGNED the \_\_\_\_ day of _____, 2004.


_____
JUDGE PRESIDING


**Citation of Authority**
**Texas Pattern Jury Charges 50.5**

## DEFENDANT'S REQUESTED CHARGE NO. 6

## INSTRUCTION NO. 1

The law requires drivers to keep an assured clear distance with the driver in front of it so that the driver can stop without colliding with the vehicle in front of it. A failure to comply with that is negligence in itself.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the

presentation of the charge to the jury that the above and foregoing Requested Charge was presented

to the Court for inclusion in the Charge to the Jury and the same was:

____    included in the Court's Charge.

____    refused.

____    modified and, as modified, included in the Court's Charge.

SIGNED the ____ day of _____, 2004.


_____
JUDGE PRESIDING


**Citation of Authority**
**Texas Pattern Jury Charges 5.1**
**Texas Transportation Code Ann. § 545.062**

## <u>DEFENDANT'S REQUESTED CHARGE NO. 7</u>

### <u>INSTRUCTION NO. 2</u>

Do not include any amount for any condition not resulting from the occurrence in question.

### <u>ORDER</u>

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

\_\_\_\_    included in the Court's Charge.

\_\_\_\_    refused.

\_\_\_\_    modified and, as modified, included in the Court's Charge.

SIGNED the \_\_\_\_ day of _____, 2004.


_____
JUDGE PRESIDING

**Citation of Authority**
**Texas Pattern Jury Charges 80.7**

## **DEFENDANT'S REQUESTED CHARGE NO. 8**

## **INSTRUCTION NO. 3**

Do not include any amount for any condition existing before the occurrence in question, except to the extent; if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the

presentation of the charge to the jury that the above and foregoing Requested Charge was presented

to the Court for inclusion in the Charge to the Jury and the same was:

\_\_\_\_    included in the Court's Charge.

\_\_\_\_    refused.

\_\_\_\_    modified and, as modified, included in the Court's Charge.

SIGNED the \_\_\_\_ day of _____, 2004.


_____
JUDGE PRESIDING

**Citation of Authority**
**Texas Pattern Jury Charges 80.8**

## DEFENDANT'S REQUESTED CHARGE NO. 9

## QUESTION NO. 1

Did the negligence, if any, of those named below proximately cause the injury in question?

Answer "Yes" or "No" for each of the following:

      a. Dr. Dovale                 _____

      b. Valley Regional Medical Center   _____

      c. Candelario De Leon         _____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

\_\_\_  included in the Court's Charge.

\_\_\_  refused.

\_\_\_  modified and, as modified, included in the Court's Charge.

      SIGNED the \_\_\_\_ day of _____, 2004.


                    _____
                            JUDGE PRESIDING

**Citation of Authority**
**Texas Pattern Jury Charges 51.3**
I

## DEFENDANT'S REQUESTED CHARGE NO. 10

## QUESTION NO. 2

If you have answered "Yes" to Question I for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

QUESTION 2

What percentage of the negligence that caused the injury do you find to be attributable to each of those listed below and found by you, in your answer to Question 1, to have been negligent?

| | | | |
|---|---|---|---|
| a. | Dr. Dovale | _____ | % |
| b. | Valley Regional Medical Center | _____ | % |
| c. | Candelario De Leon | _____ | % |
| | Total | _____100_____ | % |

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

____ included in the Court's Charge.

____ refused.

____ modified and, as modified, included in the Court's Charge.

SIGNED the ____ day of _____, 2004.

<br>

_____
JUDGE PRESIDING

**Citation of Authority**
**Texas Pattern Jury Charges 51.5**

## DEFENDANT'S REQUESTED CHARGE NO. 11

## QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Candelario De Leon for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

a.    Physical pain and mental anguish.
b.    Loss of earning capacity.
c.    Disfigurement.
d.    Physical impairment.
e.    Medical care.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Candelario De Leon.

Answer in dollars and cents for damages, if any, that--

were sustained in the past:                    Answer:_____

in reasonable probability will
be sustained in the future.                    Answer:_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

____    included in the Court's Charge.

____    refused.

____    modified and, as modified, included in the Court's Charge.

SIGNED the ___ day of _____, 2004.


_____
JUDGE PRESIDING

**Citation of Authority**
**Texas Pattern Jury Charges 80.2**

DELEON/VRMC - Jury Charge.wpd                                    PAGE 13