United States District Court
Southern District of Texas
FILED

OCT 1 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. CV-B-00-192 |
| COLUMBIA VALLEY HEALTHCARE | § | (JURY) |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

## PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff in the above-entitled and numbered cause, before the commencement of the Voir Dire examination of the jury panel, and respectfully move that counsel for Defendants, and through such counsel any and all defense witnesses, be instructed by this Honorable Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth without first approaching the Bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this case, in regard to any alleged theory of admissibility of such matters, because the injection of such matters in the trial of this cause would result in irreparable prejudice and harm to Plaintiff's case, which no instruction by the Court to the Jury could cure:

1.

Any reference, comment or suggestion that the Plaintiff was at fault in the motor vehicle accident that gave rise to his spinal cord injury, as that would necessitate trying the automobile case, all of which is irrelevant to any issue to be decided by the jury as to the fault of the Defendant

hospital and the causation issues. This would include any references to speed or other misconduct, including whether or not a citation was issued as a result of the accident. The "occurrence in question" to which causation issues relate is the failure as to the hospital to diagnose Plaintiff's injury, not the automobile accident.

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

2.

Any reference, comment, question or suggestion that the Plaintiff was "drunk" or "intoxicated," as these are terms used by the defense counsel in questioning witnesses in depositions, (see e.g. Zeff Ross Deposition, pg. 46), as there is no evidence that Plaintiff was intoxicated while he had been drinking. The evidence indicates a very minor amount of beer consumption, and the examining physician reported that the Plaintiff had no slurred speech, was not disoriented, and did not have any instability. See Dr. Dovale deposition pp. 65-66. *See Hess v. Nationwide Mut. Ins. Co.*, 46 Fed. Appx. 732, 2002 WL 1973891, *2n.2 (5th Cir. 2002)(not selected for publication in the Federal Reporter, No. 01-10342).

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

3.

Any reference or comment as to whether the Plaintiff did or did not have liability insurance in connection with the motor vehicle accident, as this is irrelevant to the issue in the case and could only be used to try to prejudice the jury.

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

4.

Whether the Texas Board of Medical Examiners did or did not investigate the circumstances of the health care rendered by the parties, or others in this case, are the result of any such investigation, whether anybody was disciplined and, if so, in what respect and for what, as this is outside the realm of evidence that would be relevant for this jury to consider. *See Santana v. Scheffey*, No. 11-98-00238-CV, 2000 WL 34234582 (Tex. App. – Eastland, 2000) (Not designated for publication).

(GRANTED _____        DENIED _____        GRANTED AS MODIFIED _____ )


5.

The Plaintiff's personal habits, including drinking, as well as the amount and extent of any drinking involved in the motor vehicle accident which form the basis of this medical negligence case. There will be evidence that the Plaintiff had been drinking, but the nature and extent of his drinking, the whereabouts, the timing, and whether there is any traffic violation or criminal charges resulting therefrom is not relevant to the issues to be decided by the jury and would be unduly prejudicial. The fact of his drinking and the signs and symptoms thereof may be relevant, but the other background facts would not be relevant and would only be injected into the case in an attempt to prejudice the jury against the Plaintiff on a matter that is not relevant to the ultimate decisions to be made in this case. *R.T. Herrin Petroleum Transport Co. v. Proctor*, 161 Tex. 222, 338 S.W.2d 422 (1960); *McCarty v. Gappelberg*, 273 S.W.2d 943 (Tex. Civ. App.—Fort Worth 1954, writ ref'd n.r.e.).

(GRANTED _____        DENIED _____        GRANTED AS MODIFIED _____ )

6.

That Plaintiff has been involved in any other accidents, or has suffered any unrelated injury or illness or the effects thereof.

(GRANTED _____     DENIED _____     GRANTED AS MODIFIED _____)


7.

The contents of any pleadings which have been superseded by the current pleadings on file in this case. *Zock v. Bank of Southwest Nat'l Assn Houston*, 464 S.W.2d 375 (Tex. Civ. App.—Houston [14th Dist.] 1971, no writ).

(GRANTED _____     DENIED _____     GRANTED AS MODIFIED _____)


8.

Any comments concerning Plaintiff's resisting any discovery, discovery disputes, or objections to discovery that occurred during the pre-trial proceedings.

(GRANTED _____     DENIED _____     GRANTED AS MODIFIED _____)


9.

That the Defendant hospital may have had a good accident and injury record before this occurrence. *See Santana v. Scheffey*, No. 11-98-00238-CV, 2000 WL 34234582 (Tex. App. – Eastland, 2000) (Not designated for publication).

(GRANTED _____     DENIED _____     GRANTED AS MODIFIED _____)

10.

That any settlement negotiations have been had in this case or the results thereof, or the terms of any offers or demands. FED. R. EVID. 408; *Southern Ry. Co. v. Madden*, 235 F.2d 198, cert. denied, 352 U.S. 953 (1956); *Texas Eastern Transmission Corp. v. Federal Power Comm.*, 306 F.2d 345, *cert. denied*, 375 U.S. 941 (1963).

(GRANTED _____    DENIED _____    GRANTED AS MODIFIED _____)

11.

That this case was submitted to mediation, or the results thereof, including the fact of settlement between Plaintiff and Defendant, Dr. Dovale, or any offers or contentions or arguments made therein. TEX. CIV. PRAC, & REM. CODE ANN. § 154.073 (Vernon 1997).

(GRANTED _____    DENIED _____    GRANTED AS MODIFIED _____)

12.

That the Defendant not attempt to offer into evidence any exhibit or other demonstrative evidence not previously produced during the course of pretrial discovery.

(GRANTED _____    DENIED _____    GRANTED AS MODIFIED _____)

13.

That no mention be made of any other lawsuits which may have been filed with regard to the subject matter of this suit but not involved in this litigation, including the original claims against the City of Brownsville or the disposition of these claims.

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

14.

That the Plaintiffs have filed any motions for continuance or have sought in any way to continue the case, or any intimations by the Defendants that the Plaintiffs have caused any delay, as these matters are irrelevant to any issue to be decided.

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

15.

In the event of settlement with one or more Defendants before or during trial, the fact of settlement or the amount paid in settlement by any such Defendant. *Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648, 652 (Tex. 1977); *McGuire v. Commercial Union Ins. Co.*, 431 S.W.2d 347, 352 (Tex. 1968); *Texaco, Inc. v. Pursley*, 527 S.W.2d 236, 240 (Tex. Civ. App.—Eastland 1975, writ ref'd n.r.e.); *Petco Corp. v. Plummer*, 392 S.W.2d 163, 167 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.).

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

16.

That Plaintiffs have received, have been entitled to receive, will receive or will become entitled to receive, benefits of any kind or character from a collateral source, including but not limited to the following collateral source benefits:

A. Benefits from the Federal Government, including Social Security, Veteran's Administration, tax exemption or military medical benefits; *Azar Nut Co. v. Caille*, 720 S.W.2d 685 (Tex. App.—El Paso 1986), *aff'd.*, 734 S.W.2d 667 (Tex. 1987).

B. Services furnished without charge; *City of Fort Worth v. Barlow*, 313 S.W.2d 906, 911 (Tex. Civ. App.—Fort Worth 1958, writ ref'd n.r.e.); *Montandon v. Colehour*, 469 S.W.2d 222 (Tex. Civ. App.—Fort Worth 1971, no writ).

C. The fact of any suit or the settlement or amount of settlement therein related to any third party claims arising out of the incident made the basis of this lawsuit; *Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648 (Tex. 1977).

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

17.

That any recovery by the Plaintiffs would not be subject to federal income taxation or any other form of taxation. *Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex. 1979).

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

18.

That Plaintiff has ever had any physical impairment to any other part of Plaintiff's body than the injury complained of in this case.

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

19.

That Plaintiff may not have been wearing a seat belt at the time of the collision made the basis of this suit. TEX. TRANSP. CODE ANN. § 545.413(g) (Vernon Pamphlet 1998); *Carnation Co. v. Wong*, 516 S.W.2d 116 (Tex. 1974) (Texas Supreme Court refused to permit evidence of failure to wear a seat belt as mitigating evidence); *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex. 1986).

(GRANTED _____    DENIED _____    GRANTED AS MODIFIED _____)

20.

That no mention be made of the fact that the Plaintiff, by reason of age, infirmity, or otherwise, is now receiving or may be entitled to receive in the future any compensation or benefits by reason of the Social Security Law of the United States or from any governmental agency such as the Veteran's Administration, Medicare, or things of this nature. In this connection, Plaintiff says that such benefits are wholly collateral to any compensation that this Plaintiff might be entitled to in this case. *Myers v. Thomas*, 186 S.W.2d 811 (Tex. 1945).

(GRANTED _____    DENIED _____    GRANTED AS MODIFIED _____)

21.

That Plaintiff has had unrelated, prior or subsequent claims, suits or settlements, or the amounts thereof. *St. Paul Fire & Marine Ins. Co. v. Murphree*, 357 S.W.2d 744 (Tex. 1962); *Bonham v. Baldeschwiler*, 533 S.W.2d 144 (Tex. Civ. App.— Corpus Christi 1976, writ ref'd n.r.e.).

(GRANTED _____    DENIED _____    GRANTED AS MODIFIED _____)

22.

That Plaintiff has been involved in any other accidents, or has suffered any unrelated injury or illness, or the effects thereof.

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

23.

That Plaintiff will be able to obtain free medical treatment and other types of assistance from Medicare and other governmental, state, and charitable organizations when the required age or condition is met.

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

24.

Any prior moving traffic violations nor any prior automobile collisions that Plaintiff may have had in the past.

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

25.

Any attempt to introduce the police report, as such contains hearsay statements as to the ultimate issues in the case, and contains opinions for which the witness has not been shown to be qualified to state.

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

26.

That Plaintiff has been accused of, or in fact found guilty of, any misconduct or criminal activity. In this connection, Plaintiff has never been convicted of any crime involving moral turpitude nor any other crime which conviction would be admissible in impeachment of Plaintiff's credibility, or any such conviction occurred at a time too remote from the present to be relevant to Plaintiff's credibility as a witness in the trial of this cause. *City of Houston v. Watson*, 376 S.W.2d 23 (Tex. Civ. App.—Houston 1964, writ ref'd n.r.e.); *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649 (Tex. 1970).

(GRANTED _____    DENIED _____    GRANTED AS MODIFIED _____)

27.

The date that Plaintiffs employed an attorney [and/or the name of any other attorney retained or consulted by Plaintiffs and whether such attorney or any other attorney referred the case to the undersigned attorneys]. *Travis v. Vandergriff*, 384 S.W.2d 936 (Tex. Civ. App.— Waco 1964, writ ref'd n.r.e.).

(GRANTED _____    DENIED _____    GRANTED AS MODIFIED _____)

28.

That Plaintiff has not called to testify any witness equally available to both parties in this cause. In this connection, Plaintiff moves that Defendant's counsel further be instructed not to tender, read from, or refer to any ex parte statement or report of any person not then and there present in court to testify and to be cross-examined by counsel for Plaintiff, and that Defendant's counsel be

instructed not to suggest to the jury by argument or otherwise that would have been the testimony of any witness not actually called. FED. R. EVID. 804; U. S. CONST. amend. VI; *Pointer v. Texas*, 380 U.S. 400 (1965); *Texas Power & Light Co. v. Walker*, 559 S.W.2d 403 (Tex. Civ. App.—Texarkana 1977, no writ).

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

29.

Further, that Defendant not mention or state to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this cause. *Grogan v. Santos*, 617 S.W.2d 312 (Tex. Civ. App.—Tyler 1981, no writ).

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

30.

That this Motion has been presented to or ruled upon by the Court. In this connection, Plaintiff moves that Defendants' counsel be instructed not to suggest to the jury by argument or otherwise that Plaintiff has sought to exclude from proof any matter bearing on the issues in this cause or the rights of the parties to this suit. *Burdick v. York Oil Co.*, 364 S.W.2d 766 (Tex. Civ. App.--San Antonio 1963, writ ref'd n.r.e.).

(GRANTED _____   DENIED _____   GRANTED AS MODIFIED _____)

WHEREFORE, Plaintiff prays that this Motion be granted and sustained by appropriate Order of this Honorable Court.

Respectfully submitted,

By: _S Rodriguez by permission_
THOMAS A. CROSLEY
Attorney-in-Charge
State Bar No. 00783902
S. Dist. Texas No. 15434
**BRANTON & HALL, P.C.**
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

Of Counsel:

**BRANTON & HALL, P.C.**
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No.20163
SONIA M. RODRIGUEZ
State Bar No. 24008466
S. Dist. Texas No. 29199
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

And

LAW OFFICES OF COWEN & BODDEN
MICHAEL COWEN
State Bar No. 00795306
S. Dist. Texas No. 19967
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been served, via U.S. Regular Mail, on this 15th day of October, 2004, to:

Mr. William Gault
Mr. Paul Fourt
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

THOMAS A. CROSLEY    by permission of:

G:\WPFILES\FILES.CLT\D\DEL9827\Trial\Motion Limine.wpd

13