IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 0 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CANDELARIO DE LEON § | |
| § | |
| VS. § | CIVIL ACTION NO. CV-B-00-192 |
| § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL § | |
| MEDICAL CENTER § | |

### DEFENDANT COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. D/B/A VALLEY REGIONAL MEDICAL CENTER'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center, Defendant in the above entitled and numbered cause, and makes and files this, its Objections to Plaintiff's Exhibit List and in support of its objections would show the Court as follows:

1.

Defendant objects to Plaintiff's Exhibit 3 as it is repetitive of Plaintiff's Exhibits 1 and 2.

2.

Defendant objects to Plaintiff's Exhibit 6 and 7 as they are repetitive of Plaintiff's Exhibit 5.

3.

Defendant objects to Plaintiff's Exhibit 8 as it is repetitive of Plaintiff's Exhibit 74.

4.

Defendant objects to Plaintiff's Exhibit 9 as these documents were produced after the discovery cut off date in the Court's scheduling order.

5.

Defendant objects to Plaintiff's Exhibit 13 as these documents were produced after the discovery cut off date in the Court's scheduling order.

6.

Defendant, without being able to interpret Plaintiff's description of Exhibit 16, objects to Exhibit 16 to the extent that it is referring to Valley Grande Manor Nursing Home records page 1-2022 which were produced after the discovery cut off date in the Court's scheduling order.

7.

Defendant objects to Plaintiff's Exhibits 22, 24-27, and 30-32 to the extent that expert reports are not admissible as exhibits as they contain hearsay information. FRE 801, 802. Defendant further objects to Plaintiff's Exhibit 26 as that has never been produced to Defendant up to and including the present time.

8.

Defendant objects to Plaintiff's Exhibits 28, 29, 34, 40, 46 and 50 as these are articles or literature that are specifically not admissible to the jury as an exhibit. FRE 803 (18). Defendant further objects to Exhibits 40, 46 and 50 as the same have no relevance whatsoever to this Defendant, nor are they applicable to this Defendant.

9.

Defendant objects to Plaintiff's Exhibits 40-45 as Plaintiff's only expert that has reviewed these, Dr. Peters, has stated that they are not relevant to this case and he did not express any criticism of the hospital through these policies. Furthermore, Dr. Peters had never expressed any opinion about the policies and procedures of this Defendant in his reports or at anytime before the day of his deposition and furthermore stated that he had never seen these policies and procedures until after he

was examined by the Plaintiff's attorney, the attorney for Dr. Dovale and the undersigned and a break was taken, at which time he was shown a few of the policies. Plaintiff's attorney then began questioning Dr. Peters on some of the policies that he saw at the break and also some policies that he had never seen before he was confronted with in his deposition. Plaintiff's expert Dr. Peters withdrew any criticism he had that these policies were applicable or that they were violated. No other Plaintiff's expert has expressed any opinions concerning the hospital policies and procedures in any of their reports or in their deposition.

Specifically, Dr. Peters' testimony disavowing criticisms of the Defendant under each of these Exhibits 13 as follows:

| Plaintiff's Exhibit | Peters' Deposition Exhibit | Peters' Deposition Testimony |
|---|---|---|
| 41 | 13 | pp. 201 L. 15 – 205 L. 15 |
| 42 | 14 | pp 225 L. 13 – 227 L. 6 |
| 43 | 15 | p. 183 L. 9-13 (complaint) 245 L. 11 – 246 L. 3 248 L. 14-18 |
| 44 | 16 | p. 236 L. 15-23 |
| 45 | 17 | pp. 237 L. 21 – 238 L. 7 |

10.

Defendant objects to Plaintiff's Exhibit 51, 52 and 54 as repetitive of Plaintiff's Exhibit 53.

11.

Defendant objects to Plaintiff's Exhibit 57 as repetitive of Plaintiff's Exhibit 56.

12.

Defendant objects to Plaintiff's Exhibits 58, 60-69, 73, and 78 as the Plaintiff has never produced any of the documents at any time before and including today.

13.

Defendant objects to Plaintiff's Exhibits 79 - 88 as the Plaintiff has failed to specify what portions of these depositions will be submitted to the jury. Defendant can show the Court many different portions of the deposition that are nonresponsive, are based on hearsay, or argumentative and contain a host of other objections. Without any further indication as to what Plaintiff is proposing to offer, this Defendant would move that the Court strike these exhibits as listed.

WHEREFORE, PREMISES CONSIDERED, this Defendant would request that the Court grant its objections to Plaintiffs' Exhibit List and enter an order prohibiting the use of these exhibits and for such other and further relief, at law or in equity, to which this Defendant may justly show itself entitled to receive.

Respectfully submitted,

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
Michael Quintana
Fed. ID No. 33291
State Bar No. 24037314

Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 20th day of October, 2004.

Mr. Thomas Crosley  
Branton & Hall, P.C.  
One Riverwalk Place, Suite 1700  
700 N. St. Mary's St.  
San Antonio, Texas 78205

**VIA CMRRR #7004 1160 0001 4080 0310**

Mr. Michael Cowen  
Law Offices of Michael R. Cowen  
520 E. Levee  
Brownsville, Texas 78520

**VIA REGULAR MAIL**

_____  
William Gault