United States District Court
Southern District of Texas
FILED

NOV 0 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | (JURY) |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

### PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION IN LIMINE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff in the above-captioned and numbered cause of action and files this Objection and Response to Defendant's Supplemental Motion in Limine and would show the Court the following:

1. Plaintiff objects to Defendant's Supplemental Motion in Limine on the basis that Defendant failed to confer with Plaintiff's counsel regarding the substance of the motion pursuant to the Local Rules of this Court and accordingly, urges that the motion to limine the six (6) items enumerated below be stricken.

2. Further, Plaintiff urges that Defendant's Supplemental Motion in Limine be denied for the following reasons:

[15.] Dr. Helson Pacheco-Serrant treated Plaintiff at Brownsville Medical Center the day after he was discharged from VALLEY REGIONAL MEDICAL CENTER and for some time thereafter. Dr. Pacheco was identified by Plaintiff as one of Plaintiff's treating physicians before the discovery cut-off date. Plaintiff's counsel expressed his intention to call Dr. Pacheco as a witness well before that time. As early as December 11, 2003, Plaintiff's

counsel attempted numerous times to coordinate with Defendant's counsel for the taking of Dr. Pacheco's deposition. *See* Exhibits A, B, C, E, and G, to *Plaintiff's Response to Defendant's Motion for Sanctions*. Dr. Pacheco is not retained by Plaintiff as an expert. Nonetheless, Defendant has moved to bar Plaintiff from calling Dr. Pacheco on the bases that Plaintiff did not designate him as an *expert* witness and further, that Plaintiff has failed to provide an expert report or otherwise comply with FRCP 26(a)(2)(B). However, Dr. Pacheco is a *treating* physician. *See* Plaintiff's Supplemental Response to Requests for Disclosure, served on June 21, 2004, before the discovery cut-off. The doctor is not retained by Plaintiff as an expert nor is he employed by Plaintiff to give testimony in this case. Plaintiff timely disclosed the name of the doctor as Plaintiff's treating physicians and identified his prospective testimony in accordance with Rule 26.

Rule 26(a)(2)(B) requires that "with respect to a witness who is retained or specifically employed to provide expert testimony in a case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness." FED. R. CIV. P. 26(a)(2)(B). The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. FED. R. CIV. P. 26(a)(2)(B). The plain language of this rule only requires a written report

from a witness retained or specially employed to provide expert testimony in the case, or whose duties as a party's employee regularly involve the giving of expert testimony. As explained in the Advisory Committee Notes, this language excludes treating physicians: "A treating physician, for example, can be deposed or called to testify at trial without any requirement of a written report." FED. R. CIV. P. 26(a)(2), Advisory Committee's Notes, 1993 amendment. Thus, to the extent that a treating physician testifies only to the care and treatment of the patient, the physician is not considered to be a "specially employed" expert and is not subject to the written report requirements of Rule 26(a)(2)(B), "notwithstanding that the witness may offer opinion testimony under the Rules of Evidence. *See Salas v. U.S.*, 165 F.R.D. 31, 33 (W.D. N.Y. 1995); *see also Battle v. Battle*, 228 F.3d 554, 552 (5th Cir. 2000)(holding that physician "who because he was a fact witness as well as an expert, must be treated as an ordinary witness for purposes of Rule 26 analysis").

If the treating physician acquires his opinions directly though his treatment of Plaintiff, he must be considered a treating physician, who can be deposed under the amendments to Rule 26 but who cannot be forced to file the written report required by Rule 26(a)(2)(B). *See Salas v. U.S.*, 165 F.R.D. at 33. In *Salas*, the court permitted a treating physician to testify about causation and the permanency of his patient's injuries, although the physician had provided no written report of his opinions. *Id.* at 32. So long as the physician is not specially retained to develop specific opinion testimony, he is not subject to the provisions of Rule 26(a)(2)(B). *See Gilmore v. WWL-TV*, No. Civ. A. 01-3606, 2002 WL 31819135, *2 (E.D. La. 2002). The treating physician should be free to testify as to his past care and treatment of the patient without limitation, as well as his current treatment of the

3

patient. *Id.* Because Dr. Pacheco is a treating physician who was properly disclosed as such before the discovery cut-off, the jury be allowed to hear his testimony, including any opinions he formed in his course of treating Plaintiff. Further, as articulated above, Defendant cannot argue that it is unfairly surprised by Plaintiff's intention to call the doctor as a witness.

[16.] Dr. Pacheco is in El Paso, Texas. Because of the inordinate expense and imposition associated with pulling him from his practice to testify in person in Brownsville, Texas, Plaintiff requested an accommodation in the Joint Pretrial Order which would permit Dr. Pacheco to testify via closed-circuit or by video conference from the federal courthouse in El Paso. Defendant argues in its Supplemental Motion in Limine that this would be inappropriate. Plaintiff urges that this logistical issue is not the proper subject of a motion in limine and that Defendant's limine item Number 16 be denied for that basis. Further, for the reasons articulated above, requests that because Dr. Pacheco is a treating physician who was properly disclosed as such before the discovery cut-off, the jury be allowed to hear his testimony, including any opinions he formed in his course of treating Plaintiff, and urges that the Court consider what logistical accommodations might be made for Dr. Pacheco's testimony from El Paso.

[17.] Dr. Nick Peters has been identified as Plaintiff's expert since July of 2001. His opinions have been outlined in expert reports timely produced to Defendant in compliance with Rule 26(a)(2). The deadline to designate experts was March 19, 2004. Pursuant to Rule 26(e)(1), a party is under a duty to supplement at appropriate intervals the information required by Rule 26(a)(2) by the time the party's disclosures are due. In this case, the discovery cut-off

was June 21, 2004. One month *prior* to this date, in accordance with Rule 26(e)(1), Plaintiff presented Dr. Peters for deposition and he outlined in detail his opinions. Defendant has moved to limit Dr. Peters' opinions to only those that were contained in his expert reports. However, this is wholly inappropriate since Plaintiff has fully complied with the Federal Rules of Civil Procedure in timely designating Dr. Peters and in supplementing his opinions well before the deadline to complete discovery. Therefore, Plaintiff urges that Dr. Peters' testimony not be confined to the four corners of his report, as urged by Defendant, as such would be unworkable and inappropriate since Defendant has wholly failed to articulate how it would be prejudiced by any testimony of Dr. Peters which was disclosed to Defendant more than one month before the discovery cut-off.

[18.] A hospital may be liable for the negligence of its nurses. *See Duff v. Yelin,* 751 S.W.2d 175, 176 (Tex.1988)(recognizing that to succeed on his claims against the hospital, the plaintiff must prove the negligent conduct of the hospital nurses proximately caused plaintiff's injuries). Defendant has moved to preclude Plaintiff from alleging that anyone *other than Dr. Dovale* failed to diagnose, treat, admit to a hospital, discharge from a hospital or removal his spinal cord precautions. Defendant argues that hospitals can't practice medicine. Defendant's limine item Number 18 is entirely inappropriate since the law of the State of Texas permits that the nurses' actions be imputed to the hospital. The granting of this limine item is also improper as it would preclude the presentation of Plaintiff's case in chief, that is that the negligent conduct of Defendant's nurse-employee proximately caused Plaintiff's spinal cord injury and quadraplegia.

[19.] The very definition of "proximate cause" anticipates that more than one person's actions may have contributed to the damages. *See Lewis Const. Inc., v. Harrision*, 70 S.W.3d 778, 784 (Tex. 2001); *Connolly v. Smith*, No. 03-03-00575-CV, 2004 WL 1898220 (Tex. App. -- Austin, Aug. 26, 2004). Defendant has moved "to limit Plaintiff's experts' causation testimony to 'Proximate Cause' not to claims of 'Contribution.'" However, Defendant wholly ignores the substantive law of the State of Texas, which is that "proximate cause" anticipates that more than one person's actions may have contributed to the damages. Therefore, precluding any expert from testifying regarding how more than one person's actions may have contributed to Plaintiff's damages is inappropriate.

[20.] Defendant is neither surprised nor prejudiced by the admission of the following medical records and bills:

- Medical records from Valley Grande Manor;
- Billing records from Brownsville Community Health Center;
- Billing records from Brownsville Emergency Medical Service;
- Billing records from Brownsville Medical Center; and
- Billing records from Valley Regional Medical Center.

These medical providers – and specifically their custodians of records were identified as early as July 2, 2001, as likely to testify "regarding the injuries and damages sustained by Plaintif as a result of the subject incidient." Plaintiff disclosed more than three (3) years ago that Plaintiff intended to call custodians of records for these medical providers to testify "regarding the authenticity of their business records." *See* Plaintiff's Designation of Expert Witnesses, dated July 2, 2001; Plaintiff's Initial Disclosures. Throughout the long life of this case, Defendant has been on notice that Plaintiff intends to present evidence of past medical expenses from these health care providers. Plaintiff's disclosures identify that "Plaintiff

seeks recovery of the reasonable and necessary medical expenses for those providers that have treated him for his spinal cord injury and quadraplegia," including those medical providers listed above. Plaintiff timely identified that past medical expenses exceed $250,000.00 and later supplemented discovery showing past medical expenses of approximately $338,000.00. Plaintiff produced many of these business records more than one month prior to the start of trial. Because Defendant can show no prejudice by the Court's admission of these business records, Plaintiff should not be precluded from presenting this evidence at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court deny Defendant's Supplemental Motion in Limine, and for all other relief to which he may be justly entitled.

Respectfully submitted,

By: _____
THOMAS A. CROSLEY
Attorney-in-Charge
State Bar No. 00783902
S. Dist. Texas No. 15434
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (fax)

Of Counsel:

**BRANTON & HALL, P.C.**
JAMES L. BRANTON
State Bar No. 00000069
S. Dist. Texas No.20163
SONIA M. RODRIGUEZ
State Bar No. 24008466
S. Dist. Texas No. 29199

And

MICHAEL COWEN
State Bar No. 00795306
S. Dist. Texas No. 19967
**LAW OFFICES OF COWEN & BODDEN**
520 E. Levee
Brownsville, Texas 78520
(956) 541-4981

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been served, via first class mail, on this the 3rd day of November, 2004, to:

Mr. William Gault
Mr. Michael Quintana
BRIN & BRIN, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

_____
MICHAEL COWEN

C:\Documents and Settings\vrodriguez\Local Settings\Temporary Internet Files\OLK4D\Obj and Resp Supp Motion in Limine.wpd