IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANDELARIO DE LEON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-B-00-192 |
| | § | (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE | § | |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § | |
| MEDICAL CENTER | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE DISTRICT COURT:

COMES NOW, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center, the Defendant in the above-styled and numbered cause and makes and files this response to Plaintiff's Motion in Limine, and would respectfully show unto the Court the following:

1.

Defendant objects to Plaintiff's Motion in Limine on the basis that Plaintiff failed to confer with Defendant's counsel regarding the substance of the motion pursuant to the Local Rules of this Court and accordingly, urges that the ten items in Plaintiff's Motion to Limine be stricken.

2.

Defendant has no objection to Plaintiff's Motion in Limine Nos. 3, 4, 6, 8-11, 14, 15, 17-19, 22, 24, 26-30.

3.

Concerning Plaintiff's Motion in Limine No. 2, the Plaintiff's experts state that his negligence in the automobile accident caused his injuries. Dr. Peters Deposition, p. 91 L. 16 – p. 92 L. 11. (The deposition is filed with the Court in Docket entry 135.) Plaintiff's intoxication in the

automobile accident caused his accident (Dr. Peters Deposition, p. 92 L. 12-16) and caused him to be arrested. Plaintiff's expert Dr. Peters stated that based on Plaintiff's answer to interrogatory 14, Plaintiff would have been injured from the Brownsville Police Department. (See Plaintiff's answer to interrogatory 14 attached as Exhibit 1 and the deposition of Dr. Peters, p. 133 L. 22 – 134 L. 5).

The Plaintiff claims that he suffered his injury in the automobile accident. The Court's inquiry of the jury should be whether the negligence of the hospital, Dr. Dovale and/or the Plaintiff proximately caused Plaintiff's injury. The only way to explain how the Plaintiff caused the injury is to discuss the automobile accident. The only way to explain the further injury by the Brownsville Police Department as claimed by Plaintiff and his experts is to explain the automobile accident and the reasons for the arrest. Plaintiff's negligence is submitted to the jury. *Sloan v. Molandes*, 32 S.W.3d 745, 752 (Tex. App.-Beaumont, 2000, no pet.); *Isern v. Watson*, 942 S.W.2d 186, 201 (Tex. App.-Beaumont, 1997, writ denied); *Elbaor v. Smith*, 845 S.W.2d 240, 244-245 (Tex. 1992); *Wyatt v. United States*, 939 F.Supp. 1402, 1412 (E.D. MO, 1996).

Plaintiff's Motion in Limine alleges the focus of the Court's charge should be on the "failure of the hospital *to diagnose* Plaintiff's injury." *Diagnosis* is the practice of medicine done only by a licensed medical doctor. See Tex. Occ. Code §151.002a(13). Hospitals are not licensed doctors and do not practice medicine or diagnose an injury. Tex. Occ. Code §155.001.

4.

Concerning Plaintiff's Motion in Limine No. 3, Plaintiff claims that there is no evidence that Plaintiff was intoxicated while driving. The police report of the automobile accident cites the Plaintiff with a charge of DWI. See Exhibit 2. Plaintiff's records from Brownsville EMS shortly after the automobile accident show "Pt smelled highly of ETOH" which means that the patient (Plaintiff) smelled "highly" of alcohol. The records also indicate "Pt. CAOXL possibly due to

ETOH" which means that the patient was confused and alert and oriented to either person, place or time (instead of all three). See Exhibit 3. Plaintiff's medical records from Valley Regional Medical Center for treatment immediately after the automobile accident have Dr. Dovale assessing the patient as "obviously drunk." See Exhibit 4. Attached as Exhibit 5 is page 840 of the records from Brownsville Medical Center of a blood alcohol test of the Plaintiff taken 14 hours after the automobile accident and 14 hours after the last possible time Plaintiff could have consumed alcohol. Plaintiff was legally intoxicated at the time of the blood test on 12/25/98 at 9:35 a.m.

Page 12 of the records from the Brownsville Police Department indicate that Police Officer Andres Torres, Jr. determined that "I observed a very strong odor of alcoholic beverage emitting from his breath, slurred speech and very bloodshot eyes," attached as Exhibit 6.

Plaintiff's toxicologist Dr. Garriott states that a person metobizes alcohol at 0.018 mg/dl hour (Dr. Garriott Deposition p. 108 L. 17 – p. 109 L. 17). In adding the Plaintiff's intoxication level to the amount of alcohol metabolized over 14 hours, the Plaintiff's intoxication would be multiple times the legal limit when he was treated at Valley Regional Medical Center. Plaintiff's expert Dr. Peters has given his opinion that the Plaintiff was significantly above the legal limit of intoxication for driving. See Dr. Peters Deposition, p. 106 L. 4 – 107 L. 11.

Plaintiff's counsel elicited direct examination from Plaintiff's expert Dr. Peters to criticize Dr. Dovale on this very issue and states that Dr. Dovale should not have discharged the Plaintiff from the hospital until he was free of mind altering substances. Dr. Peters Deposition, p. 10 L. 2 – p. 15 L. 20.

A possible explanation for Plaintiff's claim that he was numb after the accident is the intoxication. Plaintiff's toxicologist Dr. Garriott has edited a book on alcohol intoxication and states that a person begins to have sensory motor impairment at .03 and approaches loss of motor functions

at .25. See Dr. Garriott's chart from his book, Exhibit 7. Plaintiff's expert Dr. Peters states that Mr. De Leon would feel numbness at 0.15. Dr. Peters Deposition, p. 212 L. 20-25; p. 214 L. 18-21.

Plaintiff's perception of his physical condition varies greatly from the records of Brownsville EMS and Valley Regional Medical Center and the testimony of Dr. Dovale. Plaintiff will testify as to statements he made to the healthcare providers that conflict in the medical records and the testimony of Dr. Dovale. Defendant intends to question Plaintiff's credibility on statements and claims he makes. If the Plaintiff was highly intoxicated as indicated by the Brownsville EMS, Brownsville Police, Dr. Dovale, blood tests taken the next day and as agreed to by Plaintiff's experts Dr. Peters and Dr. Garriott, Defendant should be allowed to explore this area for impeachment and as an explanation of Plaintiff's complaints of numbness.

5.

Concerning Plaintiff's Motion in Limine No. 5, Plaintiff has testified that he drank 1-3 six packs a day depending on how much money he had. See Exhibit 8. Plaintiff is making a claim for Lost Wage Earning Capacity. Clearly, this amount of alcohol consumption affects every aspect of Plaintiff's life, including his ability to get and keep employment. Plaintiff also has been a long time smoker who continues to smoke. This affects his life expectancy and general health.

6.

Concerning Plaintiff's Motion in Limine Nos. 7 and 13, Plaintiff initially alleged in his Original Complaint (Docket Entry 1), paragraph 14, et al., that the City of Brownsville and its police officers caused his injuries. There were no medical defendants sued at that time. Similarly in Plaintiff's First Amended Complaint (Docket Entry 4), paragraph 13, et al., Plaintiff continued to make the same complaints, once again without any medical defendants in the suit. The Plaintiff's experts state that his negligence in the automobile accident caused his injuries. Dr. Peters

Deposition, p. 91 L. 16 – p. 92 L. 11. (The deposition is filed with the Court in Docket entry 135.) Plaintiff's intoxication in the automobile accident caused his accident (Dr. Peters Deposition, p. 92 L. 12-16) and caused him to be arrested. Plaintiff's expert Dr. Peters stated that based on Plaintiff's answer to interrogatory 14, Plaintiff would have been injured from the Brownsville Police Department. (See Plaintiff's answer to interrogatory 14 attached as Exhibit 1 and the deposition of Dr. Peters, p. 133 L. 22 – 134 L. 5).

When a pleading has been abandoned, superseded or amended, it ceases to be a "judicial" admission, but it remains a statement seriously made and it can be introduced as evidence of an admission. *Kirk v. Head*, 152 S.W.2d 726, 729 (Tex. 1941); *Huff v. Harrell*, 941 S.W.2d 230, 239 (Tex. App.-Corpus Christi, 1996, writ denied).

To the extent Plaintiff's Motion in Limine No. 21 also covers these same matters, Defendant incorporates the above. To the extent No. 21 relates to completely unrelated facts involved in this case, Defendant does not object to it.

7.

Concerning Plaintiff's Motion in Limine No. 12, Plaintiff has produced an expert affidavit of Dr. Peters after the expert designation deadline and this Defendant has objected to those. Plaintiff has also continued to produce medical records and bills after the Court ordered discovery deadline and Defendant has objected to those. Plaintiff has filed its exhibit list with the Court that has exhibits listed on it that this Defendant has never seen and this Defendant has objected to those. Plaintiff has filed its supplemental designation of witnesses on the discovery cut off date of June 21, 2004 (arriving at the offices of the Defendant's attorneys after that date) listing Dr. Pachecho-Serrant for the first time and listing opinions he had that went well beyond his medical treatment and Defendant has objected to those. Plaintiff has listed a witness for the first time (Eddie Cravey) in the

Joint Pretrial Order filed October 15, 2004 and Defendant has objected to Plaintiff's late filed designation. Depending on the Court's rulings on Defendant's objections that have been filed, it may necessitate this Defendant to offer evidence or demonstrative exhibits that were previously not produced.

8.

Concerning Plaintiff's Motion in Limine Nos. 16 and 23, these are before the Court in Defendant's Motion to Take Judicial Notice of Medicare/Medicaid Regulations and Plaintiff's Medical Expenses and the related responses, Amended Motion, etc. The Court's ruling on those motions would directly relate to paragraphs 16 and 23.

9.

Concerning Plaintiff's Motion in Limine, paragraph 20, Defendant does intend to address Plaintiff's lost wage earning capacity claim, including the length of time Plaintiff may have worked and part of that discussion relates to when persons are eligible for Social Security Retirement Benefits and Medicare benefits. Defendant does not intend to address the amount of the benefits, only a person's age and eligibility.

10.

Concerning Plaintiff's Motion in Limine, paragraph 25, the police report is a government document that is admissible pursuant to FRE 803(6)(8).

WHEREFORE, PREMISES CONSIDERED, this Defendant would request that the Court grant its objections to Plaintiff's Motion in Limine Nos. 2, 3, 5, 7, 12, 13, 16, 21, 23 and 25 and enter an order denying these as requested in this motion and for such other and further relief, at law or in equity, to which this Defendant may justly show itself entitled to receive.

Respectfully submitted,

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
Michael Quintana
Fed. ID No. 33291
State Bar No. 24037314
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 8th day of November, 2004.

Mr. Thomas Crosley
Branton & Hall, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's St.
San Antonio, Texas 78205

**VIA CMRRR #7004 1160 0001 4080 0365**

Mr. Michael Cowen
Law Offices of Michael R. Cowen
520 E. Levee
Brownsville, Texas 78520

**VIA REGULAR MAIL**

William Gault