IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 8 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CANDELARIO DE LEON | § |
| | § |
| VS. | § CIVIL ACTION NO. CV-B-00-192 |
| | § (JURY REQUESTED) |
| COLUMBIA VALLEY HEALTHCARE | § |
| SYSTEM, L.P. D/B/A VALLEY REGIONAL | § |
| MEDICAL CENTER | § |

## DEFENDANT'S EVIDENCE IN SUPPORT OF ITS
## MOTION IN LIMINE AND SUPPLEMENTAL MOTION IN LIMINE

TO THE HONORABLE DISTRICT COURT:

COMES NOW, Columbia Valley Healthcare System, L.P. d/b/a Valley Regional Medical Center, the Defendant in the above-styled and numbered cause and makes and files this evidence in support of its motion in limine and supplemental motion in limine, and would respectfully show unto the Court the following:

1.

For evidence in support of Defendant's Motion in Limine, paragraphs 12 and 14, please see Defendant's Objections to Plaintiff's Witnesses (Docket Entry 161), Defendant's Motion to Exclude Testimony of Plaintiff's Experts Dr. Slater, Dr. Peters and Zeff Ross (Docket Entry 132) and Defendant's Reply to Plaintiff's Response to Defendant's Motion to Exclude Experts (Docket Entry 136).

2.

In Defendant's Motion in Limine, paragraph 13, and Defendant's Supplemental Motion in Limine, paragraph 17, this Defendant would specifically object to any opinions offered by Dr. Peters as to this Defendant's standard of care, the breach of that standard and to any aspect of causation.

Dr. Peters admitted that he did not make any of the statements in his Rule 26 reports or the affidavit that he had given at any time before the Court ordered deadline for the Plaintiff to produce expert witnesses. The complete deposition of Dr. Peters is on file in Plaintiff's Response to Defendant's Motion to Exclude Testimony of Plaintiff's Experts Dr. Slater, Dr. Peters and Zeff Ross (Docket Entry 135). Please see Dr. Peters Deposition, p. 206 L. 2 – p. 207 L. 19. At his deposition, Dr. Peters stated that on the day before his deposition, he came up with the new opinion that if the nurse had been told that Mr. De Leon was complaining of numbness, and should be reported to the doctor, however if the Plaintiff himself reported this to the doctor (which Plaintiff claims he did), then Dr. Peters has no further complaint. Dr. Peters Deposition, p. 204 L, 25 – p. 205 L. 15; p. 84 L. 17 – p. 85 L. 15. This Defendant would move to limit Dr. Peters' opinions to his Rule 26 reports, or, alternatively to the opinion that he developed the day before his deposition concerning the complaints of numbness to be reported to the doctor. See FRCP 26(a)(2)(A) and (B).

After all three of the attorneys had asked questions of the witness, a break was taken and Dr. Peters was shown several hospital policies and procedures. When being asked by the Plaintiff's attorney, he appeared to express some opinions critical of the hospital, but, upon cross-examination, he withdrew those opinions. (See Defendant's Objections to Plaintiff's Exhibit List, paragraph 9 for a citation to the passages where Dr. Peters withdrew these opinions.)

3.

In Defendant's Supplemental Motion in Limine, numbers 15 and 16, this Defendant moves to limit Dr. Pacheco's opinions only to the care that he rendered to the patient and to the medical records that have been provided to this Defendant concerning that care, specifically the Plaintiff's admission to Brownsville Medical Center on December 25, 1998 through January 6, 1999. The Plaintiff has not made a Rule 26 report or résumé designation of this witness and this witness'

medical records do not contain any opinions about any of the other health-care providers' liability, the standard of care, causation or future damages. Plaintiff's first designation of Dr. Pacheco as either a witness or an expert was on the discovery cutoff date of June 21, 2004. See Exhibit A. Furthermore, as best as this Defendant can tell, there have been no other records of Dr. Pacheco's treatment of the Plaintiff that have been produced in discovery after January 6, 1999. Dr. Pacheco has not made any statement in his medical record about future care or the progression of Plaintiff's medical problems. (Defendant would incorporate the evidence attached to Defendant's Objections to Plaintiff's Witnesses and Evidence in Support Thereof.)

4.

In Defendant's Supplemental Motion in Limine, numbers 18 and 19, the citations to support this are contained within the motion.

5.

For Defendant's Supplemental Motion in Limine, number 20, please see Defendant's Objections to Plaintiff's Exhibits and Evidence in Support Thereof.

WHEREFORE, PREMISES CONSIDERED, this Defendant would request that the Court grant its Motion in Limine and enter the order granting its motion and for such other and further relief, at law or in equity, to which this Defendant may justly show itself entitled to receive.

Respectfully submitted,

By: _____
William Gault
Federal I.D. No. 14685
State Bar No. 07765050
Michael Quintana
Fed. ID No. 33291
State Bar No. 24037314
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier

Of Counsel:
Brin & Brin, P.C.
1325 Palm Blvd., Suite A
Brownsville, Texas 78520
(956) 544-7110
(956) 544-0607 Telecopier
ATTORNEYS FOR DEFENDANT
COLUMBIA VALLEY HEALTHCARE
SYSTEM, L.P. D/B/A VALLEY
REGIONAL MEDICAL CENTER

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 8th day of November, 2004.

| | |
|---|---|
| Mr. Thomas Crosley<br>Branton & Hall, P.C.<br>One Riverwalk Place, Suite 1700<br>700 N. St. Mary's St.<br>San Antonio, Texas 78205 | **VIA CMRRR #7004 1160 0001 4080 0341** |
| Mr. Michael Cowen<br>Law Offices of Michael R. Cowen<br>520 E. Levee<br>Brownsville, Texas 78520 | **VIA REGULAR MAIL**<br><br>_____<br>William Gault |